UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRUNO HOFMANN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NOVARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS LLP,<br><br>Defendants. | : : : : : : : : : : : : : : : | Case No.: 1:04cv10027-JLT |
| CHRISTOPHER GERARD AHEE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NOVARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS,<br><br>Defendants. | : : : : : : : : : : : : : : : : | Case No.: 1:04cv10517-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF THE HOFMANN GROUP'S MOTION
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND
<u>LIAISON COUNSEL</u>**

Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen (collectively known as "the Hofmann Group" or "Movants") respectfully submit this Memorandum of Law in support of their motion (1) to consolidate the actions presently pending in the District of

Massachusetts; (2) to appoint them Lead Plaintiff in this action; (3) to approve their selection of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as Lead Counsel and Moulton & Gans P.C. ("Moulton & Gans") as Liaison Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are two related class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of Organogenesis, Inc. ("Organogenesis" or the "Company") during the period November 15, 1999 to January 30, 2002, inclusive (the "Class Period"). These actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. Defendants are Novartis Pharma AG ("Novartis"), PriceWaterhouseCoopers ("PWC"), and certain officers and directors of Organogenesis. The Actions allege facts relating to Organogenesis prior to its bankruptcy filing, and therefore, Organogenesis was not named as a defendant. Class members sustained heavy losses as a result of the alleged fraud.

Pursuant to the PSLRA, prior to selecting a Lead Plaintiff, the Court must decide whether to consolidate related actions. See 15 U.S.C. 78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as the Lead Plaintiff the movant or group of movants with the largest financial interest in the litigation of those seeking such appointment and which otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.*

The Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). The Hofmann Group should be appointed as Lead Plaintiff because it: (1) timely filed a motion for appointment as lead plaintiff; (2) with an estimated loss of $465,448.47 in Organogenesis securities during the Class Period, the Hofmann

Group has the largest financial interest in this litigation of any plaintiff or Lead Plaintiff movant of which movants are aware; and (3) will adequately represent the interests of the Class. See 15 U.S.C. 78u-4(a)(3)(B)(iii). The Hofmann Group's selection of Milberg Weiss as Lead Counsel, and Moulton & Gans as Liaison Counsel should be approved because, pursuant to the PSLRA, the Hofmann Group, as the presumptive Lead Plaintiff, selects counsel. Milberg Weiss and Moulton & Gans have extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## STATEMENT OF FACTS[1]

The complaint charges that defendants violated Section 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. During the Class Period, defendants touted the Company's successful marketing and sale of Apilgraf, a skin replacement therapy, and that the Company had arranged for adequate financing of at least $20 million with its marketing partner, Novartis Pharma AG. On January 30, 2002 defendants revealed that the Company incurred significant losses in connection with its manufacture and sales of its products, including Apligraf, and was unable to access the financing from Novartis. As a result of defendants' allegedly fraudulent scheme, the price of Organogenesis was artificially inflated, allowing insiders to sell over 6.2 million shares of Organogenesis securities valued at over $68.8 million millions of dollars in proceeds, and causing plaintiff and other class members to suffer damages. Defendants' scheme also, ultimately, allowed defendants Albert Erani and Alan Ades

---

[1] These facts are derived from the allegations in the complaint captioned Hofmann v. Laughlin, et al. 04-CV-10027 (D. Mass. filed on Jan. 7, 2004) (Tauro, J.) ("the Hofmann Complaint"), a copy of which is attached as Exhibit A to the Declaration of Nancy Gans In Support of the Hoffman Group's Motion for Consolidation, Appointment as Lead Plaintiff, And Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel submitted contemporaneously herewith ("Gans Decl.").

and their family members to improperly acquire the remaining assets of Organogenesis through a leveraged buyout through bankruptcy proceedings.

## ARGUMENT

### POINT I.

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions assert class claims on behalf of the purchasers of Organogenesis securities for alleged violations of the securities laws during the Class Period. The Actions name common defendants and involve the same factual and largely overlapping legal issues. They are each brought by investors who purchased shares of Organogenesis during the Class Period pursuant to the materially false and misleading statements which artificially inflated the price of Organogenesis securities. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### POINT II.

### THE HOFMANN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment

as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action captioned Hofmann v. Laughlin, et al., caused notice to be published in Investors' Business Daily on January 21, 2004.[2] See Gans Decl., Exhibit B. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the
> >
> > (cc) Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64.

---

[2] The national news services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

### B. The Hofmann Group Satisfies The "Lead Plaintiff" Requirements Of The Exchange Act

#### 1. The Hofmann Group Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on March 22, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on January 21, 2004), the Hofmann Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The Movants have duly signed and filed certifications stating that it has reviewed the allegations of the Hofmann Action and are willing to serve as a representative party on behalf of the class. See Gans Decl., Exhibit C. In addition, the Movants have selected and retained competent counsel to represent them and the class. See Gans Decl., Exhibits E and F (attaching firm resumes of Milberg Weiss and Moulton & Gans). Accordingly, the Hofmann Group has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and its selection of Milberg Weiss to serve as Lead Counsel and Moulton & Gans to serve as Liaison Counsel considered and approved by the Court.

#### 2. The Hofmann Group Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by the certifications signed by or on behalf of each member of the Hofmann Group (see Gans Decl., Exhibit C) and analysis of their transactions in Organogenesis securities (see Gans Decl., Exhibit D), the Hofmann Group has suffered losses of $465,448.47. Upon information and belief, the Hofmann Group's financial interest in this matter is the largest of any competing lead plaintiff movant. Therefore, the Hofmann Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be

appointed Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B). *See Schulman*, 2003 U.S. Dist. LEXIS 10348, at *12 (appointing movant group with the largest financial interest as lead plaintiff.).

### 3. The Hofmann Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two — typicality and adequacy -directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). The Hofmann Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require

that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

The Hofmann Group satisfies this requirement because, just like all other class members, they: (1) purchased or otherwise acquired Organogenesis securities during the Class Period; (2) purchased Organogenesis securities at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Movant's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to represent the class to the existence of any conflicts between the interest of the Hofmann Group and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v.

Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (lst Cir. 1985)).

Here, the Movant is an adequate representative of the class.  As evidenced by the injury suffered by the Hofmann Group, which acquired Organogenesis securities at prices artificially inflated by defendants' materially false and misleading statements, the interests of the Hofmann Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Movant's interests and those of the other members of the class.  Further, the Movant has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims and to further investigate  the facts giving rise to this action.  In addition, as shown below, the Movant's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Hofmann Group prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### POINT III.

### THE HOFMANN GROUP'S CHOICE OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

The Hofmann Group has selected Milberg Weiss to serve as lead counsel, subject to Court approval.  Milberg Weiss possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  Milberg Weiss has been appointed as lead or co-lead counsel in landmark class actions, including In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and  In re Enron Corporation Securities Litigation which is one of the largest securities class action lawsuit ever.

Moulton & Gans is also experienced in litigating securities class actions and has successfully represented plaintiffs in securities class actions numerous times before this Court and will more than adequately represent the interests of the Class as Liaison Counsel. See, Gans Decl., Exs. E and F.

## CONCLUSION

For the foregoing reasons, the Hofmann Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). The Hofmann Group respectfully requests that this Court: (1) consolidate the Actions presently pending in this District; (2) appoint the Hofmann Group as Lead Plaintiff pursuant to §21D(a)(3)(B); (3) approve its selection of Milberg Weiss as Lead Counsel and Moulton & Gans as Liaison Counsel.

DATED: March 22, 2004

Respectfully submitted,

**MOULTON & GANS P.C.**

By: /s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  (617) 369-7979

*Proposed Liaison Counsel*

                **MILBERG WEISS BERSHAD HYNES**
                  **& LERACH LLP**
                Steven G. Schulman
                Elaine Kusel
                Peter E. Seidman
                Anita B. Kartalopoulos
                Sharon M. Lee
                One Pennsylvania Plaza
                New York, NY 10119
                (212) 594-5300

                *Proposed Lead Counsel*

                **SCOTT + SCOTT LLC**
                David R. Scott
                P.O. Box 192
                108 Norwich Avenue
                Colchester, CT 06415
                (860) 537-5537

                *Plaintiff's Counsel*

## CERTIFICATE OF SERVICE

    I, Nancy Freeman Gans, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of same, postage prepaid, to each attorney of record, this 22nd day of March, 2004.

                /s/ Nancy Freeman Gans
                Nancy Freeman Gans