UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
                                     :
BRUNO HOFMANN,                       :
                                     :
                Plaintiff,           :   Civil Action
         v.                          :   No. 04-10027-JLT
                                     :
PHILIP LAUGHLIN, MICHAEL SABLONSKI,  :
ALBERT ERANI, DONNA ABELLI           :
LOPOLITO, JOHN J. ACARI, HERBERT M.  :
STEIN, ALAN ADES, BERNARD A. MAR-    :
DEN, ALAN W. TUCK, NOVARTIS PHARMA   :
AG and PRICEWATERHOUSECOOPERS LLP,   :
                                     :
                Defendants.          :
------------------------------------ x
                                     :
CHRISTOPHER GERARD AHEE,             :
                                     :
                Plaintiff,           :
         v.                          :
                                     :   Civil Action
PHILIP LAUGHLIN, MICHAEL SABLONSKI,  :   No. 04-10517-JLT
ALBERT ERANI, DONNA ABELLI           :
LOPOLITO, JOHN J. ACARI, HERBERT M.  :
STEIN, ALAN ADES, BERNARD A. MAR-    :
DEN, ALAN W. TUCK, NOVARTIS PHARMA   :
AG and PRICEWATERHOUSECOOPERS LLP,   :
                                     :
                Defendants.          :
------------------------------------ x

**PRICEWATERHOUSECOOPERS LLP'S RESPONSE
TO LORENE CRAWFORD, ERIC D. WINKELMAN AS
TRUSTEE FOR ERIC D. WINKELMAN TRUST, KENNETH
<u>WEINER AND VICTOR KRAIEM'S MOTION FOR CONSOLIDATION</u>**

Defendant PricewaterhouseCoopers LLP ("PwC") responds to Lorene Crawford, Eric D. Winkelman As Trustee For Eric D. Winkelman Trust, Kenneth Wiener, and Victor Kraiem's (the "Movants") Motion For Consolidation, dated March 22, 2004, as follows:[1]

1. PwC has moved to dismiss this copy-cat Ahee action (No. 04-10517-JLT), and its predecessor, the Hofmann action (No. 04-10027-JLT). Consequently, it is premature at this time to consider consolidation of the above-captioned cases pursuant to Section 21D(a)(3)(B)(ii) of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") (15 U.S.C. § 78u-4(a)(3)(B)(ii)) and Fed. R. Civ. P. 42(a).

2. Congress, in the Reform Act, expressly accorded priority treatment for a motion to dismiss and mandated that "all" other "proceedings" be stayed, including the types of pretrial proceedings plaintiff seeks here. See 15 U.S.C. § 78u-4(b)(3)(B) (expressly providing that all "proceedings shall be stayed during the pendency of any motion to dismiss"). Congress clearly stated its intent, and courts routinely follow that mandate.[2]

3. Here, because this complaint (and its verbatim copy in the related Hofmann action) is statutorily deficient on its face as to PwC, there is no need for an order of consolidation before PwC's motion to dismiss is considered. See Van Ormer v. Aspen Tech.,

---

[1] The Movants moved to consolidate the actions, be appointed lead plaintiffs, and for approval of their choice of lead counsel on March 22, 2004. The Movants subsequently withdrew their motion to be appointed lead plaintiffs and for approval of their selection of lead counsel, but not their motion to consolidate. Accordingly, PwC responds only to the remaining motion to consolidate.

[2] See Hockey v. Medhekar, 30 F. Supp. 2d 1209, 1225 (N.D. Cal. 1998) (declining to consider plaintiff's motions for class certification and for appointment of lead counsel until after resolution of defendant's motion to dismiss); Berkowitz v. Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997) (granting motion to dismiss and denying as moot plaintiff's motions for class certification and for the appointment of lead plaintiff and lead counsel).

Inc., 145 F. Supp. 2d 101 (D. Mass. 2000). See also Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997). The judges of this district routinely dismiss complaints of this nature without wasting the judicial time that would have been required for consolidated amended complaint and lead plaintiff procedures. Indeed, they do so by orders of dismissal on the first-filed case, with a simple stroke of the pen that makes them applicable to any copy-cat complaints. For example, see Judge Zobel's decision in Aspen Tech., Inc., 145 F. Supp. 2d 101 (D. Mass. 2000).

Dated: April 5, 2004
      Boston, Massachusetts

Respectfully submitted,

*James R. Carroll*
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
PricewaterhouseCoopers LLP

### Certificate of Service

I, Matthew J. Matule, hereby certify that on April 5, 2004, I caused a true copy of the foregoing PricewaterhouseCoopers LLP's Response To The "Movants'" Motion For Consolidation to be served upon the attorneys of record by the means indicated on the service list attached hereto.

Dated: April 5, 2004

*Matthew J. Matule*
Matthew J. Matule

## SERVICE LIST

**BY HAND DELIVERY**

Nancy Freeman Gans, Esq.
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA 02109-4216

Jeffrey B. Rudman, Esq.
Hale & Dorr LLP
60 State Street
Boston, MA 02109

**BY FIRST-CLASS MAIL, POSTAGE PRE-PAID**

Peter A. Lagorio, Esq.
Gilman And Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

Sandy A. Liebhard, Esq.
Bernstein Liebhard & Lifschitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016

Steven G. Schulman, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119

David R. Scott, Esq.
Scott & Scott LLC
P.O. Box 192
Colchester, CT 06415