
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------- x
:
BRUNO HOFMANN,                  :
                                :
            Plaintiff,          :   Civil Action
       v.                       :   No. 04-10027-JLT
                                :
PHILIP LAUGHLIN, MICHAEL SABLONSKI, :
ALBERT ERANI, DONNA ABELLI      :
LOPOLITO, JOHN J. ACARI, HERBERT M. :
STEIN, ALAN ADES, BERNARD A. MAR- :
DEN, ALAN W. TUCK, NOVARTIS PHARMA :
AG and PRICEWATERHOUSECOOPERS LLP, :
                                :
            Defendants.         :
------------------------------- x
                                :
CHRISTOPHER GERARD AHEE,        :
                                :
            Plaintiff,          :
       v.                       :
                                :   Civil Action
PHILIP LAUGHLIN, MICHAEL SABLONSKI, :   No. 04-10517-JLT
ALBERT ERANI, DONNA ABELLI      :
LOPOLITO, JOHN J. ACARI, HERBERT M. :
STEIN, ALAN ADES, BERNARD A. MAR- :
DEN, ALAN W. TUCK, NOVARTIS PHARMA :
AG and PRICEWATERHOUSECOOPERS LLP, :
                                :
            Defendants.         :
------------------------------- x

**PRICEWATERHOUSECOOPERS LLP'S RESPONSE TO
THE "HOFMANN GROUP'S" MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF COUNSEL AND LIAISON COUNSEL**

Defendant PricewaterhouseCoopers LLP ("PwC") responds to the Hofmann Group's Motion For Consolidation, Appointment As Lead Plaintiff, And Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel, dated March 22, 2004 (the "Hofmann Group's Motion"), as follows:

1. PwC has moved to dismiss the Hofmann action (No. 04-10027-JLT) and the copy-cat Ahee action (No. 04-10517-JLT ). Consequently, it is premature at this time to consider: (i) consolidation of the above-captioned cases pursuant to Section 21D(a)(3)(B)(ii) of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") (15 U.S.C. § 78u-4(a)(3)(B)(ii)) and Fed. R. Civ. P. 42(a); (ii) appointment of the lead plaintiff and (iii) approval of the selection of lead and liaison counsel pursuant to Section 21D(a)(3)(B)(i) of the Reform Act (15 U.S.C. § 78u-4(a)(3)(B)(i)).

2. Congress, in the Reform Act, expressly accorded priority treatment for a motion to dismiss and mandated that "all" other "proceedings" be stayed, including the types of pretrial proceedings plaintiff seeks here. See 15 U.S.C. § 78u-4(b)(3)(B) (expressly providing that all "proceedings shall be stayed during the pendency of any motion to dismiss"). Congress clearly stated its intent, and courts routinely follow that mandate.[1]

---

[1] See Hockey v. Medhekar, 30 F. Supp. 2d 1209, 1225 (N.D. Cal. 1998) (declining to consider plaintiff's motions for class certification and for appointment of lead counsel until after resolution of defendant's motion to dismiss); Berkowitz v. Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997) (granting motion to dismiss and denying as moot plaintiffs' motions for class certification and for the appointment of lead plaintiff and lead counsel).

3.      Here, because this complaint (and its verbatim copy in the related Ahee action) is statutorily deficient on its face as to PwC, there is no need for an order of consolidation or the appointment of lead plaintiffs or lead counsel before PwC's motion to dismiss is considered. See Van Ormer v. Aspen Tech., Inc., 145 F. Supp. 2d 101 (D. Mass. 2000). See also Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997). The judges of this district routinely dismiss complaints of this nature without wasting the judicial time that would have been required for consolidated amended complaint and lead plaintiff procedures. Indeed, they do so by orders of dismissal on the first-filed case, with a simple stroke of the pen that makes them applicable to any copy-cat complaints. For example, see Judge Zobel's decision in Aspen Tech., Inc., 145 F. Supp. 2d 101 (D. Mass. 2000).

4.      PwC further objects to and reserves its right to dispute at a subsequent time -- should its motion to dismiss be denied -- the assertions in the memorandum in support of the Hofmann Group's Motion (at 7-9) concerning the Hofmann Group's alleged satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure, including typicality and adequacy of proposed representatives. If PwC's motion to dismiss is not granted in its entirety, PwC will address any motion by the Hofmann Group for certification of any class alleged as to PwC. PwC notes that for the purpose of appointing the Lead Plaintiff under the Securities Litigation Reform Act, the Court need only make a preliminary finding that the proposed Lead Plaintiff meets the Rule 23 requirements. That preliminary finding is itself subject to full Rule 23 analysis

upon consideration of a motion for class certification. See Greebel v. FTP Software, 939 F. Supp. 57, 60, 64 n.7 (D. Mass. 1996); Schulman v. Lumenis, Ltd., No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5 (S.D.N.Y. 2003); In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999); Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 398 (D. Minn. 1998).

     5.    Because the lead plaintiff process is not a substitute for class certification, if these cases were to advance beyond the pleading stage, plaintiffs would eventually need to move for class certification and demonstrate that all of the requirements of Fed. R. Civ. P. 23 are met before these actions could be certified as a class action. This Court's ultimate decision on the Hofmann Group's Motion concerning appointment of Lead Plaintiff and the selection of counsel does not affect PwC's right to challenge class certification, including challenges based on adequacy or typicality, if any part of these actions survives a motion to dismiss. See Greebel, 939 F. Supp. at 60-61 (D. Mass. 1996) (defendants' right to challenge plaintiffs' satisfaction of Fed. R. Civ. P. 23 at the class certification stage is unaffected by lead plaintiff/lead counsel determination under the Reform Act); Schulman, 2003 WL 21415287, at *5 ("Any preliminary class certification findings of adequacy and typicality made at this time, do not preclude any party from contesting the ultimate class certification.").

Dated: April 5, 2004
      Boston, Massachusetts

Respectfully submitted,

*/s/ James R. Carroll*
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
PricewaterhouseCoopers LLP

### Certificate of Service

I, Matthew J. Matule, hereby certify that on April 5, 2004, I caused a true copy of the foregoing PricewaterhouseCoopers LLP's Response To The "Hofmann Group's" Motion For Consolidation, Appointment As Lead Plaintiff, And Approval Of Lead Plaintiff's Selection Of Counsel And Liaison Counsel to be served upon the attorneys of record by the means indicated on the service list attached hereto.

Dated: April 5, 2004

*/s/ Matthew J. Matule*
Matthew J. Matule

## SERVICE LIST

**BY HAND DELIVERY**

Nancy Freeman Gans, Esq.
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA 02109-4216

Jeffrey B. Rudman, Esq.
Hale & Dorr LLP
60 State Street
Boston, MA 02109

**BY FIRST-CLASS MAIL, POSTAGE PRE-PAID**

Peter A. Lagorio, Esq.
Gilman And Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

Sandy A. Liebhard, Esq.
Bernstein Liebhard & Lifschitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016

Steven G. Schulman, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119

David R. Scott, Esq.
Scott & Scott LLC
P.O. Box 192
Colchester, CT 06415