UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x
                                   :
BRUNO HOFMANN,                     :
                                   :
                    Plaintiff,     :   Civil Action
         v.                        :   No. 04-10027-JLT
                                   :
PHILIP LAUGHLIN, MICHAEL SABLONSKI,:
ALBERT ERANI, DONNA ABELLI         :
LOPOLITO, JOHN J. ACARI, HERBERT M.:
STEIN, ALAN ADES, BERNARD A. MAR-  :
DEN, ALAN W. TUCK, NOVARTIS PHARMA :
AG and PRICEWATERHOUSECOOPERS LLP, :
                                   :
                    Defendants.    :
---------------------------------- x

## PRICEWATERHOUSECOOPERS LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

Plaintiff filed an action dismissible on its face on January 7, 2004. Defendant's motion to dismiss was served by hand on March 29, 2004. The Private Securities Litigation Reform Act itself statutorily mandated priority to motions to dismiss filed as here. Plaintiff has not filed an opposition to the merits of PwC's motion. Instead, plaintiff filed a motion to strike and so-called "preliminary opposition" on the day any opposition was due.

Because plaintiff failed to file an opposition to PwC's motion to dismiss nor timely obtain any extension of time within which to do so, there is no reason for this Court to delay its decision on PwC's motion under Local Rule 7.1(F). Alternatively, the briefing on PwC's motion to dismiss should be deemed complete due to the filing of plaintiff's purported "preliminary" opposition, and the Court should calendar oral argument or accordingly rule upon the papers as submitted. In either event, plaintiff's motion should be denied and PwC's motion should be granted.

## Argument

### I. PLAINTIFF'S MOTION IGNORES THE MANDATORY PRIORITY THE PSLRA AND OTHER COURTS ACCORDED TO MOTIONS TO DISMISS

#### A. Plaintiff's Motion Ignores The Priority Treatment Accorded To Any Motion To Dismiss Under The PSLRA

Plaintiff's motion ignores the mandate of the Private Securities Litigation Reform Act ("PSLRA"):

> In any private action arising under this title, <u>all</u> discovery and other <u>proceedings shall be stayed during the pendency of any motion to dismiss,</u> unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

See 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Congress granted "<u>any</u>" motion to dismiss priority treatment -- staying "<u>all</u>" other "proceedings," including the types of delay plaintiff seeks here. See 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Congress clearly stated its intent, and courts routinely follow that mandate:

- Hockey v. Medhekar, 30 F. Supp. 2d 1209, 1225 (N.D. Cal. 1998) (declining to consider plaintiff's motions for class certification and for appointment of lead counsel until after resolution of defendant's motion to dismiss);

- Berkowitz v. Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997) (granting motion to dismiss and denying as moot plaintiff's motions for class certification and for the appointment of lead plaintiff and lead counsel);

- In re Valuejet, Inc. Sec. Litig., 984 F. Supp. 1472, 1481-82 (N.D. Ga. 1997) (noting that the PSLRA stayed plaintiffs' motion for class certification -- filed before defendants' motion to dismiss -- pending the resolution of defendants' motion to dismiss);

2

- In re Nanophase Tech. Corp. Litig. Harbour Court LPI, Nos. 98 C 3450, 98 C 7447, 1999 WL 965468, *1, *5 (N.D. Ill. Sept. 30, 1999) (noting that "[t]his court deferred ruling on [plaintiff's] motion to be appointed lead plaintiff until the pending motions to dismiss in the [related actions] were decided" and that the "PSLRA states that proceedings shall be stayed only when there is a pending motion to dismiss").

- Greenberg v. Bear Stearns & Co., Inc., 80 F. Supp. 2d 65, 66-68 (E.D.N.Y. 2000) (granting defendant's motion to dismiss the Greenberg complaint on the grounds of res judicata even though Greenberg's motion for lead plaintiffs "was never decided and is now pending before this Court.")

Plaintiff even recognizes this statutory mandate in his own Motion asking this Court to defy it: "Under the PSLRA, 'all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss.' Thus, if PwC's . . . motion to dismiss were not stricken, Plaintiffs . . . could arguably be barred from proceeding with the lead plaintiff motion . . . " See Plaintiff's Motion at 6. Exactly.

### B. Plaintiff Erroneously Asserts That Motions To Dismiss Should Not Be Considered Until After Lead Plaintiff Status Has Been Determined

Contrary to the assertions in the "Motion To Strike" submitted by plaintiff, courts routinely consider and decide motions to dismiss before appointing a lead plaintiff.[1] See

---

[1] Plaintiff asserts that there are "complexities" in this action and that "where there are many plaintiffs and counsel, there may be multiple contradictory responses to a motion to dismiss that is filed before appointment of lead plaintiff and lead counsel." (See Plaintiff's Motion at 10, 13). Here, there is only one set of allegations and one verbatim copy-cat complaint, one motion to dismiss, and only one motion for appointment of lead plaintiff. None of these purported "complexities" are present -- unlike the cases cited by plaintiff: Slone v. Fifth Third Bancorp, No. C-1-03-211(S.D. Ohio Oct. 22, 2003) (various motions to dismiss, stay and consolidate and appoint lead plaintiff and lead counsel pending before the court in each of the eight filed cases); In re Healthsouth Corp. 2002 Sec. Litig., No. CV-02-BE-2105-S (N.D. Ala. Nov. 6, 2002) (entering order staying submissions concerning dispositive matters "because of the complexity of the litigation"); Sherleigh Assocs. LLC v. Windmere-

(continued...)

Medhekar, 30 F. Supp. 2d at 1225 (N.D. Cal. 1998) (declining to consider plaintiff's motions for class certification and for appointment of lead counsel until after resolution of defendant's motion to dismiss);[2] Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997) (granting motion to dismiss and denying as moot plaintiff's motions for class certification and for the appointment of lead plaintiff and lead counsel).

Judges of this district also consider on a priority basis motions to dismiss without wasting the judicial time that would have been required for consolidated amended complaint and lead plaintiff procedures. See, e.g., Van Ormer v. Aspen Tech., Inc., Civ. A. No 98-12018 (D. Mass. Dec. 10, 1999) (Zobel, J.); Meyer v. Biopure Corp., Civ. A. No. 02-10194 (D. Mass. May 16, 2002) (Harrington, J.).

### C.   Deciding PwC's Motion To Dismiss Now -- Before Needlessly Expending Judicial Time On Plaintiff's Meritless Claims -- Is Sensible Where The Complaint's Allegations Against PwC Are Inadequate As A Matter Of Law

PwC timely moved to dismiss plaintiff's claims against PwC on March 29, 2004 with the intention to completely dispose of them. PwC is mentioned in only <u>three</u> out of the <u>174</u> paragraphs that form the Complaint (see Compl. ¶¶ 18, 138, 140) -- only one of which, paragraph 18 -- actually contains any allegations against PwC.[3] This sole remaining paragraph is actually

---

[1] (...continued)
Durable Holdings, Inc., 184 F.R.D. 688 (S.D. Fla. 1999) (involving multiple putative class actions presenting numerous competing claims for class counsel and lead plaintiff).

[2] This was a securities class action argued by the same firm as proposed lead plaintiff counsel here.

[3] Paragraphs 138 simply states the fact that PwC issued a going concern opinion and ¶140 recites the other defendants' reaction to that opinion.

the paragraph designating PwC as a defendant -- and it is insufficient under Rule 9(b) and the PSLRA to state a securities fraud claim against PwC.

There is no need to waste this Court's time entertaining further proceedings involving PwC where there is no basis for PwC's involvement in this action in the first place.[4] Considering PwC's motion to dismiss now will serve only to streamline the parties, issues, and proceedings ahead of this Court.

## II. PWC'S MOTION TO DISMISS IS UNOPPOSED AND SHOULD BE GRANTED IN ANY EVENT

### A. Contrary To Plaintiff's Assertions, Judicial Economy Is Not Served By -- And PwC Is Prejudiced By -- Any Delay In The Disposition Of Its Motion To Dismiss

PwC never should have been sued in the first place. Every day PwC is forced to remain and defend itself against this meritless suit is a prejudice to PwC. Application of the PSLRA and Rule 9(b) alone warrant dismissal of PwC from this litigation at the outset. Further, because this complaint (and its verbatim copy in the related Ahee action) is statutorily deficient on its face, there is no need for lead plaintiffs or lead counsel. See, e.g., Greenberg, 80 F. Supp. 2d at 66-68 (E.D.N.Y. 2000); See also Conrail, Inc., Civ. A. No. 97-1214, 1997 U.S. Dist. LEXIS 14951, at *2 n.1, *45 (E.D. Pa. Sept. 25, 1997).

---

[4] Plaintiff's assertion that "Rule 16 of the Federal Rules of Civil Procedure impliedly mandates that before motions . . . can proceed, the court must issue a scheduling order guaranteeing procedure" and thus PwC's motion should be stricken because no conference has occurred -- is baseless. Rule 16(b) says no such thing. See Fed. R. Civ. P. 16(b). Instead, the Rule states that after receiving the parties' 26(f) report or after consulting with the attorneys, the district court shall enter a scheduling order limiting the time to file motions and complete other proceedings. Nothing in the rule states that a motion to dismiss is improper in the absence of a scheduling conference or a scheduling order.

Plaintiff complains that PwC's motion is premature given that these two actions "will likely be consolidated" and "an amended complaint will be filed." See Plaintiff's Motion at 12. But where, as here, the complaint as to PwC is a non-starter on its face, dismissal avoids the waste of judicial time that would be required for the lead plaintiff procedures sought here and supports the underlying purpose of the PSLRA.[5] Indeed, the PSLRA gives the motion to dismiss priority over such proceedings. Plaintiff simply cannot commence an action against PwC with a deficient "placeholder" complaint (to stop the statute of limitations clock) and then put off this Court's consideration of it -- with potentially unnecessary lead plaintiff and consolidation proceedings and other motions designed for delay -- in the hope that some, as yet unknown, facts might surface and provide a Rule 11 basis for amending the allegations against PwC.[6] Plaintiff cannot expect PwC and this Court to wait for -- and the PSLRA's prioritized structure was crafted to avoid -- that speculative and unlikely turn of events.

Moreover, judicial economy is not served by delaying consideration of PwC's motion to dismiss until "such lead plaintiff has had the opportunity to file a consolidated amended complaint" where plaintiff should not get the chance to amend at all. (Plaintiff does not even indicate how he would replead the claims against PwC – because there is no basis for those

---

[5] In 1995 Congress enacted the PSLRA, 15 U.S.C. § 78u-4, in order to further "curtail the filing of meritless lawsuits," including "the targeting of deep pocket individuals, including accountants . . . without regard to their actual culpability." Joint Explanatory Statement Of The Committee Of Conference, H.R. Conf. Rep. No. 104-369, at 31 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 730.

[6] Plaintiff filed this action on January 7, 2004, just before the two-year statute of limitations was to expire.

6

claims in the first instance -- even if he successfully obtains the delay sought by the instant motion.)

Consider here the statement of Judge Lindsay in connection with his decision to dismiss § 10(b) claims under the PSLRA:

> The plaintiffs' request for leave to amend their complaint . . . is denied. Here, as in <u>Colby</u>, the plaintiffs have 'pled [their] case with determined imagination, but little factual substance. Considerations of <u>fairness</u>, <u>judicial economy</u>, and <u>congressional purpose</u> in enacting the Securities Laws all point to a denial of discovery and to dismissal of this complaint with prejudice.'

<u>Carney v. Cambridge Tech. Partners, Inc.</u>, 135 F. Supp. 2d 235, 257 (D. Mass. 2001) (<u>quoting</u> <u>Colby v. Hologic, Inc.</u>, 817 F. Supp. 204, 217 (D. Mass. 1993)); <u>see also</u> <u>In re Centennial Techs. Litig.</u>, Civ. A. No. 1:97-10304-REK, transcript of hearing and case management conf. at 35-36, 38 (D. Mass. Oct. 14, 1998) (concluding that "none of [the pleadings] are sufficient to meet the [particularity] requirements [of the PSLRA]" and denying plaintiffs' request for an opportunity to replead because plaintiffs are not "authorized to file a pleading under Rule 11 that is not enough to state with particularity the evidence that Congress has said in [the PSLRA] has to be pled with particularity.")

### B. <u>Plaintiff Knowingly Failed To Timely Oppose PwC's Motion</u>

A motion to strike is not self-executing. Plaintiff was required to file an opposition, if any, to PwC's motion by April 12, 2004. The filing of Plaintiff's motion -- seeking unwarranted delay and "preliminary" argument -- did not change that fact. Local Rule 7.1 of this court requires a party opposing a motion to file such opposition within fourteen days after service. As plaintiff is well aware, the time to file an opposition expired on Monday, April 12,

7

2004. Plaintiff's motion does not create a right to file an additional opposition going forward -- nor does plaintiff satisfy the "excusable neglect" standard that must support any request for more time from this Court. Under the Federal Rules of Civil Procedure,- any request for more time must be ruled upon "before the expiration of the period originally prescribed" unless the "failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). Plaintiff failed both to timely request an extension and to timely file an opposition, choosing instead to file a non-self-executing motion to strike.

Further, there is no such thing as a "preliminary opposition" and, consequently, Plaintiff's so-called "Preliminary Opposition" should be treated as the totality of plaintiff's opposition to the arguments set forth in PwC's Motion To Dismiss. Indeed, PwC submits that the Court may properly consider its motion to be fully briefed, and should set the matter down for oral argument or rule upon the papers without any further delay.

### C. PwC's Motion To Dismiss Is Consistent With The Parties' Stipulation Extending The Time In Which PwC "May" Respond To The Complaint

Plaintiff asserts that the agreed-upon extension of time for PwC to respond to the Complaint was somehow mandatory: "That stipulation extends PwC's time to answer or otherwise respond to the Complaint until '*after* the later of: (a) the Court's selection of a lead plaintiff' or '(b) the date on which the consolidated amended complaint, if any, is served upon defendants.'" See Plaintiff's Motion at 7-8 (emphasis in original).

The Stipulation does not go as far as plaintiff implies and indeed simply states that the parties "hereby stipulate and agree that the time within which PwC may answer, move, or otherwise respond to the complaint in this action is extended to and including 30 days after the

later of: (a) the Court's selection of a lead plaintiff . . . . or (b) the date on which the consolidated amended complaint, if any, is served upon defendants." (Emphasis added).  See Stipulation (attached hereto as Exhibit A).  The key word in the Stipulation -- and left out of plaintiff's citation of it -- is "may."  Obviously, what PwC may do pursuant to the Order is, by its terms, not what PwC must do.

Pursuant to Local Rule 7.1(F), this court should properly grant PwC's motion to dismiss without a hearing on the basis of the papers that have been submitted.[1]  Accordingly, as PwC's motion stands unopposed and plaintiff's complaint is a non-starter on its face under Rule 9(b) and the PSLRA, this court should grant PwC's Motion To Dismiss, deny plaintiff's Motion To Strike/Request For An Extension and deny any request for an opportunity to replead.  See Proposed Order (attached hereto as Exhibit B).

Dated: April 26, 2004
Boston, Massachusetts

Respectfully submitted,

*James R. Carroll*
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
PricewaterhouseCoopers LLP

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party as indicated on the service list attached hereto, on April 26, 2004

*M. Matule*

---

[1] Local Rule 7.1.(F) states that motions not set down for a hearing "will be decided on the papers submitted after an opposition to the motion has been filed, or, if no opposition has been filed, after the time for filing an opposition has elapsed."

9

## SERVICE LIST

**BY HAND DELIVERY**

Nancy Freeman Gans, Esq.
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA 02109-4216

Jeffrey B. Rudman, Esq.
Hale & Dorr LLP
60 State Street
Boston, MA 02109

**BY FIRST-CLASS MAIL, POSTAGE PRE-PAID**

Peter A. Lagorio, Esq.
Gilman And Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

Sandy A. Liebhard, Esq.
Bernstein Liebhard & Lifschitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016

Steven G. Schulman, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119

David R. Scott, Esq.
Scott & Scott LLC
P.O. Box 192
Colchester, CT 06415