# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUNO HOFMANN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NOVARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS LLP,<br><br>Defendants. | Case No.: 1:04cv10027-JLT |
| CHRISTOPHER GERARD AHEE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NOVARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS,<br><br>Defendants. | Case No.: 1:04cv10517-JLT |

**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

WHEREAS, on January 7, 2004, the first class action complaint (the "Hofmann Action") alleging violations of federal securities laws was filed with this Court on behalf of investors who purchased the common stock of Organogenesis, Inc. ("Organogenesis" or the "Company"), and one related complaint was filed shortly thereafter;

WHEREAS, pursuant to Section 21D(a)(3)(A) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(A), the plaintiff in the Hofmann Action caused notice to be published in *Investor's Business Daily* on January 21, 2004, which informed class members of the right to seek appointment as lead plaintiff;

WHEREAS, on March 22, 2004, class members Bruno Hofmann, John H. Bowie, Richard Madigan, and Richard Conen (collectively known as the "Hofmann Group"), pursuant to Private Securities Litigation Reform Act of 1995 ("PSLRA"), timely filed a motion for appointment as Lead Plaintiff and for approval of their choice of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as Lead Counsel and the law firm of Moulton & Gans, P.C. ("Moulton & Gans") as Liaison Counsel;

WHEREAS, on March 22, 2004, class members Lorene Crawford, Eric D. Winkelman as Trustee for Eric D. Winkelman Trust, Kenneth Wiener, and Victor Kraiem (collectively known as the "Crawford Group"), pursuant to the PSLRA, timely filed a motion for appointment as Lead Plaintiff and for approval of their choice of Bernstein Liebhard & Lifshitz, LLP as Lead Counsel and Gilman and Pastor, LLP as Liaison Counsel;

WHEREAS, the counsel for the Hofmann Group and Crawford Group have conferred regarding the appointment of lead plaintiff and agree that the Hofmann Group has the largest financial interest in this action. Accordingly, the Crawford Group will withdraw its motion and no longer pursue appointment as lead plaintiff in this action;

WHEREAS, the members of the Hofmann Group have demonstrated that, as movants, they have the largest financial interest in this action, they understand the importance of supervising and monitoring the case, and otherwise satisfy the requirements of Section 21D(a)(3)(B)(iii)(I) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); and

IT IS HEREBY STIPULATED AND AGREED, by the parties, through their undersigned counsel, as follows:

1.  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, action 04-CV-10027-JLT, and any subsequently filed or transferred actions on behalf of investors who purchased the securities of Organogenesis, arising from facts, events, and transactions alleged in these cases, are hereby consolidated for all purposes. This action shall be captioned "*In re Organogenesis Sec. Litig.*," and the file shall be maintained under Master File No. 04-CV-10027-JLT.

2.  The Hofmann Group shall be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. 78u-4(a)(3)(B);

3.  Lead Plaintiff's selection of Milberg Weiss as Lead Counsel shall be approved pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. 78u-4(a)(3)(B)(v);

4.  Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding this litigation including, but not limited to, pre-trial proceedings, motion practice, trial and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

    a.  to brief and argue motions;

    b.  to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admission, and requests for production of documents;

    c. to direct and coordinate the examination of witnesses in depositions;

    d. to act as spokesperson at pretrial conferences;

    e. to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f. to initiate and conduct any settlement negotiations with counsel for defendants;

    g. to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h. to consult and employ experts;

    i. to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

    j. to perform such other duties as may be expressly authorized by further order of this Court.

  5. Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of the Class and for disseminating notices and orders of this Court.

  6. No motion, application or request for discovery shall be served or filed, or other pretrial proceedings initiated, on behalf of Lead Plaintiffs, except through Lead Counsel.

  7. Lead Counsel for the Class shall be available and responsible for communications to and from the Court.

8. Defendants' counsel may rely upon all agreements made with Lead Counsel.

9. Lead Plaintiff's selection of Moulton & Gans as Liaison Counsel shall be approved.

Dated: April 5, 2004

Respectfully submitted,

MOULTON & GANS, P.C.

By: /s/ Nancy Freeman Gans (auth)
Nancy Freeman Gans (BBO# 184540)
33 Broad Street, Suite 1100
Boston, MA 02109
Telephone: (617) 369-7979

*Proposed Liaison Counsel for the Class*

**MILBERG WEISS BERSHAD HYNES & LERACH LLP**
Steven G. Schulman
Elaine Kusel
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300

*Counsel for the Hofmann Group and Proposed Lead Counsel for the Class*

**SCOTT + SCOTT LLC**
David R. Scott
P.O. Box 192
108 Norwich Avenue
Colchester, CT 06415
Telephone: (860) 537-5537

*Plaintiff's Counsel*

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on 4/5/04.
/s/ Nancy Freeman Gans (auth)

Dated: April 5, 2004

GILMAN AND PASTOR, LLP

By: _David Pastor (auth)_
David Pastor (BBO #567379)
Peter A. Lagorio
Stonehill Corporate Center
999 Broadway
Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

*Liaison Counsel for the Crawford Group*

**BERNSTEIN LIEBHARD &
   LIFSHITZ, LLP**
Sandy A. Liebhard
Joseph R. Seidman, Jr.
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414

*Counsel for the Crawford Group*

SO ORDERED:

DATED: _____, 2004

_____
United States District Judge