UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE ORGANOGENESIS SEC. LITIG.    :   Civil Action
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   No. 04-10027-JLT

### PRICEWATERHOUSECOOPERS LLP'S OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF SCHEDULING ORDER

Defendant PricewaterhouseCoopers LLP ("PwC") opposes and responds to the lead Plaintiffs' Motion For Entry Of Scheduling Order, dated August 19, 2004, as follows:

1. Plaintiff Bruno Hofmann filed an action dismissible on its face on January 7, 2004, followed by a copy-cat complaint with virtually verbatim allegations filed by Christopher Ahee on March 15, 2004. Despite the passage of nearly six months, no additional complaints have been filed.

2. PwC timely moved to dismiss both the Hofmann action (No. 04-10027-JLT), and the copy-cat Ahee action (No. 04-10517-JLT). Plaintiffs failed to oppose, and merely sought delay in the hope of finding some basis to support their fraud allegations against PwC -- allegations that will not withstand this Court's scrutiny. Indeed, PwC is mentioned in only three out of the 174 paragraphs that form the Complaint in both Hofmann and Ahee (see Hofmann Compl. ¶¶ 18, 138, 140; Ahee Compl. ¶¶ 18, 136, 138) -- only one of which, paragraph 18 -- actually contains any allegations against PwC.[1] This sole remaining paragraph is actually the

---

[1] Paragraph 138 in Hofmann (¶136 in Ahee) simply states the fact that PwC issued a going concern opinion and ¶140 (¶138 in Ahee) recites the other defendants' reaction to that opinion.

paragraph designating PwC as a defendant -- and it is insufficient under Rule 9(b) and the PSLRA to state a securities fraud claim against PwC.

3.  Despite plaintiffs' hopes otherwise (see Memorandum In Support Of Plaintiffs' Motion For Entry Of Scheduling Order at 2), there is nothing in the PSLRA that precludes this Court from acting upon a timely filed motion to dismiss. Indeed, with the enactment of the PSLRA, Congress granted "any" motion to dismiss priority treatment -- staying "all" other "proceedings," including the types of delay sought by the plaintiffs here. See 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

4.  Put simply, plaintiffs should not be permitted to commence an action against PwC with a facially deficient "placeholder" complaint (to attempt to stop the statute of limitations clock) and then put off this Court's consideration of it -- with "preliminary oppositions" and other motions designed solely to achieve delay – in the hope that some, as yet unknown and unplead facts might surface and provide a Rule 11 basis for amending the allegations against PwC.[2] Indeed, plaintiffs do not provide any indication or description of how or even whether the allegations in any amended complaint they may file will change as to PwC.

5.  The PSLRA, with its carefully crafted structure according priority to motions to dismiss, was not intended to permit plaintiffs to run rough-shod over defendants' rights and attempt to avoid resolution of a timely filed motion to dismiss by seeking time to submit an amended complaint. At a minimum, before this Court considers any of the other procedural

---

[2] Plaintiff filed this action on January 7, 2004, more than one year after the announcement that revealed the purported fraud and just before the two-year statute of limitations was to expire.

measures that plaintiffs have interposed for purposes of delay, PwC requests an opportunity to be heard on its motion to dismiss.

Dated: August 20, 2004
      Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
PricewaterhouseCoopers LLP

### Certificate of Service

      I, Matthew J. Matule, hereby certify that on August 20, 2004, I caused a true copy of the foregoing PricewaterhouseCoopers LLP's Response To Plaintiffs' Motion For Entry Of Scheduling Order to be served upon the attorneys of record by the means indicated on the service list attached hereto.

Dated: August 20, 2004

/s/ Matthew J. Matule
Matthew J. Matule

**SERVICE LIST**

**BY HAND DELIVERY**

Nancy Freeman Gans, Esq.
Moulton & Gans, P.C.
33 Broad Street
Suite 1100
Boston, MA 02109-4216

Jonathan Shapiro, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

Peter M. Saparoff, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

**BY FIRST-CLASS MAIL, POSTAGE PRE-PAID**

Steven G. Schulman, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119

Glenn M. Kurtz, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787