# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUNO HOFFMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NOVARTIS PHARMA AG and PRICE WATERHOUSECOOPERS LLP,<br><br>Defendants. | No.: 04-10027-JLT |

**LEAD PLAINTIFF'S REPLY TO PRICEWATERHOUSECOOPERS LLP'S OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF SCHEDULING ORDER**

Lead Plaintiff replies to PricewaterhouseCoopers LLP's ("PwC") Opposition and Response to Plaintiffs' Motion for Entry of Scheduling Order ("PwC's Opposition" or "Opp.") as follows:

1) Plaintiffs' have the indisputable right to file an amended complaint. Fed. R. Civ. P.15(a) [1]  A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a) and therefore does not alter Plaintiffs' right to file an amended complaint. <u>Shaver v. Operating Engineers Local 428 Pension Trust Fund</u>, 332 F. 3d 1198, 1201 (9th Cir. 2003); <u>Walgren v.

---

[1] PwC in fact assented to Plaintiffs' filing of an Amended Complaint in exchange for an extension of time in which to respond. See Stipulation and Order to Extend PwC's Time to Respond To Complaint ("PwC Stipulation").  That PwC changed tactics and decided to file a Motion to Dismiss does not alter Lead Plaintiffs' rights under either Rule 15(a) or the PwC Stipulation.

Howes, 482 F.2d 95 (1st Cir. 1973). All defendants in this action other than PwC apparently recognize this fact — they all have agreed to the entry of Lead Plaintiffs' proposed scheduling order. The progress of this case should not be stalled because one defendant — PwC — has decided, contrary to law and practice in securities fraud class actions, to attempt to deprive plaintiffs of their right to file an amended complaint.

2) Lead Plaintiffs are not required to "provide any indication or description of how or even whether the allegations in any amended complaint…will change as to PwC" Opp. ¶ 4. Plaintiffs have the right to file an amended complaint without leave of court and without the need to make any advance showing whatsoever, Fed. R. Civ. P. 15(a).

3) PwC falsely suggests that Lead Plaintiffs' motion papers do not "address or even mention PwC's pending motions to dismiss." Matthew J. Matule, August 20, 2004 letter to The Honorable Joseph L. Tauro, filed with courtesy copy of PwC Opposition. On the contrary, Lead Plaintiff's Motion and Memorandum in support thereof fully set forth the status of PwC's pending Motions to Dismiss and Lead Plaintiff's motions to strike (the "Motions to Strike") and preliminary oppositions in response to PwC's motions. (Lead Plaintiff's Motion for Entry of Scheduling Order ("Scheduling Motion" at p.2 n.1; Memorandum in Support of Plaintiffs' Motion for Entry of Scheduling Order at p. 2.) Whether the proposed schedule's reference to Defendants applies to PwC will depend upon the

      timing and substance of the Court's rulings on PwC's Motions to Dismiss and Plaintiffs' Motions to Strike.

4) Far from having been "interposed for purposes of delay," Lead Plaintiffs' motion for entry of scheduling order is designed to *expedite* the prosecution of this case. Lead Plaintiff filed the Scheduling Motion promptly after this Court consolidated the actions and appointed Lead Plaintiff and Lead and Liaison Counsel. Lead Plaintiff seeks to set deadlines now for the filing of an amended complaint and briefing on any subsequent motions to dismiss — all in order to advance the progress of this case.

5) If any party is seeking delay here, it is PwC. PwC is the only defendant which has wasted the time and resources of the parties and the Court by filing a premature and inappropriate motion to dismiss, in contravention of the PSLRA, well-settled case law, and (as PwC's experienced counsel is well aware) routine practice in securities fraud class actions. Indeed, PwC's attempt to circumvent normal scheduling by putting itself at the head of the line is already creating delay.

6) PwC's Opposition improperly attempts to reargue its pending Motions to Dismiss. Lead Plaintiff refers the Court to already completed briefing on PwC's Motions to Dismiss, Plaintiffs' Motions to Strike and Preliminary Oppositions to the Motions to Dismiss.

WHEREFORE, this Court should enter Lead Plaintiff's proposed scheduling order.

DATED: August 30, 2004

        Respectfully Submitted,

        **MOULTON & GANS, P.C.**

        By: /s/ Nancy Freeman Gans
            Nancy Freeman Gans
        33 Broad Street, Suite 1100
        Boston, MA 02109-4216
        (617) 369-7979

        **Liaison Counsel for Lead Plaintiffs Bruno Hoffman, John H. Bowie, Richard Madigan, and Richard Conen**

        **MILBERG WEISS BERSHAD HYNES & LERACH LLP**
        Steven G. Schulman
        Elaine S. Kusel
        Peter Sloane
        One Pennsylvania Plaza, 49th Floor
        New York, NY  10119
        (212) 594-5300

        **Lead Counsel for Lead Plaintiffs Bruno Hoffman, John H. Bowie, Richard Madigan, and Richard Conen**