UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | * |  |
| IN RE ORGANOGENESIS | * |  |
| SECURITIES LITIGATION | * | Civil Action No. 04-10027-JLT |
|  | * |  |

MEMORANDUM

July 20, 2005

TAURO, J.

Plaintiffs have stated claims against the former officers and directors of Organogenesis, Inc., with one exception,[1] for violations of sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder. The case against PricewaterhouseCoopers, LLP (hereinafter "PwC") is a different matter.

Plaintiffs have brought a fraud claim against PwC alleging that the independent auditor acted recklessly in giving Organogenesis a clean audit letter for its year-end 2000 financial statements. Plaintiffs also allege that PwC did not audit Organogenesis's 2000 financial statements in accordance with generally accepted auditing standards ("GAAS"). PwC has moved to dismiss these claims for failing to satisfy the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and Rule 9(b) of the Federal Rules of Civil Procedure.

---

[1]See the accompanying order with respect to Defendant Alan Ades.

## Discussion

"Courts assessing claims against independent accountants and auditors under the PSLRA have placed the bar high."[2]

> For recklessness on the part of a non-fiduciary accountant to satisfy securities fraud scienter, such recklessness must be conduct that is highly unreasonable, representing an extreme departure from the standards of ordinary care. It must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company. In other words, the plaintiff must prove that the accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decision if confronted with the same facts.[3]

"A plaintiff may satisfy this high burden by pleading with specificity that the auditor was aware of, but failed to investigate, certain 'red flags' that plainly indicated misconduct was afoot."[4]

Plaintiffs allege that PwC ignored three "red flags" in connection with its audit that support a strong inference of scienter. Plaintiffs' first alleged "red flag" is Defendant Albert Erani's failure to sign audit confirmations in March 2001 "relating to his holdings of the Company's convertible debt."[5] This red flag allegedly "eroded" PwC's confidence in representations made by management and the board of directors, and led to a "loss of the Company's credibility" with PwC.[6] Plaintiffs, however, make no attempt to explain how

---

[2] In re Raytheon Sec. Litig., 157 F. Supp. 2d 131, 154 (D. Mass. 2001).

[3] Id. (internal quotations and citations omitted).

[4] Id. (citing In re Health Mgmt., Inc. Sec. Litig., 970 F. Supp. 192, 203 (E.D.N.Y. 1997).

[5] Consol. Am. Class Action Compl. for Violations of Fed. Sec. Laws ("Compl.") ¶ 111; see also Compl. ¶ 174(a)-(b).

[6] Compl. ¶ 111 (quoting the Confidential Arcari Document).

Defendant Erani's failure to sign these audit confirmations relates to Organogenesis's 2000 financial statements.  This vague allegation does not specify what management or board representations were involved, or even when they were made.  As such, this red flag is insufficient to raise a strong inference of scienter with respect to PwC's clean audit letter.

Plaintiffs' next red flag concerns a purported violation of Organogenesis's commitment to exercise the "first tranche" of the $20 million Novartis "put option" by May of 2001.[7]  This red flag doesn't fly because it occurred months after PwC issued its audit opinion in March of 2001.[8]  This information simply did not exist at the time of PwC's audit.

Plaintiffs' third purported red flag is that PwC "knew of, or recklessly disregarded, the terms of the Novartis marketing agreement," which allegedly caused Organogenesis to lose money on every product sold.[9]  In an attempt to particularize this allegation of scienter, Plaintiffs state that "[PwC] and its personnel were regularly present at Organogenesis and had intimate knowledge of Organogenesis' financial reporting practices based on its access to confidential internal corporate, financial, operating and business information."[10]  As Judge Lindsay has observed, "[T]his statement could be made in relation to the auditor of every corporation.  If it

---

[7]Compl. ¶ 174(c).

[8]See In re Stone & Webster, Inc., Sec. Litig., 253 F. Supp. 2d 102, 134 (D. Mass. 2003) (explaining that red flags limited to a latter time frame were irrelevant to the audit reports at issue).

[9]Compl. ¶ 174(d).

[10]Compl. ¶ 172.

were sufficient to plead scienter, it might make every auditor liable in cases of securities fraud."[11] This third red flag, therefore, remains both a conclusory allegation and one that does not support a strong inference of scienter.

As for Plaintiffs' boilerplate violations of GAAS, it is well-settled that allegations of a failure to conform to GAAP and GAAS, without more, are insufficient to plead scienter under Section 10(b) and Rule 10b-5.[12] Moreover, Plaintiffs' list of alleged auditing violations fails to particularize how PwC's conduct deviated from GAAS.[13]

Plaintiffs do not allege that any of the hard financial data contained in Organogenesis's 2000 financial statements were misleading or inaccurate. Plaintiffs do not claim that the company failed to accurately report its losses. At best, Plaintiffs have pled sufficient facts that, if true, demonstrate PwC's negligence in failing to realize, early enough, that Organogenesis was destined for bankruptcy. This is not fraud. For the foregoing reasons, PwC's Motion to Dismiss is ALLOWED.

AN ORDER WILL ISSUE.

/s/ Joseph L. Tauro
United States District Judge

---

[11] In re Stone & Webster, 253 F. Supp. 2d at 134 (quoting Kennilworth Partners L.P. v. Cendant Corp., 59 F. Supp. 2d 417, 429 (D.N.J. 1999)).

[12] Id. at 133 ("'[W]ithout additional allegations of particular facts and circumstances[,] violations of GAAP and GAAS generally do not give rise to an inference of scienter.'") (quoting In re Raytheon Sec. Litig., 157 F. Supp. 2d 131, 155 (D. Mass. 2001)).

[13] See Mem. of Law in Supp. of Def. PwC's Mot. Dismiss Tab. A.