UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| IN RE: ORGANOGENESIS SECURITIES LITIGATION | Civil Action No. 04-10027-JLT |
|---|---|

**MEMORANDUM IN SUPPORT OF ALAN ADES'
ASSENTED-TO MOTION FOR ENTRY OF FINAL JUDGMENT**

Pursuant to Fed. R. Civ. P. 54(b), defendant Alan Ades respectfully requests that the Court enter separate and Final Judgment with prejudice for him and against plaintiffs with respect to all claims against him, which the Court dismissed last month.

*Background*

On December 22, 2004, plaintiffs filed their Corrected Consolidated Amended Class Action Complaint ("Complaint") in this action, asserting claims against Alan Ades and several other defendants under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

On July 20, 2005, the Court issued an Order dismissing plaintiffs' claims against Mr. Ades, but granting plaintiffs leave to amend their Complaint within thirty (30) days. See Order, dated July 20, 2005, ¶¶ 3, 4 (Docket No. 83). Plaintiffs subsequently informed Mr. Ades' counsel that they did not intend to amend the Complaint against Mr. Ades, and the time for them to have done so has elapsed.[1]

Plaintiffs assent to this Motion.

*Argument*

Under Rule 54(b), the Court may direct the entry of a Final Judgment as to one or more parties in a multiple-party action if there is "no just reason for delay and upon an express

---

[1] The remaining individual defendants are in the process of preparing their Answers to the Complaint, which will be filed next month.

direction for the entry of judgment." Fed. R. Civ. P. 54(b).  In determining whether to do so, the courts consider a variety of factors, including whether the claims at issue are separable from those remaining to be adjudicated, the likelihood of duplicative appellate proceedings, judicial economy, and a balancing of the equities and relative prejudice to the parties.  See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16-17 (2d Cir. 1997); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42-43 (1st Cir. 1988).

Mr. Ades respectfully submits that he satisfies the Rule 54(b) standard, and should have the Court's dismissal of the claims against him (which plaintiffs elected not to amend) be the subject of a separate and Final Judgment.

First, the nature of the claims asserted against Mr. Ades are clearly separable from those asserted against the remaining defendants.  Mr. Ades was not employed at Organogenesis, Inc. during the putative Class Period, nor was he alleged to have made any of the allegedly fraudulent statements that plaintiffs claim misled them during that period.  Indeed, the Court's dismissal of the claims that previously were pending against Mr. Ades makes clear that those claims could "be decided independently" of those that remain against the other individual defendants, which the Court did not dismiss.   See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956) (affirming dismissal of claims where not "inherently inseparable from" those claims remaining in litigation).

Second, entry of separate and Final Judgment for Mr. Ades does not present any undue risk of multiple or conflicting appeals.  If plaintiffs were to appeal the Court's dismissal, such an appeal would necessarily address the question of whether a securities fraud complaint could be sustained against a defendant who was not alleged to have made the allegedly misleading

statements and under circumstances where the defendant did not join the issuer until after the close of the putative Class Period.  That issue is unique to Mr. Ades, because all other individual defendants were employed by Organogenesis, Inc. during at least some part of the putative Class Period (although they deny liability as well).  See Advanced Magnetics, 106 F.3d at 16-17.

Third, a balancing of the equities in this case weighs in favor of entry of separate and Final Judgment for Mr. Ades.  See, e.g., Curtis-Wright, 446 U.S. at 9-10 (quoting Sears, Roebuck & Co., 351 U.S. at 438 ("A district court must take into account judicial administrative interests as well as the equities involved.")).  This lawsuit has been pending since last year, plaintiffs already have amended the Complaint once, and in dismissing the claims against Mr. Ades the Court gave plaintiffs a third chance to state a claim against him.  It would be prejudicial to delay entry of Final Judgment for Mr. Ades now that he has successfully litigated a motion to dismiss, especially because the mere pendency of securities fraud cases like this one sometimes presents unwarranted questions about the reputation and character of all involved.

Finally, plaintiffs assent to this Motion.

### *Local Rule 7.1(A)(2) Certification*

In accordance with Local Rule 7.1(A)(2), counsel for Mr. Ades conferred with counsel for plaintiffs and other defendants, who do not object to this Motion.

*Conclusion*

WHEREFORE, for the foregoing reasons, Mr. Ades respectfully requests that, pursuant to Fed. R. Civ. P. 54(b), the Court dismiss with prejudice and enter separate and Final Judgment in favor of him and against plaintiffs with respect to all claims asserted against him.

Respectfully submitted,

**ALAN ADES**

By his attorneys,

/s/ Jonathan A. Shapiro_____
Jeffrey B. Rudman (BBO #433380)
Jonathan A. Shapiro (BBO #567838)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts   02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Dated:  August 31, 2005

- 5 -

**CERTIFICATE OF SERVICE**

I, Jonathan A. Shapiro, hereby certify that I served a copy of the Memorandum in Support of Alan Ades' Assented-To Motion for Entry of Final Judgment on the following:

| | |
|---|---|
| Nancy Freeman Gans, Esq.<br>Moulton & Gans, P.C.<br>33 Broad Street, Suite 1100<br>Boston, MA 02109-4216 | Steven G. Schulman, Esq.<br>Milberg Weiss Bershad Hynes & Lerach LLP<br>One Pennsylvania Plaza – 49th Floor<br>New York, NY 10119 |
| Peter M. Saparoff, Esq.<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02111 | James R. Carroll, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Beacon Street<br>Boston, MA 02108 |

/s/ Jonathan A. Shapiro
Jonathan A. Shapiro