UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE ORGANOGENESIS SECURITIES
LITIGATION

Civ. No. 04-10027-JLT

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PHILIP LAUGHLIN TO CORRECTED CONSOLIDATED AMENDED COMPLAINT

Defendant Philip Laughlin ("Mr. Laughlin"), based on his knowledge and information and belief, hereby answers the Corrected Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint" or "Compl."), dated December 22, 2004. In responding to the Complaint, Mr. Laughlin does not admit that he bears the burden of proving any of the defenses set forth below, nor the relevance of any of plaintiffs' allegations. Mr. Laughlin further states that he lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left Organogenesis, Inc. on May 16, 2001, and on that basis denies them. To the extent not explicitly admitted, all allegations of the Complaint are denied.

## FIRST DEFENSE

Mr. Laughlin denies each allegation except where specifically admitted, and in every respect denies liability, denies that he engaged in any improper conduct and denies that plaintiffs are entitled to relief. Mr. Laughlin presently is without personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' unidentified sources, including whether the source(s) actually provided the information attributed to them. Mr. Laughlin responds to the specifically numbered allegations of the Complaint as follows:

To the extent that any response is required to plaintiffs' unnumbered Introductory Paragraph, Mr. Laughlin denies each and every allegation therein.

1.      With respect to Paragraph 1, no response is required to the allegations of that paragraph, which sets forth plaintiffs' characterization of this action, consists of legal conclusions, and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Mr. Laughlin admits that plaintiffs assert that this is a federal class action asserting claims under the Securities Exchange Act of 1934 (the "Exchange Act").  Mr. Laughlin denies that any acts occurred to give rise to violation of this Act or any other securities laws, and further denies that this action may be properly maintained as a class action.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 1.

2.      With respect to Paragraph 2, Mr. Laughlin admits that during the putative Class Period Organogenesis, Inc. ("Organogenesis" or "the Company") manufactured Apligraf, which has been described as a unique skin replacement therapy used for severe skin wounds.  No response is required to the allegation concerning Organogenesis' revenue during the putative Class Period, which is set forth in publicly filed financial statements that speak for themselves. To the extent a response is required, Mr. Laughlin denies that plaintiffs completely and accurately construe and characterize those documents.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Apligraf and the Company's revenues after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 2.

3.      With respect to Paragraph 3, no response is required to those allegations purporting to construe and paraphrase unidentified 1999 public statements, which speak for themselves.  Mr. Laughlin admits that prior to and during the putative Class Period, the Company issued public statements and public filings related to its marketing agreements, its

funding and its profitability, which speak for themselves. To the extent a response to these allegations is required, Mr. Laughlin denies that Paragraph 3 completely and accurately characterizes and construes those documents. Mr. Laughlin admits that Organogenesis and Novartis Pharma AG (formerly Sandoz Pharma Ltd.) ("Novartis") were parties to certain contracts during the putative Class Period (collectively referred to herein as "the Novartis Contracts"), and that those documents set forth the terms of the parties' relationship. No response is required to those allegations purporting to construe and characterize the Novartis Contracts, which speak for themselves. To the extent a response is required, Mr. Laughlin denies Paragraph 4 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 3.

4.      With respect to Paragraph 4, Mr. Laughlin denies that the Company filed a Form 10-K with the Securities and Exchange Commission ("SEC") on March 29, 2000, but admits that the Company filed a Form 10-K with the SEC on or about March 30, 2000. Mr. Laughlin further admits that the Form 10-K disclosed the Company's financial plan, including the need to secure additional funding. No further response is required to the remaining allegations of Paragraph 4, which purport to construe and excerpt that document, which speaks for itself. To the extent any further response is required, Mr. Laughlin denies that Paragraph 4 completely and accurately construes and excerpts that document. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 4.

5.    With respect to Paragraph 5, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported beliefs of plaintiffs and other members of the purported class, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning what, if anything, unidentified "[d]efendants repeatedly stated" in unidentified statements, and on that basis denies them. Mr. Laughlin admits that Organogenesis and Novartis were parties to the Novartis Contracts, and that those documents set forth the terms of the parties' relationship. No response is required to those allegations purporting to construe and characterize the Novartis Contracts, which speak for themselves. To the extent any further response is required, Mr. Laughlin denies that Paragraph 5 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 5.[1]

6.    With respect to Paragraph 6, Mr. Laughlin admits that the Company issued public statements and public filings related to its Apligraf product, the Company's funding and the Company's business plan. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the statements of unidentified

---

[1] With respect to footnote 1, no response is required to the allegations of that footnote, which consists of legal conclusions and plaintiffs' characterization of certain of the Novartis Contracts, which speak for themselves. To the extent any further response is required, Mr. Laughlin denies that footnote 1 completely and accurately construes and excerpts the Novartis Contracts, and otherwise denies each and every allegation in footnote 1.

"defendants," and on that basis denies them. Mr. Laughlin further states that no response is required to those allegations purporting to construe and characterize unidentified public statements, which speak for themselves. Mr. Laughlin denies that Paragraph 6 accurately and completely construes and characterizes such statements. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 6.

7.    With respect to Paragraph 7, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 7.

8.    With respect to Paragraph 8, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 8.

9.    With respect to Paragraph 9, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 9.

10.    With respect to Paragraph 10, Mr. Laughlin admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division.  No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 10.

11.    With respect to Paragraph 11, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin denies each and every allegation in Paragraph 11.

12.    With respect to Paragraph 12, no response is required to the allegations of that paragraph, which are not directed to Mr. Laughlin, and which concern the purported actions of non-party PricewaterhouseCoopers.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as Organogenesis' independent auditor from the inception of the putative Class Period through at least May 15, 2001.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning PricewaterhouseCoopers after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the purported conduct or beliefs of PricewaterhouseCoopers, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 12.

With respect to Paragraph 12(a), no response is required to the allegations of that paragraph, which are not directed to Mr. Laughlin, and which concern the purported actions of

non-party PricewaterhouseCoopers.  To the extent a response is required, Mr. Laughlin lacks

personal knowledge or information sufficient to form a belief as to the allegations concerning the

purported conduct or beliefs of PricewaterhouseCoopers, and on that basis denies them.  Mr.

Laughlin further lacks personal knowledge or information sufficient to form a belief as to the

truth of the allegations concerning events allegedly occurring after he left the Company on May

15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every

allegation in Paragraph 12(a).

        With respect to Paragraph 12(b), no response is required to the allegations of that

paragraph, which are not directed to Mr. Laughlin, and which concern the purported actions of

non-party PricewaterhouseCoopers.  To the extent a response is required, Mr. Laughlin admits

that PricewaterhouseCoopers served as Organogenesis' independent auditor from the inception

of the putative Class Period through at least May 15, 2001, and thus certified and audited the

Company's financial statements during the putative Class Period, as set forth in the 1999 Form

10-K, filed March 30, 2000 and the 2000 Form 10-K, filed April 2, 2001, which speak for

themselves.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as

to the truth of the allegations concerning PricewaterhouseCoopers after he left the Company on

May 15, 2001, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or

information sufficient to form a belief as to the allegations concerning the purported conduct or

beliefs of PricewaterhouseCoopers, and on that basis denies them.  Mr. Laughlin otherwise

denies each and every allegation in Paragraph 12(b).

        With respect to Paragraph 12(c), no response is required to the allegations of that

paragraph, which are not directed to Mr. Laughlin, and which concern the purported actions of

non-party PricewaterhouseCoopers.  To the extent a response is required, Mr. Laughlin lacks

personal knowledge or information sufficient to form a belief as to the allegations concerning the purported conduct or beliefs of PricewaterhouseCoopers, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. No response is required to the allegations in footnote 2, which consist of plaintiffs' legal conclusions and characterizations of the term "comfort letter." Mr. Laughlin otherwise denies each and every allegation in Paragraph 12(c).

With respect to Paragraph 12(d), no response is required to the allegations of that paragraph, which are not directed to Mr. Laughlin, and which concern the purported actions of non-party PricewaterhouseCoopers. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the purported conduct or beliefs of PricewaterhouseCoopers, and on that basis denies them. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 12 (d).

13.     With respect to Paragraph 13, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. No response is required to those allegations concerning plaintiffs' opinion as to when an alleged "going concern opinion" "should have" been issued, which consist of legal conclusions. Mr. Laughlin otherwise denies each and every allegation in Paragraph 13.

14.     With respect to Paragraph 14, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 14.

15.     With respect to Paragraph 15, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock price after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin admits that on March 7, 2000, Organogenesis' stock price reached an intra-day price as high as $22.00, but denies that it closed at this price.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 15.

16.     With respect to Paragraph 16, Mr. Laughlin admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division.  No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 16.

17.     With respect to Paragraph 17, no response is required to the allegations of that paragraph, which consist of legal conclusions.  To the extent a response is required, Mr. Laughlin admits that plaintiffs purport to bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. §240.10b-5].  Mr. Laughlin otherwise denies each and every allegation in Paragraph 17.

18.    With respect to Paragraph 18, no response is required to the allegations of that paragraph, which consist of legal conclusions regarding this Court's jurisdiction.  To the extent a response is required, Mr. Laughlin denies each and every allegation in Paragraph 18.

19.    With respect to Paragraph 19, no response is required to the allegations in the first sentence of that paragraph, which consist of legal conclusions with respect to venue.  Mr. Laughlin admits that during the putative Class Period Organogenesis maintained its principal place of business in this District, but otherwise denies the allegations in the second sentence in Paragraph 19.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 19.

20.    With respect to Paragraph 20, no response is required to the allegations of Paragraph 20, which consist of legal conclusions.  To the extent a response is required, Mr. Laughlin denies each and every allegation in Paragraph 20.

21.    With respect to Paragraph 21, Mr. Laughlin admits that the Court appointed Bruno Hofmann, John H. Bowie, Jr., Richard Madigan and Richard Conen as Lead Plaintiffs by an Order dated July 20, 2004.  Mr. Laughlin specifically denies that any person or entity acquired Organogenesis stock at artificially inflated prices or that any person or entity was damaged.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 21.

22.    With respect to Paragraph 22, Mr. Laughlin admits that, during the purported Class Period, Organogenesis was a Delaware corporation with its principal place of business at 150 Dan Road, Canton, Massachusetts 02021, and that, during the putative Class Period, Organogenesis designed, manufactured and sold medical products containing living cells and/or

natural connective tissue, including living tissue replacements, cell-based organ asset devices and other tissue-engineered products. Mr. Laughlin further admits that for a portion of the putative Class Period, Apligraf was the only product containing living human cells to have gained U.S. Food and Drug Administration ("FDA") PMA marketing approval in the United States. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations relating to the activities or marketing efforts of non-party Organogenesis after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 22.

23.    With respect to Paragraph 23, Mr. Laughlin admits that at certain points during the putative Class Period, non-party Novartis held shares of Organogenesis stock, but states that he lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Novartis' ownership of Organogenesis' stock, or the parties' relationship, after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin further admits that, during the putative Class Period, Novartis was a pharmaceutical company, and that Organogenesis and Novartis were parties to the Novartis Contracts, which set forth the terms of the parties' relationship. No response is required to the allegations of Paragraph 23 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves. To the extent a response to these allegations is required, Mr. Laughlin denies that Paragraph 23 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the allegations concerning Novartis' business operations in the United States, the origins of those operations, and the extent of those operations in the United States. Mr. Laughlin otherwise denies each and every allegation in Paragraph 23.

24.     With respect to Paragraph 24, Mr. Laughlin denies that PricewaterhouseCoopers remains a defendant in this action.  Mr. Laughlin admits that, from the inception of the putative Class Period through at least May 15, 2001, PricewaterhouseCoopers was the independent auditor of the Company.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning PricewaterhouseCoopers allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.

25.     With respect to Paragraph 25, Mr. Laughlin admits that he served as President, Director, and member of the Executive Committee of Organogenesis from on various dates from on or about October 5, 1999 through May 15, 2001.  Mr. Laughlin further admits that on or about January 1, 2000, he assumed the role of Chief Executive Officer of the Company.  Mr. Laughlin further admits that he left the Company on or about May 15, 2001.  Mr. Laughlin further admits that he signed some, but not all, of the Company's SEC filings during the putative Class Period, and states that those documents speak for themselves.  Mr. Laughlin denies that Paragraph 25 completely and accurately construes and characterizes those documents.  To the extent that plaintiffs purport to construe and characterize Mr. Laughlin's departure, or the reasons therefore, Mr. Laughlin denies the allegations of Paragraph 25.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 25.

26.     With respect to Paragraph 26, Mr. Laughlin admits that during the putative Class Period, Michael Sabolinski, M.D. ("Dr. Sabolinski") served as President, Chief Executive Officer and member of the Board of the Company, and that he assumed those positions on May 15, 2001.  Mr. Laughlin further admits that, before assuming these positions, and also during the purported Class Period, Dr. Sabolinski also served as the Company's Senior Vice President, Medical and Regulatory Affairs.  Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning Dr. Sabolinski's continued

employment with Organogenesis after he left the Company on May 15, 2001. Mr. Laughlin

otherwise denies each and every allegation in Paragraph 26.

27.     With respect to Paragraph 27, Mr. Laughlin admits that during the putative Class

Period, Mr. Erani served as a member of the Board of the Company, and on or about January 1,

2000, assumed the role of Chairman of the Board. Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning Mr. Erani's

continued relationship with Organogenesis after he left the Company on May 15, 2001, and on

this basis denies them. Mr. Laughlin admits that Mr. Erani signed some, but not all, of the

Company's SEC filings during the putative Class Period, and states that those documents speak

for themselves. Mr. Laughlin denies that Paragraph 27 completely and accurately construes and

characterizes those documents. Mr. Laughlin otherwise denies each and every allegation in

Paragraph 27.

28.     With respect to Paragraph 28, Mr. Laughlin denies that Mr. Ades remains a

defendant in this action, as he was dismissed by an Order of this Court dated July 20, 2005. Mr.

Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the

allegations concerning Mr. Ades, who allegedly began his employment with Organogenesis after

Mr. Laughlin left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin

further lacks personal knowledge or information sufficient to form a belief as to the truth of the

allegations concerning events that allegedly occurred after he left the Company on May 15,

2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in

Paragraph 28.

29.     With respect to Paragraph 29, Mr. Laughlin admits that Ms. Donna Abelli Lopolito ("Ms. Lopolito") served as Chief Financial Officer and Vice President, Finance and Administration of Organogenesis between on or around March 1, 1996 and April 30, 2000.  Mr. Laughlin denies that Ms. Lopolito served in such capacities during any other portion of the putative Class Period, or any time thereafter.  Mr. Laughlin admits that Ms. Lopolito signed some, but not all, of the Company's SEC filings during the putative Class Period, and states that those documents speak for themselves.  Mr. Laughlin denies that Paragraph 29 completely and accurately construes and characterizes those documents.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 29.

30.     With respect to Paragraph 30, Mr. Laughlin admits that Mr. Arcari served as Chief Financial Officer and Vice President, Finance and Administration of Organogenesis from April 30, 2000 until at least May 15, 2001.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Arcari's continued employment with Organogenesis after he left the Company on May 15, 2001.  Mr. Laughlin admits that Mr. Arcari signed some, but not all, of the Company's SEC filings during the putative Class Period, and states that those documents speak for themselves.  Mr. Laughlin denies that Paragraph 30 completely and accurately construes and characterizes those documents.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 30.

31.     With respect to Paragraph 31, Mr. Laughlin admits that Mr. Herbert M. Stein ("Mr. Stein") served as Chairman of the Board and Chief Executive Officer of Organogenesis until his retirement from these positions on January 1, 2000.  Mr. Laughlin further admits that, after Mr. Stein's retirement, Mr. Stein remained as a member of the Board and Chairman Emeritus until the Company announced his resignation from the Board on or about March 13,

2000. Mr. Laughlin admits that, during the putative Class Period, Mr. Stein's electronic

signature appears on certain of the Company's SEC filings, including Organogenesis' Form 10-

Q for the third quarter of 1999, and certain Registration Statements issued in connection with the

sale and offering of stock by the Company, including Registration Statements filed on December

27, 1999, an amended Registration Statement filed on February 3, 2000, and a second amended

Registration filed on February 14, 2000, and states that those documents speak for themselves.

Mr. Laughlin denies that Paragraph 31 completely and accurately construes and characterizes

those documents. Mr. Laughlin otherwise denies each and every allegation in Paragraph 31.

33.    With respect to Paragraph 32, Mr. Laughlin admits that Mr. Alan W. Tuck ("Mr.

Tuck") served as Chief Strategic Officer of the Company at the inception of the putative Class

Period and left the Company on June 15, 2000, but denies that Mr. Tuck served in such

capacities during any other portion of the putative Class Period, or any time thereafter. Mr.

Laughlin otherwise denies each and every allegation in Paragraph 32.

33.    With respect to Paragraph 33, no response is required to the allegations of

Paragraph 33, which purport to describe and construe the allegations of the Complaint.

34.    With respect to Paragraph 34, Mr. Laughlin admits that, during the putative Class

Period, he held various positions at Organogenesis, and at certain of those times served as an

officer and director of the Company. Mr. Laughlin denies that he held officer and director

positions during the entire putative Class Period. Mr. Laughlin incorporates by reference his

response to Paragraph 25. Mr. Laughlin admits that at certain times, upon request and to the

extent consistent with his role, he had access to certain internal corporate documents, spoke to

other corporate personnel, attended management and Board of Director meetings and committees

thereof and had access to certain reports and other information provided to them in connection

therewith.  Mr. Laughlin presently is without personal knowledge or information sufficient to form a belief as to the specific materials he allegedly received and when.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of allegations concerning what documents any other unidentified "[i]ndividual [d]efendants" may have received and when they might have received them, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 34.

35.    With respect to Paragraph 35, no response is required to those allegations which consist of plaintiffs' legal conclusions as to whether defendants in this action may be treated as a "group" for pleading purposes, but to the extent a response is required, Mr. Laughlin denies those allegations.  Mr. Laughlin admits that he held the positions set forth in Paragraph 25, and he incorporates by reference his response to that paragraph and Paragraph 34.  Mr. Laughlin further admits that he performed in good faith all of the various positions he held at Organogenesis during the putative Class Period, and that, at various times, he was involved with certain operations and/or business activities of Organogenesis consistent with his positions.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 35.

36.    With respect to Paragraph 36, no response is required to the allegations of Paragraph 36 concerning plaintiffs' characterizations of defendants' legal duties or alleged violations thereof, which consist of legal conclusions.  To the extent a response is required, Mr. Laughlin denies those allegations.  Mr. Laughlin admits that during the putative Class Period, he held the positions at Organogenesis as set forth in Paragraph 25, which he incorporates by reference herein.  He further admits that, during the putative Class Period, Organogenesis stock was traded on the American Stock Exchange ("AMEX"), and governed by the provisions of the federal securities laws.  Mr. Laughlin denies that Organogenesis is currently a publicly-held

company, denies that Organogenesis stock now trades on the AMEX, and he further denies that he is now an officer of that reorganized company. Mr. Laughlin otherwise denies each and every allegation in Paragraph 36.

37.     With respect to Paragraph 37, Mr. Laughlin admits that during the putative Class Period he and others participated in good faith in the preparation of various public communications made by Organogenesis to the extent appropriate to his positions, but otherwise is presently without personal knowledge or information sufficient to form a belief as to which communications he drafted, prepared and/or approved, or when he did so. Mr. Laughlin otherwise denies each and every allegation in Paragraph 37.

38.     With respect to Paragraph 38, Mr. Laughlin admits that at various times during the putative Class Period, he received copies of various materials that Organogenesis filed with the SEC, press releases, and other public statements related to the Company, but is presently without personal knowledge or information sufficient to form a belief as to which documents he received, or when. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of plaintiff's non-specific allegations concerning unidentified documents or "public reports" or "releases" he or any other unidentified "[i]ndividual [d]efendant[s]" may have received and when they might have received them, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 38.

39.     With respect to Paragraph 39, Mr. Laughlin denies each and every allegation in Paragraph 39.

40.     With respect to Paragraph 40, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiffs' characterization of this action, and which do not purport to require a response from Mr. Laughlin. To the extent that this paragraph

purports to contain factual allegations requiring a response, Mr. Laughlin admits that plaintiffs assert that this is a putative class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a purported class. Mr. Laughlin denies that he engaged in any unlawful or improper conduct, denies that plaintiffs or members of the purported class were damaged, and denies this action may be properly maintained as a class action. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation contained in Paragraph 40, and on that basis denies them.

41.    With respect to Paragraph 41, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiffs' characterization of this action, and which do not purport to require a response from Mr. Laughlin. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' securities after he left the Company on May 15, 2001, and on this basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 41.

42.    With respect to Paragraph 42, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiffs' characterization of this action, and which do not purport to require a response from Defendants. To the extent that this paragraph purports to contain factual assertions requiring a response, Mr. Laughlin denies each and every allegation in Paragraph 42.

43.    With respect to Paragraph 43, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiffs' characterization of this action, and which do not purport to require a response from Defendants. To the extent that this paragraph

purports to contain factual assertions requiring a response, Mr. Laughlin denies each and every allegation in Paragraph 43.

44.     With respect to Paragraph 44 and all of its subparts, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiffs' characterization of this action, and which do not purport to require a response from Defendants. To the extent that this paragraph purports to contain factual assertions requiring a response, Mr. Laughlin denies each and every allegation in Paragraph 44.

45.     With respect to Paragraph 45, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiffs' characterization of this action, and which do not purport to require a response from Defendants. To the extent that this paragraph purports to contain factual assertions requiring a response, Mr. Laughlin denies each and every allegation in Paragraph 45.

46.     With respect to Paragraph 46, Mr. Laughlin admits that Organogenesis was organized as a Delaware corporation in 1985, and from the inception of the putative Class Period through at least May 15, 2001, described itself as a "tissue engineering firm" that designs, develops and manufactures medical products containing living human cells and natural connective tissue. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations Organogenesis allegedly made after he left the Company on May 15, 2001. Mr. Laughlin otherwise denies each and every allegation in Paragraph 46.

47.     With respect to Paragraph 47, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations relating to how plaintiffs believe Organogenesis "appeared" to others, and on that basis denies them. Mr. Laughlin further

-19-

lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at Organogenesis on or about October 5, 1999, and on that basis denies them.  Mr. Laughlin further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 47.

48.     With respect to Paragraph 48, Mr. Laughlin presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at Organogenesis on or about October 5, 1999, and on that basis denies them.  Mr. Laughlin further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at Organogenesis on or about October 5, 1999, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 48.

49.     With respect to Paragraph 49, no response is required to the allegations that purport to quote the view of an investment analyst employed by non-party Moors & Cabot, Inc. in an April 1999 edition of the *Boston Business Journal*, which speaks for itself.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 49.

50.     With respect to Paragraph 50, Mr. Laughlin admits that during the putative Class Period, the Company issued various public statements and public filings addressing the financial position of the Company and disclosing its need for additional funding.  Mr. Laughlin states that these documents speak for themselves.  Mr. Laughlin denies that Paragraph 50 completely and accurately construes and characterizes those documents, and denies that the Company issued "aggressive predictions" or made other projections as represented in Paragraph 50.  Mr. Laughlin

presently lacks personal knowledge or information sufficient to form a belief as to the truth of

the allegations concerning representations allegedly made after he left the Company on May 15,

2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in

Paragraph 50.

51.     With respect to Paragraph 51, Mr. Laughlin denies that the Company filed a Form

10-K with the SEC on March 29, 2000, but admits that Organogenesis filed a Form 10-K for

1999 with the SEC on or about March 30, 2000.  No further response is required to the remaining

allegations of Paragraph 51, which purport to construe, paraphrase and excerpt that document,

which speaks for itself.  To the extent any further response is required, Mr. Laughlin denies that

Paragraph 51 completely and accurately construes, paraphrases and excerpts that document.  Mr.

Laughlin otherwise denies each and every allegation in Paragraph 51.

52.     With respect to Paragraph 52, no response is required to the allegations of

Paragraph 52 which purport to construe, paraphrase, and excerpt unidentified filings or

statements, which speak for themselves.  To the extent a response is required, Mr. Laughlin

admits that Organogenesis filed various statements with the SEC during the Class Period, but

denies that Paragraph 52 completely and accurately construes and excerpts any such documents.

Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth

of allegations concerning unidentified "statements" made in unidentified "fil[ings] with the

SEC" or elsewhere by unidentified "defendants," which are not sufficiently identified in

Paragraph 52, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning

representations allegedly made before he arrived at the Company on or about October 5, 1999,

and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 52.

53.    With respect to Paragraph 53, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations regarding what investors "believe" or what plaintiffs assert they were "led to believe," and on that basis denies them.  No response is required to the remaining allegations of Paragraph 53, which purport to construe and paraphrase unidentified "report[s]" or statements by the Company, which speak for themselves if they exist.  Mr. Laughlin admits that Organogenesis and Novartis were parties to the Novartis Contracts.  No further response is required to the allegations purporting to construe and excerpt the Novartis Contracts, which speak for themselves.  To the extent any further response is required, Mr. Laughlin denies that Paragraph 53 completely and accurately construes and excerpts those contracts and the parties' relationship as set forth therein.  Mr. Laughlin presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 53.

54.    With respect to Paragraph 54 and footnote 3, Mr. Laughlin admits that Organogenesis issued a press release on November 15, 1999, regarding FDA PMA approval of its Apligraf product, which speaks for itself.  Mr. Laughlin further admits that Organogenesis discussed the Apligraf product and revenue therefrom in certain of its public statements during the putative Class Period, but denies that Paragraph 54 accurately construes and paraphrases any such documents.  Mr. Laughlin presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Apligraf and revenues therefrom that

allegedly occurred after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 54.

55.     With respect to Paragraph 55, Mr. Laughlin admits that by the inception of the putative Class Period, the FDA had approved Apligraf for marketing in the United States for the treatment of venous leg ulcers, and FDA approval of Apligraf for diabetic leg ulcers was being pursued.  Mr. Laughlin admits that Apligraf was a registered trademark of Novartis during the putative Class Period, and that Novartis marketed Apligraf during the putative Class Period, pursuant to the terms of the Novartis Contracts.  No response is required to the allegations of Paragraph 55 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves.  To the extent a response to these allegations is required, Mr. Laughlin denies that Paragraph 55 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein.  Mr. Laughlin presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 55.

56.     With respect to Paragraph 56, Mr. Laughlin admits that during the putative Class Period non-party Novartis held shares of Organogenesis stock, but states that he lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Novartis' ownership of Organogenesis' stock, or the parties' relationship, after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin admits that Organogenesis and Novartis were parties to the Novartis Contracts, which set forth the terms of the parties' relationship.  No response is required to the allegations of Paragraph 56 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves.  To

the extent a response to these allegations is required, Mr. Laughlin denies that Paragraph 56 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 56.

57.     With respect to Paragraph 57, Mr. Laughlin admits that Organogenesis and Novartis were parties to the Novartis Contracts.  No response is required to the allegations of Paragraph 57 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves.  To the extent a response to these allegations is required, Mr. Laughlin denies that Paragraph 57 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the knowledge or beliefs of plaintiffs or "investors" and as to the allegations concerning unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 57.

58.     With respect to Paragraph 58, no response is required to the allegations of Paragraph 58, which purport to construe and paraphrase unidentified "representations" by Organogenesis or "Defendants," which are too vaguely described to permit a response, and even if identified, speak for themselves.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to what unidentified "Defendants" may have said, done or "represented" to anyone else, and on that basis denies them.  Mr. Laughlin further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on

that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in

Paragraph 58.

59.    With respect to Paragraph 59, Mr. Laughlin incorporates by reference his

response to Paragraph 7.  Mr. Laughlin presently lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring

after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 59.

60.    With respect to Paragraph 60, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the

information purportedly obtained through any investigation by plaintiffs' counsel or their

representatives, and on that basis denies them.  Mr. Laughlin admits that Organogenesis

disclosed its financial results in various public filings and press releases published during the

putative class period, which speak for themselves.  Mr. Laughlin denies that Paragraph 60

completely and accurately characterizes, excerpts and paraphrases such documents, and denies

that any information was improperly withheld.  Mr. Laughlin presently lacks personal knowledge

or information sufficient to form a belief as to the truth of the allegations concerning events

allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.

Mr. Laughlin otherwise denies each and every allegation in Paragraph 60.

61.    With respect to Paragraph 61, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the

information purportedly obtained through any investigation by plaintiffs' counsel or their

representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning unidentified

"statements" or failures to disclose by unidentified "defendants," and on that basis denies them.

Mr. Laughlin admits that Organogenesis disclosed its financial results in various public filings

and press releases published during the putative class period, which speak for themselves.  Mr.

Laughlin denies that Paragraph 61 completely and accurately characterizes, excerpts and

paraphrases such documents, and denies that any information was improperly withheld.  Mr.

Laughlin presently lacks personal knowledge or information sufficient to form a belief as to the

truth of the allegations concerning events allegedly occurring before he arrived at the Company

on or about October 5, 1999 and after he left the Company on May 15, 2001, and on that basis

denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 61.

    With respect to Paragraph 61(a), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  No further response is required to the allegations of Paragraph 61(a)

that purport to describe, construe and excerpt unidentified statements or documents, which speak

for themselves.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 61(a).

    With respect to Paragraph 61(b), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning unidentified "statements"

or failures to disclose by unidentified "defendants," and on that basis denies them.  Mr. Laughlin

admits that Organogenesis disclosed its financial results in various public filings and press

releases published during the putative class period, which speak for themselves.  Mr. Laughlin

denies that Paragraph 61(b) completely and accurately characterizes, excerpts and paraphrases such documents, and denies that any information was improperly withheld. Mr. Laughlin otherwise denies each and every allegation in Paragraph 61(b).

With respect to Paragraph 61(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" or failures to disclose by unidentified "defendants," and on that basis denies them. Mr. Laughlin admits that Organogenesis disclosed its financial results in various public filings and press releases published during the putative class period, which speak for themselves. Mr. Laughlin denies that Paragraph 61(c) completely and accurately characterizes, excerpts and paraphrases such documents, and denies that any information was improperly withheld. Mr. Laughlin otherwise denies each and every allegation in Paragraph 61(c).

62.    With respect to Paragraph 62, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on or about October 5, 1999 and after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin further denies that any information was improperly withheld, and otherwise denies each and every allegation in Paragraph 62.

With respect to Paragraph 62(a), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 62(a).

With respect to Paragraph 62(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 62(b).

With respect to Paragraph 62(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 62(c).

With respect to Paragraph 62(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 62(d).

63.    With respect to Paragraph 63, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 63.

64.    With respect to Paragraph 64, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether unidentified "defendants" were aware of such alleged facts, and on that basis denies them. Mr. Laughlin denies that any information was improperly withheld, and otherwise denies each and every allegation in Paragraph 64.

65.    With respect to Paragraph 65, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their

representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 65.

66.    With respect to Paragraph 66, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 66.

67.    With respect to Paragraph 67, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "motivat[ions]" of unidentified "defendants," and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001,

and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in

Paragraph 67.

68.     With respect to Paragraph 68, Mr. Laughlin admits that the purported Class

Period begins on November 15, 1999.  Mr. Laughlin further admits that on November 15, 1999

Organogenesis published a release on *Business Wire* announcing financial results for the third

quarter of 1999, the period ending September 30, 1999, in which Mr. Stein is quoted.  Mr.

Laughlin denies making any of the statements in the press release.  Mr. Laughlin further states

that he lacks personal knowledge or information concerning the truth of the allegations related to

such release, and on that basis denies them.  No further response is required to the allegations of

Paragraph 68 that purport to construe, paraphrase and excerpt the release, which speaks for itself.

Mr. Laughlin denies that Paragraph 68 completely and accurately construes, paraphrases and

excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 68.

69.     With respect to Paragraph 69, Mr. Laughlin admits that on December 2, 1999

Organogenesis published a release on *Business Wire* announcing financial results, in which Mr.

Tuck is quoted.  Mr. Laughlin denies making any of the statements in the press release.  No

further response is required to the allegations of Paragraph 69 that purport to construe and

excerpt the release, which speaks for itself.  Mr. Laughlin further denies that Paragraph 69

completely and accurately construes and excerpts the release.  Mr. Laughlin otherwise denies

each and every allegation in Paragraph 69.

70.     With respect to Paragraph 70, Mr. Laughlin admits that on November 15, 1999

Organogenesis filed with the SEC its financial results for the third quarter of 1999, the period

ended September 30, 1999, pursuant to its Form 10-Q.  Mr. Laughlin further admits that the

electronic signatures of Mr. Stein and Ms. Lopolito appear on that Form 10-Q.  Mr. Laughlin

denies making any of the statements in the Form 10-Q.  No further response is required to the extent the allegations of Paragraph 70 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 70 completely and accurately construes and excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 70.

71.    With respect to Paragraph 71, Mr. Laughlin admits that on November 15, 1999, Organogenesis' stock price reached an intra-day price as low as $6.81 per share, but denies that it closed at that price.  Mr. Laughlin further admits that on December 2, 1999, Organogenesis' stock price reached an intra-day price as high as $12.30 per share, but denies that it closed at that price.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 71.

72.    With respect to Paragraph 72, Mr. Laughlin admits that the Company filed with the SEC a Registration Statement on December 27, 1999, and two amended Registration Statements, filed on February 3, 2000 and February 14, 2000, all of which incorporated by reference the Company's Form 10-Q for the third quarter of 1999, and all of which speak for themselves.  Mr. Laughlin denies that Paragraph 72 completely and accurately construes and paraphrases those documents.   Mr. Laughlin otherwise denies each and every allegation in Paragraph 72.

73.    With respect to Paragraph 73, Mr. Laughlin admits that in January 2000, he presented at the Hambrecht & Quist 18th Annual Healthcare Conference in San Francisco, California.  Mr. Laughlin presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise date of the conference or the content of his presentation and the purported "beliefs" of any investor(s), and on that basis denies them.  Mr. Laughlin denies that on January 14, 2000, he provided an interview to *The Wall Street Transcript*, but admits that such an interview took place on January 13, 2000.  No further

response is required to the extent the allegations of Paragraph 73 purport to construe and excerpt the transcript thereof, which speaks for itself. Mr. Laughlin denies that Paragraph 73 completely and accurately construes and excerpts the transcript. Mr. Laughlin otherwise denies each and every allegation in Paragraph 73.

74.     With respect to Paragraph 74, Mr. Laughlin admits that on or about February 14, 2000, the Company filed a Form 10-Q/A with the SEC, but denies that it amended its financial results. Mr. Laughlin further admits that the electronic signatures of Ms. Lopolito and himself appear on the Form 10-Q/A. No further response is required to the extent the allegations of Paragraph 74 purport to construe and excerpt the Form 10-Q/A, which speaks for itself. Mr. Laughlin denies that Paragraph 74 completely and accurately construes and excerpts the Form 10-Q/A. Mr. Laughlin otherwise denies each and every allegation in Paragraph 74.

75.     With respect to Paragraph 75, Mr. Laughlin incorporates by reference his response to Paragraph 74. No further response is required to the extent the allegations of Paragraph 75 purport to construe and excerpt the Form 10-Q/A, which speaks for itself. Mr. Laughlin denies Paragraph 75 completely and accurately construes and excerpts the Form 10-Q/A. Mr. Laughlin otherwise denies each and every allegation in Paragraph 75.

76.     With respect to Paragraph 76, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unidentified "statements" made by unidentified "defendants." Mr. Laughlin admits that the Company issued a press release on November 15, 1999, but denies that he made any of the statements in the press release. He further denies that Paragraph 76 accurately and completely characterizes that press release. Mr. Laughlin admits that the Company filed a Form 10-Q on November 15, 1999, but denies that he made any of the statements in the Form 10-Q. Mr. Laughlin further admits that

the Company filed a Form 10-Q/A on February 14, 2000, and that his electronic signature appears on the Form 10-Q/A. Mr. Laughlin denies that any press release, public filing or public statement was materially false or misleading. Mr. Laughlin otherwise denies each and every allegation in Paragraph 76.

With respect to Paragraph 76(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning the actions or failures to disclose by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 76(a).

With respect to Paragraph 76(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin also lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" in unidentified documents by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 76(b).

With respect to Paragraph 76(c), no response is required to the allegations of Paragraph 76(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their

representatives, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 76(c).

With respect to Paragraph 76(d), no response is required to the allegations of Paragraph 76(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "public statements" by unidentified "defendants," and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 56-67, and otherwise denies each and every allegation in Paragraph 76(d).

With respect to Paragraph 76(e), no response is required to the allegations of Paragraph 76(e) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 76(e).

With respect to Paragraph 76(f), no response is required to the allegations of Paragraph 76(f) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin further lacks personal

knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 56-67, and otherwise denies each and every allegation in Paragraph 76(f).

With respect to Paragraph 76(g), Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 76(g).

77.    With respect to Paragraph 77, Mr. Laughlin admits that on February 24, 2000, Organogenesis stock price reached an intra-day price as high as $15.625, but denies that it closed at this price. Mr. Laughlin further admits that on February 27, 2000, the Company issued a release on *Business Wire* announcing that Organogenesis had completed the sale of 688,925 shares of common stock for net proceeds of $9.4 million. Mr. Laughlin denies making any of the statements in the press release. Mr. Laughlin further denies that Paragraph 77 completely and accurately construes and paraphrases the release, which speaks for itself. Mr. Laughlin otherwise denies each and every allegation of Paragraph 77.

78.    With respect to Paragraph 78, no response is required to the allegations that purport to describe, construe, paraphrase and excerpt unidentified statements or documents,

which speak for themselves.  Mr. Laughlin admits that on February 24, 2000 the Company issued a release on *Business Wire*, in which Mr. Tuck is quoted.  Mr. Laughlin denies making any of the statements in the press release and states that he lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning the purported knowledge, actions or statements of other unidentified "Defendants," and on that basis denies them.  Mr. Laughlin further denies that Paragraph 78 completely and accurately construes, paraphrases and excerpts the press release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 78.

79.    With respect to Paragraph 79, Mr. Laughlin admits that on February 25, 2000, the Company issued a release announcing that it had raised an additional $1.4 million through the sale of an additional 100,000 shares.  Mr. Laughlin denies that Paragraph 79 completely and accurately construes, paraphrases and excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 79.

80.    With respect to Paragraph 80, Mr. Laughlin denies each and every allegation in Paragraph 80.

81.    With respect to Paragraph 81, Mr. Laughlin denies the allegations contained in the first sentence of that paragraph.  Mr. Laughlin admits that Mr. Stein resigned from his positions as Chairman and Chief Executive Officer effective January 1, 2000, and accepted the position of Chairman Emeritus of the Board on January 1, 2000.  Mr. Laughlin further admits that the Company announced Mr. Stein's resignation from that position on or about March 13, 2000.  To the extent that plaintiffs purport to construe and characterize Mr. Stein's departure, or the reasons therefore, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 81, and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 81.

82.     With respect to Paragraph 82, Mr. Laughlin admits that on or about March 21,

2000, he presented at the New York Society of Securities Analysts' 4th Annual Health Care

Conference in New York City, and that he served as President and CEO of Organogenesis at that

time.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 82.

83.     With respect to Paragraph 83, Mr. Laughlin admits that on March 27, 2000,

Organogenesis issued a press release.  No further response is required to the extent the

allegations of Paragraph 83 purport to construe and paraphrase the release, which speaks for

itself.  Mr. Laughlin denies that Paragraph 83 completely and accurately construes and

paraphrases the release, and otherwise denies each and every allegation in Paragraph 83.

84.     With respect to Paragraph 84, Mr. Laughlin admits that on March 31, 2000,

Organogenesis issued a press release published on *Business Wire* in which he is quoted.  No

further response is required to the extent the allegations of Paragraph 84 purport to construe and

excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 84 completely

and accurately construes and excerpts the release.  Mr. Laughlin further states that he lacks

personal knowledge or information sufficient to form a belief as to the allegations concerning

what unidentified "investors" "believe[d]."  Mr. Laughlin otherwise denies each and every

allegation in Paragraph 84.

85.     With respect to Paragraph 85, Mr. Laughlin admits that on March 30, 2000,

Organogenesis filed with the SEC its financial results for full year 1999, pursuant to a Form 10-

K.  Mr. Laughlin further admits that the electronic signatures of Mr. Erani, Ms. Lopolito and

himself appear on the Form 10-K.  No further response is required to the extent the allegations of

Paragraph 85 purport to construe and excerpt the Form 10-K, which speaks for itself.  Mr. Laughlin denies that Paragraph 85 completely and accurately construes and excerpts the Form 10-K.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 85.

86.    With respect to Paragraph 86, Mr. Laughlin admits that on March 31, 2000, Organogenesis' stock was traded on the open market, and reached an intra-day price as high as $12.625, but denies that it closed at that price.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 86.

87.    With respect to Paragraph 87, Mr. Laughlin admits that the Company issued a press release on March 31, 2000, and filed a Form 10-K with the SEC for its fiscal year 1999. Mr. Laughlin otherwise denies each and every allegation in Paragraph 87.

With respect to Paragraph 87(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 87(a).

With respect to Paragraph 87(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No further response is required to the allegations of Paragraph 87(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning representations by unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 87(b).

With respect to Paragraph 87(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them. No further response is required to the allegations of Paragraph 87(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the unidentified "suggestion[s]," "aware[ness]," or alleged failures to disclose of unidentified "defendants," and on that basis denies them. Mr. Laughlin denies that any information was improperly withheld, and otherwise denies each and every allegation in Paragraph 87(c).

With respect to Paragraph 87(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response to required to the allegations of Paragraph 87(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning representations by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 87(d).

With respect to Paragraph 87(e), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 87(e) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning representations by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 87(e).

With respect to Paragraph 87(f), no response to required to the allegations of Paragraph 87(f) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning any representations by unidentified "defendants," and on that basis denies them. Mr. Laughlin also lacks personal knowledge or information sufficient to form a belief as to the allegations concerning what any "investors" "believe[d]," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 87(f).

With respect to Paragraph 87(g), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 87(g) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning any representations by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 87(g).

88.    With respect to Paragraph 88, Mr. Laughlin admits that on April 21, 2000, the Company filed with the SEC a Registration Statement, permitting Mr. Stein to register for sale of 732,423 shares of Organogenesis stock held by Mr. Stein. Mr. Laughlin further admits that the electronic signatures of Ms. Lopolito, Mr. Erani and himself appear on the Registration Statement. No further response is required to the extent the allegations of Paragraph 88 purport to construe and excerpt the Registration Statement, which speaks for itself. Mr. Laughlin denies

that Paragraph 88 completely and accurately construes and excerpts the Registration Statement. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations relating to Mr. Stein's personal investments or finances, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 88.

89.    With respect to Paragraph 89, Mr. Laughlin admits that on May 11, 2000 Organogenesis issued a release published on *Business Wire* announcing financial results for the first quarter of 2000, in which he is quoted. No further response is required to the extent the allegations of Paragraph 89 purport to construe and excerpt the release, which speaks for itself. To the extent further response is required, Mr. Laughlin denies that Paragraph 89 completely and accurately construes and excerpts the release. Mr. Laughlin otherwise denies each and every allegation in Paragraph 89.

90.    With respect to Paragraph 90, Mr. Laughlin admits that on May 15, 2000, Organogenesis filed with the SEC the Company's financial results for the first quarter of 2000, the period ended March 31, 2000, pursuant to a Form 10-Q. Mr. Laughlin further admits that the electronic signatures of Mr. Arcari and himself appear on that Form 10-Q. No further response is required to the extent the allegations of Paragraph 90 purport to construe and excerpt the release, which speaks for itself. To the extent further response is required, Mr. Laughlin denies that Paragraph 90 completely and accurately construes and excerpts the Form 10-Q. Mr. Laughlin otherwise denies each and every allegation in Paragraph 90.

91.    With respect to Paragraph 91, Mr. Laughlin incorporates by reference his responses to Paragraphs 56-67, and denies each and every allegation in Paragraph 91.

With respect to Paragraph 91(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 91(a).

With respect to Paragraph 91(b), no response to required to the allegations of Paragraph 91(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin otherwise denies each and every allegation in Paragraph 91(b).

With respect to Paragraph 91(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response to required to the allegations of Paragraph 91(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 91(c).

With respect to Paragraph 91(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response to required to the allegations of Paragraph 91(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 91(d).

With respect to Paragraph 91(e), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 91(e).

92.    With respect to Paragraph 92, Mr. Laughlin admits that on or about June 14, 2000, he gave a presentation at the Twenty-First Annual Goldman Sachs Healthcare Conference in Laguna Niguel, California, and that he served as President and Chief Executive Officer of Organogenesis at the time. Mr. Laughlin otherwise denies each and every allegation in Paragraph 92.

93.    With respect to Paragraph 93, Mr. Laughlin admits that on June 20, 2000, Organogenesis issued a release that announced that the FDA had given final approval of Apligraf for treatment of diabetic foot ulcers, in addition to its previous indication for treatment of venous leg ulcers, and which speaks for itself. Mr. Laughlin further admits that on June 20, 2000, Organogenesis' stock was traded on the open market, and reached an intra-day high of $12.75, but denies that it closed at this price. Mr. Laughlin otherwise denies each and every allegation in Paragraph 93.

94.    With respect to Paragraph 94, Mr. Laughlin denies that he appeared on the cable news show, "Power Lunch" on the CNBC network on June 25, 2000, but admits that such an appearance took place on June 26, 2000. No further response is required to the extent the allegations of Paragraph 94 purport to construe and quote from the interview, the transcript of which speaks for itself. Mr. Laughlin denies that Paragraph 94 completely and accurately construes and excerpts the interview. Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations relating to the extent of dissemination

of the cable financial news show "Power Lunch," and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 94.

95.    With respect to Paragraph 95, Mr. Laughlin admits that on August 2, 2000,

Organogenesis issued a release announcing Apligraf sales for the month of July 2000, in which

he is quoted.  No further response is required to the extent the allegations of Paragraph 95

purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that

Paragraph 95 completely and accurately construes and excerpts the release.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 95.

96.    With respect to Paragraph 96, Mr. Laughlin admits that on August 14, 2000,

Organogenesis issued a release published on *Business Wire* announcing financial results for the

second quarter 2000.  No further response is required to the extent the allegations of

Paragraph 96 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin

denies that Paragraph 96 completely and accurately construes and excerpts the release.  Mr.

Laughlin otherwise denies each and every allegation in Paragraph 96.

97.    With respect to Paragraph 97, Mr. Laughlin incorporates by reference his

response to Paragraph 96.  Mr. Laughlin admits that he is quoted in the release, and states that he

lacks personal knowledge or information sufficient to form a belief as to the truth of allegations

concerning what unidentified "investors" allegedly "believe[d]," and on that basis denies them.

Mr. Laughlin otherwise denies each and every allegation in Paragraph 97.

98.    With respect to Paragraph 98, Mr. Laughlin admits that on August 14, 2000,

Organogenesis filed with the SEC its financial results for the second quarter of 2000, the period

ended June 30, 2000, pursuant to a Form 10-Q.  Mr. Laughlin further admits that the electronic

signatures of Mr. Arcari and himself appear on the Form 10-Q. No further response is required

to the extent the allegations of Paragraph 98 purport to construe and excerpt the Form 10-Q,

which speaks for itself. Mr. Laughlin denies that Paragraph 98 completely and accurately

construes and excerpts the Form 10-Q. Mr. Laughlin otherwise denies each and every allegation

in Paragraph 98.

99.     With respect to Paragraph 99, Mr. Laughlin admits that on October 3, 2000,

Organogenesis issued a release published on *Business Wire* reporting Apligraf sales for

September and the third quarter of 2000, in which he is quoted. No further response is required

to the extent the allegations of Paragraph 99 purport to construe and excerpt the release, which

speaks for itself. Mr. Laughlin denies that Paragraph 99 completely and accurately construes and

excerpts the release. Mr. Laughlin otherwise denies each and every allegation in Paragraph 99.

100.     With respect to Paragraph 100, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning unidentified

"statements" made by him in a CNBC interview. Mr. Laughlin admits that the Company issued

a press release on August 2, 2000. Mr. Laughlin further admits that the Company filed a Form

10-Q for the second quarter of 2000. Mr. Laughlin states that those documents speak for

themselves, and denies that Paragraph 100 completely and accurately construes and characterizes

those documents. Mr. Laughlin further states that he lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning unidentified "statements"

made by unidentified "defendants" in those documents, and on that basis denies them. Mr.

Laughlin otherwise denies each and every allegation in Paragraph 100.

With respect to Paragraph 100(a), Mr. Laughlin incorporates by reference his responses

to Paragraphs 59-67, and denies each and every allegation in Paragraph 100(a).

With respect to Paragraph 100(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 100(b).

With respect to Paragraph 100(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" made by unidentified "defendants," of the beliefs of unidentified "investors," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 100(c).

With respect to Paragraph 100(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them. No response is required to the allegations of Paragraph 100(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning any "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 100(d).

With respect to Paragraph 100(e), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(e) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 100(e).

With respect to Paragraph 100(f), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(f) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified

"representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 100(f).

With respect to Paragraph 100(g), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(g) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 100(g).

With respect to Paragraph 100(h), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(h) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 100(h).

With respect to Paragraph 100(i), Mr. Laughlin admits that the Company filed a second quarter 2000 Form 10-Q. No further response is required to the extent the allegations of Paragraph 100(i) purport to construe and characterize the Form 10-Q, which speaks for itself. To

the extent a response is required, Mr. Laughlin denies that Paragraph 100(i) accurately and completely construes and characterizes the Form 10-Q.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them.  Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 100(i).

101.    With respect to Paragraph 101, Mr. Laughlin admits that on November 14, 2000, Organogenesis issued a release published on *Business Wire* reporting Apligraf sales for September and the third quarter of 2000, in which he is quoted.  No further response is required to the extent the allegations of Paragraph 101 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 101 completely and accurately construes and excerpts the release.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "herald[ing]" performed by unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 101.

102.    With respect to Paragraph 102, Mr. Laughlin admits that on November 14, 2000, Organogenesis filed with the SEC its financial results for the third quarter of 2000, the period ended September 30, 2000, pursuant to a Form 10-Q.  Mr. Laughlin further admits that the electronic signatures of Mr. Arcari and himself appear on the Form 10-Q.  No further response is required to the extent the allegations of Paragraph 102 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Mr. Laughlin denies that Paragraph 102 completely and accurately construes and excerpts the Form 10-Q.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 102.

103.    With respect to Paragraph 103, Mr. Laughlin admits that on December 4, 2000, Organogenesis issued a release reporting November sales of Apligraf, in which he is quoted.  No further response is required to the extent the allegations of Paragraph 103 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 103 completely and accurately construes and excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 103.

104.    With respect to Paragraph 104, Mr. Laughlin admits that the Company issued press releases on October 3, 2000 and November 14, 2000, and filed a Form 10-Q for the third quarter 2000.  Mr. Laughlin denies that Paragraph 104 accurately construes and characterizes those documents.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 104.

With respect to Paragraph 104(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 104(a).

With respect to Paragraph 104(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 104(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by, or knowledge of, unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation of Paragraph 104(b).

With respect to Paragraph 104(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 104(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," or the purported "know[ledge]" of unidentified "upper management," and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation of Paragraph 104(c).

With respect to Paragraph 104(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 104(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "public statements" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation of Paragraph 104(d).

With respect to Paragraph 104(e), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 104(e).

105.     With respect to Paragraph 105, Mr. Laughlin admits that on December 6, 2000, Organogenesis issued a release announcing that the Board of the Company had authorized the repurchase of up to 500,000 shares of Organogenesis common stock, in which he is quoted.  No further response is required to the extent the allegations of Paragraph 105 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 105 completely and accurately construes and excerpts the release.  Mr. Laughlin further admits that on December 6, 2000, Organogenesis' stock was traded on the open market, and admits that its price closed at $7.50 per share on December 6, 2000.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 105.

106.     With respect to Paragraph 106, Mr. Laughlin admits that on February 5, 2001, Organogenesis issued a release announcing sales of Apligraf in January 2001, in which Mr. Arcari is quoted.  Mr. Laughlin denies making any of the statements in the release.  No further response is required to the extent the allegations of Paragraph 106 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 106 completely and accurately construes and excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 106.

107.     With respect to Paragraph 107, Mr. Laughlin admits that on February 26, 2001, Organogenesis issued a release announcing an amendment to its 1996 agreement with Novartis. No further response is required to the extent the allegations of Paragraph 107 purport to construe and paraphrase the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 107 completely and accurately construes and paraphrases the release.  Mr. Laughlin further admits that Organogenesis and Novartis were parties to the Novartis Contracts.  No response is required to those allegations purporting to construe and characterize the Novartis Contract, which speak

-53-

for themselves.  To the extent a response is required, Mr. Laughlin denies that Paragraph 107 completely and accurately construes and paraphrases the Novartis Contracts and the parties' relationship as set forth therein.  Mr. Laughlin denies that on February 27, 2001, he appeared on the cable financial news show "Power Lunch," on the CNBC network, but admits that such an appearance took place on February 28, 2001.  No response is required to the extent the allegations of Paragraph 107 purport to construe and quote from the interview, the transcript of which speaks for itself.  Mr. Laughlin denies that Paragraph 107 completely and accurately construes and excerpts the interview.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations relating to the extent of dissemination of the cable financial news show "Power Lunch," or the identity of its host, and on that basis denies them.  Mr. Laughlin further admits that on February 27, 2001, Organogenesis' stock was traded on the open market, and reached an intra-day price as high as $12.00 per share, but denies that Organogenesis' stock price closed above $12.00 on the same day.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 107.

108.    With respect to Paragraph 108, Mr. Laughlin denies that on February 27, 2001, he made any statements in an interview on the CNBC network, but admits that an interview on that network took place on February 28, 2001.  Mr. Laughlin admits that the Company issued a press release on February 5, 2001, but denies making any of the statements in the release.  No response is required to the extent the allegations of Paragraph 108 purport to construe and characterize the February 28 interview and the February 5 press release, as the interview transcript and press release speak for themselves.  Mr. Laughlin denies that Paragraph 108 completely and accurately construes and excerpts the interview and press release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 108.

-54-

With respect to Paragraph 108(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 108(a).

With respect to Paragraph 108(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 108(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 108(b).

With respect to Paragraph 108(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 108(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by Mr. Laughlin and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation of Paragraph 108(c).

With respect to Paragraph 108(d), no response is required to the allegations of Paragraph 108(d) that purport to describe, construe and excerpt unidentified statements or documents,

which speak for themselves.  To the extent a response is required, Mr. Laughlin lacks personal

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

unidentified "representations" made by him, or the knowledge of or unidentified "reve[lations]"

by unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each

and every allegation of Paragraph 108(d).

With respect to Paragraph 108(e), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  No response is required to the allegations of Paragraph 108(e) that

purport to describe, construe and excerpt unidentified statements or documents, which speak for

themselves.  To the extent a response is required, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning "statements"

purportedly made by him, and on that basis denies them.  Mr. Laughlin admits that

Organogenesis and Novartis were parties to the Novartis Contracts.  No further response is

required to the allegations of Paragraph 108(e) that purport to describe, construe and paraphrase

those contracts, which speak for themselves.  To the extent a response is required, Mr. Laughlin

denies that Paragraph 108(e) accurately and completely construes and characterizes those

contracts and the parties' relationship as set forth therein.  Mr. Laughlin otherwise denies each

and every allegation of Paragraph 108(e).

With respect to Paragraph 108(f), no response is required to the allegations of Paragraph

108(f) that purport to describe, construe and excerpt unidentified statements or documents, which

speak for themselves.  To the extent a response is required, Mr. Laughlin lacks personal

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

"representation[s]" purportedly made by him, and on that basis denies them. Mr. Laughlin admits Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 108(f) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Laughlin denies that Paragraph 108(f) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. Mr. Laughlin otherwise denies each and every allegation of Paragraph 108(f).

With respect to Paragraph 108(g), no response is required to the allegations of Paragraph 108(g) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning "representation[s]" purportedly made by him, and on that basis denies them. Mr. Laughlin admits that Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 108(g) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Laughlin denies that Paragraph 108(g) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. Mr. Laughlin otherwise denies each and every allegation of Paragraph 108(g).

109.    With respect to Paragraph 109, no response is required to the allegations that purport to quote from an analyst report issued by non-party Needham & Co. on an undisclosed date, which presumably speaks for itself, if it in fact exists. Mr. Laughlin otherwise denies each and every allegation in Paragraph 109.

110.    With respect to Paragraph 110, Mr. Laughlin admits that on March 5, 2001, Organogenesis issued a release announcing sales of Apligraf in February 2001, in which Mr. Arcari is quoted.  Mr. Laughlin denies making any of the statements in the release.  No further response is required to the extent the allegations of Paragraph 110 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 110 completely and accurately construes and excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 110.

111.    With respect to Paragraph 111, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported beliefs or knowledge of the public, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence or content of the alleged "Confidential Arcari Document," which was allegedly drafted after he left the company  on May 15, 2001, and on that basis denies them.  Mr. Laughlin states that, in any event, no response is required to those allegations purporting to construe and excerpt any such document, which speaks for itself.  To the extent a response is required and such document exists, Mr. Laughlin otherwise denies each and every allegation in Paragraph 111.

112.    With respect to Paragraph 112, Mr. Laughlin admits that on March 30, 2001, Organogenesis issued a release published on *Business Wire* announcing financial results for the fourth quarter and full year 2000, in which he is quoted.  No further response is required to the extent the allegations of Paragraph 112 purport to construe and excerpt the release, which speaks for itself.  Mr. Laughlin denies that Paragraph 112 completely and accurately construes and excerpts the release.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 112.

113.    With respect to Paragraph 113, Mr. Laughlin denies that that on March 30, 2001, Organogenesis filed with the SEC its financial results for they full year 2000, but admits that the Company filed such results on April 2, 2001, pursuant to a Form 10-K.  Mr. Laughlin further admits that the electronic signatures of Messrs. Erani, Arcari and himself appear on the Form 10-K.  No further response is required to the extent the allegations of Paragraph 113 purport to construe and excerpt the Form 10-K, which speaks for itself.  Mr. Laughlin denies that Paragraph 113 completely and accurately construes and excerpts the Form 10-K.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 113.

114.    With respect to Paragraph 114, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported beliefs or emotions of non-party PricewaterhouseCoopers, and on that basis denies them.  Mr. Laughlin admits that PricewaterhouseCoopers issued a "Report of Independent Accountants" dated March 13, 2001 certifying Organogenesis' financial statements.  No response is required to the extent the allegations of Paragraph 114 purport to construe and excerpt the report, which speaks for itself.  Mr. Laughlin denies that Paragraph 114 completely and accurately construes and excerpts the report.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 114.

115.    With respect to Paragraph 115, Mr. Laughlin admits that Organogenesis hosted presentations at the Tucker Anthony Sutro Capital Markets 2001 Health Care Conference in Laguna Niguel, California, on April 4, 2001, and at the Fifth Annual American Stock Exchange Emerging Growth Conference in New York, New York on April 4, 2001.  No response is required to the allegations that purport to construe and paraphrase an analyst report purportedly

issued by non-party Needham & Co. on April 19, 2001, which speaks for itself.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 115.

116.     With respect to Paragraph 116, Mr. Laughlin admits that the Company issued

press releases on March 5 and March 30 2001, and admits that the Company filed a 2000 Form

10-K on April 2, 2001.  No response is required to the extent the allegations of Paragraph 116

purport to construe and characterize those documents, which speak for themselves.  Mr. Laughlin

denies that Paragraph 116 completely and accurately construes and characterizes those

documents, and otherwise denies each and every allegation in Paragraph 116.

With respect to Paragraph 116(a), Mr. Laughlin incorporates by reference his responses

to Paragraphs 59-67, and denies each and every allegation in Paragraph 116(a).

With respect to Paragraph 116(b), no response is required to the allegations of

Paragraph 116(b) that purport to excerpt and construe unidentified statements or documents,

which speak for themselves.  To the extent a response is required, Mr. Laughlin lacks personal

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

the knowledge of or unidentified "representations" made by unidentified "defendants," and on

that basis denies them.  Mr. Laughlin otherwise denies those allegations, and denies each and

every allegation in Paragraph 116(b).

With respect to Paragraph 116(c), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  No response is required to the allegations of Paragraph 116(c) that

purport to excerpt and construe unidentified statements or documents, which speak for

themselves.  To the extent a response is required, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(c).

With respect to Paragraph 116(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(d) that excerpt to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(d).

With respect to Paragraph 116(e), Mr. Laughlin admits Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 116(e) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Laughlin denies that Paragraph 116(e) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. No response is required to the allegations of Paragraph 116(e) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(e).

With respect to Paragraph 116(f), Mr. Laughlin admits Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 116(f) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Laughlin denies that Paragraph 116(f) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. No response is required to the allegations of Paragraph 116(f) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(f).

With respect to Paragraph 116(g), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(g) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(g).

With respect to Paragraph 116(h), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them. No response is required to the allegations of Paragraph 116(h) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(h).

With respect to Paragraph 116(i), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(i) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(i).

With respect to Paragraph 116(j), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(j) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the

unidentified "representation[s]" made by unidentified "defendants," and on that basis denies

them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(j).

With respect to Paragraph 116(k), no response is required to the allegations of

Paragraph 116(k) that purport to describe and construe unidentified statements or documents,

which speak for themselves.  To the extent a response is required, Mr. Laughlin further lacks

personal knowledge or information sufficient to form a belief as to the truth of the allegations

concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis

denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(k).

With respect to Paragraph 116(*l*), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  No response is required to the allegations of Paragraph 116(*l*) that

purport to describe and construe unidentified statements or documents, which speak for

themselves.  To the extent a response is required, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the

"herald[ing]" of unidentified "representations" by unidentified "defendants," and on that basis

denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(*l*).

With respect to Paragraph 116(m), no response is required to the allegations of

Paragraph 116(m) that purport to describe and construe unidentified statements or documents,

which speak for themselves.  To the extent a response is required, Mr. Laughlin further lacks

personal knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the knowledge of or unidentified "representation[s]" made by unidentified

"defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(m).

With respect to Paragraph 116(n), no response is required to the allegations of Paragraph 116(n) that related to the purported actions, beliefs and emotions of non-party PricewaterhouseCoopers. To the extent that a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of non-party PricewaterhouseCoopers. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged "Confidential Arcari Document", which was allegedly drafted after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 116(n).

117.    With respect to Paragraph 117, Mr. Laughlin admits that on April 27, 2001 the Company issued a release announcing results for the first quarter of 2001, in which Mr. Arcari is quoted. Mr. Laughlin denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 117 purport to construe and excerpt the release, which speaks for itself. Mr. Laughlin denies that Paragraph 117 completely and accurately construes and excerpts the release. Mr. Laughlin otherwise denies each and every allegation in Paragraph 117.

118.    With respect to Paragraph 118, Mr. Laughlin denies that on April 27, 2001 the Company filed with the SEC its financial results for the first quarter of 2001, the period ended March 31, 2001, but admits that the Company filed such results with the SEC on April 26, 2001, pursuant to a Form 10-Q. Mr. Laughlin further admits that the electronic signatures of Mr. Arcari and himself appear on the Form 10-Q. No further response is required to the extent the

allegations of Paragraph 118 purport to construe and excerpt the Form 10-Q, which speaks for itself. Mr. Laughlin specifically denies that the language plaintiffs purport to quote from that 10-Q appears therein, and generally denies that Paragraph 118 completely and accurately construes and excerpts the Form 10-Q. Mr. Laughlin otherwise denies each and every allegation in Paragraph 118.

119.    With respect to Paragraph 119, Mr. Laughlin admits that the Company issued a press release on April 7, 2001 and filed a Form 10-Q for the first quarter of 2001 on April 26, 2001. Mr. Laughlin denies that Paragraph 119 accurately and completely characterizes and construes such documents, and otherwise denies each and every allegation in Paragraph 119.

With respect to Paragraph 119(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 119(a).

With respect to Paragraph 119(b), no response is required to the allegations of Paragraph 119(b) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 119(b).

With respect to Paragraph 119(c), no response is required to the allegations of Paragraph 119(c) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified statements made by unidentified "defendants," and

on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 119(c).

With respect to Paragraph 119(d), no response is required to the allegations of Paragraph 119(d) that excerpt to describe and construe unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 119(d).

With respect to Paragraph 119(e), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 119(e) that purport to excerpt and construe unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 119(e).

With respect to Paragraph 119(f), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 119(f) that purport to excerpt and construe unidentified statements or documents, which speak for

themselves.  To the extent a response is required, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the knowledge

of unidentified "upper management" or unidentified "representation[s]" made by unidentified

"defendants," and on that basis denies them.  Mr. Laughlin otherwise denies each and every

allegation in Paragraph 119(f).

With respect to Paragraph 119(g), Mr. Laughlin incorporates by reference his responses

to Paragraphs 59-67, and denies each and every allegation in Paragraph 119(g).

120.    With respect to Paragraph 120 and footnote 4, Mr. Laughlin admits that on April

27, 2001, Organogenesis issued a release announcing it had filed with the SEC a Post-Effective

Amendment to its Registration Statement on Form S-3.  Mr. Laughlin further admits that on May

8, 2001, Organogenesis issued a release announcing that the Company had entered into an

underwriting agreement with UBS Warburg LLC, as underwriter.  No further response is

required to the extent the allegations of Paragraph 120 and footnote 4 purport to construe and

paraphrase the releases, which speak for themselves.  Mr. Laughlin denies that Paragraph 120

and footnote 4 completely and accurately construe and paraphrase the releases.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 120 and footnote 4.

121.    With respect to Paragraph 121, no response is required to the allegations that

purport to quote the statements, views and actions of analysts employed by non-party Needham

& Co.  To an extent a response is required, Mr. Laughlin denies each and every allegation in

Paragraph 121.

122.    With respect to Paragraph 122, Mr. Laughlin admits that on May 15, 2001 the

Company issued a release announcing his resignation from the Company and that Dr. Sabolinski,

who had previously served as Senior Vice President, Medical and Regulatory Affairs, would

become President, Chief Executive Officer and a member of the Board of the Company, and further admits that he and Dr. Sabolinski are quoted in the release. No further response is required to the extent the allegations of Paragraph 122 purport to construe and excerpt the release, which speaks for itself. Mr. Laughlin denies that Paragraph 122 completely and accurately construes and excerpts the release. To the extent that plaintiffs purport to construe and characterize Mr. Laughlin's departure, Mr. Laughlin denies the allegations of Paragraph 122. Mr. Laughlin otherwise denies each and every allegation in Paragraph 122.

123.    With respect to Paragraph 123, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin specifically denies that the price of Organogenesis shares was "artificial[ly] inflate[ed]," and except as specifically admitted herein, denies each and every allegation in Paragraph 123.

124.    With respect to Paragraph 124, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 124, and incorporates by reference his response to Paragraph 7. No response is required to the allegations that concern the purported conduct, beliefs, emotions and statements of non-party PricewaterhouseCoopers. To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the purported conduct, beliefs, emotions and statements of non-party PricewaterhouseCoopers, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 124.

125.    With respect to Paragraph 125, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 125.

126.    With respect to Paragraph 126, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning alleged sales of Apligraf after he left the Company on May 15, 2001, and on this basis denies them.  No response is required to the allegations that purport to quote from an analyst report issued by non-party Needham & Co. on June 6, 2001, which speaks for itself.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 126.

127.    With respect to Paragraph 127, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 127.

128.    With respect to Paragraph 128, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 128.

129.    With respect to Paragraph 129, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning

representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 129.

130.    With respect to Paragraph 130, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 130.

131.    With respect to Paragraph 131, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 131.

132.    With respect to Paragraph 132, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 132.

133.    With respect to Paragraph 133, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations and public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 133.

With respect to Paragraph 133(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 133(a).

With respect to Paragraph 133(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 133(b).

With respect to Paragraph 133(c), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 133(c).

With respect to Paragraph 133(d), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 133(d).

With respect to Paragraph 133(e), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin

otherwise denies each and every allegation in Paragraph 133(e).

With respect to Paragraph 133(f), Mr. Laughlin incorporates by reference his responses to

Paragraphs 59-67, and denies each and every allegation in Paragraph 133(f).

134.    With respect to Paragraph 134, no response is required to the allegations that purport to quote from an analyst report purportedly issued by non-party Needham & Co. on August 14, 2001, which speaks for itself.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 134.

135.    With respect to Paragraph 135, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 135.

136.    With respect to Paragraph 136, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 136.

137.    With respect to Paragraph 137, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 137.

138.    With respect to Paragraph 138, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 138.

139.    With respect to Paragraph 139, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning

representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 139.

140.    With respect to Paragraph 140, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning presentations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 140.

141.    With respect to Paragraph 141, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 141.

142.    With respect to Paragraph 142, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 142.

143.    With respect to Paragraph 143, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 143.

144.    With respect to Paragraph 144, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 144.

145.    With respect to Paragraph 145, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations and public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 145.

With respect to Paragraph 145(a), Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 145(a).

With respect to Paragraph 145(b), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 145(b).

With respect to Paragraph 145(c), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 145(c).

With respect to Paragraph 145(d), Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Laughlin lacks personal knowledge or information sufficient to

form a belief as to the truth of the allegations concerning representations allegedly made after he

left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise

denies each and every allegation in Paragraph 145(d).

       With respect to Paragraph 145(e), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  Mr. Laughlin lacks personal knowledge or information sufficient to

form a belief as to the truth of the allegations concerning representations allegedly made after he

left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise

denies each and every allegation in Paragraph 145(e).

       With respect to Paragraph 145(f), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  Mr. Laughlin lacks personal knowledge or information sufficient to

form a belief as to the truth of the allegations concerning representations allegedly made after he

left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise

denies each and every allegation in Paragraph 145(f).

       With respect to Paragraph 145(g), Mr. Laughlin lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin

incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and

every allegation in Paragraph 145(g).

146.    With respect to Paragraph 146, no response is required to the allegations that purport to quote from an analyst report purportedly issued by non-party Needham & Co. on November 16, 2001, which speaks for itself.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 146.

147.    With respect to Paragraph 147, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin further denies that January 4, 2002 is "days before the end of the [purported] Class Period," and states that January 4, 2002 is over one month before the end of the purported Class Period, which according to plaintiffs, ends on February 7, 2002.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 147.

148.    With respect to Paragraph 148, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 148.

149.    With respect to Paragraph 149, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 149.

150.    With respect to Paragraph 150, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings

allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified "previous report[s]" of unidentified "defendants," and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 150.

151.    With respect to Paragraph 151, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock price after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 151.

152.    With respect to Paragraph 152 and footnote 5, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning press releases allegedly published after he left the Company on May 15, 2001, and on that basis denies them. No response is required to the allegations in footnote 5, which consist of plaintiffs' characterizations of convertible shares. Mr. Laughlin otherwise denies each and every allegation in Paragraph 152.

153.    With respect to Paragraph 153, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 153.

154.    With respect to Paragraph 154, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 154.

155.    With respect to Paragraph 155, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning documents allegedly authored by PricewaterhouseCoopers concerning Organogenesis after he left the Company on May 15, 2001, and on this basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 155.

156.    With respect to Paragraph 156, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock prices after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 156.

157.    With respect to Paragraph 157, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning press releases allegedly published after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 157.

158.    With respect to Paragraph 158, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock prices after he left the Company on May 15, 2001, and on that basis denies them.  No response is required to the allegations that purport to quote from and characterize an analyst report purportedly issued by non-party Needham & Co. on July 12, 2002, which speaks for itself.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 158.

159.    With respect to Paragraph 159, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' stock after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning press releases allegedly published after he left the Company on May 15, 2001, and on that basis denies them.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 159.

160.    With respect to Paragraph 160, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 160.

161.    With respect to Paragraph 161, Mr. Laughlin admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division.  No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves.  Mr.

Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 161.

162.    With respect to Paragraph 162, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 162.

163.    With respect to Paragraph 163, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 163.

164.    With respect to Paragraph 164, Mr. Laughlin admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division. No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves. Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring, and communications allegedly made, after he

left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin otherwise

denies each and every allegation in Paragraph 164.

165.    With respect to Paragraph 165, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning news reports

about Organogenesis allegedly published after he left the Company on May 15, 2001, and on that

basis denies them. Mr. Laughlin otherwise denies each and every allegation in Paragraph 165.

166.    With respect to Paragraph 166, Mr. Laughlin admits that, following the close of

the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States

Bankruptcy Court for the District of Massachusetts, Eastern Division. No response is required to

those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in

court papers filed and orders entered in that proceeding, which speak for themselves. Mr.

Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the

allegations concerning events allegedly occurring, and communications allegedly made, after he

left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin denies that the

Company emerged from bankruptcy under the "full dominance and control" of the "Individual

Defendants," as that term is defined by plaintiffs in Paragraph 33 of the Complaint. Mr.

Laughlin otherwise denies each and every allegation in Paragraph 166.

167.    With respect to Paragraph 167, Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning events

allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them.

Mr. Laughlin otherwise denies each and every allegation in Paragraph 167.

168.    With respect to Paragraph 168, no response is required to the allegations of

Paragraph 168 relating to the openness, efficiency and development of the market for

Organogenesis stock, which consist of legal conclusions.  Mr. Laughlin denies that the

Organogenesis common stock traded at artificially inflated prices during the putative Class

Period.  Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to

the truth of the allegations relating to whether plaintiffs and other members of the purported class

purchased or otherwise acquired Organogenesis securities in reliance on the integrity of the

market price of Organogenesis securities and market information relating to Organogenesis, and

on that basis denies them.  Mr. Laughlin denies that this action may be properly maintained as a

class action, and further denies that plaintiffs or any member of the purported class have been

damaged.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 168.

169.    With respect to Paragraph 169, no response is required to the allegations that

consist merely of conclusions of law.  Mr. Laughlin otherwise denies each and every allegation

in Paragraph 169.

170.    With respect to Paragraph 170, no response is required to the allegations that

consist merely of conclusions of law.  Mr. Laughlin otherwise denies each and every allegation

in Paragraph 170.

171.    With respect to Paragraph 171, Mr. Laughlin states that these allegations concern

and are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or

any other defendant in this action, and that no response is therefore required, and on that basis

denies each and every allegation in Paragraph 171.  To the extent a response is required, Mr.

Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor

during the portion of the putative Class Period in which he was employed by Organogenesis, but

otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of

each and every allegation in Paragraph 171, and on that basis denies them.

172.    With respect to Paragraph 172, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 172.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as Organogenesis' auditor and principal accounting firm during the portion of the putative Class Period in which he was employed by Organogenesis, and that PricewaterhouseCoopers had knowledge of Organogenesis' financial reporting practices.  Mr. Laughlin otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 172, and on that basis denies them.

173.    With respect to Paragraph 173 and footnote 6, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 173.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 173, and on that basis denies them.

174.    With respect to Paragraph 174, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the

portion of the putative Class Period in which he was employed by Organogenesis, but otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 174, and on that basis denies them.

With respect to Paragraph 174(a), Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174(a). To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation other in Paragraph 174(a), and on that basis denies them.

With respect to Paragraph 174(b), Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174(b). To the extent a response is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 15, 2001, and on that basis denies them. Mr. Laughlin further lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation other in Paragraph 174(b), and on that basis denies them.

With respect to Paragraph 174(c), Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other

defendant in this action, and that no response is therefore required, and on that basis denies each

and every allegation in Paragraph 174(c).  To the extent a response is required, Mr. Laughlin

lacks personal knowledge or information sufficient to form a belief as to the truth of the

allegations concerning events allegedly occurring after he left the Company on May 15, 2001,

and on that basis denies them.  Mr. Laughlin further lacks personal knowledge or information

sufficient to form a belief as to the truth of each and every allegation other in Paragraph 174(c),

and on that basis denies them.

With respect to Paragraph 174(d), Mr. Laughlin states that these allegations are directed

to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other

defendant in this action, and that no response is therefore required, and on that basis denies each

and every allegation in Paragraph 174(d).  To the extent a response is required, Mr. Laughlin

lacks personal knowledge or information sufficient to form a belief as to the truth of each and

every allegation in Paragraph 174(d), and on that basis denies them.

175.    With respect to Paragraph 175, Mr. Laughlin states that these allegations are

directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any

other defendant in this action, and that no response is therefore required, and on that basis denies

each and every allegation in Paragraph 175.  To the extent a response is required, Mr. Laughlin

admits that PricewaterhouseCoopers served as the Company's independent auditor during the

portion of the putative Class Period in which he was employed by Organogenesis, but lacks

personal knowledge or information sufficient to form a belief as to the truth of each and every

other allegation in Paragraph 175, and on that basis denies them.

176.    With respect to Paragraph 176, Mr. Laughlin states that these allegations are

directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any

other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 176. To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation Paragraph 176, and on that basis denies them.

177.    With respect to Paragraph 177, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 177. To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 177 and on that basis denies them.

178.    With respect to Paragraph 178, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 178. To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 178, and on that basis denies them.

179.    With respect to Paragraph 179, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 179.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 179, and on that basis denies them.

180.    With respect to Paragraph 180, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 180.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 180, and on that basis denies them.

181.    With respect to Paragraph 181, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 181.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks

personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 181, and on that basis denies them.

182.    With respect to Paragraph 182, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 182.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 182, and on that basis denies them.

183.    With respect to Paragraph 183, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 183.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 183, and on that basis denies them.

184.    With respect to Paragraph 184, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 184.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the

portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 184, and on that basis denies them.

185.    With respect to Paragraph 185, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 185.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 185, and on that basis denies them.

186.    With respect to Paragraph 186, Mr. Laughlin states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Laughlin or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 186.  To the extent a response is required, Mr. Laughlin admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 186, and on that basis denies them.

187.    With respect to Paragraph 187, no response is required to the allegations that consist merely of conclusions of law.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 187.

188.    With respect to Paragraph 188, Mr. Laughlin denies each and every allegation in Paragraph 188.

189.    With respect to Paragraph 189, Mr. Laughlin denies each and every allegation in Paragraph 189.

190.    With respect to Paragraph 190, Mr. Laughlin admits that during the putative Class Period Organogenesis was listed and traded on the American Stock Exchange, filed periodic reports with the SEC, was followed by securities analysts who disseminated reports and issued press releases to the public.  No response is required to those allegations of Paragraph 190 regarding the efficiency of the market for Organogenesis stock, which consist of legal conclusions.  Mr. Laughlin otherwise denies each and every allegation in Paragraph 190.

191.    With respect to Paragraph 191, no response is required to those allegations of Paragraph 191 regarding the rate at which market information was "digested."  To the extent that a response to such allegations is required, Mr. Laughlin lacks personal knowledge or information sufficient to form a belief as to those allegations.  Mr. Laughlin denies that the price of Organogenesis stock was artificially inflated.  Mr. Laughlin further denies that plaintiffs or members of the purported class suffered injury, and if such injury exists (which is denied), Mr. Laughlin denies that plaintiffs and members of the purported class suffered "similar injury."  Mr. Laughlin otherwise denies each and every allegation in Paragraph 191.

192.    With respect to Paragraph 192, no response is required to the allegations of Paragraph 192, which consist merely of conclusions of law.  To the extent a response is required, Mr. Laughlin denies the allegations of Paragraph 192.

193.    With respect to Paragraph 193, Mr. Laughlin repeats and incorporates by reference each of his prior responses to Paragraphs 1-192, as though set forth herein in their entirety.

194.    No response is required to the allegations contained in Paragraph 194, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 194 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 194.

195.    No response is required to the allegations contained in Paragraph 195, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 195 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 195.

196.    No response is required to the allegations contained in Paragraph 196, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 196 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 196.

197.    No response is required to the allegations contained in Paragraph 197, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 197 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 197.

198.    No response is required to the allegations contained in Paragraph 198, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 198 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 198.

199.    No response is required to the allegations contained in Paragraph 199, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 199 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 199.

200.    No response is required to the allegations contained in Paragraph 200, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 200 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 200.

201.    No response is required to the allegations contained in Paragraph 201, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 201 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 201.

202.    No response is required to the allegations contained in Paragraph 202, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 202 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 202.

203.    No response is required to the allegations contained in Paragraph 203, which consist merely of conclusions of law.  To the extent the allegations of Paragraph 203 contain allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 203.

204.    With respect to Paragraph 204, Mr. Laughlin repeats and incorporates by reference each of his prior responses to Paragraphs 1-204, as though set forth herein in their entirety.

205.    With respect to Paragraph 205, no response is required to the allegations contained in Paragraph 205 that consist merely of conclusions of law.  To the extent that Paragraph 205 contains allegations of fact, Mr. Laughlin admits that, during the putative Class Period, he held various positions at Organogenesis, and during a portion of the putative Class Period served as an officer and director of the Company.  Mr. Laughlin denies that he held officer and director positions during the entire putative Class Period.  Mr. Laughlin incorporates by reference his response to Paragraph 25.  Mr. Laughlin admits that at certain times, to the extent consistent with his role, upon request, he had access to certain internal corporate

documents and other information provided to him in connection therewith.  Mr. Laughlin

presently is without personal knowledge or information sufficient to form a belief as to the

specific materials he allegedly received and when.  Mr. Laughlin lacks personal knowledge or

information sufficient to form a belief as to the truth of allegations concerning what documents

any other unidentified "[i]ndividual [d]efendants" may have received and when they might have

received them, and on that basis denies them.  Mr. Laughlin further admits that he performed in

good faith all positions which he held, and otherwise denies each and every allegation in

Paragraph 205.

206.    With respect to Paragraph 206, no response is required to the allegations

contained in Paragraph 206 that consist merely of conclusions of law.  To the extent that

Paragraph 206 contains allegations of fact, Mr. Laughlin admits that he was an officer and

director of the Company for a portion of the putative Class Period, and incorporates by reference

his response to Paragraph 25.  Mr. Laughlin further admits that he performed in good faith all

duties and responsibilities related to the positions which he held.  Mr. Laughlin otherwise denies

each and every allegation in Paragraph 206.

207.    No response is required to the allegations contained in Paragraph 207, which

consist merely of conclusions of law.  To the extent the allegations of Paragraph 207 contain

allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 207.

208.    No response is required to the allegations contained in Paragraph 208, which

consist merely of conclusions of law.  To the extent the allegations of Paragraph 208 contain

allegations of fact, Mr. Laughlin denies each and every allegation in Paragraph 208.

To the extent that any response is required to Plaintiffs' prayer for relief, Mr. Laughlin

denies each and every allegation contained therein.

## SECOND DEFENSE

The Complaint and each purported cause of action alleged therein fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs have failed to plead fraud or its predicate acts with sufficient particularity.

## FOURTH DEFENSE

Plaintiffs' claims as to the Defendants are barred in whole or in part by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs lack standing to assert the claims in the Complaint.

## SIXTH DEFENSE

Plaintiffs' claims under Section 20(a) of the Exchange Act fail because defendants were not controlling persons, did not exercise actual control over others allegedly liable for a primary violation, in every respect acted in good faith, were not culpable participants in any misconduct, and did not directly or indirectly induce any acts allegedly constituting a primary violation of the Exchange Act or any rule or regulation promulgated thereunder.

## SEVENTH DEFENSE

Defendants did not act with scienter but instead exercised reasonable due diligence and acted in good faith and in conformity with all applicable standards and state and federal statutes, including but not limited to the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

## EIGHTH DEFENSE

Plaintiffs are estopped from obtaining relief, or their claims are barred, by their own conduct or the disclosure of, or plaintiffs' assumption of, the risks of their investment.

## NINTH DEFENSE

Plaintiffs' claims are barred by the Private Securities Litigation Reform Act.

## TENTH DEFENSE

Plaintiffs' claims are barred because they failed to join indispensable parties.

## ELEVENTH DEFENSE

The business judgment rule protects defendants' alleged actions and, thus, bars recovery by plaintiffs and the purported class on their claims.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any decline in the market price of the Organogenesis securities purchased by the plaintiffs were caused by factors other than defendants' alleged conduct.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by In re: Organogenesis, Inc., No. 02-16944-WCH (Bankr. D. Mass. 2003).

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification and/or unclean hands.

Mr. Laughlin reserves the right to assert additional defenses as they become known through the course of discovery.

WHEREFORE, Mr. Laughlin respectfully requests that this Court dismiss the Complaint and plaintiffs' claims, enter judgment in favor of the defendants and against plaintiffs, award defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant defendants any additional relief that is fair and appropriate.

PHILIP LAUGHLIN

By his attorneys,

 _/s/ Jonathan A. Shapiro_____
Jeffrey B. Rudman (BBO #433380)
Jonathan A. Shapiro (BBO #567838)
Kimberly Friday (BBO #660544)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street, Boston, MA  02109
(617) 526-6000

September 16, 2005