UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
                                           )
                                           )
IN RE ORGANOGENESIS SECURITIES LITIGATION  )   No. 04-10027-JLT
                                           )
                                           )
_____)


**DEFENDANT HERBERT M. STEIN'S ANSWER TO THE CORRECTED
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Herbert M. Stein ("Defendant"), based on his knowledge, information and belief, for his Answer to the Corrected Consolidated Amended Class Action Complaint dated December 22, 2004 ("Complaint"), states that to the extent not explicitly admitted, all allegations of the Complaint are denied, and to the extent that any response is required to plaintiffs' unnumbered introductory paragraph, Defendant denies each and every allegation contained therein. Defendant also states that he does not admit to bear the burden of any defenses set forth below, nor the relevance of any of plaintiffs' allegations. Further answering, Defendant states:

1. Defendant denies this allegation, except admits that this action purports to be a federal securities class action.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same, except that he admits the description of Apligraf's physical properties and primary uses, and states that Organogenesis' public statements speak for themselves.

3. Defendant denies each and every allegation of this paragraph. Further answering, Defendant states that Organogenesis' public statements and any contracts with Novartis speak for themselves.

1

4. Defendant denies these allegations, except admits that the Company filed a 1999 Form 10-K, which speaks for itself.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same, including the allegations appearing in Footnote 1. Further answering, Defendant states that Organogenesis' public statements speak for themselves.

6. Defendant denies these allegations. Further answering, Defendant states that Organogenesis' public statements speak for themselves.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

8. Defendant denies these allegations.

9. Defendant denies these allegations.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

11. Defendant denies any alleged illegal or improper actions by him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

12-13. Because these allegations are directed to PricewaterhouseCoopers no answer is necessary.

14. These allegations relate to a period when Defendant was no longer alleged to be associated with Organogenesis; accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of all these allegations, and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same, except that Defendant admits that at some point after he was no longer associated with Organogenesis, the Company filed for bankruptcy protection.

17. Defendant denies these allegations, except admits that this action purports to arise under Sections 10(b) and 20(a) of the Securities Exchange Act, and Rule 10b-5 promulgated thereunder.

18. Defendant denies these allegations, except admits that plaintiffs purport to base jurisdiction on 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act.

19. Defendant denies these allegations, except admits that plaintiffs purport that venue is proper under Section 27 of the Exchange Act, and 28 U.S.C. § 1391(b), and that plaintiffs purport that Organogenesis maintains its primary place of business in this District.

20. Defendant denies these allegations.

21. Defendant denies that the price of Organogenesis securities was ever artificially inflated, and denies that any individuals were damaged by purchasing Organogenesis securities. Further answering, Defendant admits that the Court appointed Bruno Hoffman, John H. Bowie, Jr., Richard Madigan, and Richard Conen as Lead Plaintiffs by an Order dated July 20, 2004. Defendant denies ever being served with any certifications from Lead Plaintiffs.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

24-30. Because these allegations are directed towards other parties no answer is necessary.

31. Defendant admits that from the inception of the purported class period until his resignation on or about December 31, 1999 he served as Chief Executive Officer and Chairman of the Board, and that he continued to serve as an Emeritus Member of the Board until Organogenesis

announced his resignation from this position on March 13, 2000.  Defendant denies all other allegations, except Defendant states that Organogenesis' public statements speak for themselves.

32. See responses to paragraphs 24-30, supra.

33. Defendant denies these allegations, except admits that plaintiffs purport to refer to various individuals collectively as "Individual Defendants."

34. Defendant denies these allegations.

35. Defendant denies these allegations.

36. Defendant denies these allegations, except admits that Organogenesis' common stock was, at one point in time, traded on the American Stock Exchange.  Defendant further answers that no response is necessary as to the legal conclusions in this paragraph.

37. Defendant denies these allegations.

38. Defendant denies these allegations.

39. Defendant denies these allegations.

40. Defendant denies these allegations, except admits that this purports to be a class action brought pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class of individuals who purchased or otherwise acquired shares of Organogenesis between November 15, 1999 and February 7, 2002.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

42. Defendant denies these allegations.

43. Defendant denies these allegations.

44. Defendant denies these allegations.

45. Defendant denies these allegations.

46. Defendant admits that Organogenesis was incorporated under the laws of Delaware in 1985. Defendant further answers by stating that Organogenesis' public statements speak for themselves.

47. Defendant denies these allegations, except that he admits that Organogenesis had a unique product, Apligraf, that provided a form of tissue replacement therapy.

48. Defendant denies these allegations. Defendant further answers by stating that Organogenesis' public statements speak for themselves.

49. Defendant denies these allegations, except that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the analyst's statements, and therefore denies the same.

50. Defendant denies these allegations. Defendant further answers by stating that Organogenesis' public statements speak for themselves.

51. Defendant denies these allegations. Defendant further answers by stating that the Company's 1999 Form 10-K speaks for itself.

52. Defendant denies these allegations. Defendant further answers by stating that Organogenesis' public statements speak for themselves.

53. Defendant denies these allegations. Defendant further answers by stating that Organogenesis' public statements speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to any agreement with Novartis relating to a "put" option, and therefore denies the same.

54. Defendant denies these allegations, including the allegations appearing in Footnote 3. Defendant further answers by stating that Organogenesis' public statements speak for themselves.

55. Defendant admits that at the inception of the purported class period Apligraf was approved for marketing in the United States by the Food and Drug Administration for treatment of

venous leg ulcers, and admits that Apligraf was a registered trademark of Novartis. Defendant denies all remaining allegations.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same. Defendant further answers by stating that Organogenesis' public statements speak for themselves.

58. Defendant denies these allegations.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

60. Defendant denies these allegations.

61. Defendant denies these allegations, except Defendant lacks knowledge or information sufficient to form a belief as to what anonymous sources may have stated, and therefore denies the same.

62. Defendant denies these allegations, except Defendant lacks knowledge or information sufficient to form a belief as to what anonymous sources may have stated, and therefore denies the same.

63. Defendant denies these allegations, except Defendant lacks knowledge or information sufficient to form a belief as to what anonymous sources may have stated, and therefore denies the same.

64. Defendant denies these allegations, except Defendant lacks knowledge or information sufficient to form a belief as to what anonymous sources may have stated, and therefore denies the same.

65. Defendant denies these allegations, except Defendant lacks knowledge or information sufficient to form a belief as to what anonymous sources may have stated, and therefore denies the same.

66. Defendant denies these allegations, except Defendant lacks knowledge or information sufficient to form a belief as to what anonymous sources may have stated, and therefore denies the same.

67. Defendant denies any allegations directed at him, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

68. Defendant admits that plaintiffs claim the purported class period begins on November 15, 1999. Defendant denies the remaining allegations, except that any November 15, 1999 press release speaks for itself.

69. Defendant denies these allegations, except that any December 2, 1999 press release speaks for itself.

70. Defendant denies these allegations, except that he admits that on or about November 15, 1999 the Company filed a Form 10-Q, and that he signed that Form.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

72. Defendant denies these allegations, except that he refers to the registration statement filed on or about December 27, 1999, and the two amendments filed on or about February 3, 2000 and on or about February 14, 2000, all of which speak for themselves.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

74. Defendant denies these allegations, except that he refers to the Amended Form 10-Q filed on or about February 14, 2000, which speaks for itself.

75. Defendant denies these allegations, except that he refers to the Amended Form 10-Q filed on or about February 14, 2000 for its contents.

76. Defendant denies every allegation of these paragraphs, and further answers by incorporating herein his responses to paragraphs 59 through 67, supra.

77. Defendant denies these allegations, except that he refers to any February 24, 2000 press release, which speaks for itself.

78. Defendant denies these allegations, except that he refers to any February 24, 2000 press release, which speaks for itself.

79. Defendant denies these allegations, except that he refers to any February 25, 2000 press release, which speaks for itself.

80. Defendant denies the allegations that Organogenesis' stock was artificially inflated and that this Defendant took advantage of this alleged inflation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

81. Defendant admits that his resignation as an Emeritus Member of the Organogenesis Board was announced on or about March 13, 2000, and that he had previously resigned as Chief Executive Officer and Chairman of the Board, as of, on or about, December 31, 1999. Defendant denies all remaining allegations.

82-87. These allegations relate to a period when Defendant was no longer alleged to be associated with Organogenesis; accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of all these allegations, and therefore denies the same.

88. Defendant denies these allegations, except that he refers to the registration statement filed on or about April 21, 2000, which speaks for itself.

89-167. See responses to paragraphs 82 through 87, supra.

168. Defendant denies these allegations.

169.    Defendant denies these allegations.

170.    Defendant denies these allegations.

171-186.    Because these allegations are directed to PricewaterhouseCoopers no answer is necessary.

187.    Defendant denies these allegations.

188.    Defendant denies these allegations, except that he refers to any of Organogenesis' public statements, which speak for themselves.  Defendant further answers by admitting that he lost in excess of $7,000,000 on sales of Organogenesis securities during the class period and after he was no longer associated with the Company.

189.    Defendant denies these allegations, except that he refers to Organogenesis' public statements, which speak for themselves.

190.    Defendant denies these allegations, except he admits that Organogenesis securities were listed on the American Stock Exchange; that Organogenesis filed periodic reports with the American Stock Exchange and the Securities and Exchange Commission; that Organogenesis communicated with investors; and that Organogenesis was followed by securities analysts.

191.    Defendant denies the allegations regarding artificial inflation of the price of Organogenesis securities, and denies that any individuals were injured by the purchase of Organogenesis securities.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the market for Organogenesis' securities, and therefore denies the same.

192.    Defendant denies these allegations.

193.    Defendant repeats and re-alleges his responses herein to paragraphs 1 through 192.

194.    No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

195. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

196. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

197. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

198. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

199. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

200. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

201. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

202. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

203. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

204. Defendant repeats and re-alleges his responses herein to paragraphs 1 through 203.

205. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

206. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

207. No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

208.    No response is necessary to these allegations, which consist merely of legal conclusions, but to the extent a response is necessary Defendant denies these allegations.

## ADDITIONAL DEFENSES

1.    Plaintiffs have failed to state a claim upon which relief can be granted.

2.    Plaintiffs have failed to plead fraud or its predicate acts with sufficient particularity.

3.    Plaintiffs' claims as to the Defendant are barred because they failed to join indispensable parties.

4.    Plaintiffs' claims as to the Defendant are barred in whole or in part by the applicable statute of limitations.

5.    The named plaintiffs and purported class members lack standing to maintain some or all of their claims.

6.    Plaintiffs' claims as to the Defendant are barred in whole or in part because plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

7.    Plaintiffs' claims are barred in whole or in part because any decline in the market price of the Organogenesis securities purchased by the plaintiffs were caused by factors other than Defendant's alleged conduct.

8.    Plaintiffs' claims under Section 20(a) of the Securities Exchange Act fail because Defendant was not a controlling person, did not exercise actual control over others allegedly liable for a primary violation, in every respect acted in good faith, was not a culpable participant in any misconduct, and did not directly or indirectly induce any acts allegedly constituting a primary violation of Section 10(b) or the Securities Exchange Act and Rule 10b-5 promulgated thereunder.

9.    Plaintiffs' claims as to this Defendant are barred in whole or in part because plaintiffs and members of the purported class were expressly advised about the material facts and risks concerning their investments through meaningful cautionary statements contained in the public filings of Organogenesis.

10.     Plaintiffs' claims are barred in whole or in part by the Private Securities Litigation Reform Act of 1995 because, including without limitation, some or all of the alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements or omissions are rendered non-actionable by the Safe Harbor provisions, as codified at 15 U.S.C. § 78u-5(c), and because the liability of all defendants and other responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault pursuant to 15 U.S.C. § 78u-4(f).

11.     Plaintiffs' claims are barred in whole or in part by In re: Organogenesis, Inc., No. 02-16944-WCH (Bankr. D. Mass. 2003).

12.     The business judgment rule protects defendant's alleged actions, and thus bars recovery by plaintiffs and the purported class on their claims.

13.     Plaintiffs' claims are barred in whole or in part because of laches, estoppel, and waiver.

Defendant reserves the right to assert additional defenses as they become known through the course of discovery.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor by dismissing the Complaint, and awarding the Defendant his costs, expenses, and reasonable attorneys' fees incurred in the defense of this action, along with any additional relief that is fair and appropriate.

**HERBERT M. STEIN**,

By his attorneys,

 /s/  Breton Leone-Quick
Peter M. Saparoff (BBO#441740)
Breton Leone-Quick (BBO#655571)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

Dated: September 16, 2005