50. With respect to Paragraph 50, Mr. Arcari admits that during the putative Class Period, the Company issued various public statements and public filings addressing the financial position of the Company and disclosing its need for additional funding. Mr. Arcari states that these documents speak for themselves. Mr. Arcari denies that Paragraph 50 completely and accurately construes and characterizes those documents, and denies that the Company issued "aggressive predictions" or made other projections as represented in Paragraph 50. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000 and after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 50.

51. With respect to Paragraph 51, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 51.

52. With respect to Paragraph 52, no response is required to the allegations of Paragraph 52 which purport to construe, paraphrase, and excerpt unidentified filings or statements, which speak for themselves. To the extent a response is required, Mr. Arcari admits that Organogenesis filed various statements with the SEC during the Class Period, but denies that Paragraph 52 completely and accurately construes and excerpts any such documents. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of allegations concerning unidentified "statements" made in unidentified "fil[ings] with the SEC" or elsewhere by unidentified "defendants," which are not sufficiently identified in Paragraph 52, and on that basis denies them. Mr. Arcari presently lacks personal knowledge or information sufficient to

form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 52.

53. With respect to Paragraph 53, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations regarding what investors "believe" or what plaintiffs assert they were "led to believe," and on that basis denies them. No response is required to the remaining allegations of Paragraph 53, which purport to construe and paraphrase unidentified "report[s]" or statements by the Company, which speak for themselves if they exist. Mr. Arcari admits that Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations purporting to construe and excerpt the Novartis Contracts, which speak for themselves. To the extent any further response is required, Mr. Arcari denies that Paragraph 53 completely and accurately construes and excerpts those contracts and the parties' relationship as set forth therein. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 53.

54. With respect to Paragraph 54 and footnote 3, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari admits that Organogenesis discussed the Apligraf product and revenue therefrom in certain of its public statements during the putative Class Period, but denies that Paragraph 54 accurately construes and paraphrases any such documents. Mr. Arcari lacks

personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Apligraf and revenues therefrom that allegedly occurred after he left the Company on May 14, 2002, and on this basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 54.

55. With respect to Paragraph 55, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari admits that Apligraf was a registered trademark of Novartis during the putative Class Period, and that Novartis marketed Apligraf during the putative Class Period, pursuant to the terms of the Novartis Contracts. No response is required to the allegations of Paragraph 55 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves. To the extent a response to these allegations is required, Mr. Arcari denies that Paragraph 55 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein. Mr. Arcari otherwise denies each and every allegation in Paragraph 55.

56. With respect to Paragraph 56, Mr. Arcari admits that during the putative Class Period non-party Novartis held shares of Organogenesis stock, as set forth in the Form S-3 Registration Statement filed by the Company on November 1, 2001, which speaks for itself. Mr. Arcari admits that Organogenesis and Novartis were parties to the Novartis Contracts, which set forth the terms of the parties' relationship. No response is required to the allegations of Paragraph 56 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves. To the extent a response to these allegations is required, Mr. Arcari denies that Paragraph 56 completely and accurately construes and characterizes the Novartis Contracts

and the parties' relationship as set forth therein. Mr. Arcari otherwise denies each and every allegation in Paragraph 56.

57. With respect to Paragraph 57, Mr. Arcari admits that Organogenesis and Novartis were parties to the Novartis Contracts. No response is required to the allegations of Paragraph 57 that purport to construe and characterize the Novartis Contracts, the terms of which speak for themselves. To the extent a response to these allegations is required, Mr. Arcari denies that Paragraph 57 completely and accurately construes and characterizes the Novartis Contracts and the parties' relationship as set forth therein. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the knowledge or beliefs of plaintiffs or "investors" and as to the allegations concerning unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 57.

58. With respect to Paragraph 58, no response is required to the allegations of Paragraph 58, which purport to construe and paraphrase unidentified "representations" by Organogenesis or "Defendants," which are too vaguely described to permit a response, and even if identified, speak for themselves. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to what unidentified "Defendants" may have said, done or "represented" to anyone else, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 58.

59. With respect to Paragraph 59, Mr. Arcari incorporates by reference his response to Paragraph 7. Mr. Arcari further states that he has not seen a copy of the document that is

referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 59 completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 59.

60. With respect to Paragraph 60, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari admits that Organogenesis disclosed its financial results in various public filings and press releases published during the putative class period, which speak for themselves. Mr. Arcari denies that Paragraph 60 completely and accurately characterizes, excerpts and paraphrases such documents, and denies that any information was improperly withheld. Mr. Arcari further states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is

required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 60 completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 60.

61. With respect to Paragraph 61, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" or failures to disclose by unidentified "defendants," and on that basis denies them. Mr. Arcari admits that Organogenesis disclosed its financial results in various public filings and press releases published during the putative class period, which speak for themselves. Mr. Arcari denies that Paragraph 61 completely and accurately characterizes, excerpts and paraphrases such documents, and denies that any information was improperly withheld. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 61.

With respect to Paragraph 61(a), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 61(a) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Arcari otherwise denies each and every allegation in Paragraph 61(a).

With respect to Paragraph 61(b), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" or failures to disclose by unidentified "defendants," and on that basis denies them. Mr. Arcari admits that Organogenesis disclosed its financial results in various public filings and press releases published during the putative class period, which speak for themselves. Mr. Arcari denies that Paragraph 61(b) completely and accurately characterizes, excerpts and paraphrases such documents, and denies that any information was improperly withheld. Mr. Arcari otherwise denies each and every allegation in Paragraph 61(b).

With respect to Paragraph 61(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" or failures to disclose by unidentified "defendants," and on that basis denies them. Mr. Arcari admits that Organogenesis disclosed its financial results in various public filings and press releases published during the putative class period, which speak for themselves. Mr. Arcari denies that

Paragraph 61(c) completely and accurately characterizes, excerpts and paraphrases such documents, and denies that any information was improperly withheld. Mr. Arcari otherwise denies each and every allegation in Paragraph 61(c).

62. With respect to Paragraph 62, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari further denies that any information was improperly withheld, and otherwise denies each and every allegation in Paragraph 62.

With respect to Paragraph 62(a), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 62(a).

With respect to Paragraph 62(b), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he

arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 62(b).

With respect to Paragraph 62(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 62(c).

With respect to Paragraph 62(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 62(d).

63. With respect to Paragraph 63, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 63.

64. With respect to Paragraph 64, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether unidentified "defendants" were aware of such alleged facts, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari denies that any information was improperly withheld, and otherwise denies each and every allegation in Paragraph 64.

65. With respect to Paragraph 65, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 65.

66. With respect to Paragraph 66, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their

representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 66.

67.     With respect to Paragraph 67, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "motivat[ions]" of unidentified "defendants," and on that basis denies them. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 67.

68.     With respect to Paragraph 68, Mr. Arcari admits that the purported Class Period begins on November 15, 1999. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 68.

69.     With respect to Paragraph 69, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 69.

70. With respect to Paragraph 70, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 70.

71. With respect to Paragraph 71, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock price before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 71.

72. With respect to Paragraph 72, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 72.

73. With respect to Paragraph 73, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning presentations allegedly made by Mr. Laughlin before he arrived at the Company on April 30, 2000, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning interviews allegedly given by Mr. Laughlin before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 73.

74. With respect to Paragraph 74, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 74.

75.     With respect to Paragraph 75, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 75.

76.     With respect to Paragraph 76, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unidentified "statements" made by unidentified "defendants." Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings and statements allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 76.

With respect to Paragraph 76(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning the actions or failures to disclose by unidentified "defendants," and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 76(a).

With respect to Paragraph 76(b), Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further presently lacks personal

knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" in unidentified documents by unidentified "defendants," and on that basis denies them.  Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 76(b).

With respect to Paragraph 76(c), no response is required to the allegations of Paragraph 76(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them.  Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations that were allegedly made and events that allegedly occurred before he arrived at the Company on May 1, 2000, and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 76(c).

With respect to Paragraph 76(d), no response is required to the allegations of Paragraph 76(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "public statements" by unidentified "defendants," and on that basis denies them.  Mr. Arcari further lacks personal

knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari incorporates by reference his responses to Paragraphs 56-67, and otherwise denies each and every allegation in Paragraph 76(d).

With respect to Paragraph 76(e), no response is required to the allegations of Paragraph 76(e) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 76(e).

With respect to Paragraph 76(f), no response is required to the allegations of Paragraph 76(f) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their

representatives, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari incorporates by reference his responses to Paragraphs 56-67, and otherwise denies each and every allegation in Paragraph 76(f).

With respect to Paragraph 76(g), Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of any allegations concerning unspecified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 76(g).

77.    With respect to Paragraph 77, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation of Paragraph 77.

78.    With respect to Paragraph 78, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form

a belief as to the truth of any allegations concerning the purported knowledge, actions or statements of other unidentified "Defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 78.

79. With respect to Paragraph 79, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 79.

80. With respect to Paragraph 80, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 80.

81. With respect to Paragraph 81, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock price before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring and communications allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 81.

82. With respect to Paragraph 82, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning presentations allegedly made by Mr. Laughlin before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 82.

83. With respect to Paragraph 83, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 83.

84. With respect to Paragraph 84, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari further states that he lacks personal knowledge or information sufficient to form a belief as to the allegations concerning what unidentified "investors" "believe[d]." Mr. Arcari otherwise denies each and every allegation in Paragraph 84.

85. With respect to Paragraph 85, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 85.

86. With respect to Paragraph 86, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock price before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 86.

87. With respect to Paragraph 87, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications and public filings allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 87.

With respect to Paragraph 87(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 87(a).

With respect to Paragraph 87(b), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning representations by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 87(b).

With respect to Paragraph 87(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the unidentified "suggestion[s]," "aware[ness]," or alleged failures to disclose of unidentified "defendants," and on that basis denies them. Mr. Arcari denies that any information was improperly withheld, and otherwise denies each and every allegation in Paragraph 87(c).