With respect to Paragraph 87(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them.  Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning representations by unidentified "defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 87(d).

With respect to Paragraph 87(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them.  Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning representations by unidentified "defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 87(e).

With respect to Paragraph 87(f), Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them.  Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning any representations by unidentified "defendants," and on

that basis denies them.  Mr. Arcari also lacks personal knowledge or information sufficient to

form a belief as to the allegations concerning what any "investors" "believe[d]," and on that

basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 87(f).

　　　　With respect to Paragraph 87(g), Mr. Arcari lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  Mr. Arcari further presently lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning representations allegedly

made before he arrived at the Company on May 1, 2000, and on that basis denies them.  Mr.

Arcari further lacks personal knowledge or information sufficient to form a belief as to the

allegations concerning any representations by unidentified "defendants," and on that basis denies

them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 87(g).

　　　　88.　　　With respect to Paragraph 88, Mr. Arcari presently lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning public filings

allegedly made before he arrived at the Company on May 1, 2000, and on that basis denies them.

Mr. Arcari further presently lacks personal knowledge or information sufficient to form a belief

as to the truth of the allegations relating to Mr. Stein's personal investments or finances, and on

that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 88.

　　　　89.　　　With respect to Paragraph 89, Mr. Arcari admits that on May 11, 2000

Organogenesis issued a release published on *Business Wire* announcing financial results for the

first quarter of 2000, in which Mr. Laughlin is quoted.  Mr. Arcari denies making any of the

statements in the release.  No further response is required to the extent the allegations of

Paragraph 89 purport to construe and excerpt the release, which speaks for itself.  To the extent

further response is required, Mr. Arcari denies that Paragraph 89 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 89.

90.    With respect to Paragraph 90, Mr. Arcari admits that on May 15, 2000, Organogenesis filed with the SEC the Company's financial results for the first quarter of 2000, the period ended March 31, 2000, pursuant to a Form 10-Q. Mr. Arcari further admits that the electronic signatures of Mr. Laughlin and himself appear on that Form 10-Q. No further response is required to the extent the allegations of Paragraph 90 purport to construe and excerpt the release, which speaks for itself. To the extent further response is required, Mr. Arcari denies that Paragraph 90 completely and accurately construes and excerpts the Form 10-Q. Mr. Arcari otherwise denies each and every allegation in Paragraph 90.

91.    With respect to Paragraph 91, Mr. Arcari incorporates by reference his responses to Paragraphs 56-67, and denies each and every allegation in Paragraph 91.

With respect to Paragraph 91(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 91(a).

With respect to Paragraph 91(b), no response to required to the allegations of Paragraph 91(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Arcari otherwise denies each and every allegation in Paragraph 91(b).

With respect to Paragraph 91(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response to required to the allegations of Paragraph 91(c) that

purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 91(c).

With respect to Paragraph 91(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response to required to the allegations of Paragraph 91(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 91(d).

With respect to Paragraph 91(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the allegations concerning unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 91(e).

92.    With respect to Paragraph 92, Mr. Arcari admits that on or about June 14, 2000, Mr. Laughlin gave a presentation at the Twenty-First Annual Goldman Sachs Healthcare Conference in Laguna Niguel, California, and that Mr. Laughlin served as President and Chief Executive Officer of Organogenesis at the time. Mr. Arcari otherwise denies each and every allegation in Paragraph 92.

93.     With respect to Paragraph 93, Mr. Arcari admits that on June 20, 2000, Organogenesis issued a release that announced that the FDA had given final approval of Apligraf for treatment of diabetic foot ulcers, in addition to its previous indication for treatment of venous leg ulcers, and which speaks for itself.  Mr. Arcari further admits that on June 20, 2000, Organogenesis' stock was traded on the open market, and reached an intra-day high of $12.75, but denies that it closed at this price.  Mr. Arcari otherwise denies each and every allegation in Paragraph 93.

94.     With respect to Paragraph 94, Mr. Arcari denies that Mr. Laughlin appeared on the cable news show, "Power Lunch" on the CNBC network on June 25, 2000, but admits that such an appearance took place on June 26, 2000.  No further response is required to the extent the allegations of Paragraph 94 purport to construe and quote from the interview, the transcript of which speaks for itself.  Mr. Arcari denies that Paragraph 94 completely and accurately construes and excerpts the interview.  Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations relating to the extent of dissemination of the cable financial news show "Power Lunch," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 94.

95.     With respect to Paragraph 95, Mr. Arcari admits that on August 2, 2000, Organogenesis issued a release announcing Apligraf sales for the month of July 2000, in which Mr. Laughlin is quoted.  Mr. Arcari denies making any of the statements in the release.  No further response is required to the extent the allegations of Paragraph 95 purport to construe and excerpt the release, which speaks for itself.  Mr. Arcari denies that Paragraph 95 completely and accurately construes and excerpts the release.  Mr. Arcari otherwise denies each and every allegation in Paragraph 95.

96.    With respect to Paragraph 96, Mr. Arcari admits that on August 14, 2000, Organogenesis issued a release published on *Business Wire* announcing financial results for the second quarter 2000.  Mr. Arcari denies making any of the statements in the release.  No further response is required to the extent the allegations of Paragraph 96 purport to construe and excerpt the release, which speaks for itself.  Mr. Arcari denies that Paragraph 96 completely and accurately construes and excerpts the release.  Mr. Arcari otherwise denies each and every allegation in Paragraph 96.

97.    With respect to Paragraph 97, Mr. Arcari incorporates by reference his response to Paragraph 96.  Mr. Arcari admits that Mr. Laughlin is quoted in the release, but denies making any of the statements in the release.  Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of allegations concerning what unidentified "investors" allegedly "believe[d]," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 97.

98.    With respect to Paragraph 98, Mr. Arcari admits that on August 14, 2000, Organogenesis filed with the SEC its financial results for the second quarter of 2000, the period ended June 30, 2000, pursuant to a Form 10-Q.  Mr. Arcari further admits that his electronic signature and that of Mr. Laughlin appear on the Form 10-Q.  No further response is required to the extent the allegations of Paragraph 98 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Mr. Arcari denies that Paragraph 98 completely and accurately construes and excerpts the Form 10-Q.  Mr. Arcari otherwise denies each and every allegation in Paragraph 98.

99.    With respect to Paragraph 99, Mr. Arcari admits that on October 3, 2000, Organogenesis issued a release published on *Business Wire* reporting Apligraf sales for September and the third quarter of 2000, in which Mr. Laughlin is quoted.  Mr. Arcari denies

making any of the statements in the release.  No further response is required to the extent the allegations of Paragraph 99 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 99 completely and accurately construes and excerpts the release.  Mr. Arcari otherwise denies each and every allegation in Paragraph 99.

100.     With respect to Paragraph 100, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" made by Mr. Laughlin in a CNBC interview.  Mr. Arcari admits that the Company issued a press release on August 2, 2000, but denies making any of the statements in the release. Mr. Arcari further admits that the Company filed a Form 10-Q for the second quarter of 2000. Mr. Arcari states that those documents speak for themselves, and denies that Paragraph 100 completely and accurately construes and characterizes those documents.  Mr. Arcari further states that he lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" made by unidentified "defendants" in those documents, and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 100.

With respect to Paragraph 100(a), Mr. Arcari incorporates by reference his responses to paragraphs 59-67, *supra*, and denies each and every allegation in Paragraph 100(a).

With respect to Paragraph 100(b), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 100(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Arcari incorporates by reference his responses to paragraphs 59-67, *supra*, and otherwise denies each and every allegation in Paragraph 100(b).

With respect to Paragraph 100(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "statements" made by unidentified "defendants," of the beliefs of unidentified "investors," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 100(c).

With respect to Paragraph 100(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 100(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning any "representations" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 100(d).

With respect to Paragraph 100(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 100(e) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 100(e).

With respect to Paragraph 100(f), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 100(f) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 100(f).

With respect to Paragraph 100(g), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 100(g) that purport to describe, construe and excerpt unidentified statements or documents, which speak for

themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 100(g).

With respect to Paragraph 100(h), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 100(h) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation in Paragraph 100(h).

With respect to Paragraph 100(i), Mr. Arcari admits that the Company filed a second quarter 2000 Form 10-Q.  No further response is required to the extent the allegations of Paragraph 100(i) purport to construe and characterize the Form 10-Q, which speaks for itself.  To the extent a response is required, Mr. Arcari denies that Paragraph 100(i) accurately and completely construes and characterizes the Form 10-Q.  Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them.  Mr. Arcari incorporates by reference his responses to paragraphs 59-67, *supra*, and otherwise denies each and every allegation in Paragraph 100(i).

101.    With respect to Paragraph 101, Mr. Arcari admits that on November 14, 2000,

Organogenesis issued a release published on *Business Wire* reporting Apligraf sales for

September and the third quarter of 2000, in which Mr. Laughlin is quoted.  Mr. Arcari denies

making any of the statements in the release.  No further response is required to the extent the

allegations of Paragraph 101 purport to construe and excerpt the release, which speaks for itself.

Mr. Arcari denies that Paragraph 101 completely and accurately construes and excerpts the

release.  Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the

truth of the allegations concerning unidentified "herald[ing]" performed by unidentified

"defendants," and on that basis denies them.  Mr. Arcari otherwise denies each and every

allegation in Paragraph 101.

102.    With respect to Paragraph 102, Mr. Arcari admits that on November 14, 2000,

Organogenesis filed with the SEC its financial results for the third quarter of 2000, the period

ended September 30, 2000, pursuant to a Form 10-Q.  Mr. Arcari further admits that his

electronic signature and that of Mr. Laughlin appear on the Form 10-Q.  No further response is

required to the extent the allegations of Paragraph 102 purport to construe and excerpt the Form

10-Q, which speaks for itself.  Mr. Arcari denies that Paragraph 102 completely and accurately

construes and excerpts the Form 10-Q.  Mr. Arcari otherwise denies each and every allegation in

Paragraph 102.

103.    With respect to Paragraph 103, Mr. Arcari admits that on December 4, 2000,

Organogenesis issued a release reporting November sales of Apligraf, in which Mr. Laughlin is

quoted.  Mr. Arcari denies making any of the statements in the release.  No further response is

required to the extent the allegations of Paragraph 103 purport to construe and excerpt the

release, which speaks for itself.  Mr. Arcari denies that Paragraph 103 completely and accurately

construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 103.

104.    With respect to Paragraph 104, Mr. Arcari admits that the Company issued press releases on October 3, 2000 and November 14, 2000, but denies making any of the statements in those releases. Mr. Arcari further admits that the Company filed a Form 10-Q for the third quarter 2000. Mr. Arcari denies that Paragraph 104 accurately construes and characterizes the press releases and Form 10-Q. Mr. Arcari otherwise denies each and every allegation in Paragraph 104.

With respect to Paragraph 104(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 104(a).

With respect to Paragraph 104(b), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 104(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by, or knowledge of, unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation of Paragraph 104(b).

With respect to Paragraph 104(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 104(c)

that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," or the purported "know[ledge]" of unidentified "upper management," and on that basis denies them. Mr. Arcari incorporates by reference his responses to paragraphs 59-67, *supra*, and otherwise denies each and every allegation of Paragraph 104(c).

With respect to Paragraph 104(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No further response is required to the allegations of Paragraph 104(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "public statements" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation of Paragraph 104(d).

With respect to Paragraph 104(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 104(e).

105.    With respect to Paragraph 105, Mr. Arcari admits that on December 6, 2000, Organogenesis issued a release announcing that the Board of the Company had authorized the

repurchase of up to 500,000 shares of Organogenesis common stock, in which Mr. Laughlin is quoted. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 105 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 105 completely and accurately construes and excerpts the release. Mr. Arcari further admits that on December 6, 2000, Organogenesis' stock was traded on the open market, and admits that its price closed at $7.50 per share on December 6, 2000. Mr. Arcari otherwise denies each and every allegation in Paragraph 105.

106.    With respect to Paragraph 106, Mr. Arcari admits that on February 5, 2001, Organogenesis issued a release announcing sales of Apligraf in January 2001, in which he is quoted. No further response is required to the extent the allegations of Paragraph 106 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 106 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 106.

107.    With respect to Paragraph 107, Mr. Arcari admits that on February 26, 2001, Organogenesis issued a release announcing an amendment to its 1996 agreement with Novartis. No further response is required to the extent the allegations of Paragraph 107 purport to construe and paraphrase the release, which speaks for itself. Mr. Arcari denies that Paragraph 107 completely and accurately construes and paraphrases the release. Mr. Arcari further admits that Organogenesis and Novartis were parties to the Novartis Contracts. No response is required to those allegations purporting to construe and characterize the Novartis Contracts, which speak for themselves. To the extent a response is required, Mr. Arcari denies that Paragraph 107 completely and accurately construes and paraphrases the Novartis Contracts and the parties'

relationship as set forth therein.  Mr. Arcari denies that on February 27, 2001, Mr. Laughlin

appeared on the cable financial news show "Power Lunch," on the CNBC network, but admits

that such an appearance took place on February 28, 2001.  No response is required to the extent

the allegations of Paragraph 107 purport to construe and quote from the interview, the transcript

of which speaks for itself.  Mr. Arcari denies that Paragraph 107 completely and accurately

construes and excerpts the interview.  Mr. Arcari lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations relating to the extent of dissemination

of the cable financial news show "Power Lunch," or the identity of its host, and on that basis

denies them.  Mr. Arcari further admits that on February 27, 2001, Organogenesis' stock was

traded on the open market, and reached an intra-day price as high as $12.00 per share, but denies

that Organogenesis' stock price closed above $12.00 on the same day.  Mr. Arcari otherwise

denies each and every allegation in Paragraph 107.

108.    With respect to Paragraph 108, Mr. Arcari denies that on February 27, 2001, Mr.

Laughlin made any statements in an interview on the CNBC network, but admits that an

interview on that network took place on February 28, 2001.  Mr. Arcari further admits that the

Company issued a press release on February 5, 2001.  No response is required to the extent the

allegations of Paragraph 108 purport to construe and characterize the February 28 interview and

the February 5 press release, as the interview transcript and press release speak for themselves.

Mr. Arcari denies that Paragraph 108 completely and accurately construes and excerpts the

interview and press release.  Mr. Arcari otherwise denies each and every allegation in

Paragraph 108.

With respect to Paragraph 108(a), Mr. Arcari incorporates by reference his responses to

Paragraphs 59-67, and denies each and every allegation in Paragraph 108(a).

With respect to Paragraph 108(b), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 108(b) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them.  Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 108(b).

With respect to Paragraph 108(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them.  No response is required to the allegations of Paragraph 108(c) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by Mr. Laughlin and on that basis denies them.  Mr. Arcari otherwise denies each and every allegation of Paragraph 108(c).

With respect to Paragraph 108(d), no response is required to the allegations of Paragraph 108(d) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning

unidentified "representations" made by Mr. Laughlin, or the knowledge of or unidentified

"reve[lations]" by unidentified "defendants," and on that basis denies them.  Mr. Arcari

otherwise denies each and every allegation of Paragraph 108(d).

With respect to Paragraph 108(e), Mr. Arcari lacks personal knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the information

purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them.  No response is required to the allegations of Paragraph 108(e) that

purport to describe, construe and excerpt unidentified statements or documents, which speak for

themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge or

information sufficient to form a belief as to the truth of the allegations concerning "statements"

purportedly made by Mr. Laughlin, and on that basis denies them.  Mr. Arcari admits that

Organogenesis and Novartis were parties to the Novartis Contracts.  No further response is

required to the allegations of Paragraph 108(e) that purport to describe, construe and paraphrase

those contracts, which speak for themselves.  To the extent a response is required, Mr. Arcari

denies that Paragraph 108(e) accurately and completely construes and characterizes those

contracts and the parties' relationship as set forth therein.  Mr. Arcari otherwise denies each and

every allegation of Paragraph 108(e).

With respect to Paragraph 108(f), no response is required to the allegations of Paragraph

108(f) that purport to describe, construe and excerpt unidentified statements or documents, which

speak for themselves.  To the extent a response is required, Mr. Arcari lacks personal knowledge

or information sufficient to form a belief as to the truth of the allegations concerning

"representation[s]" purportedly made by Mr. Laughlin, and on that basis denies them.  Mr.

Arcari admits Organogenesis and Novartis were parties to the Novartis Contracts.  No further

response is required to the allegations of Paragraph 108(f) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Arcari denies that Paragraph 108(f) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. Mr. Arcari otherwise denies each and every allegation of Paragraph 108(f).

With respect to Paragraph 108(g), no response is required to the allegations of Paragraph 108(g) that purport to describe, construe and excerpt unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning "representation[s]" purportedly made by Mr. Laughlin, and on that basis denies them. Mr. Arcari admits that Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 108(g) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Arcari denies that Paragraph 108(g) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. Mr. Arcari otherwise denies each and every allegation of Paragraph 108(g).

109.    With respect to Paragraph 109, no response is required to the allegations that purport to quote from an analyst report issued by non-party Needham & Co. on an undisclosed date, which presumably speaks for itself, if it in fact exists. Mr. Arcari otherwise denies each and every allegation in Paragraph 109.

110.    With respect to Paragraph 110, Mr. Arcari admits that on March 5, 2001, Organogenesis issued a release announcing sales of Apligraf in February 2001, in which he is quoted. No further response is required to the extent the allegations of Paragraph 110 purport to

construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 110 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 110.

111.    With respect to Paragraph 111, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported beliefs or knowledge of the public, and on that basis denies them. Mr. Arcari further states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 111 completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari otherwise denies each and every allegation in Paragraph 111.

112.    With respect to Paragraph 112, Mr. Arcari admits that on March 30, 2001, Organogenesis issued a release published on *Business Wire* announcing financial results for the fourth quarter and full year 2000, in which Mr. Laughlin is quoted. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 112 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 112 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 112.