113. With respect to Paragraph 113, Mr. Arcari denies that that on March 30, 2001, Organogenesis filed with the SEC its financial results for they full year 2000, but admits that the Company filed such results on April 2, 2001, pursuant to a Form 10-K. Mr. Arcari further admits that his electronic signature, along with the electronic signatures of Messrs. Erani and Laughlin, appears on the Form 10-K. No further response is required to the extent the allegations of Paragraph 113 purport to construe and excerpt the Form 10-K, which speaks for itself. Mr. Arcari denies that Paragraph 113 completely and accurately construes and excerpts the Form 10-K. Mr. Arcari otherwise denies each and every allegation in Paragraph 113.

114. With respect to Paragraph 114, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported beliefs or emotions of non-party PricewaterhouseCoopers, and on that basis denies them. Mr. Arcari admits that PricewaterhouseCoopers issued a "Report of Independent Accountants" dated March 13, 2001 certifying Organogenesis' financial statements. No response is required to the extent the allegations of Paragraph 114 purport to construe and excerpt the report, which speaks for itself. Mr. Arcari denies that Paragraph 114 completely and accurately construes and excerpts the report. Mr. Arcari otherwise denies each and every allegation in Paragraph 114.

115. With respect to Paragraph 115, Mr. Arcari admits that Organogenesis hosted presentations at the Tucker Anthony Sutro Capital Markets 2001 Health Care Conference in Laguna Niguel, California, on April 4, 2001, and at the Fifth Annual American Stock Exchange Emerging Growth Conference in New York, New York on April 4, 2001. No response is required to the allegations that purport to construe and paraphrase an analyst report purportedly issued by non-party Needham & Co. on April 19, 2001, which speaks for itself. Mr. Arcari otherwise denies each and every allegation in Paragraph 115.

116.    With respect to Paragraph 116, Mr. Arcari admits that the Company issued press releases on March 5 and March 30 2001, and admits that the Company filed a 2000 Form 10-K on April 2, 2001. Mr. Arcari denies making any of the statements in the March 30, 2001 press release. No response is required to the extent the allegations of Paragraph 116 purport to construe and characterize the press releases and Form 10-K, which speak for themselves. Mr. Arcari denies that Paragraph 116 completely and accurately construes and characterizes those documents, and otherwise denies each and every allegation in Paragraph 116.

With respect to Paragraph 116(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 116(a).

With respect to Paragraph 116(b), no response is required to the allegations of Paragraph 116(b) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies those allegations, and denies each and every allegation in Paragraph 116(b).

With respect to Paragraph 116(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(c) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the

-60-

unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(c).

With respect to Paragraph 116(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(d) that excerpt to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(d).

With respect to Paragraph 116(e), Mr. Arcari admits Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 116(e) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Arcari denies that Paragraph 116(e) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. No response is required to the allegations of Paragraph 116(e) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(e).

With respect to Paragraph 116(f), Mr. Arcari admits Organogenesis and Novartis were parties to the Novartis Contracts. No further response is required to the allegations of Paragraph 116(f) that purport to describe, construe and paraphrase those contracts, which speak for themselves. To the extent a response is required, Mr. Arcari denies that Paragraph 116(f) accurately and completely construes and characterizes those contracts and the parties' relationship as set forth therein. No response is required to the allegations of Paragraph 116(f) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(f).

With respect to Paragraph 116(g), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(g) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(g).

With respect to Paragraph 116(h), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and

on that basis denies them. No response is required to the allegations of Paragraph 116(h) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representations" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(h).

With respect to Paragraph 116(i), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(i) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(i).

With respect to Paragraph 116(j), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(j) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the

unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(j).

With respect to Paragraph 116(k), no response is required to the allegations of Paragraph 116(k) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(k).

With respect to Paragraph 116(*l*), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 116(*l*) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "herald[ing]" of unidentified "representations" by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(*l*).

With respect to Paragraph 116(m), no response is required to the allegations of Paragraph 116(m) that purport to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified

"defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(m).

With respect to Paragraph 116(n), no response is required to the allegations of Paragraph 116(n) that related to the purported actions, beliefs and emotions of non-party PricewaterhouseCoopers. To the extent that a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of non-party PricewaterhouseCoopers. Mr. Arcari further states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 116(n) completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari otherwise denies each and every allegation in Paragraph 116(n).

117. With respect to Paragraph 117, Mr. Arcari admits that on April 27, 2001 the Company issued a release announcing results for the first quarter of 2001, in which he is quoted. No further response is required to the extent the allegations of Paragraph 117 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 117 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 117.

118. With respect to Paragraph 118, Mr. Arcari denies that on April 27, 2001 the Company filed with the SEC its financial results for the first quarter of 2001, the period ended March 31, 2001, but admits that the Company filed such results with the SEC on April 26, 2001, pursuant to a Form 10-Q. Mr. Arcari further admits that his electronic signature, and that of Mr. Laughlin, appears on the Form10-Q. No further response is required to the extent the allegations of Paragraph 118 purport to construe and excerpt the Form 10-Q, which speaks for itself. Mr. Arcari specifically denies that the language plaintiffs purport to quote from that 10-Q appears therein, and generally denies that Paragraph 118 completely and accurately construes and excerpts the Form 10-Q. Mr. Arcari otherwise denies each and every allegation in Paragraph 118.

119. With respect to Paragraph 119, Mr. Arcari admits that the Company issued a press release on April 7, 2001 and filed a Form 10-Q for the first quarter of 2001 on April 26, 2001. Mr. Arcari denies that Paragraph 119 accurately and completely characterizes and construes such documents, and otherwise denies each and every allegation in Paragraph 119.

With respect to Paragraph 119(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 119(a).

With respect to Paragraph 119(b), no response is required to the allegations of Paragraph 119(b) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 119(b).

With respect to Paragraph 119(c), no response is required to the allegations of Paragraph 119(c) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified statements made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 119(c).

With respect to Paragraph 119(d), no response is required to the allegations of Paragraph 119(d) that excerpt to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 119(d).

With respect to Paragraph 119(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 119(e) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 119(e).

With respect to Paragraph 119(f), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 119(f) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of unidentified "upper management" or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 119(f).

With respect to Paragraph 119(g), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 119(g).

120.   With respect to Paragraph 120 and footnote 4, Mr. Arcari admits that on April 27, 2001, Organogenesis issued a release announcing it had filed with the SEC a Post-Effective Amendment to its Registration Statement on Form S-3. Mr. Arcari further admits that on May 8, 2001, Organogenesis issued a release announcing that the Company had entered into an underwriting agreement with UBS Warburg LLC, as underwriter. No further response is required to the extent the allegations of Paragraph 120 and footnote 4 purport to construe and paraphrase the releases, which speak for themselves. Mr. Arcari denies that Paragraph 120 and footnote 4 completely and accurately construe and paraphrase the releases. Mr. Arcari otherwise denies each and every allegation in Paragraph 120 and footnote 4.

121.   With respect to Paragraph 121, no response is required to the allegations that purport to quote the statements, views and actions of analysts employed by non-party Needham

-68-

& Co. To the extent a response is required, Mr. Arcari denies each and every allegation in Paragraph 121.

122.    With respect to Paragraph 122, Mr. Arcari admits that on May 16, 2001 the Company issued a release announcing Mr. Laughlin's resignation from the Company and that Dr. Sabolinski, who had previously served as Senior Vice President, Medical and Regulatory Affairs, would become President, Chief Executive Officer and a member of the Board of the Company, and further admits that Messrs. Laughlin and Sabolinski are quoted in the release. No further response is required to the extent the allegations of Paragraph 122 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 122 completely and accurately construes and excerpts the release. To the extent that plaintiffs purport to construe and characterize Mr. Laughlin's departure, Mr. Arcari denies the allegations of Paragraph 122. Mr. Arcari otherwise denies each and every allegation in Paragraph 122.

123.    With respect to Paragraph 123, Mr. Arcari admits that on May 17, 2001 the Company filed a Prospectus Supplement with the SEC. No further response is required to the extent the allegations of Paragraph 123 purport to construe and excerpt the Prospectus Supplement, which speaks for itself. Mr. Arcari denies that Paragraph 123 completely and accurately construes and paraphrases the Prospectus Supplement. Mr. Arcari specifically denies that the price of Organogenesis shares was "artificial[ly] inflate[ed]," and except as specifically admitted herein, denies each and every allegation in Paragraph 123.

124.    Mr. Arcari states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be

-69-

partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 124 completely and accurately characterizes and excerpts the document that he drafted in October 2001. No response is required to the allegations that concern the purported conduct, beliefs, emotions and statements of non-party PricewaterhouseCoopers. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the allegations concerning the purported conduct, beliefs, emotions and statements of non-party PricewaterhouseCoopers, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 124.

125.    With respect to Paragraph 125, Mr. Arcari admits that on June 5, 2001, Organogenesis issued a release announcing the Company's sales for May 2001, in which Dr. Sabolinski is quoted. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 125 purport to construe and excerpt the release, which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 125 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 125.

126.    With respect to Paragraph 126, Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning numerical sales of Apligraf in May and April 2001, and on this basis denies them. No response is required to the allegations that purport to quote from an analyst report issued by non-party Needham & Co. on June 6, 2001, which speaks for itself. Mr. Arcari otherwise denies each and every allegation in Paragraph 126.

127.    With respect to Paragraph 127, Mr. Arcari admits that on May 7, 2001, Organogenesis entered into an underwriting agreement with UBS Warburg LLC. Pursuant to this agreement, between May 21, 2001 and June 18, 2001, Organogenesis filed fifteen prospectus supplements with the SEC pursuant to Forms 424B2, disclosing the sale of 186,200 common shares. Mr. Arcari further admits that the total from those proceeds exceeded $1.44 million. To the extent not specifically admitted herein, Mr. Arcari denies each and every allegation in Paragraph 127.

128.    With respect to Paragraph 128, Mr. Arcari admits that on August 2, 2001, Organogenesis issued a release announcing its monthly sales in July 2001, in which Dr. Sabolinski is quoted. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 128 purport to construe and excerpt the release, which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 128 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 128.

129.    With respect to Paragraph 129, Mr. Arcari admits that on August 7, 2001 Organogenesis issued a release announcing it had elected to sell $10 million in equity to Novartis. No further response is required to the extent the allegations of Paragraph 129 purport to construe and excerpt the release, which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 129 accurately and completely construes and paraphrases the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 129.

130.    With respect to Paragraph 130, Mr. Arcari admits that on August 13, 2001, Organogenesis issued a release announcing financial results for the second quarter 2001, the period ended June 30, 2001, in which he is quoted. No further response is required to the extent

the allegations of Paragraph 130 purport to construe and excerpt the release, which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 130 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 130.

    131.    With respect to Paragraph 131, Mr. Arcari admits that on August 14, 2001, Organogenesis filed with the SEC the Company's financial results for the second quarter 2001, the period ended June 30, 2001, pursuant to a Form 10-Q. Mr. Arcari further admits that the electronic signatures of himself and Dr. Sabolinski appear on that Form 10-Q. No further response is required to the extent the allegations of Paragraph 131 purport to construe and excerpt the Form 10-Q, which speaks for itself. Mr. Arcari denies that Paragraph 131 completely and accurately construes and excerpts the Form 10-Q. Mr. Arcari otherwise denies each and every allegation in Paragraph 131.

    132.    With respect to Paragraph 132, Mr. Arcari admits that Organogenesis filed with the SEC the Company's financial results for the second quarter 2001 pursuant to a Form 10-Q. No further response is required to the extent the allegations of Paragraph 132 purport to construe and paraphrase the Form 10-Q, which speaks for itself. Mr. Arcari denies that Paragraph 132 completely and accurately construes and excerpts the Form 10-Q. Mr. Arcari otherwise denies each and every allegation in Paragraph 132.

    133.    With respect to Paragraph 133, Mr. Arcari admits that the Company issued press releases on August 2, 2001 and August 13, 2001 and filed a Form 10-Q for the second quarter of 2001. Mr. Arcari denies that Paragraph 133 accurately and completely characterizes and construes such documents, and otherwise denies each and every allegation in Paragraph 133.

With respect to Paragraph 133(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 133(a).

With respect to Paragraph 133(b), no response is required to the allegations of Paragraph 133(b) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "announcements" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 133(b).

With respect to Paragraph 133(c), no response is required to the allegations of Paragraph 133(c) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 133(c).

With respect to Paragraph 133(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 133(d) that excerpt to describe and construe unidentified statements or documents, which speak for themselves. To the extent a response is required. Mr. Arcari denies those allegations. Mr. Arcari otherwise denies each and every allegation in Paragraph 133(d).

With respect to Paragraph 133(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 133(e) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 133(e).

With respect to Paragraph 133(f), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 133(f).

134.   With respect to Paragraph 134, no response is required to the allegations that purport to quote from an analyst report purportedly issued by non-party Needham & Co. on August 14, 2001, which speaks for itself. Mr. Arcari otherwise denies each and every allegation in Paragraph 134.

135.   With respect to Paragraph 135, Mr. Arcari admits that on September 6, 2001, Organogenesis issued a press release announcing its monthly sales in August 2001, in which Dr. Sabolinski is quoted. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 135 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 135 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 135.

136. With respect to Paragraph 136, Mr. Arcari admits that on September 7, 2001, Organogenesis issued a press release in which Dr. Sabolinski is quoted, and that the press release announced that Organogenesis had increased its capacity to manufacture Apligraf. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 136 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 136 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 136.

137. With respect to Paragraph 137, Mr. Arcari admits the allegations in Paragraph 137.

138. With respect to Paragraph 138, Mr. Arcari admits that on September 24, 2001, Organogenesis issued a press release announcing that the Company would begin commercializing three additional products during the fourth quarter of 2001, and that Dr. Sabolinski is quoted in this release. Mr. Arcari denies making any of the statements in this release. No further response is required to the extent the allegations of Paragraph 138 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 138 completely and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 138.

139. With respect to Paragraph 139, Mr. Arcari admits that on October 4, 2001, Organogenesis issued a press release announcing Apligraf sales for the third quarter of 2001, in which Dr. Sabolinski is quoted. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 139 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 139 completely

and accurately construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 139.

140. With respect to Paragraph 140, Mr. Arcari admits the allegations in Paragraph 140.

141. With respect to Paragraph 141, Mr. Arcari admits that on October 16, 2001, Organogenesis issued a press release announcing that Organogenesis raised $20.25 million from various financing activities, and that Dr. Sabolinski is quoted in this release. No further response is required to the extent that the allegations of Paragraph 141 purport to construe, paraphrase and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 141 completely and accurately construes, paraphrases and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 141.

142. With respect to Paragraph 142, Mr. Arcari admits that on November 1, 2001, the *Dow Jones* news service reported that Organogenesis had registered 2.7 million shares of common stock on behalf of certain shareholders. No further response is required to the extent the allegations of Paragraph 142 purport to construe and paraphrase the news report, which speaks for itself. Mr. Arcari denies that Paragraph 142 completely and accurately construes and paraphrases the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 142.

143. With respect to Paragraph 143, Mr. Arcari admits that on November 13, 2001, Organogenesis issued a press release on *Business Wire*, announcing its financial results for the third quarter of 2001, the period ended September 30, 2001, and that Dr. Sabolinski is quoted in this release. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 143 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari denies that Paragraph 143 completely and accurately

construes and excerpts the release. Mr. Arcari otherwise denies each and every allegation in Paragraph 143.

144.   With respect to Paragraph 144, Mr. Arcari admits that on November 14, 2001, Organogenesis filed with the SEC the Company's financial results for the third quarter 2001, the period ended September 30, 2001, pursuant to a Form 10-Q. Mr. Arcari further admits that his electronic signature and that of Dr. Sabolinski appear on that Form 10-Q. No further response is required to the extent the allegations of Paragraph 144 purport to construe and excerpt the Form 10-Q, which speaks for itself. Mr. Arcari denies that Paragraph 144 completely and accurately construes and excerpts the Form 10-Q. Mr. Arcari otherwise denies each and every allegation in Paragraph 144.

145.   With respect to Paragraph 145, Mr. Arcari admits that the Company issued press releases on the dates set forth in the first sentence of the paragraph, and that the Company filed a Form 10-Q for the third quarter of 2001 with the SEC. No further response is required to the allegations of Paragraph 145 that purport to construe and excerpt those releases and Form 10-Q, which speak for themselves. Mr. Arcari denies that Paragraph 145 accurately construes and characterizes those documents, and otherwise denies each and every allegation in Paragraph 145.

With respect to Paragraph 145(a), Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and denies each and every allegation in Paragraph 145(a).

With respect to Paragraph 145(b), no response is required to the allegations of Paragraph 145(b) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari admits that the Company issued a press release on October 16, 2001. No response is required to the extent Paragraph 145 purports to construe and excerpt the release, which speaks for itself. Mr. Arcari

denies that Paragraph 145(b) completely and accurately construes and excerpts any statement made by Dr. Sabolinski, and otherwise denies each and every allegation in Paragraph 145(b).

With respect to Paragraph 145(c), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 145(c) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari incorporates by reference his responses to paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 145(c).

With respect to Paragraph 145(d), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 145(d) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of or unidentified "representation[s]" made by unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 145(d).

With respect to Paragraph 145(e), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information