purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 145(e) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of unidentified "defendants," and on that basis denies them. Mr. Arcari denies Paragraph 145(e) completely and accurately construes and excerpts any statement made by him, and otherwise denies each and every allegation in Paragraph 145(e).

With respect to Paragraph 145(f), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information purportedly obtained through any investigation by plaintiffs' counsel or their representatives, and on that basis denies them. No response is required to the allegations of Paragraph 145(f) that purport to excerpt and construe unidentified statements or documents, which speak for themselves. To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 145(f).

With respect to Paragraph 145(g), Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of unidentified "defendants," and on that basis denies them. Mr. Arcari incorporates by reference his responses to Paragraphs 59-67, and otherwise denies each and every allegation in Paragraph 145(g).

146. With respect to Paragraph 146, no response is required to the allegations that purport to quote from an analyst report purportedly issued by non-party Needham & Co. on November 16, 2001, which speaks for itself. Mr. Arcari otherwise denies each and every allegation in Paragraph 146.

147. With respect to Paragraph 147, Mr. Arcari admits that the Company issued a press release on January 4, 2002. Mr. Arcari further admits that Mr. Erani resigned his position as Chairman of the Board of Directors effective January 1, 2002, but denies that the release characterized his resignation as "sudden and unexpected." Mr. Arcari further denies that Mr. Erani "depart[ed]" Organogenesis at this time, stating that Mr. Erani remained on the Company's Board as a director. Mr. Arcari further denies that January 4, 2002 is "days before the end of the [purported] Class Period," and states that January 4, 2002 is over one month before the end of the purported Class Period, which according to plaintiffs, ends on February 7, 2002. No further response is required to the extent that the allegations of Paragraph 147 purport to construe and excerpt the release, which speaks for itself. Mr. Arcari otherwise denies each and every allegation in Paragraph 147.

148. With respect to Paragraph 148, Mr. Arcari admits that on January 30, 2002, Organogenesis filed with the SEC a Form 8-K pursuant to Section 13 or 15(d) of Securities and Exchange Act of 1934. Mr. Arcari further admits that his electronic signature appears on that Form 8-K. No further response is required to the extent the allegations of Paragraph 148 purport to construe, excerpt and paraphrase the Form 8-K, which speaks for itself. Mr. Arcari denies that Paragraph 148 completely and accurately construes, excerpts and paraphrases the Form 8-K. Mr. Arcari otherwise denies each and every allegation in Paragraph 148.

149.  With respect to Paragraph 149, Mr. Arcari admits that Organogenesis filed with the SEC a Form 8-K pursuant to Section 13 or 15(d) of Securities and Exchange Act of 1934. No further response is required to the extent the allegations of Paragraph 149 purport to construe, excerpt and paraphrase the Form 8-K, which speaks for itself. Mr. Arcari denies that Paragraph 149 completely and accurately construes, excerpts and paraphrases the Form 8-K. Mr. Arcari otherwise denies each and every allegation in Paragraph 149.

150.  With respect to Paragraph 150, Mr. Arcari admits that Organogenesis filed with the SEC a Form 8-K pursuant to Section 13 or 15(d) of Securities and Exchange Act of 1934. No further response is required to the extent the allegations of Paragraph 150 purport to construe, excerpt and paraphrase the Form 8-K, which speaks for itself. Mr. Arcari denies that Paragraph 150 completely and accurately construes, excerpts and paraphrases the Form 8-K. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified "previous report[s]" of unidentified "defendants," and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 150.

151.  With respect to Paragraph 151, Mr. Arcari admits that Organogenesis' stock was traded on the open market in January and February of 2002. Mr. Arcari further admits that on January 28, 2002, Organogenesis' stock reached an intra-day price as high as $3.70 per share, but denies that Organogenesis' stock closed at that price. Mr. Arcari further admits that on January 30, 2002, Organogenesis' stock reached an intra-day price as low as $2.44 per share, but denies that the stock closed at that price. Mr. Arcari further admits that on February 7, 2002 Organogensis' stock reached an intra-day price as low as $1.32 per share, but denies that Organogenesis' stock price closed at that price. Mr. Arcari further admits that on March 7, 2000,

Organogenesis' stock reached an intra-day price as high as $22.00 per share, but denies that it closed "over $22.00" on that date. Mr. Arcari presently lacks personal knowledge or information sufficient to form a belief as to the allegations regarding the volume, expectancy, and other statistics related to the Company's stock price, and on this basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 151.

152.   With respect to Paragraph 152 and footnote 5, Mr. Arcari admits that on February 25, 2002, the *Dow Jones* news service reported that Organogenesis had announced a restructuring, and that on May 21, 2002 the *Dow Jones* news service reported that Organogenesis had raised about $16 million from a private placement of preferred and common stock. Mr. Arcari further admits that the Company issued a press release on May 21, 2002. No further response is required to the extent the allegations of Paragraph 152 purport to construe, paraphrase and excerpt the *Dow Jones* reports and the Company's May 21, 2002 release, which speak for themselves. Mr. Arcari denies that Paragraph 152 completely and accurately construes, paraphrases and excerpts the *Dow Jones* reports and the Company's May 21, 2002 release. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of allegations related to unidentified "vulture capitalists" or "institutional shareholders." No response is required to the allegations in footnote 5, which consist of plaintiffs' characterizations of convertible shares. Mr. Arcari otherwise denies each and every allegation in Paragraph 152.

153.   With respect to Paragraph 153, Mr. Arcari admits that on May 21, 2002 the Company issued a press release announcing sales of Apligraf for the first quarter 2002. No further response is required to the extent the allegations of Paragraph 153 purport to construe and paraphrase the release, which speaks for itself. Mr. Arcari denies that Paragraph 153 completely

and accurately construes and paraphrases the release. Mr. Arcari further admits that on April 11, 2002 the Company hosted a conference call, the transcript of which was subsequently published. No further response is required to the extent the allegations of Paragraph 153 purport to construe, paraphrase and excerpt the call, the transcript of which speaks for itself. Mr. Arcari denies that Paragraph 153 completely and accurately construes, paraphrases and excerpts the call. Mr. Arcari otherwise denies each and every allegation in Paragraph 153.

154. With respect to Paragraph 154, Mr. Arcari admits that on April 11, 2002 the Company hosted a conference call, the transcript of which was subsequently published. No further response is required to the extent the allegations of Paragraph 154 purport to construe, paraphrase and excerpt the call, the transcript of which speaks for itself. Mr. Arcari denies that Paragraph 154 completely and accurately construes, paraphrases and excerpts the call. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of allegations related to unidentified "state[ments]" by unidentified "defendants" and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 154.

155. With respect to Paragraph 155, Mr. Arcari admits that Organogenesis filed a year-end financial statement with the SEC pursuant to Form 10-K on April 16, 2002. Mr. Arcari further admits that Organogenesis' independent auditor PricewaterhouseCoopers LLP issued a "going concern" opinion dated April 4, 2002. No further response is required to the extent the allegations of Paragraph 155 purport to construe, paraphrase and excerpt the opinion, which speaks for itself. Mr. Arcari denies that Paragraph 155 completely and accurately construes and excerpts the opinion. Mr. Arcari otherwise denies each and every allegation in Paragraph 155.

156. With respect to Paragraph 156, Mr. Arcari admits that on April 17, 2002, Organogenesis stock reached an intra-day price as low as $0.60, but denies that the stock closed

at that price. Mr. Arcari further admits that at one point on May 1, 2002, Organogenesis stock reached an intra-day price as low as $0.41, but denies that the stock closed at that price. Mr. Arcari otherwise denies each and every allegation in Paragraph 156.

157.    With respect to Paragraph 157, Mr. Arcari admits that on April 16, 2002, Organogenesis issued a release on *Business Wire*. Mr. Arcari denies making any of the statements in the release. No further response is required to the extent the allegations of Paragraph 157 purport to construe, paraphrase and excerpt the release, which speaks for itself. Mr. Arcari denies Paragraph 157 completely and accurately construes, paraphrases and excerpts the release. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 157.

158.    With respect to Paragraph 158, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' alleged stock prices after he left the Company on May 14, 2002, and on that basis denies them. No response is required to the allegations that purport to quote from and characterize an analyst report purportedly issued by non-party Needham & Co. on July 12, 2002, which speaks for itself. Mr. Arcari otherwise denies each and every allegation in Paragraph 158.

159.    With respect to Paragraph 159, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning Organogenesis' stock after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning press releases allegedly published after he left the Company on May

14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 159.

160. With respect to Paragraph 160, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 160.

161. With respect to Paragraph 161, Mr. Arcari admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division. No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 161.

162. With respect to Paragraph 162, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 162.

163. With respect to Paragraph 163, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the

truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 163.

164.    With respect to Paragraph 164, Mr. Arcari admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division. No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring, and communications allegedly made, after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 164.

165.    With respect to Paragraph 165, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning news reports about Organogenesis allegedly published after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 165.

166.    With respect to Paragraph 166, Mr. Arcari admits that, following the close of the putative Class Period, Organogenesis initiated a bankruptcy proceeding in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division. No response is required to those allegations concerning the facts or proceedings of the bankruptcy, which are set forth in court papers filed and orders entered in that proceeding, which speak for themselves. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring, and communications allegedly made, after he

left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari denies that the Company emerged from an alleged bankruptcy under the "full dominance and control" of the "Individual Defendants," as that term is defined by plaintiffs in Paragraph 33 of the Complaint. Mr. Arcari otherwise denies each and every allegation in Paragraph 166.

167.    With respect to Paragraph 167, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations concerning events allegedly occurring after he left the Company on May 14, 2002, and on that basis denies them. Mr. Arcari otherwise denies each and every allegation in Paragraph 167.

168.    With respect to Paragraph 168, no response is required to the allegations of Paragraph 168 relating to the openness, efficiency and development of the market for Organogenesis stock, which consist of legal conclusions. Mr. Arcari denies that the Organogenesis common stock traded at artificially inflated prices during the putative Class Period. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of the allegations relating to whether plaintiffs and other members of the purported class purchased or otherwise acquired Organogenesis securities in reliance on the integrity of the market price of Organogenesis securities and market information relating to Organogenesis, and on that basis denies them. Mr. Arcari denies that this action may be properly maintained as a class action, and further denies that plaintiffs or any member of the purported class have been damaged. Mr. Arcari otherwise denies each and every allegation in Paragraph 168.

169.    With respect to Paragraph 169, no response is required to the allegations that consist merely of conclusions of law. Mr. Arcari otherwise denies each and every allegation in Paragraph 169.

170.  With respect to Paragraph 170, no response is required to the allegations that consist merely of conclusions of law. Mr. Arcari otherwise denies each and every allegation in Paragraph 170.

171.  With respect to Paragraph 171, Mr. Arcari states that these allegations concern and are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 171. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 171, and on that basis denies them.

172.  With respect to Paragraph 172, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 172. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as Organogenesis' auditor and principal accounting firm during the portion of the putative Class Period in which he was employed by Organogenesis, and that PricewaterhouseCoopers had knowledge of Organogenesis' financial reporting practices. Mr. Arcari otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 172, and on that basis denies them.

173.  With respect to Paragraph 173 and footnote 6, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis

denies each and every allegation in Paragraph 173. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 173, and on that basis denies them.

    174.   With respect to Paragraph 174, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but otherwise lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 174, and on that basis denies them.

    With respect to Paragraph 174(a), Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174(a). To the extent a response is require, Mr. Arcari states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is

-89-

required, Mr. Arcari denies that Paragraph 174(a) completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 174(a), and on that basis denies them.

With respect to Paragraph 174(b), Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174(b). To the extent a response is required, Mr. Arcari states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 174(b) completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 174(b), and on that basis denies them.

With respect to Paragraph 174(c), Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174(c). To the extent a response is required, Mr. Arcari states that he has not seen a copy of the document that is referenced in the Complaint as the "Confidential Arcari

Document," and therefore, he lacks personal knowledge or information sufficient to form a belief as to the authenticity of that document. Mr. Arcari admits that, in October 2001, he drafted a confidential document that appears to be partially quoted in this paragraph of the Complaint. No response is required to the allegations purporting to construe and excerpt the document described as the "Confidential Arcari Document," which speaks for itself. To the extent a response is required, Mr. Arcari denies that Paragraph 174(c) completely and accurately characterizes and excerpts the document that he drafted in October 2001. Mr. Arcari further lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 174(c), and on that basis denies them.

With respect to Paragraph 174(d), Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 174(d). To the extent a response is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of each and every allegation in Paragraph 174(d), and on that basis denies them.

175.   With respect to Paragraph 175, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 175. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 175, and on that basis denies them.

176.   With respect to Paragraph 176, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 176. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation Paragraph 176, and on that basis denies them.

177.   With respect to Paragraph 177, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 177. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 177, and on that basis denies them.

178.   With respect to Paragraph 178, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 178. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal

knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 178, and on that basis denies them.

179.   With respect to Paragraph 179, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 179.  To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 179, and on that basis denies them.

180.   With respect to Paragraph 180, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 180.  To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 180, and on that basis denies them.

181.   With respect to Paragraph 181, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 181.  To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the

putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 181, and on that basis denies them.

182.   With respect to Paragraph 182, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 182. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 182, and on that basis denies them.

183.   With respect to Paragraph 183, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 183. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 183, and on that basis denies them.

184.   With respect to Paragraph 184, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 184. To the extent a response is required, Mr. Arcari admits that

PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 184, and on that basis denies them.

185.   With respect to Paragraph 185, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 185. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 185, and on that basis denies them.

186.   With respect to Paragraph 186, Mr. Arcari states that these allegations are directed to non-party PricewaterhouseCoopers, are not directed against Mr. Arcari or any other defendant in this action, and that no response is therefore required, and on that basis denies each and every allegation in Paragraph 186. To the extent a response is required, Mr. Arcari admits that PricewaterhouseCoopers served as the Company's independent auditor during the portion of the putative Class Period in which he was employed by Organogenesis, but lacks personal knowledge or information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 186, and on that basis denies them.

187.   With respect to Paragraph 187, no response is required to the allegations that consist merely of conclusions of law. Mr. Arcari otherwise denies each and every allegation in Paragraph 187.