188.   With respect to Paragraph 188, Mr. Arcari admits that, during the putative Class Period, the Company raised capital through private equity offerings and public stock offerings. Mr. Arcari lacks information regarding the registration or sale of stock by other individuals. Mr. Arcari otherwise denies each and every allegation in Paragraph 188.

189.   With respect to Paragraph 189, Mr. Arcari admits that, during the putative Class Period, the Company raised capital through private equity offerings and public stock offerings. Mr. Arcari otherwise denies each and every allegation in Paragraph 189.

190.   With respect to Paragraph 190, Mr. Arcari admits that during the putative Class Period Organogenesis was listed and traded on the American Stock Exchange, filed periodic reports with the SEC, was followed by securities analysts who disseminated reports and issued press releases to the public. No response is required to those allegations of Paragraph 190 regarding the efficiency of the market for Organogenesis stock, which consist of legal conclusions. Mr. Arcari otherwise denies each and every allegation in Paragraph 190.

191.   With respect to Paragraph 191, no response is required to those allegations of Paragraph 191 regarding the rate at which market information was "digested." To the extent that a response to such allegations is required, Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to those allegations. Mr. Arcari denies that the price of Organogenesis stock was artificially inflated. Mr. Arcari further denies that plaintiffs or members of the purported class suffered injury, and if such injury exists (which is denied), Mr. Arcari denies that plaintiffs and members of the purported class suffered "similar injury." Mr. Arcari otherwise denies each and every allegation in Paragraph 191.

192.  With respect to Paragraph 192, no response is required to the allegations of Paragraph 192, which consist merely of conclusions of law. To the extent a response is required, Mr. Arcari denies the allegations of Paragraph 192.

193.  With respect to Paragraph 193, Mr. Arcari repeats and incorporates by reference each of his prior responses to Paragraphs 1-192, as though set forth herein in their entirety.

194.  No response is required to the allegations contained in Paragraph 194, which consist merely of conclusions of law. To the extent the allegations of Paragraph 194 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 194.

195.  No response is required to the allegations contained in Paragraph 195, which consist merely of conclusions of law. To the extent the allegations of Paragraph 195 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 195.

196.  No response is required to the allegations contained in Paragraph 196, which consist merely of conclusions of law. To the extent the allegations of Paragraph 196 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 196.

197.  No response is required to the allegations contained in Paragraph 197, which consist merely of conclusions of law. To the extent the allegations of Paragraph 197 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 197.

198.  No response is required to the allegations contained in Paragraph 198, which consist merely of conclusions of law. To the extent the allegations of Paragraph 198 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 198.

199.  No response is required to the allegations contained in Paragraph 199, which consist merely of conclusions of law. To the extent the allegations of Paragraph 199 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 199.

200. No response is required to the allegations contained in Paragraph 200, which consist merely of conclusions of law. To the extent the allegations of Paragraph 200 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 200.

201. No response is required to the allegations contained in Paragraph 201, which consist merely of conclusions of law. To the extent the allegations of Paragraph 201 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 201.

202. No response is required to the allegations contained in Paragraph 202, which consist merely of conclusions of law. To the extent the allegations of Paragraph 202 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 202.

203. No response is required to the allegations contained in Paragraph 203, which consist merely of conclusions of law. To the extent the allegations of Paragraph 203 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 203.

204. With respect to Paragraph 204, Mr. Arcari repeats and incorporates by reference each of his prior responses to Paragraphs 1-204, as though set forth herein in their entirety.

205. With respect to Paragraph 205, no response is required to the allegations contained in Paragraph 205 that consist merely of conclusions of law. To the extent that Paragraph 205 contains allegations of fact, Mr. Arcari admits that, during a portion of the putative Class Period, he served as an officer of the Company. Mr. Arcari denies that he held a director position during the putative Class Period, and further denies that he held an officer position during the entire putative Class Period. Mr. Arcari incorporates by reference his response to Paragraph 30. Mr. Arcari admits that at certain times, to the extent consistent with his role, upon request, he had access to certain internal corporate documents and other information provided to him in connection therewith. Mr. Arcari presently is without personal

knowledge or information sufficient to form a belief as to the specific materials he allegedly received and when. Mr. Arcari lacks personal knowledge or information sufficient to form a belief as to the truth of allegations concerning what documents any other unidentified "[i]ndividual [d]efendants" may have received and when they might have received them, and on that basis denies them. Mr. Arcari further admits that he performed in good faith the position that he held, and otherwise denies each and every allegation in Paragraph 205.

206. With respect to Paragraph 206, no response is required to the allegations contained in Paragraph 206 that consist merely of conclusions of law. To the extent that Paragraph 206 contains allegations of fact, Mr. Arcari admits that he was an officer of the Company for a portion of the putative Class Period, but denies that he served as a director of the Company. Mr. Arcari incorporates by reference his response to Paragraph 30. Mr. Arcari further admits that he performed in good faith all duties and responsibilities related to the position that he held. Mr. Arcari otherwise denies each and every allegation in Paragraph 206.

207. No response is required to the allegations contained in Paragraph 207, which consist merely of conclusions of law. To the extent the allegations of Paragraph 207 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 207.

208. No response is required to the allegations contained in Paragraph 208, which consist merely of conclusions of law. To the extent the allegations of Paragraph 208 contain allegations of fact, Mr. Arcari denies each and every allegation in Paragraph 208.

To the extent that any response is required to Plaintiffs' prayer for relief, Mr. Arcari denies each and every allegation contained therein.

## SECOND DEFENSE

The Complaint and each purported cause of action alleged therein fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs have failed to plead fraud or its predicate acts with sufficient particularity.

## FOURTH DEFENSE

Plaintiffs' claims as to the Defendants are barred in whole or in part by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs lack standing to assert the claims in the Complaint.

## SIXTH DEFENSE

Plaintiffs' claims under Section 20(a) of the Exchange Act fail because defendants were not controlling persons, did not exercise actual control over others allegedly liable for a primary violation, in every respect acted in good faith, were not culpable participants in any misconduct, and did not directly or indirectly induce any acts allegedly constituting a primary violation of the Exchange Act or any rule or regulation promulgated thereunder.

## SEVENTH DEFENSE

Defendants did not act with <u>scienter</u> but instead exercised reasonable due diligence and acted in good faith and in conformity with all applicable standards and state and federal statutes, including but not limited to the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

## EIGHTH DEFENSE

Plaintiffs are estopped from obtaining relief, or their claims are barred, by their own conduct or the disclosure of, or plaintiffs' assumption of, the risks of their investment.

## NINTH DEFENSE

Plaintiffs' claims are barred by the Private Securities Litigation Reform Act.

## TENTH DEFENSE

Plaintiffs' claims are barred because they failed to join indispensable parties.

## ELEVENTH DEFENSE

The business judgment rule protects defendants' alleged actions and, thus, bars recovery by plaintiffs and the purported class on their claims.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any decline in the market price of the Organogenesis securities purchased by the plaintiffs were caused by factors other than defendants' alleged conduct.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by In re: Organogenesis, Inc., No. 02-16944-WCH (Bankr. D. Mass. 2003).

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification and/or unclean hands.

Mr. Arcari reserves the right to assert additional defenses as they become known through the course of discovery.

WHEREFORE, Mr. Arcari respectfully requests that this Court dismiss the Complaint and plaintiffs' claims, enter judgment in favor of the defendants and against plaintiffs, award defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant defendants any additional relief that is fair and appropriate.

JOHN J. ARCARI

By his attorneys,

/s/ Sara Jane Shanahan
Sara Jane Shanahan (BBO #567837)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900

November 3, 2005