UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), the parties respectfully submit the following Joint Statement.

**I.     Rule 26(f) Conference.**

The following counsel for the parties have met and conferred (by telephone and email) pursuant to Fed. R. Civ. P. 26(f):

Nancy Freeman Gans, Elaine Kusel and Peter Sloane for plaintiffs;

Peter Saparoff and Breton Leone-Quick for defendant Herbert Stein;

Sara Shanahan for defendant John Arcari; and

Jonathan Shapiro and Peter Kolovos for defendants Albert Erani, Donna Abelli Lopolito, Philip Laughlin, Michael Sabolinski and Alan Tuck.

**II.    Initial Disclosures.**

The parties do not agree on the date for service of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

A.     <u>Plaintiffs' Position</u>.  Plaintiffs propose that the parties exchange initial disclosures on March 3, 2006.  Given that over one year has passed since the filing of the operative complaint and six months have passed since the Court decided the motions to

US1DOCS 5542362v1

-2-

dismiss, Plaintiffs believe that the additional time sought by Defendants to prepare and exchange initial disclosures is not necessary.

B. <u>Defendants' Position</u>. Defendants propose that the parties exchange initial disclosures on March 17, 2006. Defendants submit that the additional two weeks proposed by Defendants to serve initial disclosures will not unduly delay discovery or prejudice Plaintiffs in any way.

### III. Discovery Plan – Fact Discovery.

1. The parties have not reached agreement on the deadline for fact discovery.

A. <u>Plaintiffs' Position</u>. Plaintiffs propose that all fact discovery be completed no later than 12 months after the Local Rule 16.1 conference. As explained below, Plaintiffs believe that merits and class discovery can and should proceed simultaneously, rather than in separate stages, thus obviating any purported need for a longer fact discovery period.

B. <u>Defendants' Position</u>. Defendants propose that all fact discovery be completed no later than 20 months after the Local Rule 16.1 conference, which defendants believe is a more realistic discovery period given that (among other reasons) the parties will need to take discovery regarding and brief class certification, and because it appears from plaintiffs' complaint that this case may involve substantial non-party discovery, including from a non-party in Switzerland (Novartis).

-3-

2. The parties also disagree on whether class and merits discovery should proceed simultaneously, or whether the fact discovery period should be phased so that merits discovery would follow an initial phase of class discovery and briefing.

    A. <u>Plaintiffs' Position</u>. The plaintiffs' position is that class discovery and merits discovery should be conducted simultaneously, and should proceed forthwith, rather than phasing merits discovery to follow after an initial period for class certification discovery and briefing. Plaintiffs have already been denied the opportunity to conduct any discovery during the pendency of the 18-month automatic stay imposed by the Private Securities Litigation Reform Act since commencement of this action, and should be allowed to begin merits discovery without a further, and unnecessary, delay until discovery and briefing in connection with class certification is completed. Further, in securities fraud actions, the issue of class certification is a fairly straightforward and uncomplicated determination, which does not require extensive fact discovery or any expert discovery.

    B. <u>Defendants' Position</u>. The defendants' position is that discovery related to the merits of plaintiffs' claims should commence after an initial period of class certification discovery and briefing, because the Court's ruling on certification likely will have a profound impact on the scope and timing of subsequent merits and expert discovery. The discovery related specifically to class certification issues will be a significant undertaking that will include both written and deposition discovery and potentially expert testimony, such as that concerning market efficiency and other issues considered under Rule 23. As set forth in Section IV below, the parties have agreed on a schedule for class certification discovery and briefing which calls for plaintiffs' motion

for class certification to be fully briefed approximately five months after the Local Rule 16.1 conference. Therefore, defendants propose that merits discovery commence five months after the Local Rule 16.1 conference.

**IV.     Class Certification Discovery and Briefing.**

The parties have agreed on the following schedule for class certification discovery and briefing:

A.      Plaintiffs shall file their motion for class certification no later than thirty (30) days after the Local Rule 16.1 conference.

B.      Class discovery shall be completed no later than ninety (90) days after the filing of plaintiffs' motion for class certification.

C.      Defendants shall file their opposition to plaintiffs' motion for class certification no later than ninety (90) days after the filing of plaintiffs' motion for class certification.

D.      Plaintiffs shall file their reply in support of their motion for class certification no later than thirty (30) days after the filing of defendants' opposition to plaintiffs' motion for class certification.

**V.      Discovery Plan – Expert Discovery.**

The parties have agreed on the following schedule for expert discovery:

A.      Plaintiffs shall disclose and serve Fed. R. Civ. P. 26(a)(2) reports by experts they intend to call at trial no later than ninety (90) days after the deadline for the completion of fact discovery.

-5-

B.Defendants shall disclose and serve Fed. R. Civ. P. 26(a)(2) reports by experts they intend to call at trial no later than sixty (60) days after the production of plaintiffs' expert reports.

C.Plaintiffs shall serve their expert reply reports no later than thirty (30) days after the production of defendants' expert reports.

D.All expert discovery shall be completed no later than thirty (30) days after the production of plaintiffs' expert reply reports.

## VI.Dispositive Motions.

The parties agree that summary judgment or other dispositive motions and associated papers shall be filed no later than forty five (45) days following the close of expert discovery. An opposition brief to any dispositive motion and associated papers shall be filed no later than sixty (60) days after the filing of the dispositive motion. Reply brief and associated papers shall be filed no later than thirty (30) days after the filing of any opposition brief.

## VII.Joinder of Parties/Amendment of Pleadings.

The parties agree that all motions to amend pleadings and/or to join parties shall be filed no later than thirty (30) days after the deadline for the close of fact discovery. The parties reserve their rights to seek an additional period of fact discovery (and to extend all other applicable case deadlines) in the event that a motion to amend or to join is filed near the end of or after the fact discovery period, on the grounds that the current discovery deadline does not afford the parties sufficient time for discovery related to any new matters raised in the motion.

-6-

**VIII.    Alternative Dispute Resolution.**

The parties are not adverse to ADR or any other attempt to reach a non-litigated resolution of this matter.

**IX.    Trial by Magistrate Judge.**

The parties have discussed the possibility of trial before a United States Magistrate Judge, but do not consent thereto at the present time.

**X.    Certifications.**

The certifications pursuant to Local Rule 16.1(D)(3) of the parties are being filed separately with the Court.

**XI.    Other Items.**

The parties request a conference with the Court in order to discuss the issues discussed above before entry of the scheduling order.

-7-

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| Plaintiffs, | Albert Erani, Donna Abelli Lopolito, Philip Laughlin, Michael Sabolinski and Alan Tuck, |
| By their attorneys, | By their attorneys, |

/s/ Nancy Freeman Gans_____
Nancy Freeman Gans (BBO #184540)
MOULTON & GANS, P.C.
55 Cleveland Road
Wellesley, MA  02481
(781) 235-2246

Steven G. Schulman
Elaine S. Kusel
Peter Sloane
MILBERG, WEISS, BERSHAD
  & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300

/s/ Peter J. Kolovos_____
Jeffrey B. Rudman (BBO #433380)
Jonathan A. Shapiro (BBO #567838)
Peter J. Kolovos (BBO #632984)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Herbert Stein,

By his attorneys,

/s/ Peter M. Saparoff_____
Peter M. Saparoff (BBO #441740)
Breton Leone-Quick (BBO #655571)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

-8-

        John Arcari,

        By his attorneys,

        /s/ Sara Jane Shanahan
        Sara Jane Shanahan (BBO # 567837)
        GRIESINGER, TIGHE & MAFFIE, LLP
        176 Federal Street
        Boston, MA  02110
        (617) 542-9900

March 2, 2006