UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
IN RE ORGANOGENESIS SECURITIES LITIGATION  :  Civil Action No. 04-10027-JLT
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT
OF PRICEWATERHOUSECOOPERS LLP'S *UNOPPOSED*
MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this Memorandum of Law in Support of its Unopposed Motion for Entry of Separate and Final Judgment. Pursuant to the Court's Order of July 20, 2005, all claims against PwC were dismissed with prejudice and without leave to amend. See In re Organogenesis Sec. Litig., No. 04-10027-JLT, Order Allowing Defendant PwC's Motion to Dismiss (D. Mass. July 20, 2005) (Docket No. 83). Plaintiffs do not oppose this motion and, accordingly, PwC requests that the Court direct the Clerk to enter a separate and final judgment in favor of PwC as to all of the claims asserted in the above-captioned action.

**ALL OF THE FED. R. CIV. P. 54(b) FACTORS
WARRANT THE ENTRY OF FINAL JUDGMENT AS TO PWC**

Fed. R. Civ. P. 54(b) allows the Court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." While this practice appears to buck the "traditional rule against piecemeal disposal of litigation," it actually promotes "'avoid[ing] the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case.'" Pahlavi v. Palandjian, 744 F.2d 902, 903 (1st Cir. 1984) (quoting Fed. R. Civ. P. 54(b) advisory committee note (1946 amendment)).

"The seminal case in this Circuit detailing 'the preferred practice under Rule 54(b)' is <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38 (1st Cir. 1988)." <u>Liberty Mutual Ins. Co. v. Greenwich Ins. Co.</u>, 331 F. Supp.2d 8, 12 (D. Mass. 2004). Under <u>Spiegel</u>, the district court must make a two-part assessment: (i) "[t]he trial court must first assess the finality of the disputed ruling," making a minimum showing that it "disposes fully 'of at least a single substantive claim,'" <u>Spiegel</u>, 843 F.2d at 42-43 (<u>citing</u> <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 7; <u>Acha v. Beame</u>, 570 F.2d 57, 62 (2d Cir. 1978)) and (ii) "once the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." <u>Id.</u> at 43 (<u>quoting</u> Fed. R. Civ. P. 54(b)).

The July 20, 2005 Order and Memorandum allowing PwC's Motion to Dismiss satisfies both parts of the test and, therefore, entry of final judgment under Fed. R. Civ. P. 54(b) is just and proper. Although the case continues against the former officers and directors, there is no reason to delay entry of final judgment as to the now-dismissed claims against PwC.[1] The Court's dismissal satisfies the requirements of Fed. R. Civ. P. 54(b) and a separate and final judgment in favor of PwC accordingly should enter, because (i) the July 20, 2005 dismissal against PwC is final and (ii) there is no just reason for delay in that (a) the dismissed claims are distinct and separable from the remaining claims against the other defendants and (b) there exists "no reason for delay" of entry of judgment.

---

[1] In this action, the Court has previously entered a final judgment in the case in favor of defendant Alan Ades upon a similar basis. <u>See</u> <u>In re Organogenesis Sec. Litig.</u>, No. 04-10027-JLT, Order Allowing Defendant Alan Ades' Motion For Entry of Judgment Under Rule 54(b) (D. Mass. Sept. 6, 2005) (Electronic Order).

2

**(1) The Court's Dismissal Of All Plaintiffs' Claims Against
PwC With Prejudice Satisfies Fed. R. Civ. P. 54(b) Finality Requirement**

First, the decision must be final "'within the meaning of 28 U.S.C. § 1291,'" in that it "'leaves nothing for the court to do but execute the judgment.'"  Spiegel, 843 F.2d at 43 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956)); Consolidated Rail Corp. v. Fore River Railway Co., 861 F.2d 322 (1st Cir. 1988) (quoting Caitlin v. United States, 324 U.S. 229, 233 (1945)).  In a multi-defendant litigation, the finality requirement is satisfied when a ruling "disposes completely . . . of all claims against a given defendant."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994) (Court found the first prong of the Rule 54(b) assessment was plainly met as to two defendants when the underlying ruling terminated all claims against defendants "in their entirety").

On October 25, 2004, plaintiffs filed the Consolidated Amended Class Action Complaint in this action, asserting claims against several former officers and directors of bankrupt entity Organogenesis, Inc. and its independent auditor, PwC.  (See Docket No. 56). The claims against PwC were pursuant to Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder.  (On December 22, 2004, a motion for leave to file a so-called "Corrected Consolidated Amended Class Action Complaint" was filed (see Docket No. 58), which the Court allowed on January 7, 2005.  Although plaintiffs never actually filed the pleading attached as an exhibit to Docket No. 58, all parties moved to dismiss such "corrected" complaint (see Docket Nos. 60-69).)  On July 20, 2005, the Court dismissed plaintiffs' claims -- with prejudice -- against PwC for failure to state a claim and also for failure to satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and Rule 9(b) of the Federal Rules of Civil Procedure.  See In re Organogenesis Sec. Litig., No. 04-10027-JLT, Memorandum (D. Mass. July 20, 2005) (Docket No. 84).

3

As in Maldonado, the Court here dismissed all claims against PwC in its July 20, 2005 Order. (See Order at 1, Docket No. 83.) Since "nothing remain[s] but to enter judgment" in favor of PwC, the finality requirement under Fed. R. Civ. P. 54(b) "plainly is satisfied." Credit Francais Int'l, S.A., v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996), Maldonado, 23 F.3d at 580.

### (2) There Is No Just Reason For Delay In Entering Final Judgment In Favor Of PwC

Next, the Court must find there is no "just reason for delay." In making this determination, the Court must review whether there are "1) any interrelationship[s] or overlap[s] among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review." State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487 (1st Cir. 1996). As the nature of the parties fundamentally differ -- corporate, insider executives versus outside, independent auditor -- the legal and factual analysis to determine purported liability under Section 10(b) also fundamentally differs. See, e.g., In re Raytheon Sec. Litig., 157 F. Supp. 2d 131, 154 (D. Mass. 2001) (To pass muster under Rule 9(b) and the PSLRA, the complaint must plead facts raising a "strong inference" that PwC's audit was so deficient as to amount to "no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decision if confronted with the same facts"). As the Court noted in its July 20, 2005 Memorandum, the legal standards applicable to the case against PwC are "different" than the case against the remaining defendants and, accordingly, is necessarily capable of being evaluated independently from the claims against the former executives. (Memorandum at 1, Docket No. 84.)

4

Further, the equities and efficiencies are balanced in favor of an entry of final judgment as any potential Court of Appeals review of PwC's dismissal would not be "duplicative or wasteful of judicial resources."  American Auto. Mfrs. Ass'n v. Comm'r, Massachusetts Dept. of Envt'l. Prot., 998 F. Supp. 26 (D. Mass. 1998) ("[T]here is 'no just reason for delay'" when an immediate review by the Court of Appeals would not simultaneously review the same issues present in the lower court.)  As the Court noted in its July 20, 2005 Memorandum supporting PwC's dismissal from the action, plaintiffs' allegations against PwC constitutes "a different matter."  (Memorandum at 1, Docket No. 84.)  The claims against PwC are audit-related matters and distinct from the remaining claims against former officers and directors for alleged violations of sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder.  Thus, an appeal would not present overlapping issues of fact or law and there would be no waste of judicial resources.  Accordingly, there is "no just reason for delay" in entering final judgment as to PwC.

## **CONCLUSION**

For the foregoing reasons, and without opposition by plaintiffs, PwC respectfully requests that separate and final judgment be entered in its favor and against plaintiffs with respect to all claims asserted in the above-captioned action.

Dated: April 25, 2006  
      Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll  
James R. Carroll (BBO #554426)  
Matthew J. Matule (BBO #632075)  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
(617) 573-4800  
jcarroll@skadden.com  
mmatule@skadden.com

Counsel for Defendant  
PricewaterhouseCoopers LLP

## Certificate of Service

I, Matthew J. Matule, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 25, 2006.

Dated: April 25, 2006

/s/ Matthew J. Matule  
Matthew J. Matule