UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORGANOGENESIS SECURITIES LITIGATION | Case No.: 1:04cv10027-JLT |

**LEAD PLAINTIFFS' UNOPPOSED MOTION
TO FILE SERVE THIRD PARTY SUBPOENA**

Pursuant to this Court's Discovery Order that "[n]o additional discovery shall take place without further order of the court", Lead Plaintiffs' move this Court for leave to serve a subpoena, substantially in the form attached as Exhibit A hereto, upon former Defendant PricewaterhouseCoopers, LLP ("PwC"). As grounds for this motion, Lead Plaintiffs state that PwC -- as the auditor during the Class Period for Organogenesis, Inc., the bankrupt corporation many of whose former officers and directors are the defendants in this action -- has information and documents centrally "relevant to disputed facts alleged with particularity in the pleadings." Although the Court dismissed PwC as a defendant upon PwC's motion to dismiss, the relevance of documents that are likely within PwC's possession concerning the allegations in this Complaint is clear.

The Complaint alleges — in the form of a confidential document created by the Company's then-Chief Financial Officer (the "Confidential Arcari Document"), included as Exhibit 1 to Exhibit A) —that defendant Albert Erani ("Erani"), the then-Chairman of Organogenesis, embarked on a scheme to "manipulate the market for the Company's stock" and "encouraged the Company to prepare overly optimistic financial projections to existing and potential service providers." ¶59.[1] The Confidential Arcari Document demonstrates that by

---

[1] References to "¶ __" are to a paragraph in Plaintiffs' Corrected Consolidated Amended Class Action Complaint For Violations Of Federal Securities Laws (the "Complaint").

-1-

March 2001 PwC became aware of suspicious activity by Erani that "*eroded PricewaterhouseCoopers [sic] confidence in managements [sic] and the Boards [sic] representations*." ¶ 111.  According to the Confidential Arcari Document, Erani had failed to provide PwC with standard audit confirmations relating to his holdings of the Company's convertible debt.  Other actions by Erani led to a "*loss of the Company's credibility with [PwC]*."  Id.  Moreover, in May 2001, PwC further lost confidence in the Company's officers and directors when Organogenesis violated its commitment to PwC to exercise a key put option (the "Novartis Put Option") granted by the Company's marketing partner, non-party Novartis AG ("Novartis").  PwC apparently was so alarmed by the violation of this commitment that, according to the Confidential Arcari Document, it refused to support the Company's future financing initiatives by withholding further consents and comfort letters.[2]

Despite Erani's suspicious activity, the violation of the Novartis Put Option commitment and PwC's belief that the Company's management and Board could not be trusted, in March 2001 PwC certified the Company's year-end 2000 financial statements by issuing an unqualified or "clean" audit opinion.

On January 30, 2002, right before the end of the Class Period, the Company announced for the first time that it was running out of money and that it would be forced to "curtail or discontinue all operations" if it could not raise $15 million by the end of the first quarter of 2002.  ¶¶148-49.  The Company also revealed for the first time that it would not be able to access the remaining $10 million portion of the Novartis Put Option because of previously undisclosed conditions to the exercise of that option, which the Company could not satisfy.  ¶¶150; 154.

---

[2] A "comfort letter" is a statement provided by an auditor to a company preparing for a public offering that confirms that unaudited financial data in the prospectus related to the offering conforms to GAAP.

Over two months later, on April 16, 2002, PwC issued a "going concern" opinion concerning Organogenesis, which stated that PwC had "substantial doubt" about Organogenesis' ability to continue as a going concern. ¶ 155.  According to PwC, "the Company has suffered recurring losses from operations, has a working capital deficiency, a stockholder's deficit, and has long-term debt that may become immediately due upon an event of default." Id.

The proposed subpoena contains narrowly tailored requests for documents relevant to the particularized allegations in the Complaint that would be in the possession of PwC as Organogenesis' auditors.

WHEREFORE, Lead Plaintiffs respectfully request this Court grant leave for it to serve a subpoena upon PricewaterhouseCoopers LLP substantially in the form attached as Exhibit A hereto.

| | |
|---|---|
| Dated: June 9, 2006 | **MOULTON & GANS, P.C.**<br><br>By: /s/ Nancy Freeman Gans<br>Nancy Freeman Gans, BBO #184540<br>55 Cleveland Road<br>Wellesley, MA 02481<br>Telephone:  (781) 235-2246<br>**Liaison Counsel and Local Counsel for Plaintiffs and the Class**<br><br><br>**MILBERG WEISS BERSHAD<br>  & SCHULMAN LLP**<br>Elaine S. Kusel<br>Peter Sloane<br>One Pennsylvania Plaza<br>New York, NY  10119<br>(212) 594-5300<br><br>**Lead Counsel for Plaintiffs and the Class** |

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

    I, Nancy Freeman Gans, hereby certify that I conferred via email June 7 – 8, 2006 with Jonathan A. Shapiro, Esquire, Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Defendants Donna Abelli Lopolito, Michael Sabolinski, Philip Laughlin, Albert Erani and Alan Ades, and with Peter M. Saparoff, Esquire, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendant Herbert M. Stein, and by telephone on June 9, 2006 with Sara Jane Shanahan, Griesinger, Tighe & Maffei, LLP counsel for Defendant John Arcari.  All assented to this motion.

                                        /s/ Nancy Freeman Gans
                                        Nancy Freeman Gans


## CERTIFICATE OF SERVICE

    I, Peter Sloane, hereby certify that a true copy of the above document was served upon the attorney of record for each party.

                                        /s/ Peter Sloane
                                        Peter Sloane