UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |
|---|---|

**PROTECTIVE ORDER**

For good cause shown, the Court hereby orders, pursuant to Fed. R. Civ. P. 26(c), as follows:

1. This Protective Order (the "Order") governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced, obtained or filed during the course of discovery proceedings in the above-captioned action. Third parties to these proceedings may avail themselves of this Order, and a copy of this Order shall accompany all third-party subpoenas issued in the above-captioned action.

2. The term "Designating Party" as used herein shall mean the person who produces the Material. The Designating Party shall have the right to designate any Material as "Confidential" to the extent that it believes in good faith that such Material constitutes, contains or would disclose proprietary business information, a trade secret or other commercial or financial information which is otherwise not publicly available ("Confidential Material").

3. Confidential Material shall be designated as follows:

 (a) In the case of documents, designation shall be made by placing the legend "Confidential" on each page of such documents prior to production.

 (b) In the case of depositions, designation of the transcript or

the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10) business days after the receipt of the transcript of the deposition. If the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential material and the Confidential Material, and the reporter shall place the appropriate legend on the cover of each separately bound portion of the transcript. (The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.)

4. All portions of briefs, pleadings or other filings with the Court that contain or refer to Confidential Material shall be filed and kept under seal until further order of the Court. At the time of filing, a Motion to Seal shall be filed utilizing the Court's electronic filing system ("ECF"). In addition, courtesy copies of the designated Confidential Material shall be placed in sealed envelopes, which shall be marked with the title of the action and a description of the contents (e.g., Deposition of John Doe), and delivered to the Court and all parties. The envelope shall also bear the following legend:

### CONFIDENTIAL

**This envelope contains documents that are subject to a protective order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.**

After the Motion to Seal has been granted, hard copies of the Confidential Material shall be placed in sealed envelopes marked with the title of the action

and a description of the contents (e.g., Deposition of John Doe) and bearing the Confidential legend set forth above, and shall be filed with the Court.

5.   If any party objects to the designation of any Material as Confidential Material, such party shall state the nature of the objections in a letter to counsel for the Designating Party within sixty (60) days from the date which the designation is first made. The Parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within thirty (30) days from when they are first made, the parties shall cooperate in jointly submitting the dispute to the Court. Until an objection has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Confidential Material and subject to this Order.

6.   All material obtained by the Receiving Party from the Designating Party through discovery in this action shall be used by the Receiving Party only in this action (including any appeals), and not for any other purpose whatsoever. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except:

(a)   Counsel of record in this action, and attorneys, paralegals and other support staff employed by such counsel who are assisting in the conduct of this action;

(b)   The parties in this action;

(c)   Witnesses (and their counsel) at any deposition or trial in this action or in preparation of such deposition or trial;

(d)   The Court, court personnel and the jury in this action;

(e)   Court reporters employed in connection with this action;

(f)   Experts or consultants (and employees of such experts or consultants) retained or consulted by the parties; and

(g)   Persons not covered above who are recipients or

individuals copied on any Confidential Material.

7. Each person identified in Paragraphs 6(f) and 6(g) above, prior to being given access to Confidential Material pursuant to Paragraph 6, shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of the Order (by use of the Confidential Material for purposes other than conducting this action) may constitute contempt of a court order. Each such person must expressly acknowledge in writing that he or she is familiar with the terms of the Order and agrees to be bound by its terms prior to being granted access to the Confidential Material by signing the acknowledgement attached hereto as Exhibit A.

8. Nothing in this Order shall prevent a party, in good faith, from designating or redesignating Material that already has been produced to another party as Confidential Material, in which case the more restrictive designation shall apply, provided that the party designating or redesignating the Material promptly advises the party to which production is being made that it has designated or redesignated the Material as Confidential Material. In the event that different parties produce copies of the same document or information, the designation of the creating party shall govern.

9. In the event that any person not named in Paragraph 6 requests the disclosure of Confidential Material of the Designating Party through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give notice in writing to counsel for the Designating Party, such notice to be delivered by fax or e-mail at least fourteen (14) days prior to the proposed disclosure; if the request is received less than fourteen (14) days prior to the proposed disclosure, notice shall be given immediately. It shall be the obligation of the Designating Party to obtain a court

US1DOCS 5570278v3                          4

order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party advises the Receiving Party that it intends to promptly move for such an order, the Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion is resolved.

10. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

11. Inadvertent disclosure of materials subject to the attorney client privilege, work product doctrine, or other protection from disclosure shall not constitute a waiver of, or an estoppel as to, such privilege or protection and all such inadvertent materials shall be returned upon request and not thereafter used for any purpose. If the parties are not able to resolve an issue regarding inadvertent production, such dispute shall be presented promptly to the Court, and such inadvertent materials shall not be used for any purpose pending the Court's decision on the dispute. All copies of documents found by the Court to be privileged or protected from disclosure shall be destroyed by the Receiving Party forthwith and any information contained therein (that is not otherwise available to the Receiving Party) shall not subsequently be used for any purpose. Nothing in this section shall preclude a party from challenging the propriety of the claim of privilege in accordance with the Rules of Civil Procedure.

12. No Prejudice.

(a) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(b) This Order shall not diminish any existing obligation or right with respect to Confidential Material, nor shall it prevent a disclosure to

which the Designating Party consents in writing before the disclosure takes place.

    (c)    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action. The designation of information as "Confidential," pursuant to this Order, shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, nor shall it be construed as a concession by a receiving party that such information is, in fact, a trade secret or confidential research, development, or commercial information.

    (d)    A party may seek by stipulation or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely designation through mistake or inadvertence.

13.    The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "Confidential" at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the Designating Party becomes aware of the error.

14.    This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. Upon final termination of this action and at the written request of the Designating Party, all Designated Material and all copies, extracts and summaries thereof shall be returned to the person that produced the material or, at the option of the Receiving Party, shall be destroyed. However, counsel of record may retain copies of pleadings, attorney and

consultant work product, and deposition transcripts (including deposition exhibits) for archival purposes.

      15.    The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties, by stipulation read into a court record or deposition record, or by order of this Court. This Order shall survive termination of this action.

      16.    Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own information.

IT IS SO ORDERED

Dated: _____, 2006

                                      By:_____
                                              UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |
|---|---|

**CONFIDENTIALITY UNDERTAKING**

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Massachusetts and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other additional relief as deemed appropriate by the Court.

Executed this _____ day of _____, 200\_.

_____
Signature