June 16, 2006

<u>VIA CM/ECF E-FILING</u>

Ms. Zita Lovett, Deputy Clerk
The Honorable Joseph L. Tauro
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 2300
Boston, MA 02210

   Re: *In re Organogenesis Securities Litigation*, No. 04-10027-JLT

Dear Ms. Lovett:

  I am a partner with Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss"), lead counsel for plaintiffs in the above referenced action. I respectfully request that you bring this letter to Judge Tauro's attention.

  You are likely aware that two partners at Milberg Weiss,[1] and the firm itself, were recently charged in an indictment returned by a grand jury in the Central District of California. The indictment alleges that, in certain specified cases, fees awarded to Milberg Weiss were improperly shared with three individuals who had served as plaintiffs.

  The firm categorically denies that it engaged in any misconduct whatsoever. It intends to fight the charges vigorously, and expects to be fully vindicated.

  Nevertheless, I write to advise this Court formally of the situation and to emphasize that the indictment's allegations, besides being unproven, are entirely unrelated to this proceeding. The indictment specifies the cases in which misconduct allegedly took place; this case is not among them. Moreover, the attorneys litigating this matter — which include the undersigned and my associate attorneys — have not been accused of any wrongdoing. Likewise, the

---

[1] The two partners, David Bershad and Steven Schulman, have announced they have taken voluntary leaves of absence from the firm.

Ms. Zita Lovett
June 15, 2006
Page 2


plaintiffs in this matter do not include any of the three individuals who are alleged in the indictment to have received improper compensation for serving in that role.

Some months ago, the firm took affirmative, voluntary steps to ensure that no portion of any future fee is shared with any plaintiff. These steps include a mandatory review and approval process enforced in all cases by an independent monitor, Bart Schwartz, who is a highly respected former Chief of the Criminal Division of the U.S. Attorney's Office of the Southern District of New York.

A number of courts to date have recognized that the unproven charges against the firm should have no bearing on their pending cases. As Judge E. Richard Webber of the U.S. District Court for the Eastern District of Missouri put it, "There's a presumption of innocence that rings soundly around here. I noted [the indictment of the firm]. I was not going to mention it. . . . I saw it and that's the end of it." *Schoenbaum, et al. v. E.I. Dupont de Nemours & Co., et al.*, No. 4:05-CV-1108 (E.D. Mo.) (at a hearing May 24, 2006).[2] Such sentiments are consistent with those of the U.S. Attorney herself, Debra Yang, who, in announcing the indictment on May 18, expressed her view that the firm could continue as counsel in unrelated cases: "There are a number of individuals who are at the firm who have not been complicit and who are very well respected and so I can only hope and imagine that they'll sort of step up to the forefront after today." Transcript of May 18, 2006 Press Conference of Debra Wong Yang, United States Attorney for the Central District of California.

I hope this letter addresses any concerns the Court may have. If not, I am prepared to discuss the matter or answer questions in whatever manner the Court deems appropriate.

                Respectfully,

                /s/ Peter Sloane
                Peter Sloane


cc:  All Counsel of Record via CM/ECF E-Filing

---

[2] *See also In re Zyprexa Prods. Liability Litig.*, No. 04-MDL-1596 (E.D.N.Y.) (U.S. District Judge Jack B. Weinstein) (retaining Melvyn I. Weiss as chair of the plaintiffs' committee despite the indictment, and commenting, "I know this is an imposition, but I think it is important to have some continuation of the expertise that has been acquired: in view of your eminence at the bar, I think that you, above all, are in position to help reconstitute the PSC") (June 1, 2006); *Simon, et al. v. KPMG LLP, et al.*, No. 05-CV-3189 (D.N.J. 2006) (U.S. District Judge Dennis M. Cavanaugh) (June 6, 2006) (granting final class certification and approving settlement with Milberg Weiss as class counsel, in face of challenge to firm based on indictment).