WILMERHALE

Jonathan A. Shapiro

+1 617 526 6224 (t)
+1 617 526 5000 (f)
jonathan.shapiro@wilmerhale.com

**VIA CM/ECF E-FILING**

June 19, 2006

Ms. Zita Lovett
Deputy Clerk to Hon. Joseph L. Tauro
United States District Court for the
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

Re:     In re Organogenesis Sec. Litig., No. 04-10027-JLT

Dear Ms. Lovett:

I am writing on behalf of five defendants (identified below) to respond to the June 16, 2006 letter to the Court from Plaintiffs' Lead Counsel, Peter Sloane, Esq., of Milberg Weiss Bershad & Schulman LLP.  In that letter, Mr. Sloane asked you to bring to Judge Tauro's attention the indictment of his law firm (and two of its named partners) that was unsealed on May 18, 2006.[1]

We respectfully disagree with Mr. Sloane's view that the indictment is irrelevant to this case.  As the Court is aware, plaintiffs have filed a Motion for Class Certification, which calls for an assessment of the adequacy of the putative class representatives and their counsel.  See Fed. R. Civ. P. 23(a)(4), (g).  Defendants' Opposition to that motion is due on August 14, 2006.  If it is acceptable to the Court, defendants prefer to address the Milberg Weiss indictment along with

---

[1]     One of the indicted partners (Steven Schulman) was the lead Milberg Weiss partner identified in the initial Complaint, the pending Amended Consolidated Complaint, and also in the Motion that resulted in Milberg Weiss being named the sole Lead Counsel for plaintiffs in this case.  We bring this to the Court's attention because Mr. Sloane's letter states that "the attorneys litigating this matter" are those who "have not been accused of any wrongdoing."

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore    Beijing    Berlin    Boston    Brussels    London    Munich    New York    Northern Virginia    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

Ms. Zita Lovett
June 19, 2006
Page 2

the other adequacy and class certification issues in their Opposition, rather than respond in correspondence to the Court. Of course, we are prepared to address the issue in any other manner that the Court may direct.[2]

Respectfully,

/s/ Jonathan A. Shapiro

Jonathan A. Shapiro

*Counsel for Defendants Donna Lopolito, Albert Erani, Philip Laughlin, Michael Sabolinski, and Alan Tuck*

cc: All Counsel of Record

---

[2] It bears noting that, although Mr. Sloane's letter cites a few cases where courts have allowed Milberg Weiss to remain as counsel, other courts that have confronted this difficult issue have arrived at different conclusions. *See, e.g., In re: Medtronic, Inc., Implantable Defilbrillators Prods. Liab. Litig.*, No. 05-md-01726-JMR (D. Minn. June 5, 2006) (removing Milberg Weiss, *sua sponte,* from Plaintiffs' Steering Committee, even where it did not serve as lead counsel, and ordering additional safeguards for any individuals who wish to remain represented by the firm as their personal counsel); *In re Williams Sec. Litig.*, No. 02-CV-72-SPF-FHM (N.D. Okla. June 12, 2006) (Court certified class where unindicted firm was co-lead counsel with Milberg Weiss and where defendants did not challenge adequacy; Court *sua sponte* noted that it is considering appointment of Special Master to investigate Milberg Weiss' continued role as co-lead counsel); *In re Chaparral Resources, Inc. Shareholders Litig.*, C.A. No. 2001-N (Del. Ch. May 17, 2006) (prior to indictment, Court declined to appoint Milberg Weiss sole lead counsel, stating its obvious concern with pending grand jury investigation).