# EXHIBIT A

CHAMBERS COPY DO NOT SCAN

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUNO HOFMANN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NORRARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS LLP,<br><br>Defendants. | Case No.: 1:04cv10027-JLT |
| CHRISTOPHER GERARD AHEE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP LAUGHLIN, MICHAEL SABOLINSKI, ALBERT ERANI, DONNA ABELLI LOPOLITO, JOHN J. ARCARI, HERBERT M. STEIN, ALAN ADES, BERNARD A. MARDEN, ALAN W. TUCK, NORRARTIS PHARMA AG, and PRICE WATERHOUSECOOPERS,<br><br>Defendants. | Case No.: 1:04cv10517-JLT |

**DECLARATION OF NANCY FREEMAN GANS IN SUPPORT
OF THE MOTION OF THE HOFMANN GROUP FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL
<u>AND LIAISON COUNSEL</u>**

I, Nancy Freeman Gans, under penalties of perjury, hereby declare:

1. I am a member of the firm Moulton & Gans, P.C. I make this declaration in support of the motion of the Hofmann Group for consolidation, to be appointed Lead Plaintiff and for approval of its selection of Lead Counsel and Liaison Counsel.

2. Attached hereto as Exhibit A is a true and accurate copy of the complaint filed in Hofmann v. Laughlin, et al., No. 04 CV 10027 (D. Mass. filed on Jan. 7, 2004) (Tauro, J.).

3. Attached hereto as Exhibit B is a true and accurate copy of the notice which plaintiff in Hofmann v. Laughlin, et al., No. 04 CV 10027 (D. Mass. filed on Jan. 7, 2004) (Tauro, J.) caused to be published in Investors' Business Daily on January 21, 2004.

4. Attached hereto as Exhibit C is a true and accurate copy of the certifications of Bruno Hofmann, John H. Bowie, Dick Madigan, and Richard Conen (collectively, the "Hofmann Group").

5. Attached hereto as Exhibit D is a chart analyzing the Hofmann Group's financial interest in this litigation.

6. Attached hereto as Exhibit E is the firm resume of Milberg Weiss Bershad Hynes & Lerach LLP.

7. Attached hereto as Exhibit F is the firm resume of Moulton & Gans, P.C.

Dated: March 22, 2004
Boston, Massachusetts

*Nancy Freeman Gans*
Nancy Freeman Gans

LPDECL.DOC                                    -2-

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mailing copies of same, postage prepaid, on March 22, 2004.

*Nancy Freeman Gans*
Nancy Freeman Gans

# EXHIBIT C

MAR 18 2004

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, John H. Bowie Jr, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1. I have reviewed the Organogenesis (AMEX:ORGG) complaint prepared by Milberg Weiss Bershad Hynes & Lerach LLP, whom I designate as my counsel in this action for all purposes.

2. I did not acquire Organogenesis (AMEX:ORGG) stock at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4. I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5. I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years, except: _____

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. Since November 15, 1999 I have made the following transactions in Organogenesis (AMEX:ORGG) and will provide records of those transactions upon request:

| | No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|---|
| JHB.JR. | 1000 | BUY | 7-28-00 | 12.625 |
| JHB.JR.IRA | 500 | BUY | 5-15-00 | $10.063 |
| " " | 500 | BUY | 5-17-00 | $9.563 |
| " " | 500 | BUY | 5-18-00 | $9.125 |

Please use and attach additional pages if necessary.

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this 16 day of MARCH, 2004

JOHN H. BOWIE, JR.
Print Name

_[signature]_
Signature

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Richard Concn, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1. I have reviewed the Organogenesis (AMEX:ORGG) complaint prepared by Milberg Weiss Bershad Hynes & Lerach LLP, whom I designate as my counsel in this action for all purposes.

2. I did not acquire Organogenesis (AMEX:ORGG) stock at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4. I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5. I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years, except:_____

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. Since November 15, 1999 I have made the following transactions in Organogenesis (AMEX:ORGG) and will provide records of those transactions upon request:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 4000 | Buy | 12/7/99 | 11.8125 |
| 2000 | Sale | 12/13/99 | 8.6266 |
| 2000 | Sale | 12/14/99 | 8.8750 |
| | | | |
| | | | |

Please use and attach additional pages if necessary.

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this __19__ day of __March__, 2004

__Richard S. Concn__
Print Name

__[signature]__
Signature

## CERTIFICATION OF BRUNO HOFMANN IN SUPPORT OF ORGANOGENESIS CLASS ACTION COMPLAINT

Bruno Hofmann ("Plaintiff") declares, as to the claims asserted under federal securities laws, that:

1. Plaintiff has reviewed the complaint prepared by counsel in the above captioned case, and authorizes its filing.

2. Plaintiff did not purchase the securities that are the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the proposed class period, plaintiff made the following transactions in Organogenesis securities: See attached Schedule A

5. In the past three years, plaintiff has not sought to serve as a representative party on behalf of a class action filed under federal securities law except: *none*

6. Plaintiff will not accept payment for serving as a representative party on behalf of the class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to representation of the class as ordered or approved by the court.

I declare under penalty on perjury that the foregoing is true and correct.

Executed this __5th__ day of __January__, 2004.

*/s/ Bruno Hofmann*
Bruno Hofmann

Schedule A
Bruno Hofmann Transactions in
Organogenesis CP

Purchases:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 01/14/00 | 300 | 9.5000 |
| 01/18/00 | 1,500 | 9.5000 |
| 01/25/00 | 700 | 9.5000 |
| 01/28/00 | 2,500 | 9.2500 |
| 01/31/00 | 5,000 | 8.8750 |
| 02/18/00 | 5,000 | 14.3750 |
| 02/18/00 | 5,000 | 14.7500 |
| 02/18/00 | 5,000 | 15.5000 |
| 03/03/00 | 5,000 | 13.5625 |
| 03/16/00 | 5,000 | 15.5000 |
| 04/18/00 | 5,000 | 10.7500 |

Sales:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 11/16/00 | 9,000 | 10.0000 |
| 11/16/00 | 1,000 | 10.0300 |

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Richard Madigan, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1. I have reviewed the Organogenesis (AMEX:ORGG) complaint prepared by Milberg Weiss Bershad Hynes & Lerach LLP, whom I designate as my counsel in this action for all purposes.

2. I did not acquire Organogenesis (AMEX:ORGG) stock at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4. I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5. I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years, except _____

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. Since November 15, 1999 I have made the following transactions in Organogenesis (AMEX:ORGG) and will provide records of those transactions upon request:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 1000 | " | 9-19-2000 | 9.626 |
| 1450 | " | 1-3-01 | 8.36 |
| 1250 | " | 1-3-01 | 8.44 |
| 2500 | " | 1-9-01 | 7.56 |
| 1050 | " | 6-29-01 | 7.75 |
| 500 | " | 10-18-01 | 5.76 |
| 1500 | " | 12-05-01 | 6.28 – 6.89 |
| 500 | " | 12-18-01 | 5.14 |
| 1180 | " | 11-30-01 | 5.55 |

Please use and attach additional pages if necessary.

I declare under penalty of perjury that the foregoing is true and correct

Executed this 22 day of March, 2004

Richard J. Madigan          [signature]
Print Name                  Signature

# EXHIBIT D

**ORGANOGENESIS INC.**

Class Period: 11/15/99 - 1/30/02

Hold price: $1.4742

| PLAINTIFF | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | SHARES HELD | ESTIMATED VALUE (2) | ESTIMATED LOSSES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | DATE | SHARES | SHARE COST | PURCHASE AMOUNT | DATE | SHARES | SHARE PRICE | SALES AMOUNT | | | |
| Hofmana, Bruno | 01/14/00 | 300 | 9.5000 | 2,850.00 | 11/16/00 | 9000.00 | 10.0000 | 90,000.00 | (8,700) | (12,823.54) | 74,324.46 |
| Hofmana, Bruno | 01/18/00 | 1,500 | 9.5000 | 14,250.00 | 11/16/00 | 1000.00 | 10.0000 | 10,030.00 | 500 | 737.10 | (3,182.90) |
| Hofmana, Bruno | 01/25/00 | 700 | 9.5000 | 6,650.00 | | | | | 700 | 1,031.94 | (5,618.06) |
| Hofmana, Bruno | 01/21/00 | 1,500 | 9.2500 | 23,125.00 | | | | | 2,500 | 3,685.50 | (19,439.50) |
| Hofmana, Bruno | 01/31/00 | 5,000 | 8.8750 | 44,375.00 | | | | | 5,000 | 7,371.00 | (37,004.00) |
| Hofmana, Bruno | 02/22/00 | 5,000 | 14.3750 | 71,875.00 | | | | | 5,000 | 7,371.00 | (64,504.00) |
| Hofmana, Bruno | 02/18/00 | 5,000 | 14.7500 | 73,750.00 | | | | | 5,000 | 7,371.00 | (66,379.00) |
| Hofmana, Bruno | 03/03/00 | 5,000 | 13.5625 | 67,812.50 | | | | | 5,000 | 7,371.00 | (60,441.50) |
| Hofmana, Bruno | 03/16/00 | 5,000 | 15.5000 | 77,500.00 | | | | | 5,000 | 7,371.00 | (70,129.00) |
| Hofmana, Bruno | 04/18/00 | 5,000 | 10.3500 | 51,750.00 | | | | | 5,000 | 7,371.00 | (44,379.00) |
| Hofmann, Bruno Total | | 40,000 | | 513,937.50 | | 10000.00 | | 100,030.00 | 30,000 | 44,216.00 | (369,181.50) |
| Bowie, John H. IRA | 5/15/00 | 500.00 | 10.06 | 5,031.50 | | | | | 500 | 737.10 | (4,294.40) |
| Bowie, John H. IRA | 5/17/00 | 500.00 | 9.56 | 4,781.50 | | | | | 500 | 737.10 | (4,044.40) |
| Bowie, John H. IRA | 5/18/00 | 500.00 | 9.13 | 4,562.50 | | | | | 500 | 737.10 | (3,833.40) |
| Bowie, John H. IRA Total | | 1,500.00 | | 14,375.50 | | 0.00 | | 0.00 | 1,500 | 2,211.30 | (12,164.20) |
| Bowie, John H. | 7/28/00 | 1,000.00 | 12.63 | 12,625.00 | | | | | 1,000 | 1,474.20 | (11,150.80) |
| Bowie, John H. Total | | 1,000.00 | | 12,615.00 | | 0.00 | | 0.00 | 1,000 | 1,474.20 | (11,150.80) |
| Cocco, Richard | 12/07/99 | 4000.00 | 11.8125 | 47,250.00 | 12/13/99 | 2,000.00 | 8.6266 | 17,253.20 | 2,000 | 2,948.40 | (27,048.40) |
| Cocco, Richard | | | | | 12/14/99 | 2,000.00 | 8.8750 | 17,750.00 | (2,000) | (2,948.40) | 14,801.60 |
| Cocco, Richard Total | | 4000.00 | | 47,250.00 | | 4,000.00 | | 35,003.10 | 0 | 0.00 | (12,246.80) |
| Madigan, Richard | 04/14/00 | 1000.00 | 9.6250 | 9,625.00 | | | | | 1,000 | 1,474.20 | (8,150.80) |
| Madigan, Richard | 01/03/01 | 1250.00 | 8.3600 | 10,450.00 | | | | | 1,250 | 1,842.75 | (8,607.25) |
| Madigan, Richard | 01/02/01 | 1250.00 | 8.4400 | 10,550.00 | | | | | 1,250 | 1,842.75 | (8,707.25) |
| Madigan, Richard | 01/05/01 | 2500.00 | 7.5100 | 18,775.00 | | | | | 2,500 | 3,685.50 | (15,089.10) |
| Madigan, Richard | 06/28/01 | 1050.00 | 7.7500 | 8,137.50 | | | | | 1,050 | 1,547.91 | (6,589.59) |
| Madigan, Richard | 10/10/01 | 500.00 | 5.2600 | 2,610.00 | | | | | 500 | 737.10 | (1,892.90) |
| Madigan, Richard | 10/10/01 | 500.00 | 5.1400 | 2,570.00 | | | | | 500 | 737.10 | (1,832.90) |
| Madigan, Richard | 11/20/01 | 1180.00 | 5.3800 | 6,349.00 | | | | | 1,180 | 1,739.56 | (4,609.44) |
| Madigan, Richard | 12/20/01 | 1300.00 | 5.3400 | 6,942.00 | | | | | 1,300 | 1,916.46 | (5,025.14) |
| Madigan, Richard Total | | 10530.00 | | 76,228.50 | | 0.00 | | 0.00 | 10,530 | 15,523.13 | (60,705.17) |
| Grand Total | | 57000.00 | | 663,916.50 | | 14,000.00 | | 135,033.20 | 43,030 | 63,434.83 | (465,418.47) |