# EXHIBIT D

```
                        JUN26SONUS-FN.txt
                                                                    1
 1                    UNITED STATES DISTRICT COURT
 2                     DISTRICT OF MASSACHUSETTS
 3                       No. 1:02-cv-11315-MLW
 4
 5
 6
       ******************************************
 7
       IN RE SONUS NETWORKS SECURITIES LITIGATION
 8
       ******************************************
 9
10
11
12                     For Hearing Before:
                       Honorable Mark L. Wolf
13
14
                       Motion for Sanctions
15
16
                    United States District Court
17                    District of Massachusetts (Boston.)
                    One Courthouse Way
18                  Boston, Massachusetts 02210
                    Monday, June 26, 2006
19
20
                              ********
21
22
            REPORTER: RICHARD H. ROMANOW, RPR
23                  Official Court Reporter
                  United States District Court
24     One Courthouse Way, Room 5200, Boston, MA 02210
                         (617) 737-0370
25

                                                                    2
 1               A P P E A R A N C E S
 2

 3   STANLEY BERNSTEIN, ESQ.
     ROBERT J. BERG, ESQ.
 4   MICHAEL S. BIGIN, ESQ.
        Bernstein Liebhard & Lipshitz, LLP
                                    Page 1
```

JUN26SONUS-FN.txt

```
 5        10 East 40th Street
          New York, NY 10016
 6        (212) 779-1414
          For Plaintiffs
 7

 8    JOHN D. HANIFY, ESQ.
      DAVID C. KRAVITZ, ESQ.
 9    CHRISTOPHER M. MORRISON, ESQ.
          Hanify & King, P.C.
10        One Beacon Street
          Boston, Massachusetts 02108
11        (617) 226-3450
          Email: Jdh@hanify.com
12        For Bernstein Liebhard & Lipshitz, LLP

13
      JEFFREY B. RUDMAN, ESQ.
14    DANIEL W. HALSTON, ESQ.
          Wilmer Cutler Pickering Hale & Dorr, LLP
15        60 State Street
          Boston, MA 02109
16        (617) 526-6912
          Email: Jeffreyrudman@wilmerhale.com
17        For Defendant Sonus Networks, Inc.
      and
18     MICHAEL S. HINES, ESQ.
       MATTHEW J. MATULE, ESQ.
19        Skadden, Arps, Slate, Meagher & Flom, LLP
          One Beacon Street
20        Boston, MA 02108-3194
          (617) 573-4800
21        Email: Mhines@skadden.com
          For Defendant Stephen J. Nill
22

23

24

25
```

                                                                    3

```
 1              P R O C E E D I N G S

 2              (Begins 10:30 a.m.)

 3              THE CLERK:  Civil Action 02-11315, In Re Sonus

 4    Networks Securities Litigation.  The Court is in

 5    session.  You may be seated.

 6              THE COURT:  Good morning.  Would counsel

 7    please identify themselves for the record.

 8              MR. HANIFY:  Good morning, your Honor.  John

 9    Hanify for the Bernstein firm and with me is David
```

JUN26SONUS-FN.txt

8   not gone. The very thing that you were worried about,
9   our having to go through this all over again, it's back.
10          THE COURT: Where?
11          MR. RUDMAN: In front of you.
12          THE COURT: What?
13          MR. RUDMAN: Yes, sir. Yes, sir. It's called
14  Sircy, among others.
15          (Discussion off the record.)
16          THE COURT: Okay. Go ahead. It's news to
17  me. There's an imperfection in our communications
18  system. Go ahead.
19          MR. RUDMAN: But the point, if I may, your
20  Honor, is that everything you warned about in these
21  transcripts, which I can direct your attention to, has
22  come to pass. We went through this drill entirely
23  gratuitously and the real problem with the
24  gratuitousness is not with Milberg. Here's what
25  happened.

                                                        35

1       They did a lousy job on that certification. All
2   right? And I pointed out at the time that Bernstein did
3   a --
4           THE COURT: Well, they didn't do a lousy job,
5   they did worse than a lousy job, and the experts don't
6   seem to appreciate this. They had Roberts sign an
7   affidavit saying the attached schedule is accurate when
8   there was no schedule attached.
9           MR. RUDMAN: That's absolutely right.
10          THE COURT: That's not lousy, that's worse
11  than lousy. They aided and abetted perjury, probably.
12          MR. RUDMAN: Fair enough. What they did was

JUN26SONUS-FN.txt

13  they turned it over to paralegals who didn't know any
14  better.
15              THE COURT: No, they employed paralegals and
16  the attorneys are responsible for these things.
17  Paralegals are not permitted to practice law. I mean,
18  part of the problem I have with not imposing sanctions,
19  if that's where this comes out, is I probably won't take
20  the time to write out a long decision about the dismal
21  conduct, although it is in my published decision denying
22  a motion to intervene and decertifying the class. But,
23  you know, if Mr. Bernstein or Mr. Berg or Mr. -- or if
24  it was you, you know, rely on paralegals and end up with
25  people making materially-false statements, knowingly-

36

1   false statements in affidavits, then you're
2   responsible. But you didn't bring Milberg here, we just
3   got Bernstein. Go ahead.
4              MR. RUDMAN: No, we didn't. And if I may,
5   your Honor? That's because one doesn't bring sanctions
6   motions very often and one doesn't do it casually. We
7   forgave the Bernstein firm when we thought they should
8   be forgiven, which is on this interplay between February
9   the 4th and March the 3rd.
10             THE COURT: Since we have all these quotes
11  here today -- and, of course, you're much more literate
12  than me, I'm reminded of Willy Nelson who sang,
13  "Forgiving you is easy, but forgetting seems to take the
14  longest time." Go ahead.
15             MR. RUDMAN: Well, may I answer with the words
16  of another songwriter?
17             THE COURT: Sure.