UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORGANOGENESIS<br>SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |

## **UNOPPOSED MOTION FOR EXTENSION OF BRIEFING SCHEDULES**

For the reasons set forth below, Plaintiffs hereby move, and Defendants do not oppose Plaintiffs' motion, to extend the briefing schedules on Plaintiffs' Motion for Class Certification, dated May 15, 2006 by one month and Defendants' Motion to Strike Lead Plaintiffs' Sworn Certifications And Preclude Reliance On Their Stock Transactions ("Motion to Strike") by seven days.

The requested extension would not affect the April 25, 2006 cut-off date for all discovery and the filing of any dispositive motions that was previously set by the Court. The parties intend to continue to proceed with merits discovery simultaneously with discovery and briefing on the Motion for Class Certification and Motion to Strike.

Currently, the briefing schedules on the motions are as follows:

Motion for Class Certification

Defendants' Response Due:  August 14, 2006
Plaintiffs' Reply Due:  September 14, 2006.

Motion to Strike

Plaintiffs' Response Due:  July 24, 2006

We hereby request that the briefing schedules be modified as follows:

Motion for Class Certification

Defendants' Response Would Be Due:  September 15, 2006
Plaintiffs' Reply Would Be Due:  October 16, 2006.

Motion to Strike

Plaintiffs' Response Would Be Due: July 31, 2006

We request the extension for the purpose of obtaining certain additional trading data to correct inadvertent errors in Messrs. Madigan and Bowie's lead plaintiff certifications and to resolve by agreement issues related to the outstanding motions and the lead plaintiffs.

The background to this request is as follows: By letter, dated June 29, 2006, Plaintiffs alerted the Court to the possibility that the lead plaintiff certifications submitted by two of the four lead plaintiffs in this action — John H. Bowie, Jr. and Richard J. Madigan, Sr. — contained certain inadvertent errors concerning the listing of their transactions in Organogenesis stock. Although it was, and is, our understanding that any errors on the part of the Messrs. Bowie and Madigan were wholly inadvertent, Plaintiffs' counsel and Messrs. Bowie and Madigan took the matter of possible errors extremely seriously and have been working diligently to correct the errors so that corrected certifications may be submitted to the Court.

As part of that process, Plaintiffs' counsel asked a representative of AG Edwards & Sons ("AG Edwards") — one of Messrs. Bowie and Madigan's stock brokers — to provide on an expedited basis, *inter alia*, all trade confirmations reflecting all of Messrs. Bowie and Madigan's Organogenesis stock transactions through AG Edwards since the beginning of the proposed Class Period (November 15, 1999). Plaintiffs also provided to Defendants the name and contact information of the AG Edwards representative to whom the request was made so that Defendants could subpoena records from AG Edwards or the representative if they wished.

After reviewing the documents that we received on July 17, 2006 from the AG Edwards representative in response to our requests for records, as well as documents produced by AG Edwards in response to a subpoena issued by Defendant John Arcari, Plaintiffs' counsel has confirmed that Messrs. Bowie and Madigan's lead plaintiff certifications did in fact inadvertently omit a number of their Organogenesis stock transactions that were called for by the lead plaintiff certifications that they signed.

Despite repeated requests to the AG Edwards representative, and despite AG Edwards' production of certain trading records on July 17, 2006, Plaintiffs' counsel has still not received from AG Edwards a complete set of trade confirmations. Plaintiffs respectfully request that the briefing schedule on the Motion for Class Certification and the Motion to Strike be extended as set forth above to provide time for Plaintiffs to attempt to receive the missing trading documentation, determine the extent of the errors and correct them. If promptly provided by AG Edwards,[1] the information gathered will inform Plaintiffs' response to Defendants' Motion to Strike, and enable Plaintiffs to provide Defendants with all documentation before the deadline for their response to Plaintiffs' Motion for Class Certification. The requested extensions are also sought in order to provide all parties time to continue to attempt to resolve by agreement certain issues related to the outstanding motions and the lead plaintiffs.

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the parties' agreed-upon extended briefing schedules.

Dated:          July 21, 2006

---

[1] Because the missing trading records are in the possession of AG Edwards, Plaintiffs cannot provide any assurance as to when, or even if, all the requested documentation will be provided to Plaintiffs.

Respectfully Submitted,

Plaintiffs,

By their attorneys,


   /s/ Nancy Freeman Gans
Nancy Freeman Gans (BBO #184540)
MOULTON & GANS, P.C.
55 Cleveland Road
Wellesley, MA  02481
(781) 236-2246

*Local and Liaison Counsel for Plaintiffs and the Class*

Sanford P. Dumain
Ariana J. Tadler
Peter Sloane
MILBER, WEISS, BERSHAD
  & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300

*Lead Counsel for Plaintiffs and the Class*


## LOCAL RULE 7.1 CERTIFICATE

     Pursuant to Local Rule 7.1, I, Nancy Freeman Gans, counsel for Plaintiffs, state that one of the counsel for Plaintiffs, Ariana J. Tadler, conferred with Jonathan A. Shapiro on July 19, 2006 in a telephone conference concerning this motion and received a letter from Mr. Shapiro, dated July 19, 2006, in which Mr. Shapiro stated that Defendants do not oppose this motion.

                                       /s/ Nancy Freeman Gans
                                         Nancy Freeman Gans

## CERTIFICATE OF SERVICE

    I, Nancy Freeman Gans, hereby certify that counsel for all parties of record have been served this day via ECF.

                                         /s/ Nancy Freeman Gans
                                         Nancy Freeman Gans