UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |
|---|---|

### JOINT [PROPOSED] PROTECTIVE ORDER

For good cause shown, the Court hereby orders, pursuant to Fed. R. Civ. P. 26(c), as follows:

This Protective Order (the "Order") governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced, obtained or filed during the course of discovery proceedings in the above-captioned action. Third parties to these proceedings may avail themselves of this Order.

1. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the information or items that the designating party in good faith believes meets the definition of confidential under this order and requires confidential treatment.

2. The term "Designating Party" as used herein shall mean the person who produces the Material subject to protection under this Order, and any non-party who, incident to discovery in this action, produces such information.

3. The Designating Party shall have the right to designate any Material as "Confidential" to the extent that it believes in good faith that such Material constitutes, contains or would disclose (A) trade secrets or other confidential commercial information (i) which is not publicly available, (ii) the disclosure of which is likely to adversely affect a Designating Party's competitive position, business operations, or economic interests,

1

and (iii) in which the Designating Party holds a proprietary interest, or (B) highly sensitive personal information, including, for example, personal financial or investment data, employment or severance agreements (or documents directly related thereto), or medical information ("Confidential Material"). In addition, in the event that the Designating Party is producing documents or information that the Designating Party in good faith believes may be proprietary to another person or entity (the "Owner") and accordingly designates such documents or information as Confidential Material, the Designating Party may, but need not, inform the Owner, within 30 days of the production of the Confidential Material or the entry of this Order, whichever is later, of the designation. Thereafter, the Owner shall have 30 days from notification to designate the produced documents or information as Confidential Material, provided that the material meets the definition of Confidential Material in this Order. If no such designation is made, then the material will no longer be deemed Confidential Material.

4. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on each page of such documents prior to production.

(b) In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10) business days after the receipt of the transcript of the deposition. If the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential material and the Confidential Material, and the reporter shall place the appropriate legend on the cover of each separately bound portion of the transcript. (The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.)

Any documents produced or testimony given in this action before entry of this Order will be deemed designated "Confidential Material" if those documents or transcripts were marked or produced pursuant to the legend "Confidential," "Attorneys' Eyes Only," or other similar designation indicating the Designating Party's intention to seek confidential treatment for those documents or transcripts.

5. A party filing any portions of briefs, pleadings or other filings with the Court that contain or refer to Confidential Material shall attempt, as set forth below, to have the Confidential Material filed under seal. The Confidential Material shall be presented for filing in a separate, sealed envelope with a cover page of the pleading on the outside of the envelope along with the following notation: "Confidential Material Subject to Protective Order."

6. If any party objects to the designation of any Material as Confidential Material, such party shall state the nature of the objections in a letter to counsel for the Designating Party within sixty (60) days from the date which the designation is first made. The Parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within thirty (30) days from when they are first made, the parties shall cooperate in jointly submitting the dispute to the Court. The Party asserting the designation has the burden of production and persuasion in defending the designation. Until an objection has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Confidential Material and subject to this Order.

7. All material obtained by the Receiving Party from the Designating Party through discovery in this action shall be used by the Receiving Party only in this action (including any appeals), and not for any other purpose whatsoever, except that a Receiving Party may use and submit Confidential Material to the

3

court in any action in this or another district to enforce third-party discovery related to this case. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except:

    Counsel of record in this action, and attorneys, paralegals and other support staff employed by such counsel who are assisting in the conduct of this action;

    The parties in this action;

    Witnesses (and their counsel) at any deposition or trial in this action or in preparation of such deposition or trial;

    The Court, court personnel and the jury in this action;

    Court reporters employed in connection with this action;

    Experts or consultants (and employees of such experts or consultants) retained or consulted by the parties, whether or not such experts or consultants are designated as testifying experts or in fact testify in this action; and

    Any person whom counsel for all Parties agrees should have access to such materials and who agrees to be bound by the terms of this Order by signing the acknowledgement attached hereto as Exhibit A.

8.    Each person identified in the last two paragraphs of Paragraph 7 above, prior to being given access to Confidential Material pursuant to Paragraph 7, shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of the Order (by use of the Confidential Material for purposes other than conducting this action) may constitute contempt of a court order. Each such person must expressly acknowledge in writing that he or she is familiar with the terms of the Order and agrees to be bound by its terms prior to being granted access to the Confidential Material by signing the acknowledgement attached hereto as

Exhibit A.

9. Nothing in this Order shall affect the right of a Party to freely disclose publicly any documents or information independently obtained by that Party, regardless of whether any identical or similar document or information has been produced by any other Party.

10. In the event that any person not named in Paragraph 7 requests the disclosure of Confidential Material of the Designating Party through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give notice in writing to counsel for the Designating Party, such notice to be delivered by fax or e-mail at least fourteen (14) days prior to the proposed disclosure; if the request is received less than fourteen (14) days prior to the proposed disclosure, notice shall be given immediately. It shall be the obligation of the Designating Party to obtain a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party moves for such an order and so notifies the Receiving Party, the Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion is resolved. Unless the Designating Party moves for a protective order, the person receiving such subpoena or other process is not prohibited from timely complying with such subpoena or other process as required under the Federal Rules of Civil Procedure.

11. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

12. Inadvertent disclosure of materials subject to the attorney client privilege, work product doctrine, or other protection from disclosure shall not constitute a waiver of, or an estoppel as to such privilege or protection and all

5

such inadvertent materials shall be returned upon request and not thereafter used for any purpose. If the parties are not able to resolve an issue regarding inadvertent production, the Party seeking the privilege shall bear the burden of presenting such issue to the Court, and of proving the existence and applicability of the privilege. Pending the Court's decision on such dispute, the inadvertently produced materials shall not be used for any purpose. All copies of documents found by the Court to be privileged or protected from disclosure shall be destroyed by the Receiving Party forthwith and any information contained therein (that is not otherwise available to the Receiving Party) shall not subsequently be used for any purpose. Nothing in this section shall preclude a party from challenging the propriety of the claim of privilege in accordance with the Rules of Civil Procedure.

13. No Prejudice.

Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

This Order shall not prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

The designation of information as "Confidential," pursuant to this Order, shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, nor shall it be construed as a concession by a Receiving Party that such information is, in fact, entitled to protection under this Order or warrants any protection from disclosure.

14. Except as provided below, the inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "Confidential" at the time of

production or disclosure shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation shall be corrected within 30 days after the Designating Party becomes aware of the error or protection under this Order for such documents or information shall be waived.

15. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals, provided, however, that nothing herein shall limit the public use or admissibility of Confidential Material at trial. The trial of this case shall be public in all respects, and Confidential Material that is admitted in evidence or marked for identification at trial will no longer be deemed Confidential unless the Court approves a new confidentiality designation at the time of trial. Upon final termination of this action and at the written request of the Designating Party, all Designated Material and all copies, extracts and summaries thereof shall be returned to the person that produced the material or, at the option of the Receiving Party, shall be destroyed. However, counsel of record may retain copies of pleadings, attorney and consultant work product, and deposition transcripts (including deposition exhibits) for archival purposes.

16. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties, by stipulation read into a court record or deposition record, or by order of this Court. This Order shall survive termination of this action.

17. If, after designating certain documents or information as Confidential Material, pursuant to this Order, a Designating Party makes a disclosure that is not consistent with that designation and this Order, that disclosure shall operate as an automatic waiver of the protections of this Order as

7

to such documents or information, and the Receiving Party thereafter shall not be bound by the terms of this Order as to such Confidential Material.

IT IS SO ORDERED

Dated: 7/26/, 2006

By: _____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |

## CONFIDENTIALITY UNDERTAKING

       I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Massachusetts and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Order. I understand that any violation of the terms of the Order may be punishable as the Court deems appropriate under the circumstances.

       Executed this _____ day of _____, 200\_.

       _____
       Signature