## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORGANOGENESIS SECURITIES LITIGATION ) ) ) ) ) ) ) ) | **MASTER FILE NO. 04-10027 JLT** |

### DECLARATION OF PETER SLOANE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE LEAD PLAINTIFFS' SWORN CERTIFICATIONS AND PRECLUDE RELIANCE ON THEIR STOCK TRANSACTIONS

I, PETER SLOANE, hereby declare as follows:

1.      I am a member of Milberg Weiss Bershad & Schulman LLP, Lead Counsel for Plaintiffs and the proposed class in this action.  I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Strike Lead Plaintiffs' Sworn Certifications and Preclude Reliance on Their Stock Transactions.

2.      Attached hereto as Exhibit A is a copy of Plaintiffs' Counsel's Letter to the Court, dated June 29, 2006.

3.      Attached hereto as Exhibit B is a copy of an email, dated July 20, 2006, from Plaintiffs' Counsel to Defendants' Counsel.

4.      Attached hereto as Exhibit C is a copy of a letter, dated July 14, 2006, from Plaintiffs' Counsel to Defendants' Counsel.

5.      Attached hereto as Exhibit D is a copy of a letter, dated March 17, "2004" [should be 2006], from Plaintiffs' Counsel to Defendants' Counsel.

6.      Attached hereto as Exhibit E is a copy of a letter, dated June 30, 2006, from Plaintiffs' Counsel to Defendants' Counsel.

7.      Attached hereto as Exhibit F is a copy of a letter, dated July 14, 2006, from Defendants' Counsel to Plaintiffs' Counsel.

8.      Attached hereto as Exhibit G is a copy of the transcript of the conference held by the Court on April 25, 2006.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 31st day of July, 2006.

_____

Peter Sloane

# Exhibit A



MILBERG WEISS

June 29, 2006

<u>VIA CM/ECF E-FILING</u>

Ms. Zita Lovett, Deputy Clerk
The Honorable Joseph L. Tauro
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 2300
Boston, MA 02210

       Re:    <u>In re Organogenesis Securities Litigation, No. 04-10027-JLT</u>

Dear Ms. Lovett:

       I am a partner with Milberg Weiss Bershad & Schulman LLP, lead counsel for Plaintiffs in the above referenced action. I respectfully request that you bring this letter to Judge Tauro's attention.

       I write to inform the Court that we recently discovered that there may exist certain inadvertent errors in the lead plaintiff certifications of two of the four Lead Plaintiffs in this action — Richard J. Madigan, Sr. and John H. Bowie, Jr. — concerning the listing of their transactions in Organogenesis' stock. We are diligently looking into this issue and, in addition to reviewing the records that are in the Lead Plaintiffs' possession, have requested that their broker provide us on an expedited basis documents concerning their Organogenesis transactions so that we can ensure that if any correction needs to be made it is complete and accurate. After all of the requested documents are provided to us by the broker, and we have carefully reviewed them, we intend to apprise the Court and Defendants of any errors, and to file with the Court, on behalf of Messrs. Madigan and Bowie, amended certifications to correct any errors. In addition to producing to Defendants on June 30, 2006 all relevant documents (including trading records) in the Lead Plaintiffs' possession in accordance with the Court's Discovery order, we intend to produce to Defendants all trading records that we receive from the broker in response to our requests, some of which are expected after June 30, 2006.

       With respect to Lead Plaintiff Dr. Richard S. Conen, after carefully considering the impact of *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), we intend to move for the withdrawal of Dr. Conen as Lead Plaintiff and as proposed class representative.

---

**Milberg Weiss Bershad & Schulman LLP**

One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com

NEW YORK · BOCA RATON · WILMINGTON · WASHINGTON, D.C. · LOS ANGELES



Ms. Zita Lovett
June 29, 2006
Page 2


We conveyed yesterday the above information to Jonathan A. Shapiro, Esq. — counsel for Defendants Albert Erani, Donna Abelli Lopolito, Philip Laughlin, Michael Sabolinski, Bernard A. Marden and Alan W. Tuck — and he has indicated that he will convey it to counsel for the other defendants, Messrs. Arcari and Stein.

Respectfully,

Peter Sloane

cc:    All Counsel of Record via CM/ECF E-Filing and Email PDF

Milberg Weiss Bershad & Schulman LLP

# Exhibit B

**From:** Sloane, Peter
**Sent:** Thursday, July 20, 2006 8:22 PM
**To:** 'Friday, Kim'; Saparoff, Peter; sjs@gtmllp.com; Shapiro, Jonathan; Kolovos, Peter; Haus, Sherry
**Cc:** Twomey, Melisa; Gans, Nancy
**Subject:** Supplemental Document Production

Dear Counsel:

Attached please find document Bates-stamped LP 840-1040.  Documents Bates-stamped LP 840-1026 are copies of the documents we received on July 17, 2006 from Ralph Labriola of AG Edwards & Sons in response to our request for trade confirmations for all Organogenesis transactions in Messrs. Bowie and Madigan's accounts.  Documents Bates-stamped LP 1027-1040 are copies of the documents we received today from Charles Schwab & Co., Inc. relating to Mr. Madigan's Charles Schwab account, which show no trades in Organogenesis stock in that account for the years 2003 and 2004.  (We previously produced similar documentation showing all Organogenesis trading activity, or the lack thereof, in that account for the years 1999 through 2002.)

Our preliminary review of the documents indicates that AG Edwards has still not provided all the documentation we requested. We are following up with Mr. Labriola to receive the requested additional documentation.  If and when we receive any additional relevant documentation, we intend to promptly produce it to Defendants.

Like Plaintiffs' previous document productions, the only information that has been redacted is information concerning trading activity and financial data that does not relate to Organogenesis and our clients' sensitive personal information (such as Social Security numbers and contact information).  No documents have been withheld as privileged.  We are producing these documents subject to your continuing agreement to provide "Attorneys' Eyes Only" treatment to the documents that we have stamped "Confidential" and to our right to the return of any privileged documents that are inadvertently produced.

Peter

Peter Sloane
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza, 48th Floor
New York, NY 10119
Tel: 646-733-5757
Fax: 212-868-1229
psloane@milbergweiss.com

# Exhibit C



MILBERG WEISS

Peter Sloane
Direct Dial: 646-733-5757
psloane@milbergweiss.com

July 14, 2006

<u>VIA FEDEX OVERNIGHT DELIVERY</u>

Mr. Jonathan A. Shapiro, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Ms. Sara Jane Shanahan, Esq.
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110

Mr. Peter M. Saparoff, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, P.C.
One Financial Center
Boston, MA 02111

      Re:    <u>Organogenesis Securities Litigation</u>

Dear Counsel:

As Jonathan requested on our July 7, 2006 call, I am enclosing copies of the trading records we recently produced for each of the Lead Plaintiffs in unredacted form as to their account numbers. For your convenience, we note that the following Bates ranges relate to the following Lead Plaintiffs: LP 591-594: Richard Conen; LP 595-731: Richard Madigan; LP 732-752: John Bowie; and LP 753-839: Bruno Hofmann.

We are producing these documents subject to your continuing agreement to provide "Attorneys' Eyes Only" treatment to the documents that we have stamped "Confidential" and to our right to the return of any privileged documents that are inadvertently produced.

Sincerely,

Peter Sloane

Enclosure

cc:    Nancy F. Gans, Esq.
       Sanford P. Dumain, Esq.
    Milberg Weiss Bershad & Schulman LLP
    One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com

NEW YORK · BOCA RATON · WILMINGTON · WASHINGTON, D.C. · LOS ANGELES

# Exhibit D



MILBERG WEISS

Peter Sloane
Direct Dial: 646-733-5757
psloane@milbergweiss.com

March 17, 2004

<u>VIA EMAIL AND FEDEX</u>

Peter M. Saparoff, Esq.
Breton T. Leone-Quick, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA  02111

Sara Jane Shanahan
Griesinger, Tighe & Maffie, LLP
176 Federal Street
Boston, MA  02110

Jeffrey B. Rudman, Esq.
Jonathan A. Shapiro, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
60 State Street
Boston, MA  02109

Re:    <u>In re Organogenesis Sec. Litig., Master File No. 04-10027-JLT (D. Mass.)</u>

Dear Counsel:

Enclosed please find Lead Plaintiffs' Initial Disclosure Statement.  Also enclosed in a separate sealed envelope is Lead Plaintiffs' accompanying production of documents bates numbered LP 000001 — 000223.

Because some of the documents are confidential, and thus are stamped "CONFIDENTIAL," we request that Defendants' counsel give these documents "Attorneys' Eyes Only" confidentiality treatment and do not share them or the information contained within them with anyone outside their respective law firms until such time as an appropriate protective order, if any, is entered by the Court.  Plaintiffs are also producing these documents subject to their right to the return of any privileged documents that have been inadvertently produced and their right to supplement or change the confidentiality designation of any document.  If Defendants' counsel do not agree with the above, please return the documents to me in the original sealed envelope.

Sincerely,

Peter Sloane

Encl.
cc:    Nancy Freeman Gans, Esq.

**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com

NEW YORK    ·    BOCA RATON    ·    WILMINGTON    ·    WASHINGTON, D.C.    ·    LOS ANGELES



# Exhibit E



MILBERG WEISS

Peter Sloane
Direct Dial: 646-733-5757
psloane@milbergweiss.com

June 30, 2006

<u>VIA FEDEX OVERNIGHT DELIVERY</u>

Mr. Jonathan A. Shapiro, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Ms. Sara Jane Shanahan, Esq.
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110

Mr. Peter M. Saparoff, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, P.C.
One Financial Center
Boston, MA 02111

Re:    <u>Organogenesis Securities Litigation</u>

Dear Counsel:

In accordance with the Court's Discovery Order, enclosed please find (1) Plaintiffs' additional document production under Local Rule 26.2(A), (2) sworn statements by Messrs. Hofmann, Bowie and Madigan under Local Rule 26.1(B), and (3) a list of persons Plaintiffs foresee wishing to depose based on discovery to date. Plaintiffs' document production includes all documents in their possession, custody and control that are relevant to disputed facts alleged with particularity in the pleadings. We are producing these documents subject to your continuing agreement to provide "Attorneys' Eyes Only" treatment to the documents that we have stamped "Confidential" and to our right to the return of any privileged documents that are inadvertently produced.

As Jonathan requested, for your convenience we note that the following Bates ranges relate to the following individuals: LP 224-229: Richard Conen; LP 230-381: Richard Madigan; LP 382-406: John Bowie; LP 407-546: Bruno Hofmann; LP 547-590: Bradley Cook. Bradley Cook is listed as an individual with discoverable information in Plaintiffs' initial disclosure statement and the Lead Plaintiffs' sworn statements.

Note that we have not provided a sworn statement from Dr. Conen given that, as we mentioned to Jonathan on June 28 and informed the Court in our June 29, 2006 letter, we intend

Milberg Weiss Bershad & Schulman LLP

One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com

NEW YORK · BOCA RATON · WILMINGTON · WASHINGTON, D.C. · LOS ANGELES

Mr. Jonathan A. Shapiro, Esq.
Ms. Sara Jane Shanahan, Esq.
Mr. Peter M. Saparoff, Esq.
June 30, 2006
Page 2

to move for his withdrawal as a Lead Plaintiff and proposed class representative. In the interest of greater disclosure, however, we have included his trading records in the enclosed document production.

We do not understand your *conditional* assent to the motion to withdraw Dr. Conen. It is not, and never was, Plaintiffs' "understanding" that Defendants would be entitled to decide at some later date whether to depose Dr. Conen in the event the Court grants his withdrawal motion. The idea that you wish to depose an individual who is no longer a lead plaintiff or proposed class representative makes no sense to us, and is inconsistent with your assertion that Defendants are on such a tight class discovery schedule and that you do not have time to make a one-hour trip to New York to depose Mr. Hofmann. We refuse your condition. If that refusal means that you do not assent to the motion to withdraw, we must assume that you do not oppose Dr. Conen's motion to be appointed class representative. If that is the case, we will gladly proceed with Dr. Conen as a Lead Plaintiff and class representative. Please let us know no later than July 7.

Plaintiffs provided in their initial disclosure statement, as supplemented by their enclosed sworn statements, the list of individuals called for under paragraph "(A)" of the Discovery Order. Plaintiffs' enclosed document production includes all documents called for under paragraph "(B)" of the Discovery Order. Although records maintained by third parties, such as Plaintiffs' brokers or financial consultants, are not within the possession, custody or control of the Lead Plaintiffs, in the interest of assisting Defendants in seeking all documents that may be relevant to Plaintiffs' trading in Organogenesis securities, we are providing the names and contact information of the remaining Lead Plaintiffs' brokers, in the event Defendants wish to contact or subpoena them:

John Bowie and Richard Madigan

Ralph LaBriola
AG Edwards & Sons, Inc.
Tel.: 508-830-6900
Fax: 508-830-6791

Bruno Hofmann

John E. Colley
Colley Asset Management, Inc.
Tel.: 518-581-0500
Fax: 518-581-0525

Milberg Weiss Bershad & Schulman LLP

Mr. Jonathan A. Shapiro, Esq.
Ms. Sara Jane Shanahan, Esq.
Mr. Peter M. Saparoff, Esq.
June 30, 2006
Page 3

In addition, as we mentioned to Jonathan during our call on June 28, 2006, we have requested all trade confirmations relating to all transactions in Organogenesis stock by Messrs. Bowie and Madigan from Mr. LaBriola and by Bruno Hofmann from Mr. Colley. To the extent we have received records in response to those requests from the brokers, we have included them in the enclosed production. With respect to Messrs. Madigan and Bowie, we are still awaiting Mr. LaBriola's provision of additional trading records, which we have repeatedly requested he provide on an expedited basis. If and when we receive those documents from Mr. LaBriola, we will produce them to Defendants. We do not agree that the Discovery Order calls for us to request from a third party broker every piece of paper that recites the name of a Lead Plaintiff, regardless of whether it bears any relation to Organogenesis. A request of that kind would be overbroad and unduly burdensome as to the broker, and would result in the provision of possibly thousands of pages of documents that have absolutely no relevance to the Lead Plaintiffs' trades in the Company's stock.

Jonathan, your use of the word "dishonest" to refer to my characterization of your filing the deposition notices without consulting us first is outrageous. Not only is your statement flatly incorrect, but I resent your accusation and the escalation of rhetoric. Apparently, you believe that issuing a demand to plaintiffs and consulting with them are the same thing; they are not. If a simple disagreement leads you to such hyperbole, this is going to be a long and difficult litigation. I'd prefer that, rather than accusing each other of dishonesty whenever disagreements occur (as they are bound to in the discovery process), we maintain the civil and respectful attitude towards one another that I believe has characterized our interaction so far in this action.

Even before you stated in your letter that you were not available on the dates we proposed for the depositions of Messrs. Madigan and Bowie, we provided you an alternative date for the deposition of Mr. Madigan — August 1 — in addition to the one we previously provided. You have not indicated whether that date is acceptable. As for Mr. Bowie, I will check his and our availability during the week of July 24 and get back to you. It is common practice in securities litigation to depose the lead plaintiffs where they are located. Plaintiffs filed their case in Boston because the District of Massachusetts is where the Company is located. The Complaint alleges that Defendants defrauded investors on a nationwide exchange. Mr. Hofmann should not be needlessly inconvenienced because he was a victim of that fraud in New York rather than Boston. However, I will check with Mr. Hofmann to see if he can make himself available in Boston without undue burden, and if he is available to do so on July 21 beginning in the afternoon or on Saturday, July 22. If Mr. Hofmann is available, Plaintiffs' counsel do not have any objection to proceeding on a Saturday.

You are entitled to reserve your right to file "whatever motion is appropriate" with respect to the lead plaintiff certifications, but we fail to see how Defendants believe they have been, or will be, prejudiced by what (assuming errors are confirmed) was an honest mistake by the Lead Plaintiffs. Further, there has been absolutely no "delay in bringing this issue to light."

Milberg Weiss Bershad & Schulman LLP

Mr. Jonathan A. Shapiro, Esq.
Ms. Sara Jane Shanahan, Esq.
Mr. Peter M. Saparoff, Esq.
June 30, 2006
Page 4

As we informed you and the Court, we discovered the possibility of these errors only recently. In the interest of the earliest possible disclosure, we informed you and the Court of the possibility of error before we even concluded our examination of the matter and confirmed definitively that there are in fact errors.

We understand Defendants' position to be that the existence of any work product concerning witness interviews must be confirmed or denied, and that any such work product must be produced. We disagree with your position. However, we assume that Defendants believe their position applies to all parties, not only Plaintiffs. Therefore, we expect Defendants to confirm or deny the existence of any work product concerning any witness interviews they have conducted in connection with this case and to state no later than July 7 their intention to produce any such work product forthwith.

Without further debating the issue in writing, we urge you to reconsider your refusal to respond to Plaintiffs' document requests. I hope that we can resolve this issue orally during Plaintiffs' proposed meet and confer on July 7, but if we cannot, we intend to file a motion to compel.

We do not understand your response to the motion for leave to serve third party subpoenas. All of the proposed subpoena subjects are related to the Confidential Arcari Document. We aggregated them into one motion for leave in order to save the parties and the Court the time and effort of having to confer under Rule 7.1 and submit and decide multiple motions based on the same document. The shrill tone of your response is particularly unwarranted given that, as a courtesy, we toned down the language of the motion in response to your assertion that you were vehemently offended by our last motion for leave because it quoted from the complaint and the Confidential Arcari Document, and did so in bold and italics. Also as a courtesy, we offered to allow you to review a draft of our motion before filing, even though we were not required to do so under Local Rule 7.1. Regrettably, our courtesies have not been reciprocated. Note that we reserve the right to revise the language and content of, and attachments to, the motion for leave as we see fit. We expect you to respond to our Local Rules 7.1 and 37.1 inquiry no later than July 7, 2006, otherwise we will file the motion for leave.

We request that Defendants produce to Plaintiffs copies of any materials produced in response to the third party subpoenas issued by Defendants, including the subpoenas recently issued by Defendant Arcari. Please confirm your intention to do so.

Milberg Weiss Bershad & Schulman LLP

Mr. Jonathan A. Shapiro, Esq.
Ms. Sara Jane Shanahan, Esq.
Mr. Peter M. Saparoff, Esq.
June 30, 2006
Page 5


     We have not heard a definitive response from Defendants as to whether they agree to our proposed meet and confer on July 7. When Nancy spoke with Sara earlier this week, she said she is only available on July 7 before noon, so we have cleared our calendars to accommodate her. Please let us know what time that morning is good for the rest of you. Jonathan, in response to your email today, we are not available on July 5.

                                        Sincerely,

                                        Peter Sloane

Enclosures

cc:    Nancy F. Gans, Esq.

Mr. Jonathan A. Shapiro, Esq.
Ms. Sara Jane Shanahan, Esq.
Mr. Peter M. Saparoff, Esq.
June 30, 2006
Page 6

## LIST OF PROPOSED DEPONENTS

Based on discovery to date, Plaintiffs currently foresee wishing to depose the persons listed below. Plaintiffs also reserve the right to depose any of the persons listed in any of the parties' respective initial disclosures and/or sworn statements. Given that Defendants have not yet responded to Plaintiffs' document requests and that discovery is its early stages, Plaintiffs intend to supplement this list as discovery progresses and they become aware of the identities of additional persons with relevant information. Where an entity is listed below, Plaintiffs reserve the right to take the depositions of the entity under FRCP 30(b)(6) or of individuals with relevant information who are associated with the entity as Plaintiffs become aware of their identities. As discovery unfolds, we intend to seek approval from the Court to exceed the deposition limit given that there are nine defendants to this action. We will do so based on focused analysis of information we receive during the discovery process.

Albert Erani
Donna Abelli Lopolito
Philip Laughlin
Michael Sabolinski
Bernard A. Marden
Alan W. Tuck
Herbert M. Stein
John J. Arcari
Alan Ades
Organogenesis, Inc.
Novartis Pharma AG / Novartis Pharmaceuticals Corp.
PricewaterhouseCoopers
Organogenesis, Inc.
Neal B. Karelitz
Moors & Cabot, Inc.
Jeff Kraws
Gruntal & Co. L.L.C.
Fleet Bank
General Motors Acceptance Corporation

# Exhibit F

# WILMERHALE

July 14, 2006

**By UPS Saturday Delivery**

Sherry Hartel Haus

+1 617 526 6540 (t)
+1 617 526 5000 (f)
sherry.haus@wilmerhale.com

Peter Sloane, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Nancy Gans, Esq.
Moulton & Gans LLP
55 Cleveland Road
Wellesley, MA 02481

Re: In re Organogenesis Sec. Litig., No. 04-10027-JLT

Dear Peter and Nancy:

Enclosed please find our privilege and redaction logs for our productions to date in the above-referenced action. In addition, please find enclosed: (1) documents Bates-numbered AE01623-1630, and AE03349-3352, which we are producing with redactions; (2) documents Bates-numbered AE03228, AE03229-3231, AE04118-4120, AE04768-4780, AE04811-4824 and AE04827-4839 which we have determined were inadvertently pulled with privileged documents from our previous production; and (3) slip-sheets Bates-numbered AE04946-4947, which are document numbers that have been intentionally left blank.

Very truly yours,

Sherry Hartel Haus
Enclosure

cc: Jonathan A. Shapiro, Esq.

# Exhibit G

1

1          UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
2
    * * * * * * * * * * * * * *
3   BRUNO HOFFMANN, et al      *
          Plaintiffs,        *
4                            *
      vs.        *    CIVIL ACTION
5                *    No. 04-10027-JLT
    PHILIP LAUGHLIN, et al    *
6       Defendants.       *
    * * * * * * * * * * * * * *
7
          BEFORE THE HONORABLE JOSEPH L. TAURO
8           UNITED STATES DISTRICT JUDGE
               PRETRIAL CONFERENCE
9
    A P P E A R A N C E S
10
          MILBERG WEISS BERSHAD & SCHULMAN, LLP
11        One Pennsylvania Plaza
          New York, New York 10119
12          for the plaintiffs
          By:  Peter Sloane, Esq.
13

14        MOULTON & GANS, PC
          55 Cleveland Road
15          Wellesley, Massachusetts 02481
          for the plaintiffs
16          By:  Nancy Freeman Gans, Esq.

17

18

19                Courtroom No. 20
                John J. Moakley Courthouse
20               1 Courthouse Way
                Boston, Massachusetts 02210
21                 April 25, 2006
                   10:25 a.m.
22

24    26.

25            MR. SHAPIRO:  Fair enough, Your Honor.  We did



                                6



1     get their document requests last week.  Recognizing that

2     Your Honor just scratched that --

3            THE COURT:  Well, I scratched it because it

4     should be unnecessary.  Usually it is a motion to compel or

5     a motion for contempt that I get if the Rule 26 isn't

6     adhered to.

7            MR. SHAPIRO:  Certainly, Your Honor.

8            THE COURT:  So what you have done is filed --

9     you have identified those documents that you think are

10    important for you to get under Rule 26; is that it?

11           MR. SLOANE:  Correct.  Before we did that,

12    Your Honor, we asked the defendants to produce the documents

13    that they identified in their initial disclosures and they

14    responded that they had no obligation to do so so we served

15    document requests.

16           THE COURT:  Why do you feel you had no

17    obligation to do so?

18          MR. SHAPIRO:  Well, two things, Your Honor.

19   First, as we read the rule --

20          THE COURT:  You don't read the rule.  You have

21   to read my order.  My order is different from the rule.

22          MR. SHAPIRO:  Fair enough.

23          THE COURT:  Those who read the rule will take

24   your position.  Those who read my order understand that I

25   tailor it to be the way the rule used to be.


7


1          MR. SHAPIRO:  The benefit, Your Honor, of now

2    having received the document requests is that we can do this

3    all at once.

4          THE COURT:  All right.  So how much time do

5    you need to turn over all this material?

6          MR. SHAPIRO:  Your Honor, we can certainly

7    make our production within the period of time allowed by the

8    rules, the thirty days.

9          THE COURT:  Is that satisfactory?

10         MR. SLOANE:  Yes, Your Honor.

11         THE COURT:  All right.  So you will comply

12   with the Rule 26 order, my order as opposed to Rule 26.

19          THE COURT:  Well, I take it the requests for

20    documents you did as part of the Rule 26.  And they have

21    said that they're going to turn all that stuff over to you

22    or am I missing something?

23          MR. SHAPIRO:  No, Your Honor.  The documents

24    that our clients have -- these are individuals -- that they

25    have are in their homes and in their offices we are going to


11

1    turn over within thirty days.  They are responsive to the

2    requests that plaintiffs served, also consistent with what I

3    understand to be your standing order.

4          THE COURT:  So what else, what other documents

5    do you need other than what he said he is going to turn over

6    within thirty days?

7          MR. SLOANE:  Well, I anticipate also we will

8    need certain third party discovery.

9          THE COURT:  Well, that is different.  You are

10    talking about depositions of third parties.

11          MR. SLOANE:  No, Your Honor.  I'm talking

12    about the document discovery, possibly depositions.  But for

13    the purpose of taking the depositions of the defendants, we