# EXHIBIT D

# WILMERHALE

June 6, 2006

**Jonathan A. Shapiro**

+1 617 526 6224 (t)
+1 617 526 5000 (f)
jonathan.shapiro@wilmerhale.com

**By Facsimile and First Class Mail**

Peter Sloane, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Re: *In re Organogenesis Securities Litigation*

Dear Peter:

I am writing to request that the parties meet and confer under Local Rule 16 to address a variety of issues related to plaintiffs' production of documents and disclosures, which plaintiffs must serve by June 30, 2006 to comply with Judge Tauro's Discovery Order dated June 5, 2006. Given the Court's accelerated pretrial schedule (including the August 14, 2006 deadline by which defendants must file their opposition to the pending motion for class certification), it is imperative that the parties address all discovery disputes as soon as possible to allow ample time to engage in motion practice to resolve whatever issues need to be put before the Court.

Specifically, Judge Tauro's Discovery Order imposes on the parties obligations greater than those set forth in Rule 26(a)(1) and the Local Rules, as the Court also made clear during our April 25 scheduling conference. The Order requires, among other things, the litigants to identify all individuals likely to have relevant discoverable information, and to produce all relevant documents in each party's possession, custody or control, regardless of whether the party intends to rely upon these individuals or documents. We intend to supplement our initial disclosures by June 30 in compliance with Judge Tauro's Discovery Order.

Please confirm that plaintiffs also intend to supplement promptly their initial disclosures to comply with the Order. The Order requires plaintiffs to identify in their supplemental disclosures, inter alia, the names, contact information, and description of knowledge held by, those with information relevant to the claims that plaintiffs have asserted, which includes each individual with knowledge of lead plaintiffs' trading activity (such as the names and addresses of the registered representatives and broker-dealers who executed plaintiffs' trades in Organogenesis securities and any financial or other advisors with whom plaintiffs discussed or consulted on their investment decisions and strategy). The Order also requires plaintiffs to disclose each of the anonymous sources identified in the Complaint, because the Complaint itself

Peter Sloane, Esq.
June 6, 2006
Page 2

**WILMERHALE**

describes those sources as knowledgeable of (and, indeed, the basis for) the claims that plaintiffs have asserted. Please confirm that each source referenced in the Complaint either already has been identified in plaintiffs' initial disclosures, or will be identified in plaintiffs' supplemental disclosures, and also indicate which of the disclosed individuals are the anonymous sources cited in the Complaint; to do so will avoid the guesswork and hide-the-ball confusion that Judge Tauro's Order clearly seeks to remove from the discovery process.

We also ask that plaintiffs immediately complete the document production that is due under the Court's Order. The initial production that plaintiffs made several weeks ago was plainly deficient, including in the following respects:

- Plaintiffs Richard Madigan and Richard Conen have yet to produce *any* documents. Indeed, plaintiffs' initial production did not even include any trading records for Messrs. Madigan and Conen, which is difficult to understand because the plaintiffs' trading records presumably were collected and reviewed before they filed a Class Action Complaint (in 2004) in which they claim to have sustained trading losses that allegedly entitle them to sue under the Exchange Act and that supposedly are "typical" of the class they seek to represent. I raised this issue in a telephone call with you about two weeks ago, and we still have not received the supplemental production that we understood was forthcoming. Defendants cannot reasonably be expected to wait beyond the Court's deadline for lead plaintiffs' documents, including the trading records that are fundamental to the motion for class certification that these plaintiffs filed nearly one month ago.

- Plaintiffs' initial production included some brokerage statements for plaintiffs Bruno Hofmann and John H. Bowie, Jr. Please confirm that these documents reflect the entirety of Messrs. Hofmann's and Bowie's transactions, sales, purchases, acquisitions, trades, transfers, and exchanges (including any short positions, options, etc.) in Organogenesis and in other securities during the Class Period. In addition, please produce non-redacted versions of these documents; plaintiffs' transactions in securities are not in any sense "privileged" and are highly probative of their claims that their trading activity not only entitles them to rely on the fraud-on-the-market theory, but also was "typical" of that of the putative class.

- For all plaintiffs, please provide the tax returns (with attached schedules) that reflect the losses that plaintiffs claim to have sustained as a result of their investment in Organogenesis.

- Please provide all documents concerning each plaintiff's engagement of and relationships with and among all counsel retained to pursue this case on behalf of the plaintiffs and the putative class including any "referring" or other counsel who have now, or may seek, compensation for or some other economic interest in this matter, regardless of whether such counsel has appeared in the case. The financial and all other terms of counsel's

WILMERHALE

Peter Sloane, Esq.
June 6, 2006
Page 3

involvement in this case are directly relevant to the Court's scrutiny of plaintiffs' and counsel's adequacy under Rule 23 and compliance with the PSLRA. To the extent any such documents are withheld as privileged, please list them on a privilege log.

- Please provide all documents concerning plaintiffs' involvement in prior securities, class action or derivative litigation, which also bear on the adequacy of the plaintiffs to serve as class representatives under Rule 23.

- Please confirm that plaintiffs do not possess any electronic documents or email subject to production under Fed. R. Civ. P. 26.

- Please confirm that plaintiffs (including their counsel) do not possess or otherwise have within their custody or control, any communications or documents provided to, from, or concerning any of the individuals identified in plaintiffs' initial disclosures or referred to as confidential sources in the Complaint. To the extent any such documents are withheld based on a claim of privilege, please list them on privilege log so, if necessary, we can discuss or litigate the basis for any such assertion of privilege.

- In subsequent productions, please differentiate (by bates number prefix or otherwise) the identity of the individual plaintiff providing the documents. We also request that you provide such information for the documents previously produced by plaintiffs.

I also enclose another copy of the draft protective order that we sent to you on May 2, 2006. We remain willing to discuss the draft with you but, given that more than a month has elapsed since we circulated the document, we will submit it to the Court as a contested motion if we do not hear back from you by June 13, 2006.

As you know, six of the defendants have already completed their document productions, and the seventh will produce his documents on or before the Court's June 30 deadline. Plaintiffs' failure to comply with their discovery obligations under the Order will prejudice defendants' ability to depose the named plaintiffs and to oppose class certification in accordance with the August 14 deadline, set by the Court's April 26 Order. Accordingly, please provide all outstanding discovery as soon as possible and inform us of the specific date by which plaintiffs' production will be complete. As we expect plaintiffs' production to be complete by June 30 (at the latest), please also let me know if there are any days during the weeks beginning July 10 and 17 when any of the putative representative plaintiffs are not available to be deposed in Boston, as we want to be as accommodating as possible without compromising defendants' right to depose witnesses on a sane schedule.

Peter Sloane, Esq.
June 6, 2006
Page 4

WILMERHALE

Please respond to these important discovery issues as soon as possible, and of course please call me or Peter Kolovos if you have any questions.

Very truly yours,

Jonathan A. Shapiro

Enclosure

cc: Peter J. Kolovos, Esq.
    Kim Friday, Esq.
    Sherry Hartel Haus, Esq.
    Peter M. Saparoff, Esq.
    Sara J. Shanahan, Esq.
    Nancy Gans, Esq.

WILMERHALE

June 19, 2006

**Jonathan A. Shapiro**

+1 617 526 6224 (t)
+1 617 526 5000 (f)
jonathan.shapiro@wilmerhale.com

**By Facsimile and First Class Mail**

Peter Sloane, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Re: *In re Organogenesis Securities Litigation*

Dear Peter:

I received the letter you emailed Friday evening, June 16, 2006, which responds to some but not all of the issues I raised in my letter of June 6, 2006.

Plaintiffs' Depositions

You have not responded to our June 6, 2006 request for convenient dates to depose the plaintiffs who seek to be appointed class representatives in the pending Motion for Class Certification. In that letter, we asked for dates during the weeks beginning July 10 and 17, in an effort to accommodate your and your clients' summer schedules while also ensuring that defendants have sufficient time within which to file their Opposition by the August 14 deadline. I also raised the issue during a call with Nancy Gans on June 9.

Having not heard any response to our request for dates, I enclose deposition notices. Please understand that we cannot wait any longer to lock in dates because of the tight briefing schedule and other commitments, so barring some unmanageable situation, we would like to go forward with those depositions as noticed.

Plaintiffs' Discovery Responses

We would like to meet-and-confer by telephone by the end of this week on the status of plaintiffs' discovery because you have not addressed many of the specific issues I raised in my June 6th letter. Although I appreciate plaintiffs' assurances that there will be a diligent production in the future, given the accelerated schedule defendants would like to resolve whatever disagreements exist now, so if we do not agree, everyone will be in a position to file motions in early July.

For starters, two of the four named plaintiffs have produced *nothing*. The two plaintiffs who have produced some paper plainly have not produced all documents called for by Judge Tauro's Order, which sometimes is referred to as "open drawer" discovery insofar as everything relevant to the dispute must be produced without regard to whether the producing party intends to rely on the material. Thus, the Order does *not* allow plaintiffs to produce whatever subset of documents

Peter Sloane, Esq.
June 19, 2006
Page 2

**WILMERHALE**

they deem "sufficient" with respect to their trading in Organogenesis; they should produce all of the documents. The fact that we are writing letters trying to extract a complete set of trading and brokerage records within plaintiffs' custody (and the possession of those within plaintiffs' control) is difficult to understand, again because Milberg Weiss presumably collected the records for all of plaintiffs' transactions (at least with respect to Organogenesis) before filing original and amended Complaints alleging that plaintiffs engaged in specific securities transactions that would confer on them standing to sue under the securities laws.

Defendants are not "fishing" for "irrelevant and personal" information because, as I wrote in my prior letter, we expect that the production will include the tax returns that plaintiffs filed that reflect the alleged losses in Organogenesis securities. What plaintiffs told the IRS about their trading losses and gains is directly relevant to whether they, in fact, sustained the losses that they blame on defendants. Discovery of their trading activity more generally during the Class Period, and communications with brokers, investment advisers, etc., also is well within the Court's Order because plaintiffs have affirmatively alleged that their investments were "typical" of other class members and also that they relied on an efficient market. (The same data is equally relevant to defenses to class certification and on the merits.) Nor can plaintiffs complain about discovery of this subset of their personal financial affairs because plaintiffs were the ones who put their trading and their investments at issue by filing a class action.

Defendants again ask that plaintiffs address the other documents described in my letter as among those that we expect to receive under the Court's Order. Plaintiffs cannot avoid production of all documents concerning the anonymous sources of the allegations of the Complaint by characterizing the documents as "plainly irrelevant" to the facts in dispute. To the contrary, that is precisely what the Court's Order calls for.[1] All documents concerning plaintiffs' involvement in other securities class actions, and all documents concerning their retention of counsel and payments between and among them, also are directly relevant to both plaintiffs' compliance with the PSLRA and their typicality and adequacy under Rule 23.

I disagree that the Court's Order allows plaintiffs to avoid a simple identification of who on the very long list of individuals set forth in plaintiffs' Initial Disclosures are the anonymous sources referred to in the Complaint. There is no legitimate reason for plaintiffs to obscure *which* individual provided which of the alleged facts upon which plaintiffs base their lawsuit. Plaintiffs have filed a Complaint and other papers claiming that those not-named individuals are

---

[1] I know from prior litigation with your firm that non-lawyers have tape-recorded telephone conversations with the anonymous sources that have been referred to in other class action litigation, without disclosing that the call was being recorded. Such recordings or transcripts would be directly relevant to the disputed facts in the case, and therefore called for by the Court's Order, because what the sources actually said is probative of whether they, in fact, support the allegations that have been attributed to them. I will assume that all such material will be produced unless you tell me that no such recordings or transcripts were made (if they were, they were subject to retention given the litigation). The reason I raise this particular issue is because in the past the existence of such witness statements had not been voluntary disclosed.

**WILMERHALE**

Peter Sloane, Esq.
June 19, 2006
Page 3

knowledgeable sources for the allegations, which is the standard in the Court's Order. Now that plaintiffs have survived a motion to dismiss based on those allegations, defendants are entitled to take discovery of the anonymous sources (starting with their names) and should not be left guessing by plaintiffs' counsel's assertion that each of the sources referenced in the Complaint is somewhere on a list of 80-plus individuals. Please reconsider plaintiffs' position in this regard and let us know by the end of the week if you will tell us who each source is; if not, we will file a Motion with the Court seeking that information

Finally, my letter is not an attempt to propound "interrogatories" without seeking leave of the Court. I posed questions to you about what your clients have provided (e.g., Which client produced which documents? Are the seemingly incomplete records all that exist? Any e-mail?). I also asked what will be forthcoming in discovery, and when. That is the conversation that counsel is supposed to be having in every case, so the litigants understand each other's positions and can either resolve or litigate a disagreement in a concrete (not abstract) context.

Defendants' Discovery Responses

I do not know why you wrote me a letter complaining about responses to the plaintiffs' document requests. We both appeared at the scheduling conference during which the Court said that plaintiffs never should have served those requests in the first instance, "so scratch that." (Tr. at 5.)

It is not true that defendants have refused to provide discovery nor for any other reason violated the Court's Order. Plaintiffs received document productions from 6 of the 7 defendants *weeks ago*. It is true that we did ask for an extension (thank you) to produce documents from the seventh defendant (Mr. Erani), although as it turned out we did not need the extra time because the Court's more recent Order set the deadline for June 30. As I wrote on June 6, 2006, those additional documents will be served by the June 30 deadline along with the supplemented written disclosures we are working on to conform to Judge Tauro's Order.

Protective Order

Defendants will not withdraw the motion they filed last week seeking entry of a Protective Order. You should not have been "surprised" by that motion given our repeated, unsuccessful efforts over the last *six weeks* to bring your attention to the document. Specifically:

1) On May 2, we sent you a draft for your review and comment; you never responded.

2) On May 25, we sent a letter reminding you that we had not heard from you about the draft and wanted to reach agreement on it; you never responded.

US1DOCS 5709883v1

WILMERHALE

Peter Sloane, Esq.
June 19, 2006
Page 4

    3) On June 6, 2006, we sent you another copy of the draft order and stated that we would seek entry of it on a contested motion if we did not hear from you by June 13, 2006; you never responded.

    4) After waiting an additional day but still having not received even an email or voicemail, we filed the motion with the Court as we said we would do.

Plaintiffs should not complain that they did not have a chance to meet-and-confer about a document they had had for several weeks but for whatever reason ignored. Defendants complied with Local Rule 7.1 by certifying our efforts to discuss the topic. It would be nice if we could avoid spending more time and money litigating the motion (the proposed order is off a typical template), because I assume that you and your clients do not want to relive the chronology that led to the filing of a contested motion on a topic that typically is resolved by agreement.

I am out of the office for a few days, but Peter Kolovos is around and we would very much like to schedule our call for this coming week.

Very truly yours,

*[signature]*

Jonathan A. Shapiro

Enclosures

cc: Peter J. Kolovos, Esq.
    Kim Friday, Esq.
    Sherry Hartel Haus, Esq.
    Peter M. Saparoff, Esq.
    Sara J. Shanahan, Esq.
    Nancy Gans, Esq.
    (by fax with enclosures)

WILMERHALE

**By Facsimile and First Class Mail**

June 29, 2006

Peter Sloane, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Jonathan A. Shapiro

+1 617 526 6224 (t)
+1 617 526 5000 (f)
jonathan.shapiro@wilmerhale.com

Re: *In re Organogenesis Securities Litigation*

Dear Peter:

I am writing to respond to your June 23, 2006 letter and also to address some of the additional issues that you and Nancy Gans raised during our telephone conversation last evening.

**Plaintiffs' Depositions**

There was nothing inappropriate about the deposition notices that defendants served on June 19, 2006. The Court granted defendants leave to take the depositions of each of the four lead plaintiffs, and we served the notices pursuant to the Federal Rules. It is dishonest to accuse defendants of having done so "without first consulting" you because I wrote you a letter on June 6 (followed by a telephone call to Nancy on June 9) asking plaintiffs to propose convenient dates during a two-week period in July. You never responded. Having heard no response, we served the notices.

As I said on the telephone last night, we still will try to accommodate your schedules, although we have limited flexibility given the rapidly-approaching deadline for defendants to file their Opposition to class certification and the fact that we need to coordinate the schedules of defense counsel from three firms, during July. Specifically:

Richard Madigan and John Bowie: We cannot depose Messrs. Madigan and Bowie on July 13 and 18 because *(i)* Mr. Madigan has not yet produced any documents; *(ii)* we understand from our call last evening and the letter you sent the Court today, that the PSLRA certifications signed by both gentlemen (more than two years ago) contained errors that you will not be able to sort out until sometime after the June 30 production deadline; and *(iii)* we are not available that day anyway. Please propose dates during the week beginning July 24, 2006. Please also understand that, depending on the nature and extent of the to-be-corrected certification errors and given the delay in bringing this issue to light, defendants reserve their rights to file whatever motion is appropriate so they are not prejudiced by this development.

Bruno Hofmann: We are having difficulty accommodating your request that we depose Mr. Hofmann on July 21, rather than on July 20 (the date on his deposition notice). There is a possibility we could depose him on July 21, if we start in the afternoon and go into the evening; please let me know if that could work, and I will see what I can do. I believe that all defense

**WILMERHALE**

Peter Sloane, Esq.
June 29, 2006
Page 2

counsel are available on July 22, which I recognize is a Saturday but also may work for you and him.

Defendants will not, however, travel to your office in New York to depose Mr. Hofmann. We noticed the deposition for Boston, which is consistent with the Federal Rules and is particularly appropriate given that Mr. Hofmann filed a putative class action in Boston and is seeking to assume a substantial responsibility to represent an investor class. Although in past cases we of course have traveled to other cities to accommodate the schedules of plaintiffs and their counsel, we cannot do so in this case given that there are three defense counsel who need to attend and the rapidly-approaching August 14 deadline to file defendants' Opposition.

**Plaintiffs' Document Production and Disclosures**

As you know, under the Court's Order all parties are required to complete their document production and required disclosures by tomorrow. Please FedEx the production to my office for Saturday delivery; we will do the same with our production.

You told me last night, and also stated in the letter you filed with the Court today, that plaintiffs' production will not be complete by the deadline, at least with respect to some trading records that you are trying to assemble. It is difficult to understand why you had not collected a complete set of trading records years ago (the complaints were filed in 2004), and depending on what is and is not produced you should expect defendants to file a motion addressing this obvious problem.

As you wrote in your letter, defendants do expect to receive copies of lead plaintiffs' tax returns to the extent they reflect gains and losses related to transactions in Organogenesis securities. Plaintiffs have put their transactions squarely at issue by filing a securities class action, and what (if anything) they told the IRS about their alleged losses is relevant. That, however, does not mean that defendants' tax returns are discoverable. Defendants have not sued anyone under the securities laws, nor do they purport to have made investment decisions and sustained alleged losses that are typical of a putative class of other investors.

In your letter you state that plaintiffs have requested trading records from brokers and/or financial advisors that are "sufficient to demonstrate" their transactions. The Order calls for all documents; please be candid as to whether plaintiffs have done so, so we can litigate any issue.

Thank you for stating plaintiffs' position regarding the identity of confidential sources. As you know, defendants disagree that plaintiffs may bury the identities of their purported confidential sources in a very long list of names. Please let me know by July 7th if plaintiffs have reconsidered that position; otherwise we will file a motion.

**WILMERHALE**

Peter Sloane, Esq.
June 29, 2006
Page 3

Thank you also for stating plaintiffs' position that they (and their counsel) will neither produce -- nor confirm or deny the existence of -- transcripts or tape recordings of witness interviews conducted by plaintiffs' investigators. You know from my prior letter defendants' position that such recordings or transcripts are directly relevant to the disputed facts in the case (and therefore called for by the Court's Order) because they would be probative of whether plaintiffs' sources, in fact, support the allegations that have been attributed to them.

Moreover, even if such material really were "work product" or subject to some "public policy" privilege, the Federal Rules make clear that plaintiffs must disclose the existence and basic details about whatever they are withholding in a privilege log. There is no legal authority of which we are aware that permits a party to withhold relevant documents as privileged or work product without disclosing that it has done so. Such gamesmanship would frustrate the propounding party's -- and the Court's -- ability to test whether the assertion of privilege is well-founded. I hope we do not have to litigate this issue.

### Plaintiffs' Document Requests and Disclosures

We plainly disagree about what happened at the Scheduling Conference. As far as defendants are concerned, Judge Tauro said he was "scratch[ing]" plaintiffs' documents and substituting his own open-drawer discovery Order. I think your contrary position – i.e., that those discovery requests are still pending – is a tortured reading of the transcript.

I'm also not sure why you are harping on this point. As you know, six of the seven defendants have *already produced* – more than a month ago – the documents that are responsive to the Court's Order. The seventh defendant will produce his documents tomorrow, which is the deadline set by the Court's most recent Order. Indeed, the only litigants who have not been able to comply with the straightforward Order and tomorrow's deadline are plaintiffs.

### Richard Conen

Defendants will not oppose Richard Conen's motion to withdraw as lead plaintiff, subject to your understanding that defendants reserve the right to take his deposition. We will let you know if we intend to do so.

### Requested Subpoenas

Last night on the telephone you asked if defendants would assent to plaintiffs' service of a Rule 45 subpoena seeking documents from Neil Karelitiz. This evening, after 7:00 p.m., we received a draft motion seeking leave to serve *six* non-party subpoenas for documents and, if necessary, depositions, along with an urgent request for defendants' assent by tomorrow.

WILMERHALE

Peter Sloane, Esq.
June 29, 2006
Page 4

Why and how did this become an urgent matter, on Thursday night before July 4th weekend? Why did the request for a single document subpoena (last night's request) evolve into a request for six subpoenas for documents and testimony (tonight's request)? Sara Shanahan is away for the weekend, and I already tracked her down once today so we could let you know that defendants do not oppose last night's other urgent request for a lead plaintiff (Dr. Conen) to leave the case he filed two years ago. I think Peter Saparoff may be out of the office tomorrow as well, and I am tied up. We can meet and confer on this latest issue next week, as soon as everyone is back from the weekend, so please do not file any motion until we have the opportunity to do so.

Very truly yours,

*Jonathan A. Shapiro*

Jonathan A. Shapiro

cc: Peter J. Kolovos, Esq.
    Kim Friday, Esq.
    Sherry Hartel Haus, Esq.
    Peter M. Saparoff, Esq.
    Sara J. Shanahan, Esq.
    Nancy Gans, Esq.
    (by fax with enclosures)

WILMERHALE

July 19, 2006

Jonathan A. Shapiro

+1 617 526 6224 (t)
+1 617 526 5000 (f)
jonathan.shapiro@wilmerhale.com

**By E-mail**

Ariana Tadler, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Organogenesis Securities Litigation*

Dear Ariana:

I am writing to follow up on the telephone conversation we had this evening.

We discussed rescheduling Bruno Hofmann's deposition, which presently is set for this Saturday, July 22, 2006. The deposition can go forward in Boston on Friday, July 28. I believe (but am not certain) that July 28th would work for the other defense counsel, and hope to confirm their availability first thing tomorrow morning. Please do let me know by mid-morning if the 28th is preferable for Mr. Hofmann, and if not, we probably are stuck with Saturday. Also, given the upcoming deadline for Defendants to oppose class certification and a vacation that I really cannot move, we cannot reschedule Mr. Hofmann's deposition for any date after July 28 unless prior to that date, Plaintiffs file and the Court grants a motion to extend our Opposition deadline until mid-September (in which case we would like to depose Mr. Hofmann on a date that is convenient for you and him in mid-August).

We have agreed to extend by one week the deadline by which Messrs. Bowie and Madigan may oppose the pending Motion to Strike Lead Plaintiffs' Sworn Certifications and Preclude Reliance on Their Stock Transactions. The Opposition to that Motion is now due on July 24, and therefore the new deadline is July 31. We will not agree to any further extension of that deadline. However, if Messrs. Bowie and Madigan file a motion to withdraw as Lead Plaintiffs and to withdraw their Motion for Class Certification, and the Court grants that Motion before July 31, we will withdraw the pending Motion to Strike.

Relatedly, Defendants will not oppose a motion to withdraw if Messrs. Bowie and Madigan elect to file one. I understand that you will let us know by the end of the day on Monday, July 24, if Messrs. Bowie and Madigan will seek to withdraw. Please understand that although Defendants will not oppose any motion to withdraw by Messrs. Bowie and Madigan, we believe that the underlying facts and circumstances remain relevant to this case, including with respect to the pending Motion for Class Certification. Defendants also do not waive their right to depose Messrs. Bowie and Madigan.

We also discussed the upcoming depositions of Dr. Conen and Messrs. Bowie and Madigan. With respect to Dr. Conen, Defendants intend to go forward with his deposition, which the Court

WILMERHALE

Ariana Tadler, Esq.
July 19, 2006
Page 2

granted permission for us to take and, even if the Court grants his Motion to Withdraw, we believe would be appropriate discovery because he is one of the plaintiffs who filed a complaint against Defendants. For this same reason, we also intend to go forward with the depositions of Messrs. Bowie and Madigan, although we are willing to postpone their depositions, and also that of Dr. Conen, until the week of July 31, 2006 (their depositions are presently scheduled for next week). If Messrs. Bowie and Madigan file a motion to withdraw, and the Court grants such a motion before their depositions, Defendants will reconsider whether to depose both gentlemen (perhaps we would depose only one of them) and also would work with you to reschedule those depositions if other dates would be more convenient.

Defendants will not oppose a motion by Plaintiffs to extend the current class certification briefing schedule such that Defendants would be entitled to file their Opposition on September 15 (it is currently due on August 14) and Plaintiffs could file a Reply by October 16 (the present deadline is September 14). As noted, if the Court grants such a motion, we would agree to postpone Mr. Hofmann's deposition until mid-August and similarly postpone the depositions of Dr. Conen and of Mr. Bowie and/or Mr. Madigan.

Finally, after our call this evening, I learned that additional trading records that were received yesterday by one of our co-counsel (in response to Rule 45 subpoenas) confirm that the Certification errors apparent from the documents produced by Plaintiffs on June 30 are, if anything, more substantial than those we estimated in the motion papers we filed last week. (For example, we estimated that Mr. Madigan failed to disclose at least 34 transactions, while the documents just produced by A.G. Edwards and Charles Schwab indicate that 53 transactions were omitted. I attach trading confirmations for 60 of his transactions, including the nine that were disclosed, and in the morning we will send to you the trading records that reflect the two other transactions that apparently were omitted.)

Very truly yours,

/s/ Jonathan A. Shapiro

Jonathan A. Shapiro

Enclosure

cc: Jeffrey B. Rudman, Esq.
    Peter J. Kolovos, Esq.
    Peter M. Saparoff, Esq.
    Sara J. Shanahan, Esq.
    Kim Friday, Esq.
    Sherry Haus, Esq.
    Peter Sloane, Esq.