# EXHIBIT E

FEB04SON.txt

1
1      UNITED STATES DISTRICT COURT
2        DISTRICT OF MASSACHUSETTS
3              No. 1:02-cv-11315-MLW
4
5
   IN RE SONUS NETWORKS, et al
6              Plaintiffs
7  vs.
8
   GARY LYNN ROBERTS, et al
9              Defendants
10
11
                  *********
12
13
       For Motion Hearing Before:
14       Honorable Mark L. Wolf
15
16       United States District Court
          District of Massachusetts (Boston.)
17         One Courthouse Way
       Boston, Massachusetts 02210
18      Friday, February 4, 2005
19
20            ********
21
22   REPORTER: RICHARD H. ROMANOW, RPR
           Official Court Reporter
23         United States District Court
   One Courthouse Way, Room 3507, Boston, MA 02210
24              (617) 737-0370
25

2
1         A P P E A R A N C E S
2
   RICHARD WEISS, ESQ.
3  JANUARY L. MARSCH, ESQ.
     Milberg Weiss Bershad & Schulmann, LLP
4    One Pennsylvania Plaza
     New York, NY 10119

Page 1

FEB04SON.txt

```
 2   4,000 share purchase, but they didn't play a game." If you
 3   look at Mr. Roberts's certification, it's simply "Since
 4   December the 11th, I have made the following transactions," and
 5   then he omits approximately 34,000 post-class-period purchases.
 6            THE COURT: Well, let me --
 7            MR. RUDMAN: May I tell you why he does that?
 8   Because Mr. Weiss seemed to suggest to you, "well, this is just
 9   an error. There can't be a motive." Of course, there's a
10   motive. The law firm, Milberg Weiss, that, if you please, is
11   somehow producing a certification that omits these post-class-
12   period purchases, is at the same time in front of Judge Newby
13   in the Harmon case saying post-class purchases are
14   disqualifying of plaintiffs. That's the motive.
15            THE COURT: Well, let me tell you where I am now.
16   I actually haven't focused on 23G and you say, "Oh, you know,
17   23G came in in the 2003 amendment." I don't know that.
18            MR. RUDMAN: Okay. I apologize.
19            THE COURT: If it's not a RICO case, I don't know
20   it, or a death penalty case.
21            MR. RUDMAN: Well, it's your Honor who corrected me
22   on the amendments the last time I was here.
23            THE COURT: Well -- all right. On this one? Not
24   on the 23G, I hope?
25            MR. RUDMAN: No, it was under the demise of
```

                                                                      59
```
 1   conditional certification. It's about 23C(2).
 2            THE COURT: I probably stopped reading at C. No,
 3   but seriously, I mean, I pick these things up and I put them
 4   down. Here's where I am at the moment. And I can always
 5   change my mind. And I know you don't like Mr. Scibelli
 6   either. But it seems to me that if I'm satisfied for the
```
Page 49

FEB04SON.txt

7  present purposes that the class period shouldn't end in October
8  30th, 2001 and I'm satisfied that Scibelli is an adequate
9  representative and I'm satisfied -- or not persuaded that
10 Roberts is an adequate representative, I could certify a class
11 and then I would still have a separate issue under 23G because
12 23G says that now I have to appoint class counsel. And I might
13 have a serious question as to whether either or both of these
14 firms are adequate counsel, but I could spin that question
15 off. I wouldn't certify the class. It's just the case is
16 stuck until I certify somebody to represent the class.
17 Analytically, is there anything wrong with that framework?
18          MR. RUDMAN: No, what you just said is right. I
19 wish I could convince you on the class period of Mr. Scibelli,
20 but I can't argue with your analytical framework.
21          THE COURT: Because that -- you know, I've got a
22 lot of help from my law clerk and, you know, now we're immersed
23 in this. I think I would like to take it as far as I can. I
24 don't regard things like this certification as a formality and
25 I really do want to know how this schedule came to be

0                                                              60
1  inaccurate and incomplete? Um, and I want to know whether it
2  was attached when Mr. Roberts signed it? And I want to know if
3  the Milberg firm prepared it, I want to know why it prepared it
4  this way?
5           But in terms of the analytical framework, do you have a
6  difference, you know -- in other words, I might certify the
7  class -- and that's what you came here and asked me to do, um,
8  and find that Scibelli is a minimally adequate representative
9  and then take some more information on whether you ought to be
10 appointed class counsel.
11          MR. WEISS: Your Honor, if I might?

Page 50

FEB04SON.txt

```
12              THE COURT:  No, I'm sorry.  Is the framework wrong?
13              MR. WEISS:  Well, I have a point that goes to that,
14   I think, your Honor.  23G(1)(a), the provision that talks about
15   appointing class counsel doesn't apply in a PSLRA case.  It
16   says, "Unless the statute provides otherwise."  And then in the
17   comments, specifically -- (Turns.) -- specifically notes that
18   Paragraph 1A does not apply if the statute provides otherwise.
19              THE COURT:  I'm sorry.  Time out.  What are you
20   reading from?
21              MR. WEISS:  These are the comments to Federal Rule
22   23.
23              THE COURT:  For the 2003 amendments?
24              MR. WEISS:  Yes.
25              THE COURT:  And which paragraph are you in?
```

                                                                    61

```
 1              MR. WEISS:  23G(1)(a).
 2              THE COURT:  (Looks.)  Well, okay.  So it says:
 3   "Paragraph 1A does not apply if the statute provides otherwise.
 4   The PSLRA contained directives that bear on its selection of a
 5   lead plaintiff in retention of counsel.  This subdivision does
 6   not purport to supersede or to affect the interpretation of
 7   those provisions or any similar provisions of other
 8   legislation."  But this is the first time this is -- I mean, I
 9   assume if I appoint somebody lead counsel -- and you can brief
10   this and tell me, "Too bad.  I'm stuck.  I've made a decision.
11   I can't change it."  But, I mean, if I appointed you lead
12   counsel and if I thought that -- and I'm not saying you did
13   this.  I'm talking hypothetically.  But if I thought that your
14   firm had intentionally suborned perjury, for example, I doubt
15   that I would lack the authority to appoint replacement lead
16   counsel.  I haven't researched it, but we would have to go back
```