## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE ORGANOGENESIS SECURITIES LITIGATION | :    Case No.: 1:04cv10027-JLT <br> : <br> : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
## MOTION FOR PROTECTIVE ORDER DISALLOWING THE DEPOSITIONS OF DR.
## RICHARD S. CONEN AND JOHN H. BOWIE, JR.

Plaintiffs, through their attorneys, submit this memorandum of law in support of their

motion for a protective order disallowing Defendants from taking the depositions of Dr. Richard

S. Conen and John H. Bowie, Jr.[1]

## I.    INTRODUCTION

On July 31, 2006 and August 14, 2006, respectively, this Court granted the motions of

Dr. Conen and Mr. Bowie for withdrawal as Lead Plaintiffs and proposed class representatives in

this action.[2]  In both cases, Defendants did not oppose the motions for withdrawal. Defendants

also have withdrawn their Motion to Strike Lead Plaintiffs' Sworn Certifications and Preclude

---

[1] Pursuant to Local Rule 37.1(B)(2), Plaintiffs state that they consulted by extensive correspondence over several weeks with Jonathan A. Shapiro, Esquire, Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Defendants Donna Abelli Lopolito, Michael Sabolinski, Philip Laughlin, Albert Erani and Alan Ades, Peter Saparoff, Esquire, Mintz, Levin, Cohen, Glovsky and Popeo, P.C., counsel for Defendant Herbert M. Stein; and Sara Jane Shanahan, Esquire, Griesinger, Tighe & Maffei, LLP, counsel for Defendant John J. Arcari with respect to Defendants' possible intention to depose Dr. Conen and Mr. Bowie after their respective withdrawals as Lead Plaintiff and proposed Class Representative.  The correspondence continued after Defendants noticed on August 3, 2006, Dr. Conen's and Mr. Bowie's depositions.  On August 15, 2006, Defendants sent a letter to Plaintiffs stating their final opposition to this motion for a protective order preventing both depositions.  The remaining issue for the Court to decide is whether to issue a protective order preventing the depositions of Dr. Conen and Mr. Bowie.

[2] Messrs. Bruno Hofmann and Richard J. Madigan are the remaining Court-appointed Lead Plaintiffs and proposed class representatives in this action.

Reliance on Their Stock Transactions ("Motion to Strike") as to Mr. Bowie. Nevertheless, Defendants have noticed the depositions of both Dr. Conen and Mr. Bowie and have refused to withdraw the notices despite Plaintiffs' objections that Dr. Conen and Mr. Bowie's depositions are no longer necessary or appropriate, would impose an undue burden on them, and waste the deponent's and counsel's time — all while serving no legitimate purpose. Given their withdrawals, both Messrs. Bowie and Conen are absent class members, and their suitability as class representatives — the only appropriate area of inquiry in any deposition of them — are moot issues. They are no longer Lead Plaintiffs in this action, and thus will not be directing this litigation on behalf of, or have authority to speak for, the proposed Class.

Courts have held that defendants seeking to take discovery from absent class members such as Dr. Conen or Mr. Bowie bear the heavy burden of demonstrating that (1) the information requested is relevant to the decision of common questions, as opposed to individual ones, (2) that the discovery is tendered in good faith and is not unduly burdensome and (3) that the information is not available from the representative parties. For this reason, courts have held that absent class members, including former named plaintiffs, need not be subjected to deposition in class actions. Defendants cannot meet their burden of demonstrating that a different rule should apply here. Further, a defendant seeking to take discovery of absent class members is required to seek leave of court before doing so. Although the Court granted leave to depose Messrs. Bowie and Conen at the April 25, 2006 proceeding, the subsequent motions for withdrawal (and the Court's granting of the motions) render the original rationale for leave inapplicable. Defendants have not sought leave to take the depositions since the Court's granting of the motions for withdrawal.

Allowing Mr. Bowie's deposition to go forward is especially inappropriate and unduly burdensome in light of his personal circumstances. As Mr. Bowie noted in his motion for

("PSLRA").

On December 22, 2004, Plaintiffs filed their Corrected Consolidated Amended Class
Action Complaint for Violations of Federal Securities Laws ("Amended Complaint"). Dkt. No.
58. Defendants subsequently filed motions to dismiss (*see* Dkt. Nos. 60, 63, 37), which the
Court denied as to all defendants except PricewaterhouseCoopers LLP and Alan Ades (Dkt. No.
83).

On May 15, 2006, Plaintiffs filed their Motion for Class Certification, seeking the
appointment of Lead Plaintiffs Bruno Hofmann, Richard Madigan, Dr. Conen and Mr. Bowie as
representatives of the proposed class. Dkt. No. 119. On July 7, 2006, Dr. Conen filed an
unopposed motion to withdraw as Lead Plaintiff and proposed class representative. Dkt. No.
131. The Court granted that motion on July 31, 2006. On July 31, 2006, Mr. Bowie informed
the Court and Defendants of his intention to seek withdrawal as a Lead Plaintiff and proposed
class representative (*see* Plaintiffs' Opposition to Defendants Motion to Strike Lead Plaintiffs'
Sworn Certifications and Preclude Reliance on Their Stock Transactions, at 2 n. 3, Dkt. No.
143). On August 9, 2006, Mr. Bowie filed a motion to withdraw (unopposed by Defendants),
noting that he had recently experienced a serious family medical emergency that is ongoing and
will require his attention for the indefinite future, *see* Bowie Motion to Withdraw at 2, Dkt. No.
151. Mr. Bowie's motion to withdraw was granted on August 14, 2006.

Despite Dr. Conen's withdrawal, Mr. Bowie's stated intention to move (and subsequent
unopposed motion) to withdraw, and Plaintiffs' objection, on August 3, 2006, Defendants
noticed the deposition of Dr. Conen for August 23, 2006 and of Mr. Bowie for August 24, 2006.
*See* Amended Notice of Deposition of John H. Bowie, Jr. and Amended Notice of Deposition of
Richard Conen (attached as Exhibits B and C, respectively, hereto).

On July 19, 2006, Defendants informed Plaintiffs that if the Court were to grant any motion for withdrawal by Dr. Conen and Mr. Bowie before their depositions took place, Defendants would reconsider whether to depose Dr. Conen and Mr. Bowie and that "perhaps [they] would depose only one of them." *See* Letter, dated July 19, 2006, from Defendants' Counsel to Plaintiffs' Counsel at 2 (attached as Exhibit D hereto). On August 11, 2006, Defendants again stated that if the Court granted Mr. Bowie's motion for withdrawal Defendants would "consider whether to forego Mr. Bowie's deposition." *See* Letter, dated August 11, 2006, from Defendants' Counsel to Plaintiffs' Counsel (attached as Exhibit E hereto).

On August 14, 2006, the Court granted Mr. Bowie's motion for withdrawal and on August 16, 2006, Defendants moved to withdraw their Motion to Strike as to Mr. Bowie (Dkt. No. 152). Defendants have since indicated that they will not forego the depositions of Dr. Conen or Mr. Bowie and have not withdrawn their notices of deposition.

Plaintiffs have informed Defendants that they do not intend to produce Dr. Conen or Mr. Bowie for deposition unless and until the Court denies the instant motion and orders that the depositions should take place.

## III.    ARGUMENT

Federal Rule of Civil Procedure 26(c) permits the Court, upon notice by a party or person to whom discovery has been directed, to issue an order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden" and order that "the disclosure or discovery not be had." Fed. R. Civ. P. 26(c). The Supreme Court has held that this language confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (U.S. 1984).

Courts have held that named plaintiffs and class representatives who have withdrawn

from the class action should not be subject to deposition. *See In re Urethane Antitrust Litig.*, No. 04-MD-161-JWl-DJW, 2006 U.S. Dist. LEXIS 38503, at *22 (D. Kan. June 9, 2006) (disallowing deposition of withdrawn class representative because it would "serve no valid class certification purpose" and "subject [the withdrawing plaintiff] to undue burden"); *In re Currency Conversion Fee Antitrust Litig.*, 01 MDL No. 1409, 2004 U.S. Dist. LEXIS 22320 (S.D.N.Y. Nov. 4, 2004) (granting plaintiffs' motion to withdraw as class representatives, treating withdrawing plaintiffs as absent class members and denying defendants' motion to depose); *In re USA Classic Sec. Litig.*, No. 93 Civ. 6667, 1995 U.S. Dist. LEXIS 17183 (S.D.N.Y. Nov. 17, 1995) (granting protective order and quashing the notices of depositions served on named plaintiffs who withdrew as class representatives); *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1992 U.S. Dist. LEXIS 20586, *14-16 (N.D. Ill. Nov. 6, 1992) (treating withdrawn class representatives as absent class members and granting plaintiffs' motion for protective order disallowing depositions). Absent class members are not parties to a litigation from whom discovery can be, or should be, taken as a matter of course. *See In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211 (M.D. Fla. 1993) ("By virtue of not being chosen as class representatives," plaintiffs who initially filed actions "remain as passive class members, on equal footing with all other non-representative class members."); *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("[i]t is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for [Rule 23] would fail"); *In re Qwest Communs. Int'l, Inc.*, No. 01-cv-01451-REB-CBS, 2005 U.S. Dist. LEXIS 11618, at *10 (D. Colo. June 7, 2005) ("[n]on-lead plaintiffs tend to have only a 'passive role' in the litigation, rendering them 'akin to absent class members' as to whom special rules of discovery apply'").

Based upon this Court's Orders granting Dr. Conen and Mr. Bowie's motions for withdrawal, these individuals are to be treated for discovery purposes like other absent class members. When a defendant seeks discovery from absent class members, such as Dr. Conen and Mr. Bowie, the defendant bears the burden of showing good cause. *See In re Worlds of Wonder Sec. Litig.*, c-87-5491,1992 U.S. Dist. LEXIS 10503, at \*4 (N.D. Cal. July 9, 1992); *Halling v. Hobert & Svoboda, Inc.*, No. 87-c-912, 1989 U.S. Dist. LEXIS 18115, at \*4 (E.D. Wis. July 24, 1989) (stating that the party seeking discovery from absent class members "has the burden of showing necessity and the absence of any motive to take undue advantage of the class members"); *Kline v. First W. Gov't Sec., Inc.*, No. 83-cv-1076, 1996 U.S. Dist. LEXIS 3329, at \*4 (E.D. Pa. Mar. 11, 1996) ("if discovery from absent members of the class is permissible at all, it should be sharply limited and allowed only on strong showing of justification"). The burden is even heavier where, as here, the type of discovery sought is deposition testimony. *In re Worlds of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at \*8-9 ("the burden confronting the parties seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories"); *Redmond v. Moody's Investor Serv.*, No. 92-cv-9161, 1995 U.S. Dist. LEXIS 6277, at \*3 (S.D.N.Y. May 10, 1995) ("the burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy"); *In re Currency Conversion*, 2004 U.S. Dist. LEXIS 22320, at \*5 (defendants must meet a "particularly heavy" burden in justifying the necessity for deposing absent class members).

The United States Supreme Court has recognized that discovery is a burden "rarely imposed" on absent class members. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (U.S. 1985). The Court noted:

> Unlike a defendant in a normal civil suit, an absent class-action
> plaintiff is not required to do anything. He may sit back and allow

> the litigation to run its course, content in knowing that there are
> safeguards provided for his protection. In most class actions an
> absent plaintiff is provided at least with an opportunity to "opt out"
> of the class, and if he takes advantage of that opportunity he is
> removed from the litigation entirely.

*Id.* 810-811; *see also In re Worlds of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at *4

("[a]bsent class members are not parties and separate discovery of individual class members not

representatives is ordinarily not permitted."); *Kline v. First W. Gov't Sec., Inc.*, 1996 U.S. Dist.

LEXIS 3329 at *4 (determining, after surveying cases, that discovery of absent class members is

disfavored).

Prior to seeking discovery from Dr. Conen and Mr. Bowie, Defendants must establish

that:  (1) the information requested is relevant to the decision of common questions; (2) the

requested discovery is tendered in good faith and is not unduly burdensome; and (3) the

information is not available from the representative parties.  *M. Berenson Co. v. Faneuil Hall

Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984).[4]  Further, a party seeking discovery

from absent class members must obtain a court order before propounding the discovery.  *See

Kops*, 2003 U.S. Dist. LEXIS 8568 at *4 (citing Schwarzer, Tashima & Wagstaffe, Fed. Civ.

Pro. Before Trial ¶10:759 (2002)).  Although this Court granted leave to depose Dr. Conen and

---

[4] *See also Kops v. Lockheed Martin Corp.*, No. CV 99-6171-MRP, 2003 U.S. Dist. LEXIS 8568,
*4 (C.D. Cal. Mar. 12, 2003) ("a party seeking discovery from absent class members must
establish the following conditions: (1) that the information sought must be necessary to trial of
issues affecting the class as a whole (rather than issues relating to individual claims); (2) that the
information sought must not be readily obtainable from other sources; and (3) that the discovery
must not be unduly burdensome, and must not have been demanded for an improper purpose
(e.g., to harass the absent class members, or to force them to opt out of the class)."); *Collins v.
International Dairy Queen*, 190 F.R.D. 629, 631 (M.D. Ga. 1999) (defendants required to
demonstrate four relevant questions in demonstrating entitlement to discovery: "(1) [w]hether the
discovery is a tactic to take undue advantage of the class members or to reduce the size of the
class; (2) [w]hether the discovery is necessary; (3) [w]hether the respondent would require the
assistance of technical or legal advice to understand the questions and to respond to them; and
(4) [w]hether the requesting party sought information on matters that were already known").

Mr. Bowie in April 2006, when they were Lead Plaintiffs and proposed class representatives, Defendants have not sought, and the Court has not granted, permission to depose them since their withdrawals.

Defendants cannot sustain their heavy burden of demonstrating that the depositions of Dr. Conen and Mr. Bowie are warranted here. First, Defendants cannot show that the information sought from Dr. Conen or Mr. Bowie is necessary to the trial of issues affecting the entire class, as opposed to individual issues. *See Redmond v. Moody's Investor Serv.*, 1995 U.S. Dist. LEXIS 6277 at *3 (discovery of absent class members regarding individual issues, instead of questions common to the entire class, is inappropriate). Plaintiffs in securities fraud class actions are ***not*** percipient witnesses. *In re Worlds of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at *13-14 ("whether absent class members relied on defendants' misstatements and omissions in making their investments is an issue which relates to them as members of the class, not as 'percipient witnesses.'").

Second, the depositions cannot be considered tendered in good faith, and would be not only unduly burdensome but also inefficient and unfair. Defendants did not oppose Dr. Conen and Mr. Bowie's motions to withdraw. Defendants cannot, on the one hand, consent to Dr. Conen and Mr. Bowie's withdrawal as representatives parties to this litigation, and, on the other hand, contend that Defendants have a continuing right to obtain discovery from them for the purposes of opposing class certification. The fact that Dr. Conen and Mr. Bowie — along with Messrs. Hofmann and Madigan — filed an amended complaint and are named plaintiffs has no bearing on whether they should be required to be deposed, given that they are no longer lead plaintiffs, and as such are mere absent class members with a passive role in this litigation. *See In re Qwest Communs. Int'l, Inc.*, 2005 U.S. Dist. LEXIS 11618 at *10 ("Named Plaintiffs, unlike

Lead Plaintiff's [sic], are not generally subject to discovery. Instead, Named Plaintiffs [sic] are on 'equal footing' with absent class members.") (citation omitted); *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. at 211 (disallowing discovery of individuals that initially filed actions as named plaintiffs who were not subsequently chosen as class representatives because they were held to be passive class members); *Kops v. Lockheed Martin Corp.*, 2003 U.S. Dist. LEXIS 8568 at *3 (named plaintiffs who were not chosen as lead plaintiffs "have no roll [sic] in the litigation apart from being members of the proposed class," rendering "them akin to 'absent class members'"). Given that they are no longer seeking to be class representatives, their suitability to serve as class representatives is a moot issue.[5] Moreover, the Court's recent Orders granting their motions to withdraw confirm that neither Mr. Bowie nor Dr. Conen have any authority to speak on behalf of the Class, nor do they have any role in directing the course of this litigation. Forcing them to prepare and sit for hours of cross-examination when their involvement as representatives in this action is at an end would be an onerous waste of time. Further, Mr. Bowie has recently experienced a serious family medical emergency to which he must devote his time.[6] *See* Bowie Decl. at ¶¶ 3-5 (attached as Exhibit A hereto).

Third, Defendants have failed to demonstrate that any legitimate information they might seek from Dr. Conen and Mr. Bowie at deposition is not readily available from other sources or

---

[5] Nor can Defendants assert that Mr. Bowie's deposition is necessary in order to inquire into the issues raised in their Motion to Strike. Defendants have withdrawn that motion as to Mr. Bowie. Dkt. No. 152.

[6] Shortly before Mr. Bowie moved to withdraw from this case, his daughter suffered a life-threatening medical emergency. *See* Bowie Decl. at ¶ 3 (attached as Exhibit A hereto). Because of his daughter's continuing incapacity, Mr. Bowie and his wife have been caring for their daughter's two young children, in addition to attending to their daughter. *Id.* at ¶ 4. Mr. Bowie's family circumstances will require his ongoing attention for the indefinite future. *Id.* Forcing him to be deposed at this difficult and time-consuming time in his life would be unfair in any circumstances, but given that his deposition is completely unnecessary, would be simply cruel.

differs in any way from the information to be provided by the remaining Lead Plaintiffs and proposed class representatives. Defendants will have two opportunities to cover any areas of inquiry concerning the conduct of this litigation and the adequacy of proposed class counsel when they take the depositions of Lead Plaintiffs and proposed class representatives Bruno Hofmann and Richard Madigan. Further, Dr. Conen and Mr. Bowie have already provided documents in their possession concerning their trades in Organogenesis securities, and Defendants have subpoenaed their stock brokers for additional information. At this point, any additional information that Defendants may obtain from them relates solely to individual issues. "[D]iscovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate." *Redmond v. Moody's Investor Serv.*, 1995 U.S. Dist. LEXIS 6277 at *3; *see also In re Currency Conversion Fee Antitrust Litig.*, 2004 U.S. Dist. LEXIS 22320 at *5 (depositions of withdrawing plaintiffs inappropriate where defendants sought to depose them for individual issues as opposed to common ones).

In a recent decision, the court in *In re Urethane Antitrust Litig.*, No. 04-MD-161-JWl-DJW, 2006 U.S. Dist. LEXIS 38503 (D. Kan. June 9, 2006), was faced with a similar situation, where a plaintiff corporation was no longer able to participate in the lawsuit and sought to withdraw as a class representative. *Id.* at *17. Defendants nevertheless asserted that they needed deposition testimony from the corporation in order to respond to plaintiffs' motion for class certification. *Id.* at *21. The court disagreed and disallowed the deposition of the plaintiff corporation, holding that "*[t]he information defendants need regarding class certification issues may be obtained from the remaining class representatives. To require [the withdrawing plaintiff] to give a Rule 30(b)(6) deposition at this time, when it would serve no valid class certification purpose . . . would subject [the withdrawing plaintiff] to undue burden.*" *Id.* at

*22 (emphasis added).

There can be no argument that deposing these individuals — who no longer play any active role in this class action — is necessary. Surely, two depositions of proposed class representatives — Messrs. Hofmann and Madigan — suffice to probe the adequacy of counsel; a third and fourth deposition (of class members who would no longer be in charge of directing proposed class counsel's efforts) would be cumulative and unnecessary.

Finally, allowing the depositions of Dr. Conen and Mr. Bowie to go forward as currently noticed would also prevent the very efficiencies that class actions are intended to achieve. *See Feldman v. Motorola, Inc.*, 1992 U.S. Dist. LEXIS 20586 at *16 (recognizing that absent class members faced with depositions may be dissuaded from continuing to assert their claims); *Kline v. First W. Gov't Sec., Inc.*, 1996 U.S. Dist. LEXIS 3329 at *6-7 ("one of the principal advantages of class actions over massive joinder or consolidation would be lost if class members were routinely subjected to discovery").

In sum, Defendants cannot show that any of the relevant factors support their burden of demonstrating that these depositions are warranted.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court issue a protective order disallowing the depositions of Dr. Conen and Mr. Bowie.

Dated: August 18, 2006                    **MOULTON & GANS, P.C.**

By:    /s/ Nancy Freeman Gans
       Nancy Freeman Gans, BBO #184540
       55 Cleveland Road
       Wellesley, MA 02481
       Telephone:  (781) 235-2246
       *Liaison Counsel and Local Counsel*
       *for Plaintiffs and the Class*

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
Sanford P. Dumain
Ariana J. Tadler
Peter Sloane
Peter Seidman
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

***Lead Counsel for Plaintiffs and the Class***

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party via ECF.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

- 13 -

# EXHIBIT A

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE ORGANOGENESIS SECURITIES LITIGATION | ) ) ) ) ) ) ) ) | **MASTER FILE NO. 04-10027 JLT** |

## DECLARATION OF JOHN H. BOWIE, JR.
### IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

I, JOHN H. BOWIE, JR., hereby declare as follows:

1.      I am formerly one of the Lead Plaintiffs in this action. I submit this declaration in support of Plaintiffs' Motion for Protective Order.

2.      On August 9, 2006, I submitted a motion to withdraw as Lead Plaintiff and proposed class representative, which motion was granted by the Court on August 14, 2006. I understand that, despite my proposed withdrawal, Defendants have noticed my deposition for August 24, 2006.

3.      During the weekend of July 29-30, 2006, my daughter experienced a life-threatening medical emergency. Although the immediate danger to my daughter's life has passed, she is still very ill and incapable of taking care of her two young children, ages five and one month.

4.      My daughter's condition has required the substantial attention of me and my wife, and will continue to require our attention for the indefinite future. In addition, because of my daughter's incapacity, my wife and I are taking care of my daughter's children and intend to

continue to do so until our daughter recovers.  It is chiefly for these reasons that I recently moved to withdraw from this litigation.

5.     Appearing at, and preparing for a deposition in this action would be a substantial drain on my time and energies, both mentally and physically, which I believe should be fully devoted to my daughter and grandchildren at this time.

6.     Given my withdrawal, and the burden which a deposition would impose upon me given my current family circumstances, I respectfully request that I be excused from appearing at deposition in this action and that the Court grant Plaintiffs' motion for a protective order.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this __th day of August, 2006.

John H. Bowie, Jr.

2

# EXHBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |
|---|---|

### **AMENDED NOTICE OF DEPOSITION OF JOHN H. BOWIE, JR.**

TO:    Ariana Tadler, Esq.
       Peter Sloane, Esq.
       Milberg Weiss Bershad & Schulman LLP
       One Pennsylvania Plaza
       New York, New York 10119-0165

       Nancy Freeman Gans, Esq.
       Moulton & Gans LLP
       55 Cleveland Road
       Wellesley, Massachusetts 02481

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30 and commencing at 9:30 a.m. on Thursday, August 24, 2006, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts, defendants Albert Erani, Philip Laughlin, Donna Abelli Lopolito, Michael Sabolinski and Alan Tuck ("Defendants") shall take the deposition by oral examination of John H. Bowie, Jr.

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law to administer oaths and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

1

You are invited to attend and cross-examine.

ALBERT ERANI, PHILIP LAUGHLIN,
DONNA ABELLI LOPOLITO, MICHAEL
SABOLINSKI AND ALAN TUCK

By their attorneys,


Jeffrey B. Rudman (BBO #433380)
Jonathan A. Shapiro (BBO #567838)
Peter J. Kolovos (BBO#632984)
Kimberly I. Friday (BBO # 660544)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000 (facsimile)

Dated:  August 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 3rd day of August 2006 by overnight mail upon:

Nancy Freeman Gans, Esq.
MOULTON & GANS, P.C.
55 Cleveland Road
Wellesley, Massachusetts 02481

*Liaison Counsel and Local Counsel for Plaintiffs*

Ariana Tadler, Esq.
Peter Sloane, Esq.
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, New York 10019

*Lead Counsel for Plaintiffs*

Peter M. Saparoff, Esq.
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111

*Counsel for Defendant Herbert M. Stein*

Sara Jane Shanahan, Esq.
GRIESINGER, TIGHE & MAFFIE, LLP
176 Federal Street
Boston, Massachusetts 02110

*Counsel for Defendant John J. Arcari*

Kimberly I. Friday

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| IN RE ORGANOGENESIS SECURITIES LITIGATION | No. 04-CV-10027 (JLT) |
|---|---|

### AMENDED NOTICE OF DEPOSITION OF RICHARD CONEN

TO:    Ariana Tadler, Esq.
       Peter Sloane, Esq.
       Milberg Weiss Bershad & Schulman LLP
       One Pennsylvania Plaza
       New York, New York 10119-0165

       Nancy Freeman Gans, Esq.
       Moulton & Gans LLP
       55 Cleveland Road
       Wellesley, Massachusetts 02481

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30 and commencing at 9:30 a.m. on Wednesday, August 23, 2006, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts, defendants Albert Erani, Philip Laughlin, Donna Abelli Lopolito, Michael Sabolinski and Alan Tuck ("Defendants") shall take the deposition by oral examination of Richard Conen.

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law to administer oaths and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

1

You are invited to attend and cross-examine.

ALBERT ERANI, PHILIP LAUGHLIN,
DONNA ABELLI LOPOLITO, MICHAEL
SABOLINSKI AND ALAN TUCK

By their attorneys,

Jeffrey B. Rudman (BBO #433380)
Jonathan A. Shapiro (BBO #567838)
Peter J. Kolovos (BBO#632984)
Kimberly I. Friday (BBO # 660544)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000 (facsimile)

Dated: August 3, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 3rd day of August 2006 by overnight mail upon:

Nancy Freeman Gans, Esq.
MOULTON & GANS, P.C.
55 Cleveland Road
Wellesley, Massachusetts 02481

*Liaison Counsel and Local Counsel for Plaintiffs*

Ariana Tadler, Esq.
Peter Sloane, Esq.
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, New York 10019

*Lead Counsel for Plaintiffs*

Peter M. Saparoff, Esq.
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111

*Counsel for Defendant Herbert M. Stein*

Sara Jane Shanahan, Esq.
GRIESINGER, TIGHE & MAFFIE, LLP
176 Federal Street
Boston, Massachusetts 02110

*Counsel for Defendant John J. Arcari*

Kimberly I. Friday

# EXHIBIT D

WILMERHALE

July 19, 2006

Jonathan A. Shapiro

+1 617 526 6224 (t)
+1 617 526 5000 (f)
jonathan.shapiro@wilmerhale.com

**By E-mail**

Ariana Tadler, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119

Re: *In re Organogenesis Securities Litigation*

Dear Ariana:

I am writing to follow up on the telephone conversation we had this evening.

We discussed rescheduling Bruno Hofmann's deposition, which presently is set for this Saturday, July 22, 2006. The deposition can go forward in Boston on Friday, July 28. I believe (but am not certain) that July 28th would work for the other defense counsel, and hope to confirm their availability first thing tomorrow morning. Please do let me know by mid-morning if the 28th is preferable for Mr. Hofmann, and if not, we probably are stuck with Saturday. Also, given the upcoming deadline for Defendants to oppose class certification and a vacation that I really cannot move, we cannot reschedule Mr. Hofmann's deposition for any date after July 28 unless prior to that date, Plaintiffs file and the Court grants a motion to extend our Opposition deadline until mid-September (in which case we would like to depose Mr. Hofmann on a date that is convenient for you and him in mid-August).

We have agreed to extend by one week the deadline by which Messrs. Bowie and Madigan may oppose the pending Motion to Strike Lead Plaintiffs' Sworn Certifications and Preclude Reliance on Their Stock Transactions. The Opposition to that Motion is now due on July 24, and therefore the new deadline is July 31. We will not agree to any further extension of that deadline. However, if Messrs. Bowie and Madigan file a motion to withdraw as Lead Plaintiffs and to withdraw their Motion for Class Certification, and the Court grants that Motion before July 31, we will withdraw the pending Motion to Strike.

Relatedly, Defendants will not oppose a motion to withdraw if Messrs. Bowie and Madigan elect to file one. I understand that you will let us know by the end of the day on Monday, July 24, if Messrs. Bowie and Madigan will seek to withdraw. Please understand that although Defendants will not oppose any motion to withdraw by Messrs. Bowie and Madigan, we believe that the underlying facts and circumstances remain relevant to this case, including with respect to the pending Motion for Class Certification. Defendants also do not waive their right to depose Messrs. Bowie and Madigan.

We also discussed the upcoming depositions of Dr. Conen and Messrs. Bowie and Madigan. With respect to Dr. Conen, Defendants intend to go forward with his deposition, which the Court

**WILMERHALE**

Ariana Tadler, Esq.
July 19, 2006
Page 2

granted permission for us to take and, even if the Court grants his Motion to Withdraw, we believe would be appropriate discovery because he is one of the plaintiffs who filed a complaint against Defendants. For this same reason, we also intend to go forward with the depositions of Messrs. Bowie and Madigan, although we are willing to postpone their depositions, and also that of Dr. Conen, until the week of July 31, 2006 (their depositions are presently scheduled for next week). If Messrs. Bowie and Madigan file a motion to withdraw, and the Court grants such a motion before their depositions, Defendants will reconsider whether to depose both gentlemen (perhaps we would depose only one of them) and also would work with you to reschedule those depositions if other dates would be more convenient.

Defendants will not oppose a motion by Plaintiffs to extend the current class certification briefing schedule such that Defendants would be entitled to file their Opposition on September 15 (it is currently due on August 14) and Plaintiffs could file a Reply by October 16 (the present deadline is September 14). As noted, if the Court grants such a motion, we would agree to postpone Mr. Hofmann's deposition until mid-August and similarly postpone the depositions of Dr. Conen and of Mr. Bowie and/or Mr. Madigan.

Finally, after our call this evening, I learned that additional trading records that were received yesterday by one of our co-counsel (in response to Rule 45 subpoenas) confirm that the Certification errors apparent from the documents produced by Plaintiffs on June 30 are, if anything, more substantial than those we estimated in the motion papers we filed last week. (For example, we estimated that Mr. Madigan failed to disclose at least 34 transactions, while the documents just produced by A.G. Edwards and Charles Schwab indicate that 53 transactions were omitted. I attach trading confirmations for 60 of his transactions, including the nine that were disclosed, and in the morning we will send to you the trading records that reflect the two other transactions that apparently were omitted.)

Very truly yours,

/s/ Jonathan A. Shapiro

Jonathan A. Shapiro

Enclosure

cc: Jeffrey B. Rudman, Esq.
    Peter J. Kolovos, Esq.
    Peter M. Saparoff, Esq.
    Sara J. Shanahan, Esq.
    Kim Friday, Esq.
    Sherry Haus, Esq.
    Peter Sloane, Esq.

# EXHIBIT E

## WILMERHALE

August 11, 2006

**Kim Friday**

**By E-mail and Overnight Mail**

+1 617 526 6328 (t)
+1 617 526 5000 (f)
kim.friday@wilmerhale.com

Peter Sloane, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Re: In re Organogenesis Securities Litigation, 04-cv-10027 (JLT)

Dear Peter:

I am writing to further respond to your August 9, 2006 letter to Jonathan Shapiro. With regard to Mr. Sheeler's deposition, we have corresponded with Mr. Sheeler's attorney, Mario Papa of Hodgson Russ LLP, and agreed to continue the deposition to Thursday, August 17 in Albany. We will forward you the location and starting time as soon the details are confirmed.

With regard to Mr. Hofmann's deposition, we are amenable to holding the deposition at Berman DeValerio Pease Tabacco Burt & Pucillo, beginning at 9:00 a.m., as you suggested. We request that you arrange for a large conference room to accommodate everyone. We will also arrange for a stenographer.

Additionally, per Peter Kolovos' e-mail of earlier today, all defendants are available to take Mr. Madigan's deposition on September 8; I mailed you an amended deposition notice earlier today. The notice sets the starting time and location as 9:30 a.m. at our offices; please let us know if you would like to propose a different starting time or location.

Defendants still intend to go forward with Mr. Bowie's deposition, which has been noticed for August 24. As we stated in previous e-mails, letters and telephone conversations, we will withdraw the pending Motion to Strike as to Mr. Bowie's Certification if/when the Court grants his Motion to Withdraw as lead plaintiff and proposed class representative. At that time, we will also consider whether to forego Mr. Bowie's deposition.

As you know, we have also noticed Dr. Conen's deposition for August 23. Please confirm that you still represent Dr. Conen.

WILMERHALE

Peter Sloane, Esq.
August 11, 2006
Page 2

Finally, please advise us if the deposition of Mr. Karelitz will go forward on August 18th, as noticed, and confirm the location and starting time.  Thank you.

Sincerely,

Kim Friday

cc: Jonathan A. Shapiro, Esq.
    Peter J. Kolovos, Esq.
    Sherry Hartel Haus, Esq.
    Sara J. Shanahan, Esq.
    Peter M. Saparoff, Esq.
    Ariana Tadler, Esq.
    Peter Seidman, Esq.
    Sanford P. Dumain, Esq.
    Nancy F. Gans, Esq.