MerckTranscript

1

```
 1              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
 2          CIVIL ACTION NO. 05-cv-2367 (SRC)(CCC)

 3

 4
    IN RE:                              MOTION TO INTERVENE
 5  MERCK & CO. INC. SECURITIES
    LITIGATION IN RE: MDL 1658
 6  Submaster to Civil 05-1151
    (Merck & Co., Inc., Securities,
 7  Derivative & "ERISA"
    Litigation)
 8  _____

 9
                         January 25, 2007
10                       Newark, New Jersey

11

12
      B E F O R E:  HONORABLE STANLEY R. CHESLER, USDJ
13

14

15  Pursuant to Section 753 Title 28 United States Code, the
    following transcript is certified to be an accurate record as
16  taken stenographically in the above-entitled proceedings.

17
    JACQUELINE KASHMER
18  Official Court Reporter

19

20

21

22
                 JACQUELINE KASHMER, C.S.R., C.R.R.
23                         P.O. Box 12
                  Pittstown, New Jersey 08867
24                       (908) 229-6496

25
```

2

```
 1   A P P E A R A N C E S:
```

```
              MerckTranscript
 2
 3     CARELLA BYRNE BAIN GILFILLAN CECCHI STEWART & OLSTEIN
       5 Becker Farm Road
 4     Roseland, NJ 07068-1739
       BY:  JAMES CECCHI, ESQ.
 5     Local Counsel for Class Plaintiffs

 6

 7     STULL STULL & BRODY
       6 E. 45th Street
 8     New York, NY 10017
       BY:  JULES BRODY, ESQ.
 9     For Class Plaintiffs

10

11     BROWER PIVEN
       488 Madison Avenue
12     New York, NY 10012
       BY:  DAVID BROWER, ESQ.
13     For Class Plaintiffs

14

15     BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
       1285 Avenue of the Americas
16     New York, NY 10019
       BY:  J. ERIK SANDSTEDT, ESQ.
17     For Intervenor Public Employees' Retirement System of
       Mississippi
18

19
       CRAVATH SWAINE & MOORE, LLP
20     825 8th Avenue (4170)
       New York, NY 10019
21     BY:  ROBERT H. BARON, ESQ.
       For Defendants Merck & Co., Inc., et al
22

23     LABATON SUCHAROW & RUDOFF, LLP
       100 Park Avenue
24     New York, NY 10017
       BY:  THOMAS DUBBS, ESQ.
25     For Objector, Boston Retirement System
```

                                                                3

 1         THE CLERK:  This is Merck Securities Litigation.
 2     Please note your appearances for the record.
 3         MR. CECCHI:  James Cecchi, Carella, Byrne, appearing
 4     on behalf of the parties to the stipulation.  Good afternoon,
 5     your Honor.

MerckTranscript

6        MR. BROWER:  David Brower, Brower & Pivin, your
7   Honor, on behalf of lead plaintiffs.
8        MR. SANDSTEDT:  Erik Sandstedt, Bernstein Litowitz,
9   on behalf of Mississippi.
10       MR. BRODY:  Jules Brody, Stull, Stull & Brody, on
11  behalf of lead plaintiffs.
12       THE COURT:  Okay.
13       MR. DUBBS:  Thomas Dubbs and James Johnson, Labaton
14  Sucharow & Rudoff, for Boston Retirement System, the
15  objector.
16       THE COURT:  Mr. Dubbs.
17       MR. DUBBS:  Your Honor.
18       THE COURT:  All right.  Do we have somebody
19  representing Merck here?
20       MR. BARON:  Robert Baron, Cravath Swaine & Moore for
21  the Merck defendants.
22       THE COURT:  I just wanted to make sure that you
23  weren't left behind.
24       THE COURT:  Very good.  As the parties know, this
25  matter is before the Court on the application of various

4

1   plaintiffs for the Court to approve a stipulation and
2   proposed order resolving the motion of the Public Employees
3   Retirement System of Mississippi to intervene and modifying
4   the lead plaintiff and lead counsel structure in this matter.
5        The Court has received one objection to it from the
6   law firm of Labaton Sucharow, and Mr. Dubbs is here and, Mr.
7   Dubbs, we might as well go right to you, if you wish, I'll
8   hear you.
9        MR. DUBBS:  Very well, your Honor.  Thank you.  Good

MerckTranscript

10  afternoon, your Honor. May it please the Court, my name is
11  Thomas Dubbs, I'm from the Labaton firm and we represent the
12  Boston Retirement System that has filed an objection pursuant
13  to the Court's order that permitted us to do so. We have New
14  Jersey counsel here if you want me admitted pro hac or I'll
15  proceed as you see fit.
16         THE COURT: Any preferences by any of the parties?
17         MR. CECCHI: No, your Honor.
18         THE COURT: Who is going to be your local counsel?
19         MR. DUBBS: Well, Mr. Lite is here to admit me pro
20  hac if necessary.
21         THE COURT: I'll tell you what, we'll admit you pro
22  hac. That way the Client Security Fund can at least benefit
23  from your presence. All right.
24         MR. DUBBS: Thank you, your Honor.
25         THE COURT: Mr. Lite, you're appointed local

5

1  counsel. Mr. Dubbs, you're admitted pro hac vice. Please
2  proceed.
3         MR. DUBBS: Thank you, your Honor. I will be brief.
4  We are here in essence to advance the position that had been
5  previously advanced by Mississippi that the best course in
6  the context of this litigation given the issues with the
7  leadership structure is to open it up for a new lead
8  plaintiffs series of applications. We are aware that that
9  would take some time. We do not think that time would be
10 prejudicial and we think that that is the most prudent course
11 in the long run. It will avoid objectors down the road, it
12 will a void opt-outs down the road, as Mississippi's counsel
13 put in their papers that were recently submitted.

MerckTranscript

14       So, in effect, we adopt much of what Mississippi
15  said in their papers.  I think we would have toned down their
16  language but the basic message we agree with and we are here
17  to advance that position to open it up.  The stipulation --
18       THE COURT:  You're going to be moderate today, Mr.
19  Dubbs?
20       MR. DUBBS:  Yes, your Honor, I am.  It's a new day.
21  I've learned a lot.  The stipulation on its face is
22  problematic before we get to the Mississippi issue.  We have
23  proposed four new co-lead plaintiffs, including Mississippi.
24  We have Mr. Haber, we have Mr. Levan, who has retained Mr.
25  Brower, we have Mr. Reynolds, who seems to have retained the

6

1   Dreier firm, which is not part of the co-lead structure but
2   Mr. Reynolds in his declaration says that the Dreier firm is
3   going to do a lot of work, so, just it's a footnote point but
4   it indicates somewhat paradoxically the hodge-podge that this
5   has become, which is that you have one co-lead plaintiff
6   whose lawyer isn't even part of the co-lead counsel
7   structure.
8        Now, as to the class counsel, we have the addition
9   of Brower Pivin and we have the addition of the Bernstein
10  Litowitz firm.  We adopt Mississippi's arguments as to Mr.
11  Brower's firm and that they do have to be approved by this
12  Court under the Merck decision and that we believe that they
13  should be subject, as should Bernstein Litowitz, to the
14  provisions of the PSLRA.
15       But more importantly, more importantly than the
16  lawyers, because they are fine lawyers, is what about the
17  clients and, in particular, Mississippi, and should

MerckTranscript

18  Mississippi be able to, by stipulation and order of this
19  Court, be able to come in sideways and to become a co-lead
20  plaintiff of this important matter and ultimately, depending
21  upon how things shake up, they may be the single most
22  important lead plaintiff. If that is the case, we believe
23  that other institutional investors, and we know several who
24  are watching this proceeding very carefully in addition to
25  Boston, it should be opened up so that everyone has the

7

1   opportunity and that that is the safest course to go.
2       Let's do it right. Let's look at the numbers.
3   Let's see what the real numbers are. Let's have a short
4   hearing and briefing the way we usually do and at that point
5   we think -- and we're prepared to let the chips fall where
6   they may. Boston may end up with the short stick, but
7   wherever they fall, at that point there will be certainty in
8   the litigation. There will not be the risk of collateral
9   attack and everyone will know that not only the letter of
10  Merck but the spirit and instructive nature of Merck has been
11  followed.
12      Both sides have submitted cases where this has been
13  done before. There's a bit of a disagreement as to whether
14  it's been done before where there has been multiple lead
15  plaintiffs. I'm involved in the HealthSouth situation on
16  behalf of New Mexico and Michigan where the court could have
17  appointed -- given a client who had already been a co-lead,
18  made that client the sole lead, had already been approved,
19  but Judge Bowdre decided no, the safer course, the more
20  prudent course was to open it up for a new series of lead
21  plaintiff applications, which she did, and I think the result

MerckTranscript
22   there has been salutary.  Judge Scheindlin under slightly
23   different circumstances ended opening it up.  The easiest
24   thing to do is to open it up.
25              The stip itself is, we would respectfully submit, a

                                    8

1    virtual admission that there is some tension, problem with
2    the leadership structure as it was constituted before
3    Mississippi was invited to the party, or else why would they
4    have done it except for the obvious reasons.
5              Turning to Mississippi's position, although we
6    probably would have put it differently, quoting from just one
7    part of their brief, The increase in the number of the law
8    firms potentially involved in this action from three to five
9    without the Court-ordered substitution of any, as well as the
10   apparent disagreement as to who will control this litigation,
11   strongly suggests that the present lead plaintiffs are not
12   fulfilling their duty to supervise and control their counsel
13   and that this litigation is completely lawyer driven.  That's
14   on page 13 of Mississippi's opening brief.
15              Now, we may have put it in a slightly more
16   euphemistic language but the fact of the matter is
17   Mississippi has done one of the quickest 180 turns in
18   American jurisprudence in the last three weeks.  The points
19   they make were originally quite sound and the only submission
20   that we've received from them has been basically one
21   distinguishing cases as opposed to answering persuasively all
22   the problems that Mississippi raised with the prior
23   structure, and telling the Court, telling the world for that
24   matter and telling the institutional investor community how
25   the addition of Mississippi without the vetting process of a

MerckTranscript

9

1   lead plaintiff proceeding would assist.
2            So, therefore, we submit that the safest most
3   prudent course here consistent with certainly the language
4   and the direction of the Merck case in the Third Circuit is
5   to open it up again.  We can talk about the mechanics of that
6   which I can touch on.  We've said in our letter brief that we
7   thought 30 days.  I think on reflection it might be best off
8   making it longer than that for the simple practical reason
9   that many of these public pension funds that are interested
10  in this kind of litigation, they are either elected directly
11  or they are appointed by the governor or an attorney general
12  is involved, and we've talked with any number of these
13  institutions and they've said, you know, we've only been in
14  office two and a half, three weeks, what do you want us to
15  do.
16           So, that not only accounts for why Boston is the
17  only one who is here objecting, even though there are others
18  who we believe are concerned, but that would argue for
19  opening it up and giving a reasonable time for new lead
20  plaintiffs.
21           I think notice could be given.  I think that's the
22  belts-and-suspenders approach.  I think an alternative which
23  is equally effective would be to issue another order like
24  your Honor did and that that will make its way throughout the
25  institutional investor community, if not deeper than that.

10

1            So, if there are no further questions, we submit
2   that Mississippi was right and they should have stuck by

```
                    MerckTranscript
 3    their guns.  Thank you.
 4             THE COURT:  Thank you, Mr. Dubbs.  All right.  Who
 5    wishes to go from the other table?
 6             MR. CECCHI:  Very briefly, your Honor.
 7             THE COURT:  All right, Mr. Cecchi.
 8             MR. CECCHI:  Thank you, Judge.  We filed a letter
 9    yesterday which touched, I believe, all the points that Mr.
10    Dubbs made so I will also be brief as he was.  I just wish to
11    correct a number of statements.
12             There are not four new lead plaintiffs, as your
13    Honor is well aware.  The three existing lead plaintiffs
14    which your Honor confirmed their appointment are continuing
15    and they believe that the proposed stipulation not only
16    resolves Mississippi's motion but is a common sense
17    real-world solution to the issues which your Honor touched on
18    when we were back here in November and they believe that the
19    structure which we propose is in the best interests of the
20    class.
21             The critical point Mr. Dubbs raised about new
22    notice, etc., Judge, there is not a single case which
23    requires your Honor to deal with what Mr. Dubbs' suggests.
24    To the contrary, as we've explained in our letter, all the
25    cases he relies upon is when there's one lead plaintiff and
                                                              11


 1    there's not other lead plaintiffs who have demonstrated their
 2    ability to manage the case and to go forward as there are in
 3    this case and is demonstrated, we submit, the existing lead
 4    plaintiffs submit as is demonstrated in their declaration.
 5             As to the other institutional community, Judge, we
 6    posted or rather we filed our proposed stipulation not only
```