# EXHIBIT 1

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)

1

736JPRIM                         Motions
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    IN RE:   SUBPOENA ISSUED TO                M8-85
3    PRICE WATERHOUSE COOPERS, LLP
4
4    ------------------------------x
5
6
7                                              March 6, 2007
7                                              11:15 a.m.
8
9
10
11   Before:
11
12                    HON. MIRIAM GOLDMAN CEDARBAUM,
12
13                                        District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

2

736JPRIM                         Motions
1            (In open court)
2            (Case called)
3            THE COURT:  You were in the courtroom this morning
4    perhaps when you heard me inquire why this is not appropriately
5    determined by the court knows about this case.
6            MR. FRANK:  Well, william Frank for Skadden Arps.
7            May I first make a motion in support of my partner
8    Matthew Matule from our Boston office pro hac vice.
9            THE COURT:  I normally get those in advance, but I
10   will hear him anyway.
11           MR. FRANK:  Thank you.  I will hand this up to the
12   court.
13           THE COURT:  I take it you are here because this matter
14   is in Massachusetts, MR. Matule?
15           MR. MATULE:  Yes, your Honor, this matter is.
16           THE COURT:  So is there any reason, since rightly your
17   firm brought you in because you know about it and clearly the
18   judge in Massachusetts knows about it, is there any reason why
19   I should not defer to the judge in Massachusetts?
20           MR. MATULE:  Two points, your Honor.
21           Price Waterhouse Coopers is here as the respondent to
22   the motion to compel.
23           THE COURT:  Then I should turn first to the moving
24   party.
                              Page 1

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
25              MR. SLOANE:  Good afternoon.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

736JPRIM                    Motions
 1              THE COURT:  That is what I thought I was doing.
 2              MR. SLOANE:  Perhaps we should have been sitting in
 3  different places.
 4              THE COURT:  It is usually the other way.  It doesn't
 5  matter.
 6              MR. SLOANE:  My name is Peter Sloane.  I represent the
 7  petitioners on the motion.
 8              THE COURT:  I ask you that question, Mr. Sloane, why
 9  should I not differ to the judge who really knows what is
10  happening in this case?
11              MR. SLOANE:  Because under Rule 37 --
12              THE COURT:  That is different.  You are talking about
13  why you had to bring it in this district, not why it has to
14  stay here.
15              MR. SLOANE:  Well, because I believe under the rule,
16  the court, this Court, is the one that has jurisdiction to
17  enforce the subpoena.  It is issued from this court.
18              THE COURT:  That is correct, but I also have the
19  power, as I read the law, to transfer this matter to the judge
20  who really knows about the case and is in a much better
21  position to determine whether this subpoena should be enforced.
22              I am asking you, can you give me any good reason for
23  not doing that?
24              MR. SLOANE:  Well, there are several.
25              THE COURT:  All you're telling me is why you brought
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

736JPRIM                    Motions
 1  it here in the first instance.  I understand why.
 2              MR. SLOANE:  Well, there are two reasons.
 3              THE COURT:  Yes.
 4              MR. SLOANE:  First, I am not sure, your Honor, the
 5  court in Massachusetts would have --
 6              THE COURT:  I know it would.
 7              MR. SLOANE:  -- have jurisdiction to enforce this
 8  subpoena.
 9              THE COURT:  Yes.  If I defer decision to the court in
10  Massachusetts on the issue of whether the subpoena should be
11  enforced, if you're telling me that if the judge in
12  Massachusetts wants me to ultimately enforce its decision, that
13  is fine, I have no problem with that.  I am not even sure
14  that's correct, but I have no doubt that I can seek a
15  determination by the judge who is most knowledgeable here.
16              MR. SLOANE:  Well, I won't respond to that, your
17  Honor, but the second reason is that the issue here is not
18  really one that depends on for the most part the facts of the
19  case because the issue here is the cost of compliance with the
20  subpoena.  That is not one that I believe is necessary for
21  Judge Tauro to make is the judge presiding in --
22              THE COURT:  It is my experience, as a judge who
23  presides over many cases, that determining what is a reasonable
24  arrangement here is very much informed by other things that
25  have gone on in the case that I know nothing about.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

736JPRIM                    Motions
                              Page 2

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
1       MR. SLOANE: Apart from the reasons that I've given --
2       THE COURT: That is, what your client is doing is
3   conditioning his compliance on some agreement. I am not here
4   to enforce a condition that a party sets.
5       MR. SLOANE: Your Honor, I don't believe that there
6   was no agreement between the parties about the costs of
7   compliance of the subpoena.
8       THE COURT: As I understand it, somebody has refused
9   to do this unless something happens. Is that wrong?
10      MR. SLOANE: What happened is we issued a subpoena to
11  Price Waterhouse because they were the auditors involved in the
12  case and they said we are not going to provide any documents to
13  you unless you pay us $120,000. We never agreed to do that.
14      THE COURT: Of course, of course.
15      MR. SLOANE: So there was no agreement between the
16  parties.
17      THE COURT: I understand. Whether that is a
18  reasonable request I think is much better determined by the
19  judge in Massachusetts who is in a position to know who has
20  done what here and what is reasonable in connection with
21  discovery in this case. These are not isolated matters. This
22  is part of a whole lawsuit. Isn't that right?
23      MR. SLOANE: Correct.
24      THE COURT: Normally, judges in lawsuits determine
25  discovery disputes. That is what this is essentially, a
                SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300
                                                        6

736JPRIM            Motions
1   discovery dispute. Isn't that right?
2       MR. SLOANE: It is, your Honor, but again since it
3   relates to a subpoena that was issued from this court, we
4   believe that this court has not only jurisdiction, but also the
5   power to determine the issue.
6       THE COURT: Of course I have the power.
7       I am asking you how to exercise it most sensibly and I
8   think the most sensible way for me to exercise this power is to
9   defer to the court in Massachusetts that understands the
10  significance of these documents, whether they really are
11  necessary, what they are in the case and how burdensome it is
12  under all the circumstances to produce them.
13      Isn't that right?
14      MR. SLOANE: Well, first I point out that there isn't
15  any question, at least with respect to the documents that Price
16  Waterhouse says it intends to produce, that those documents are
17  relevant. That is not an issue that I understand to be in
18  dispute. If the question is one that goes to judicial --
19      THE COURT: Do I understand that both sides agree that
20  these documents are relevant?
21      MR. MATULE: The documents that PWC has indicated in
22  its responses and objections to the subpoena it was going to
23  produce, which is the work papers for the 1999, 2000 and 2001
24  fiscal years, PWC does not object to the relevance of those
25  documents.
                SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300
                                                        7

736JPRIM            Motions
1       PWC was a recipient of Rule 45 subpoena for documents
2   only. We filed a 45 (C)(2)(B), which is exactly what we were
3   supposed to do back in July of 2006. We never heard back on
4   those objections until the end of 2006, beginning of 2007.
5       I would defer to your Honor your Honor. I am more
                    Page 3

```
         Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
 6   than happy to have you decide the issue.  I am equally certain
 7   that Judge Tauro would, in the District of Massachusetts, would
 8   decide the issues as --
 9           THE COURT:  As objections to the production of these
10   documents either on the ground it is too burdensome or it isn't
11   too burdensome or whatever is being asserted.  I decide those
12   issues every day of the week in cases before me where I know
13   what is involved.
14           MR. MATULE:  I would submit that burden and
15   burdensomeness has many components, and one of them is what is
16   built into Rule 45, which is the protection from significant
17   expense.  I would put the expense as part of the burden in
18   responding to the subpoena, not just the manhours.
19           THE COURT:  That may be, but I think that Judge Tauro
20   is in a much better position to gauge whether the expense is
21   proportional or disproportional.
22           MR. MATULE:  That is not disputed from our position.
23           THE COURT:  Isn't that the issue --
24           MR. SLOANE:  As I --
25           THE COURT:  -- whether the expense is disproportional
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
                                                            8
     736JPRIM                 Motions
 1   or not?
 2           MR. SLOANE:  Well, that is one of the questions, yes.
 3           I believe we have shown that they're not entitled to
 4   the reimbursement of their costs, but to the extent that they
 5   are entitled to that, the question then is what is the correct
 6   amount.
 7           As I understood your Honor's question before as one,
 8   it was one that went to a question of judicial administration,
 9   it would be inefficient at this point to transfer, in effect,
10   transfer this motion the District of Massachusetts.
11           THE COURT:  Everything involved in this case is before
12   Judge Tauro.  Isn't that right?  Why is it inefficient?
13           MR. SLOANE:  This motion has already been briefed and
14   now heard by this Court, and we would now have to --
15           THE COURT:  I am going to send the papers to Judge
16   Tauro if I transfer it.
17           MR. SLOANE:  There is also a question of time, your
18   Honor.  We have a discovery cutoff at the end of April.
19           THE COURT:  He is the one who is certainly in charge
20   of that.  Isn't that right?  I can't move his discovery
21   schedule.
22           MR. SLOANE:  Even if the papers are transferred, Price
23   Waterhouse could make the argument that there is a lack of
24   jurisdiction by that court, and that is just more briefing.
25           THE COURT:  Not if I have determined that issue.  It
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
                                                            9
     736JPRIM                 Motions
 1   is res judicata.  This is not being sent to Massachusetts as an
 2   appeal.  This is my determination of this motion, that it
 3   should be heard by the judge who is presiding over this case,
 4   and I defer to his decision.
 5           Now, if you want to say that what you'd like to do is
 6   have me ultimately enforce it, that is fine, but in the first
 7   instance, I think he should make the decision.  I defer to his
 8   view in a case that he has been presiding over, and I will send
 9   all of the papers to him, and I will expect you to go before
10   him.
```

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
11          MR. SLOANE:  May I raise one procedural issue that I
12 do believe the court has not just the power to decide but also
13 should decide?
14          THE COURT:  Yes.
15          MR. SLOANE:  That is the question of the timeliness of
16 Price Waterhouse Coopers' opposition to this motion.
17          THE COURT:  That is a different matter.  That is a
18 different matter.  Tell me, when was the motion made?
19          MR. SLOANE:  We served the motion on February 16th.
20 We invoked Rule 37.  Under local rules, motions that are filed
21 under that rule require that the response be made in four
22 business days.  That date was February 26th.
23          THE COURT:  Just a moment.  You're talking about our
24 local rules here in the Southern District?
25          MR. SLOANE:  Correct.  .
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
                                                              10
        736JPRIM              Motions
 1          (Pause)
 2          MR. SLOANE:  Shall I continue?
 3          THE COURT:  Just a moment, unless you want to give me
 4 a copy of the rules.
 5          MR. SLOANE:  Sorry.  If I had one, I would give it to
 6 your Honor.
 7          THE COURT:  Sorry.  I never speak of a statute or a
 8 rule that I don't have in front of me.
 9          MR. SLOANE:  Pardon me, your Honor.
10          (Pause)
11          MR. SLOANE:  May I take this time to point out we did
12 submit a reply yesterday.
13          THE COURT:  When yesterday?
14          MR. SLOANE:  Yesterday afternoon we filed it and sent
15 a courtesy copy to your Honor.  This issue was raised in the
16 reply.
17          THE COURT:  Because of the tight security of
18 courthouses these days, nothing gets to me immediately.  I am
19 flattered that you think I am such a speed-reader that if
20 something came last night, I would have already have digested
21 it.
22          MR. SLOANE:  I did not think that, your Honor.
23          That is one of the points we make on this point
24 regarding timeliness, is that the opposition should have been
25 served earlier precisely for this reason, so the court would
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
                                                              11
        736JPRIM              Motions
 1 have had the chance to review our reply that we spent the
 2 weekend working on so it can be into the court on Monday.
 3          THE COURT:  I agree with you I should have gotten
 4 opposition sooner.
 5          (Pause)
 6          THE COURT:  I am not so familiar with this rule
 7 because we also have the local rule on discovery motions, we
 8 have conferences and never have motions.
 9          MR. SLOANE:  The local Rule 6.1 (a) provides that the
10 response is to be served within four business days.  That would
11 have brought their response to February --
12          THE COURT:  I see that.
13          MR. SLOANE:  -- to February 26th.  They submitted
14 their opposition on Friday, March 2nd.
15          THE COURT:  All right.  Do you want me to put this
                          Page 5

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
16  over for a week so you have more time?
17            MR. SLOANE:  Well, we have submitted our reply, but we
18  believe the opposition should be stricken for untimeliness.
19            THE COURT:  Well, you know, we do not generally like
20  forfeitures.  We try to ameliorate in other ways.
21            If somebody doesn't have the time for something, if
22  one side doesn't have a sufficient amount of time because of
23  something the other side does, we give them more time.  We
24  don't strike everything.
25            You see, this local rule is so rarely applicable
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

                                                                    12

        736JPRIM                    Motions
1  because our local rules require that before any motion can be
2  made on a discovery issue, the party, the complaining party has
3  to seek a conference with the court, and I have never had any
4  motion after a conference.  We normally resolve these matters
5  at conferences.
6            MR. SLOANE:  If there had been a procedure for having
7  a conference for this, your Honor, I would have tried to
8  schedule one.
9            THE COURT:  I understand.  I understand.  If what you
10  want is more time to do a better reply, I will be happy to give
11  you more time.
12            MR. SLOANE:  As I understand it, your Honor, your
13  Honor is not going to address the substance of the motion so I
14  don't think that that will serve any purpose.
15            THE COURT:  Well, if there is some reason that you can
16  give me for not having you submit this to Judge Tauro, I will
17  consider it, but you've already given me all of the reasons you
18  can think of, as I think.
19            MR. SLOANE:  I have, your Honor.  I did not believe
20  that this would be an issue because I did believe that the
21  court, the court's jurisdiction here is clear, but I
22  understand --
23            THE COURT:  Of course I have jurisdiction.  We do not
24  always exercise all of our jurisdiction to the fullest if the
25  administration of justice points to a different way of
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

                                                                    13

        736JPRIM                    Motions
1  proceeding.  You know, we do have provisions in the rules for
2  transfer of cases and certainly we have the power to transfer
3  motions in circumstances like these.
4            MR. MATULE:  I guess there are two things that I would
5  like to state, and I can interrupt here, I don't know if you're
6  done or not.
7            Lest the record be unclear, there is a disagreement,
8  obviously, about the timing in terms of response for this
9  motion, and I can address it or not, but it comes down to --
10            THE COURT:  You probably should put it on the record.
11            MR. MATULE:  I will be happy to.  I will get to that.
12            I don't know what mechanism your Honor would prefer if
13  it is going to be the decision to defer to Judge Tauro and to
14  send it up to the District of Massachusetts, but we certainly
15  could help facilitate getting the papers up to Judge Tauro.
16            THE COURT:  Of course.  I would expect you're not
17  going to wait for the clerk to send them.  You are going to
18  give Judge Tauro the papers.
19            MR. MATULE:  As to the interplay between rules, Local
20  Rule 6.1 (a) and 6.1 (b), this is set out in the letters that
                              Page 6

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
21      were submitted to Judge McKenna when he was the Part One Judge
22      two weeks ago, and I don't know if they became part of the
23      package that came up to your Honor --
24              THE COURT:  I don't think I have seen them, in any
25      event.

SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

14

736JPRIM                     Motions
1               MR. MATULE:  -- or not.  This is a Rule 45 subpoena,
2       and in particular it is Rule 45 (c)(2)(B) objections.
3               That rule has its own mechanism for moving to compel
4       over the objections.  Local Rule 6.1 (a) only applies to Rules
5       26 through 37 and 45 (c)(3), which is a party seeking for a
6       protective order.
7               THE COURT:  I see.
8               MR. MATULE:  6.1 (b) applies by its terms to all other
9       motions.  It is the position of PWC, and it is in the letters,
10      two letters of February 26th letter and a March 1st letter to
11      Judge McKenna as well as Footnote 1 to respondent's brief which
12      lay out the rationale and the case law that make clear that
13      Rule 37 by its terms only applies to motions to compel against
14      a party in particular with respect to documents, Rule 34.
15              Rule 34 (c) says that if you want to compel on the
16      documents, you look to Rule 45.
17              THE COURT:  Yes, that I am familiar with.
18              MR. MATULE:  The cases are in re: Exxon Valdez out of
19      the D.C. District, District of Columbia, and Cruz versus
20      Meecham out of the District of Connecticut, two cases that are
21      in the letters to Judge McKenna.
22              The in re:  Exxon Valdez case is a case that
23      petitioners rely on for other reasons, make it very clear that
24      Rule 37 only applies to parties and that the only provision
25      with respect to moving to compel documents from a non-party is
                        SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

15

736JPRIM                     Motions
1       pursuant to Rule 45.  The provision of Rule 45 is not one of
2       the rules that is specified in Local Rule 6.1 (a), and so we
3       submit that rather than being untimely, the petitioners tried
4       to shorten the applicable time to PWC, the non-party in this
5       case, by invoking the inappropriate rule, which is clearly
6       contrary to the case law.
7               We followed the timing mechanism.  I guess the bottom
8       line is we're timely.  Petitioners did submit a reply.  I
9       didn't hear them asking for more time to redo the reply.  It is
10      a 15-page reply.
11              THE COURT:  Replies are not normally of great
12      significance unless there is something raised for the first
13      time in response.  Most replies are simply repetitions of the
14      original.
15              MR. MATULE:  I only want to be clear we vigorously
16      dispute and think it is incorrect for the purposes of this
17      motion timing would be under Local Rule 6.1 (a).
18              THE COURT:  Because you are proceeding under 45
19      (c)(3), is that what you said?
20              MR. MATULE:  No.
21              THE COURT:  That is the one referred to.
22              MR. MATULE:  That is the one built into 6.1 (a).
23              We are the respondent here on a motion to compel.  The
24      motion to compel would have to be pursuant to 45 (C)(2)(B)
25      because PWC timely objected and responded to the subpoena, and
                              Page 7

Case 1:04-cv-10027-JLT    Document 203-2    Filed 03/09/2007    Page 9 of 11

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

16

736JPRIM                          Motions
1    the only way for the party serving the subpoena to enforce that
2    subpoena or get the objections overruled is to bring a motion
3    to compel pursuant to the mechanism in Rule 45.
4              MR. SLOANE:  May I respond, your Honor?
5              THE COURT:  Just one moment.  Let me read from Rule 45
6    (c)(2)(B).
7              "If objection has been made, the party serving the
8    subpoena may, upon notice to the person commanded to produce,
9    move at any time for an order to compel the production."
10             Now, you are moving to compel.  Isn't that right?
11             MR. SLOANE:  Correct, your Honor.  We don't dispute
12   that Rule 45 is also applicable here.  Rule 37, by its terms,
13   governs an application for an order compelling disclosure or
14   discovery from a non-party.  That is Rule 37 (a)(1).
15             THE COURT:  You did not serve a subpoena?
16             MR. SLOANE:  We did serve a subpoena, your Honor, on a
17   non-party.  We are moving to compel disclosure from that
18   non-party.  The procedure for doing so stems from Rule 37
19   (a)(1).
20             MR. MATULE:  Your Honor, I would submit if you look at
21   Rule 37, specifically 37 Subpart (2) identifies motions and
22   identifies the various motions that can be brought pursuant to
23   Rule 37, and the only rule that is referenced is Rule 30, which
24   would make sense if it was a subpoena for testimony brought in
25   conjunction with both Rule 30 and Rule 45.
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

17

736JPRIM                          Motions
1              What we have here is solely a subpoena for documents.
2    The only mechanism under the federal rules for documents from a
3    non-party is pursuant to Rule 45, and the procedure for
4    compelling-over objections is set out in 45 (C)(2)(B).
5              THE COURT:  Yes.  Actually, 37 provides, with respect
6    to being appropriate, an application for an order to a person
7    who is not a party shall be made to the court in the district
8    where the discovery is being taken.  That is why you're here.
9    That is in accordance with Rule 37 (a)(1).
10             MR. SLOANE:  Correct, your Honor.
11             THE COURT:  Well, in any event, we do not go into
12   forfeiture.
13             MR. SLOANE:  May I add --
14             THE COURT:  Our local rules on discovery are so
15   different from the expectation of motions.
16             MR. SLOANE:  -- may I add one point with respect to
17   the transfer?
18             THE COURT:  Yes.
19             MR. SLOANE:  This issue is subsumed, I think, under
20   the issue of efficiency, but I think it bears pointing out
21   some --
22             THE COURT:  That is exactly what my concern is,
23   efficiency.
24             MR. SLOANE:  -- I think it bears noting specifically,
25   though, that it is particularly inefficient to transfer the
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

18

736JPRIM                          Motions
1    case where the issue is one of costs, and the costs that are at
Page 8

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
2  issue here are the costs claimed by Price Waterhouse include
3  all of their costs relating to anything having to do with the
4  subpoena.  They're not just asking for --
5          THE COURT:  That is exactly why the court in
6  Massachusetts is very able to assess whether they are
7  over-claiming.
8          MR. SLOANE:  I understand, your Honor.
9          Where I was going with that, we are simply now going
10 to have to have proceedings before the district judge in
11 Massachusetts, and no doubt Price Waterhouse Coopers is just
12 going to claim that that is an additional cost of thousands of
13 dollars that they want.
14         THE COURT:  I have great confidence in the judge in
15 Massachusetts that he can evaluate that claim.  I have great
16 confidence in my colleagues around the country to preside over
17 the cases that they are familiar with.
18         I receive cases from other districts and matters from
19 other districts in cases that I preside over because I am
20 familiar with the problems.  I am sure that Judge Tauro is
21 familiar here, and what I think you should do is promptly
22 submit this issue to him.  If there is any problem in his
23 issuing an order, I will be happy to facilitate his view, but I
24 think it should be referred to him.
25         MR. SLOANE:  May I clarify what your Honor is saying?
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                19
   736JPRIM                Motions
1          THE COURT:  Yes.  I am transferring this matter to
2  Judge Tauro, and if he needs my assistance for any reason under
3  the rules, I will be happy to provide that assistance, but in
4  the first instance he is the one best suited to decide the
5  matter.
6          MR. SLOANE:  Do I understand that to mean that this
7  Court --
8          THE COURT:  In any case that I preside over, I would
9  like to be the one to determine most of the things that come up
10 during the course of the case because it is his job to manage
11 the case.  The presiding judge has to do that, and he,
12 therefore, should be most in control of what happens, and
13 because of his knowledge of the case, he is best suited to make
14 the most informed decisions.
15         MR. SLOANE:  As I understand it, your Honor is
16 transferring this court's authority to decide the motion to
17 Judge Tauro?
18         THE COURT:  I am deferring to Judge Tauro.  You can
19 define that however you like or translate it however you like.
20         I think that he should make this decision.  I will be
21 happy to abide by anything he does here.  Very well.  I will
22 endorse the papers accordingly.  I will transfer the papers to
23 him, although I would hope that you can take the papers to him
24 promptly.
25         MR. SLOANE:  Yes, your Honor.  Can I ask that this
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                20
   736JPRIM                Motions
1  Court provide that the issue be determined under Second Circuit
2  law since that is the law that was briefed, and otherwise we're
3  going to have to brief --
4          THE COURT:  Is there any reason to believe that this
5  federal discovery issue is different in the First Circuit from
6  the Second Circuit?
                        Page 9

Organogenesis - 3-6-07 Hearing TX (PWC Motion to Compel)
 7             MR. SLOANE:  Your Honor, I couldn't tell you that.
 8             THE COURT:  These are all matters of discretion and
 9    judgment in both the Second Circuit and the First Circuit.  We
10    don't have black letter law on discovery disputes.
11             MR. SLOANE:  I am just trying to avoid, your Honor,
12    having to have both sides prepare new briefs under --
13             THE COURT:  I am sure you do not have to provide new
14    briefs.
15             MR. SLOANE:  That is why I was asking your Honor if
16    the court would provide --
17             THE COURT:  This is not a question of law, of black
18    letter law; this is a question which is answered based on all
19    of the circumstances.  It is a question of reasonable
20    management of discovery in a case.  I really think we've spent
21    enough time on this.
22             MR. SLOANE:  I understand, your Honor.  I was simply
23    trying to reduce any costs to both parties here.
24             THE COURT:  I think you should certainly do that.
25             (Court adjourned)
                   SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

Page 10