UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE ORGANOGENESIS SECURITIES
LITIGATION

Case No.: 1:04cv10027-JLT

PLAINTIFFS' MOTION FOR LEAVE TO SERVE
NON-PARTY *SUBPOENAS AD TESTIFICANDUM*

Pursuant to this Court's Discovery Order that "[n]o additional discovery shall take place without further order of the court," Plaintiffs respectfully move this Court for leave to serve *subpoenas ad testificandum* upon Novartis Pharmaceuticals Corporation ("Novartis"), PricewaterhouseCoopers LLP ("PWC") and such current or former employees of Novartis and PWC who may have knowledge relevant to the claims alleged in this action.[1]

As grounds for this motion, with respect to Novartis, Plaintiffs state that Novartis, and its Swiss affiliate, Novartis Pharma AG, were Organogenesis Inc.'s ("Organogenesis") key marketing partner with respect to Apligraf, the purported commercial viability of which is at issue in this case. *See e.g.*, Plaintiffs' Corrected Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws, filed on December 22, 2004 ("Amended Complaint") (Dkt. No. 58) at ¶¶ 3, 5, 8, 23, 53, 55, 57, 60, and 65-66. Additionally, Novartis Pharma AG is a former defendant in this action and was a principal shareholder in Organogenesis, holding as

---

[1] On April 25, 2006 and June 13, 2006, ruling on Plaintiffs' assented-to-motion, this Court granted Plaintiffs leave to serve *subpoenas duces tecum* on PWC and Novartis, respectively. After serving the subpoena on PwC, and moving to compel PwC's compliance with the subpoena in the United States District Court for the Southern District of New York (the "SDNY"), the Hon. Miriam G. Cedarbaum, on March 6, 2007, transferred the motion to compel to this Court. Plaintiffs are filing concurrently herewith Plaintiffs' Notice of Transfer of Motion to Compel Non-Party PricewaterhouseCoopers LLP to Comply with *Subpoena Duces Tecum* and Request for Adjudication. Further, on March 2, 2007, Plaintiffs served a motion to compel Novartis to produce documents pursuant to a subpoena in the SDNY. That motion is noticed for hearing on March 27, 2007 in the SDNY.

many as 2.88 million shares during the Class Period, or 6% of the Company's shares issued, and was party to a $20 million put option. *Id.* at ¶¶ 5, 53 and 56-57. The terms and extent of Novartis's investments in and funding commitments to Organogenesis, including the terms of the $20 million put option agreement, are relevant to Defendants' alleged misrepresentations that they had access to sufficient funding to sustain operations. *See, e.g.*, *id.* at ¶¶ 3, 5, 8 and 23. Further, Defendants identified representatives of Novartis Pharma AG as persons believed to have discoverable information in their Sworn Statements pursuant to Local Rule 26.1 ("Sworn Statements"). Moreover, Defendants did not object to Plaintiffs' request at the April 25, 2006 conference before this Court to for leave to serve a *subpoena duces tecum* on Novartis.

As grounds for this motion, with respect to PWC, Plaintiffs state that PWC was Organogenesis's auditor throughout the relevant period, issued the "going concern" opinion concerning Organogenesis (Amended Complaint at ¶¶ 13 and 155), and is a former defendant in this action. Additionally, Plaintiffs have obtained a confidential document that was created by the Organogenesis's then-Chief Financial Officer, John Arcari (the "Confidential Arcari Document") that details PwC's awareness of suspicious activity by the Company's then-CEO and Chairman and its lack of confidence in the representations of the Company's management. *See* Amended Complaint ¶¶ 7-8, 12, 60, 111, 124 and 174, and Exhibit A to Lead Plaintiffs' Unopposed Motion to File Serve [sic] Third Party Subpoena (Dkt # 124-2). Further, Defendants identified PWC as an entity believed to have discoverable information in their Sworn Statements. Moreover, Defendants assented to Plaintiffs' June 9, 2006 motion for leave to serve a *subpoena duces tecum* on PWC.

Therefore, Novartis and PWC, and certain of its current and former employees, are likely to have information "relevant to disputed facts alleged with particularity in the pleadings."

Discovery Order, dated June 5, 2006 (Dkt. No. 122), and Plaintiffs respectfully request leave to take their depositions.

| | |
|---|---|
| Dated: March 9, 2007 | **MOULTON & GANS, P.C.**<br><br>By: /s/ Nancy Freeman Gans<br>Nancy Freeman Gans, BBO #184540<br>55 Cleveland Road<br>Wellesley, MA 02481<br>Telephone: (781) 235-2246<br><br>*Liaison Counsel and Local Counsel for Plaintiffs and the Class*<br><br>**MILBERG WEISS & BERSHAD LLP**<br>Peter Seidman<br>Peter Sloane<br>S. Melisa Twomey<br>One Pennsylvania Plaza<br>New York, NY 10119<br>(212) 594-5300<br><br>*Lead Counsel for Plaintiffs and the Class* |

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Nancy Freeman Gans, hereby certify that I conferred concerning the above motion via email on March 1-6, 2007 and by telephone on March 7, 2007 with Jonathan A. Shapiro, Esquire, Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Defendants Donna Abelli Lopolito, Michael Sabolinski, Philip Laughlin, Alan Tuck, and Albert Erani; Peter Saparoff, Esquire, Mintz, Levin, Cohn, Feris Glovsky and Popeo, P.C., counsel for Defendant Herbert M. Stein; and Sara Jane Shanahan, Esquire, Griesinger, Tighe & Maffei, LLP, counsel for Defendant John J. Arcari. Defendants oppose the motion.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

-4-

## **CERTIFICATE OF SERVICE**

     I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party via ECF.

/s/ Nancy Freeman Gans
Nancy Freeman Gans
