UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUNO HOFMANN

V.

PHILIP LAUGHLIN, et al.

Civ. No. 04-10027-JLT

## DEFENDANTS' OPPOSITION TO MOTION TO STAY

Defendants Albert Erani, Philip Laughlin, Donna Abelli Lopolito, Michael Sabolinski, Alan Tuck, Herbert Stein and John Arcari ("Defendants") submit this memorandum in opposition to the Motion to Stay filed in this case on behalf of unnamed "Plaintiffs" on March 28, 2007.  Dkt. No. 214.

## BACKGROUND

One year ago, at the Scheduling Conference on April 25, 2006, and again in the Scheduling Order entered on April 26, 2006, the Court was clear that "all discovery must be completed by April 25, 2007" and that "no extensions of time will be permitted." *See* Order, Dkt. No. 115.  The Court told the parties to be ready for trial within one year of the date of the conference and, in fact, observed that "is the longest I have ever permitted." *See* Hearing Transcript, Dkt. No. 116, at 21. The Court added:

> I am letting counsel just go off unfettered.  So consider that to be a compliment.  Consider it to be a burden as well . . . you have got to fold [all discovery] into that year.  You are not going to make this the oldest case that was ever on the docket.  It is very old already now and nothing has happened . . . You have got a year to get it all done.

Dkt. No. 116 at 24.

On March 27, 2007, the Court entered its Procedural Order Regarding Pretrial Conference, setting a pretrial conference for May 10, 2007.  *See* Dkt. No. 213.

1

The following day, March 28, 2007, Plaintiff filed a Motion to Stay. *See* Dkt. No. 214.

## ARGUMENT

### A.    THERE IS NO REASON TO STAY THE CASE

Plaintiff's one-sentence Motion provides no reason to undo the schedule set by this Court. The Motion says no more than that an unidentified set of "Plaintiffs" need "time . . . to consider the Court's March 15, 2007 Memorandum and Order," and to "resolve outstanding discovery issues." *See* Motion. That is not "good cause" to move or freeze deadlines. Nor is there anything complicated about the March 15 Order, which denied class certification and reduced this case to an *individual* lawsuit brought by a *single* plaintiff (Hofmann).

Moreover, Plaintiff's Motion was filed the *day after* the Court entered its Procedural Order Regarding Pretrial Conference on March 27, 2007. *See* Dkt. No. 213. The Court set a pretrial conference for May 10, 2007, thus permitting almost two months for Plaintiffs to "consider" the Court's March 15 Order. *Id*. Defendants would like to resolve the remaining, narrow individual lawsuit in a practical and efficient manner (ideally without unnecessarily consuming any more of the Court's time), and do so within the timeframe set by the Court's March 27, 2007 and April 26, 2006 Orders.

### B.    THE ONLY PLAINTIFF LEFT IS MR. HOFMANN

There is very little left to litigate in this case. In the March 15 Order, the Court denied the Motion for Class Certification filed by former Lead Plaintiffs Bruno Hofmann and Richard Madigan for the "failures of typicality of representatives and adequacy of counsel." *See* Dkt. No. 209. As a result, this is no longer a class action, there is *nothing* left of Mr. Madigan's individual claim, and Mr. Hofmann's individual claim is limited in scope. In particular:

- With respect to Mr. Madigan, as a matter of law, the Court's ruling that he has no damages disposes of his claims against all defendants. *See* Dkt. No. 209. As such, there is nothing left to litigate (and nothing left to stay) for Mr. Madigan.

- With respect to Mr. Hofmann, the Court has ruled that he has no standing to press a claim against defendant Arcari. *See* Dkt. No. 209. Thus, all that remains to litigate is his individual claim against the other defendants, which itself is narrow.[1]

In short, the only claims remaining before the Court are alleged individual (not class) claims by plaintiff Hofmann against defendants Laughlin, Sabolinski, Lopolito, Erani, Tuck and Stein.[2] Defendants submit that this remaining claim, which has been pending for over three years, can be resolved in the time frame set by the Court.

---

[1] As the Court has noted, Mr. Hofmann can only maintain a lawsuit on the basis of alleged misstatements made on or before the last date he allegedly purchased Organogenesis stock, which was on April 13, 2000. *See* Dkt. No. 209 at 12-16. As a result, Mr. Hofmann only has standing to challenge *nine* of the thirty-three statements that were at issue in the former putative class action. *Id*. at 12. Defendants believe that even that much narrower individual claim does not present a triable issue, and as such will soon file a Motion for Summary Judgment.

[2] Given the limited number of alleged claims and litigants that remain in this case after the Court's March 15, 2007 Order, there are no "Plaintiffs" other than plaintiff Hofmann, and it is also unclear whom "Lead Counsel" purports to be leading. Efforts by defense counsel to clarify the identity of the moving party and his attorney have been unsuccessful. *See* Exhibit A. Hofmann's counsel also have taken the position (in the same correspondence) that *former* Lead Plaintiffs Richard Conen and John Bowie, Jr. remain as "individual plaintiffs" in this case. *See* Ex. A. However, Plaintiffs' August 18, 2006 Motion for Protective Order Disallowing The Depositions of Dr. Richard S. Conen and John H. Bowie, Jr. made plain that Conen and Bowie *withdrew from this case as both named plaintiffs and Lead Plaintiffs, and remained thereafter only as "absent class members." See* Dkt. No. 154. Having sought – and received – Court permission to withdraw from the case, to be excused from depositions, and to assume status as mere "absent class members," they cannot now pretend to have individual claims left to be tried.

WHEREFORE, Defendants respectfully request that the Court deny the Motion to Stay, and order all parties to proceed in accordance with the Court's Procedural Order Regarding Pretrial Conference, dated March 27, 2007, with respect to Hofmann's claim.  In the alternative, Defendants propose a 30-day stay that is limited to the *only* claim that remains in this case (plaintiff Hofmann's individual claim against the defendants other than defendant Arcari) rather than the broad and undefined "stay of all proceedings in this action," as requested by "Plaintiffs" in the Motion.

Respectfully submitted,

By: /s/ Jonathan A. Shapiro

Jeffrey B. Rudman (BBO #433380)
Jonathan A. Shapiro (BBO #567838)
Peter J. Kolovos (BBO #632984)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Counsel for Albert Erani, Donna Abelli Lopolito, Philip Laughlin, Michael Sabolinski, and Alan Tuck*

By: /s/ Sara Jane Shanahan

Sara Jane Shanahan (BBO #567837)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110
(617) 542-9900

*Counsel for John Arcari*

By: /s/ Peter M. Saparoff

Peter M. Saparoff (BBO #441740)
Breton T. Leone-Quick (BBO #655571)
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, MA 02111
(617) 542-6000
*Counsel for Herbert Stein*

Dated:  April 11, 2007

4

## CERTIFICATE OF SERVICE

I, Jonathan Shapiro, hereby certify that a true copy of this document was filed through the ECF system on April 11, 2007, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jonathan A. Shapiro
---