CONFIDENTIAL MATERIAL OMITTED AND FILED SEPARATELY WITH THE SECURITIES AND EXCHANGE COMMISSION. ASTERISKS DENOTE OMISSIONS

copy of the letter of intent or equivalent document executed by Novartis and the applicable third party setting forth a summary of the material terms of the Third Party Assignment Offer (the "Assignment Letter of Intent") and, in the event the consideration to be paid includes Non-Cash Consideration, information setting forth in reasonable detail Novartis' determination of the cash value of such Non-Cash Consideration and the calculations and assumptions underlying such determination of cash value. In the event Organogenesis disagrees with Novartis' determination of the cash value of the Non-Cash Consideration, the parties shall confer in good faith to mutually agree on such cash value, and in the event the parties are unable to agree on such cash value despite conferring in good faith, the cash value of the Non-Cash Consideration shall be determined in accordance with Article 18.4.3. In the event Organogenesis (a) declines the Organogenesis Offer or (b) otherwise fails to accept the Organogenesis Offer within sixty (60) days after Organogenesis' receipt thereof, or (c) if there is any disagreement between the parties as to the cash value of any Non-Cash Consideration, within thirty (30) days after the parties agree upon the cash value of the Non-Cash Consideration or such cash value is determined in accordance with Article 18.4.3, in the cases of each of (a), (b) or (c) (each such case, an "Assignment Non-Acceptance"), the Organogenesis Offer shall terminate and Novartis shall be permitted to assign all of its rights and obligations under this Agreement to the applicable non-Affiliate third party in accordance with the terms and conditions of the Third Party Assignment Offer ***. In the event of an Assignment Non-Acceptance, if the terms and conditions of the final agreement setting forth the assignment to the applicable non-Affiliate third party of Novartis' rights and obligations under this Agreement are amended or otherwise altered so that they differ materially from those set forth in the Assignment Letter of Intent, prior to executing and delivering such final agreement Novartis shall offer to Organogenesis in writing the right to acquire and assume such rights and obligations ***. In the event Organogenesis declines such offer or otherwise fails to accept such offer within ten (10) days after Organogenesis' receipt thereof, Novartis shall be permitted to execute and deliver such final agreement.

18.4.3  Appraisal of Non-Cash Consideration.  In the event the parties are unable to agree on the cash value of the Non-Cash Consideration despite conferring in good faith as set forth in Article 18.4.2, each of Novartis and Organogenesis shall designate a separate valuation firm (the "Novartis Appraiser" and the "Organogenesis Appraiser", respectively) to determine the cash value of the Non-Cash Consideration. On the thirtieth (30th) day

22

CONFIDENTIAL MATERIAL OMITTED AND FILED SEPARATELY WITH THE SECURITIES AND
EXCHANGE COMMISSION. ASTERISKS DENOTE OMISSIONS

after designation of the respective Appraisers, the Novartis Appraiser
and the Organogenesis Appraiser shall each deliver to both parties
hereto their respective appraisals of the Non-Cash Consideration. If
the higher of the two appraisals is no more than one hundred ten
percent (110%) of the lower of the two appraisals, the cash value of
the Non-Cash Consideration shall be the average of the two appraisals;
otherwise, the Novartis Appraiser and the Organogenesis Appraiser
shall promptly select a third independent valuation firm (the "Third
                                                                  -----
Appraiser"). If the Third Appraiser is selected as provided in the
---------
preceding sentence, then by no later than ten (10) days after the
designation of the Third Appraiser, the Third Appraiser shall select
either the Novartis Appraiser's appraisal or the Organogenesis
Appraiser's appraisal and the amount of the appraisal so selected
shall be deemed to be the cash value of the Non-Cash Consideration.
Each party shall pay the fees and expenses of its own appraiser, and
if a Third Appraiser is engaged, the fees and expenses of the Third
Appraiser shall be shared equally by the parties.

16. Novartis shall have the right, at its expense, to have an employee or other
    representative thereof located on a full time basis at Organogenesis' U.S.
    manufacturing facility in Canton, Massachusetts to oversee the
    manufacturing process for Product, including Organogenesis' compliance with
    the Performance Measures, and to monitor the improvements to be made to
    such facility. Organogenesis will provide such employee or representative
    of Novartis with an office and related equipment and support services
    consistent with industry standards (such as a telephone and office
    furniture and access to photocopiers and fax machines and the like) and
    reasonable access during normal business hours to the manufacturing
    facility in order to perform such oversight and monitoring duties.

17. Novartis agrees that it shall perform its obligations under Section *** of
    that certain Stock Purchase Agreement, dated as of even date herewith,
    between Novartis and Organogenesis, subject to the terms and conditions set
    forth therein.

18. Novartis shall have no obligation to make any payments to Organogenesis
    with respect to Product, Vitrix or Vercutis Matrix other than as expressly
    provided in the Amended LSA and in any license agreement that may be
    executed and delivered by the parties with respect to Vitrix or Vercutis
    Matrix.

19. Each party warrants and represents that it possesses all right, title,
    interest and authority necessary to enter into this Amendment, perform its
    obligations hereunder and to grant the rights embodied herein. Each party
    further warrants and represents that there are no outstanding agreements,
    contracts, or government restrictions by which the rights or interests
    granted hereunder would be invalid, compromised or rendered unlawful.

20. Except as modified hereby, all terms and conditions of the Amended LSA
    shall remain in full force and effect.

23

CONFIDENTIAL MATERIAL OMITTED AND FILED SEPARATELY WITH THE SECURITIES AND
EXCHANGE COMMISSION. ASTERISKS DENOTE OMISSIONS

21. The parties acknowledge that Novartis' participation in the JDC shall not,
    in and of itself, be construed as granting Novartis the right to exercise
    control over Organogenesis.

24

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as on the date first above written.

NOVARTIS PHARMA, AG                          ORGANOGENESIS INC.


/s/ W. Drummond Paris                        /s/ Philip M. Laughlin
_____                    _____
W. Drummond Paris                            Philip M. Laughlin
Head, Transplant, Tissue Engineering         President and Chief Executive
 and Immunology Business Unit                Officer


/s/ Kimberly Urdahl
_____
Kimberly Urdahl
Senior Legal Counsel, Transplant,
 Tissue Engineering and Immunology
 Business Unit

25